UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

160 Royal Palm, LLC,                                    Case No.  18-19441-EPK

        Debtor.                                         Chapter 11

_____/

## MOTION TO EXCUSE RECEIVER'S TURNOVER
## *NUNC PRO TUNC* TO PETITION DATE

160 Royal Palm, LLC (the "Debtor"), by and through its proposed undersigned counsel and pursuant to 11 U.S.C. § 543(d)(1), requests that the Court: (i) excuse Receiver Cary Glickstein (the "Receiver" or "Mr. Glickstein") from compliance with the turnover and accounting requirements of 11 U.S.C. §§ 543(a) and (b); and (ii) otherwise maintain the Receivership in place. In support, the Debtor states as follows:

**The Debtor, the Receiver, and the Instant Bankruptcy Case**

1.      The Debtor is an insolvent Florida limited liability company which owns the real property consisting of a partially-constructed hotel/condominium located at 160 Royal Palm Way, Palm Beach, Florida (the "Real Property").  A photograph of the Real Property is attached hereto as **Exhibit A**.

2.      On July 16, 2015, Mr. Glickstein was appointed by the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "State Court") as receiver over the Real Property in a case[1] involving a lawsuit that began as an action to dissolve the 100% owner of the Debtor, Palm House, LLC.  A copy of the order appointing Mr. Glickstein as Receiver is attached hereto as **Exhibit B**.

_____

[1] *Black v. Matthews*, Case No. 50-2014-CA-014846.

3.     On July 3, 2018, the State Court, entered an order expanding Mr. Glickstein's powers and role.  Specifically, the State Court, among other things: (a) appointed Mr. Glickstein as the sole and exclusive manager of the Debtor; (b) conferred on Mr. Glickstein the sole and exclusive power and authority to manage the business and financial affairs of the Debtor; (c) authorized Mr. Glickstein to file a bankruptcy petition, and pursue bankruptcy relief and litigation, on behalf of the Debtor; and (d) authorized Mr. Glickstein to retain bankruptcy counsel on behalf of the Debtor and to utilize $10,000 in Receivership funds to do so.[2]  A copy of this order is attached hereto as **Exhibit C**.

4.     On August 2, 2018, 160 Royal Palm, LLC filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, thereby initiating this case.  The Petition, Schedules, and Statement of Financial Affairs were signed by Mr. Glickstein in his capacity as the Debtor's sole and exclusive Manager.

## Turnover Under Section 543 and Why This Motion Is Necessary

5.     A receiver is a custodian for purposes of the Bankruptcy Code. *See* 11 U.S.C. § 101(11)(A).  11 U.S.C. § 543 provides, in pertinent part, that:

(a) A custodian with knowledge of the commencement of a case under this title concerning the debtor may not make any disbursement from, or take any action in the administration of, property of the debtor, proceeds, product, offspring, rents, or profits of such property, or property of the estate, in the possession, custody, or control of such custodian, except such action as is necessary to preserve such property.

(b) A custodian shall—

(1) deliver to the trustee any property of the debtor held by or transferred to such custodian, or proceeds, product, offspring, rents, or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case; and

---

[2] The State Court subsequently authorized Mr. Glickstein to utilize an additional $40,000 in Receivership funds to retain bankruptcy counsel. *See* **Exhibit D**.

> (2) file an accounting of any property of the debtor, or proceeds, product, offspring, rents, or profits of such property, that, at any time, came into the possession, custody, or control of such custodian.

That is, upon the filing of a bankruptcy petition, a receiver shall cease administration of the debtor's property, turn such property over to the trustee or debtor in possession, and file an accounting. However, pursuant to 11 U.S.C. § 543(d)(1), the Court may excuse compliance with such requirements "if the interests of creditors . . . would be better served by permitting a custodian to continue in possession, custody, or control of such property[.]"

6.    Mr. Glickstein has two roles: Receiver of the Real Property and sole and exclusive Manager of the Debtor. However, the latter role is wholly-derived of the first. Typically, the filing of a bankruptcy petition terminates a receivership over the debtor and its property under relief under Section 543(d)(1) is granted. *In re Milestone Educational Institute, Inc.*, 167 B.R. 716, 723-24 (Bankr. D. Mass. 1994); *Matter of Sundale Associates, Ltd.*, 11 B.R. 978, 979 (Bankr. S.D. Fla. 1981); *In re Gherman*, 105 B.R. 714, 717 n.2 (Bankr. S.D. Fla. 1989); *see also In re Smith*, 2016 WL 3582209, at *2 (Bankr. S.D. Tex. 2016) (following the filing of the petition, and "absent an order of the bankruptcy court, the receivership is effectively over and done with; it has come to an end."). Moreover, once a receivership is terminated due to bankruptcy, any management role conferred upon the receiver by the state receivership court is *also* terminated because such management role is wholly-derivative of the receivership. *See Ute Lake Ranch*, 2016 WL 6472043, at *5 (Bankr. D. Colo. 2016).

7.    Therefore, unless the Court grants the relief sought in this Motion pursuant to 11 U.S.C. § 543(d)(1), the Receiver will be required to turn over the Real Property and all other Receivership property to the Debtor, the Receivership will be terminated, and the Receiver will be

ousted as the Debtor's sole and exclusive Manager.  For the reasons set forth below, such an outcome would be extremely detrimental to the Debtor's creditors.

### Overview of the State Court and Federal District Court Cases

8.      The dispute over the financing, construction, and control of the Real Property has spiraled into an all-against-all litigation vortex involving: (a) ten cases pending in the State Court (the "State Court Cases")[3]; (b) two civil cases pending in the United States District Court for the

---

[3] These cases are:

(1) *Black v. Matthews*, Case No. 50-2014-CA-014846, the dissolution action referenced above wherein Mr. Glickstein was appointed receiver;

(2) *160 Royal Palm, LLC v. Town of Palm Beach*, Case No. 50-2012-CA-023613, an action involving municipal fines for the failure to complete the Real Property construction project;

(3) *KK-PB Financial, LLC v. 160 Royal Palm, LLC*, Case No. 50-2014-CA-011203, a foreclosure action brought by the purported first-position mortgagee (KK-PB Financial, LLC) of the Real Property that has been stayed by the State Court, *see* **Exhibit C**, ¶6;

(4) *160 Royal Palm, LLC v. Black*, Case No. 50-2014-CA-012824, a business tort action involving Ryan Black and Gerry Matthews, who are, along with Robert Matthews, the owners of the Debtor's parent, Palm House, LLC;

(5) *Palm House Hotel, LLLP v. Palm House, LLC*, Case No. 50-2014-CA-014382, an action brought by the purported second-position mortgagee (Palm House Hotel, LLLP) of the Real Property to enforce its promissory note;

(6) *New Haven Contracting South, Inc. v. 160 Royal Palm, LLC*, Case No. 50-2015-CA-013244, a construction lien foreclosure action;

(7) *Black v. Matthews*, Case No. 50-2015-CA-014228, an action to recover allegedly misappropriated construction loan funds;

(8) *Architectural Precast & Foam, LLC*, 50-2015-CA-014459, a construction lien foreclosure action;

(9) *Palm House Hotel, LLLP v. Matthews*, 50-2015-CA-014480, an action to recover allegedly misappropriated construction loan funds; and

(10) *Maria Titova v. Palm House Hotel, LLLP*, 50-2016-CA-012723, an action seeking inspection of partnership records.

Southern District of Florida[4]; (c) two criminal cases pending in the United States District Court for the District of Connecticut[5]; and (d) an individual bankruptcy case and related nondischargeability adversary proceeding pending in the United States Bankruptcy Court for the Southern District of Florida.[6]

9.     While the State Court cases primarily involve disputes between the owners and debt financiers of the Real Property, the Debtor, and its parent, Palm House, LLC, the pending federal district court civil case of *Lan Li v. Walsh* involves a fraud lawsuit brought by sixty-nine Chinese and Iranian nationals against many of the owners and financiers of the Real Property construction project.  As alleged in that lawsuit, the defendants, including the three owners of the Debtor's parent Palm House, LLC (Robert Matthews, Gerry Matthews, and Ryan Black), converted over $50,000,000 invested by the plaintiffs (the "EB-5 Investors") after the plaintiffs were fraudulently induced into investing in the Real Property construction project as a means of obtaining EB-5 visas.[7]  Among other things, the EB-5 Investors seek the imposition of a first-position equitable lien over the Real Property.

---

[4] The two federal civil cases are:

> (1) *Cowell v. Alibi, Ltd.*, Case No. 9:15-cv-81606-MAM, an action involving the arrest of a yacht allegedly purchased with misappropriated construction loan funds; and

> (b) *Lan Li v. Walsh*, Case No. 9:16-cv-81871-KAM.

[5] *U.S. v. Robert Matthews*, 3:18-cr-00048-VAB and *U.S. v. Gerry Matthews*, 3:18-cr-00043-VAB.

[6] *In re Robert Matthews*, 17-23426-MAM and *Lan Li v. Robert Matthews*, 18-01046-MAM.

[7] The Immigrant Investor Program is commonly known as the EB-5 program and allows foreign nationals to obtain visas to live and work in the United States after investing in a new United States commercial enterprise.

10.     The two pending federal district court criminal cases involve wire fraud charges against Robert Matthews and Gerry Matthews stemming from solicitation of the EB-5 Investors. Gerry Matthews has pleaded guilty to such charges, and Robert Matthews is awaiting trial.

11.     Finally, the individual bankruptcy case was filed by Robert Matthews, and the adversary proceeding was filed by the EB-5 Investors in order to prevent their federal district court claims from being discharged.

## The Receiver

12.     Against the backdrop of litigation discussed above, Mr. Glickstein was put in place over three years ago as Receiver to take charge of and complete the condominium hotel construction project on the Real Property, which had degenerated into a wasting, uncompleted eyesore.  The Receiver has, for the past three years, judiciously and responsibly maintained and preserved the Real Property and the Receivership, to date, has resulted in the recovery of over two million dollars for the benefit of the Receivership estate.[8]  In furtherance of these efforts, and to provide full transparency, the Receive has filed eleven quarterly reports in the State Court. Moreover, no party in interest has, for over three years, raised any issue as to the Receiver's proper and judicious management of the Receivership estate or fulfillment of his fiduciary duties. However, given the above-recounted litigation and the apparent massive theft of construction funds, the Receiver has determined that a sale of the Real Property via 11 U.S.C. § 363(f) is the appropriate way forward and that bankruptcy relief on behalf of the Debtor is necessary for this

---

[8] *See* the State Court order, attached hereto as **Exhibit F**, concerning the $2,323,179.95 recovered from the proceeds of the yacht arrested in federal district court Case No. 9:15-cv-81606-KAM, ECF No. 103.

purpose, as well as to pursue actions on behalf of the Debtor and to ensure the Debtor's *bona fide* creditors recover from the sale of the Real Property and the proceeds of the Debtor's actions.

13.    Given the taint surrounding the owners of the Debtor's parent company, the Receiver should not be required to turn over the Real Property and control of the Debtor to prior management.  Moreover, Mr. Glickstein, currently the sole and exclusive Manager of the Debtor, and the person with the most knowledge of the myriad litigation and issues facing the Real Property, is better suited than a trustee to shepherd the Real Property through to a bankruptcy sale. In fact, Mr. Glickstein was selected as Receiver by the various adverse parties engaged in the above-recounted State Court litigation.  Mr. Glickstein is an attorney, real estate developer, and was, until earlier this year, the two-term mayor of Delray Beach, Florida.  A copy of Mr. Glickstein's curriculum vitae is attached hereto as **Exhibit E**.

14.    The Real Property comprises prime Palm Beach property with a large, highly visible, partially completed construction project with a myriad of project-specific problems (apart from multi-jurisdictional litigation), including aesthetics and public safety issues.  It is also hampered by significant problems with the Town of Palm Beach, including significant building code violations, liens, non-performance fines, and looming project approval expirations.  The Receiver's significant experience as a successful developer and certified general contractor, coupled with his prior position as mayor of Delray Beach, provided both the experience and credibility that allowed him to stabilize and secure the Real Property while garnering support from the Town of Palm Beach's management and elected leaders to satisfy and abate multi-million-dollar non-performance fines and liens and secure project approval extensions.  Additionally, Mr. Glickstein is an experienced attorney and corporate executive who has front-line experience in

various forums, including bankruptcy, for disposing of distressed properties, including hospitality assets, such as the Real Property, and is familiar with the bankruptcy process and requirements. Unlike distressed properties that have no significant construction or project entitlement risks, prospective purchasers of the Real Property will have difficulty understanding and underwriting the Real Property's inherent value in its current condition; particularly regarding uncertainties relating to the de-construction of significant building code/permit violations, what can be constructed under existing project approvals/permits, and extending those approvals/permits to provide adequate time to complete the project.

## Excusing Turnover Is in the Best Interest of Creditors

15.     Pursuant to 11 U.S.C. § 543(d)(1), the Court may relieve a receiver holding the assets of an insolvent debtor from the turnover and accounting requirements of sections 543(a) and (b) if such relief serves the best interests of creditors. *In re Franklin*, 476 B.R. 545, 551 (Bankr. N.D. Ill. 2012); *In re Uno Broadcasting Corporation*, 167 B.R. 189, 200 (Bankr. D. Ariz. 1994).

16.     This determination is "fact intensive, turning upon whether the assets of the particular debtor should be administered by the existing custodian or returned to the debtor." *In re Uno Broadcasting Corporation*, 167 B.R. at 200.  Courts consider the following factors in making this determination: (a) whether there will be sufficient income to fund a successful reorganization; (b)  whether the debtor will use the turnover property for the benefit of the creditors; (c)  whether there has been mismanagement by the debtor; (d) whether or not there are avoidance issues raised with respect to property retained by a receiver, because a receiver does not possess avoiding powers for the benefit of the estate; and (e) the fact that the  automatic

stay has deactivated the state court receivership action. *In re Dill*, 163 B.R. 221, 225 (E.D.N.Y. 1994.

17.    <u>The Receiver Will Have Sufficient Financial Resources.</u>   The Debtor has no income.  However, separate and apart from the retainer used to hire the undersigned counsel, the Receiver currently holds approximately $319,759.46, which is a sufficient amount of money to carry the Debtor through a section 363(f) sale of the Real Property.  Furthermore, the principals of the Debtor's parent, Palm House, LLC, are facing criminal charges and/or fraud litigation and are not in a position to lead the Debtor through bankruptcy.  Accordingly, the Debtor, if managed by Mr. Glickstein, will have the resources to succeed in this bankruptcy case.

18.    <u>Turned-Over Property Will Not Benefit Creditors.</u>   Given the allegations set forth in the criminal and civil litigation against the three indirect individual owners of the Debtor, it is clear that turnover to these individuals will not benefit creditors.  On the other hand, Mr. Glickstein is a fiduciary appointed by a court of competent jurisdiction who will act for the benefit of the Debtor's *bona fide* creditors.

19.    <u>The Debtor Has Been Mismanaged.</u>   As recounted above, the criminal charges, civil fraud allegations, guilty plea, and multiplicity of litigation all lead to one conclusion: The Debtor was severely mismanaged prior to Mr. Glickstein taking charge.

20.    <u>Avoidance Powers.</u>   A receiver does not have trustee-like avoidance powers. However, as set forth above, if the Receiver is left in possession of the Debtor's assets, the Receivership will not terminate, and Mr. Glickstein will therefore be left in place as the *Debtor's* sole and exclusive Manager.  In this scenario, as a debtor in possession which filed a voluntary chapter 11 bankruptcy case, the Debtor will, absent the appointment of a trustee, have avoidance

powers pursuant to 11 U.S.C. § 1107.

21.     <u>Transition from State Court to Bankruptcy Court.</u>  Mr. Glickstein reached the limit of what he could accomplish in the State Court, and therefore, sought authority to take the logical next step and manage the Debtor through a bankruptcy case to further the ends mandated by the State Court.  Filing this bankruptcy case effectively deactivated the State Court litigation and re-centered it in the Bankruptcy Court.  If turnover is excused, Mr. Glickstein will be able to continue his work litigating on behalf of the Debtor's *bona fide* creditors.

22.     <u>Compensation.</u>  Mr. Glickstein is cognizant of the fact that the State Court's order appointing him Receiver provides for hourly fees which a traditional trustee would not be entitled to.  *See* **Exhibit B**, ¶13.  Accordingly, if turnover is excused, Mr. Glickstein is prepared to be compensated at the lesser of his customary hourly rate or the amounts provided under 11 U.S.C. § 326, or as the Court otherwise provides.

23.     For the reasons set forth above, the Court should excuse the Receiver from compliance with the turnover and accounting requirements of 11 U.S.C. §§ 543(a) and (b); and otherwise maintain the Receivership in place during the pendency of this bankruptcy case.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order: (i) excusing the Receiver from compliance with the turnover and accounting requirements of 11 U.S.C. §§ 543(a) and (b); (ii) maintaining the Receivership in place during the pendency of this bankruptcy case; and (iii) establishing a reasonable compensation scheme for the Receiver.

Respectfully Submitted:

**SHRAIBERG, LANDAU & PAGE, P.A.**
Attorneys for Debtor
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047

By:  */s/ Philip J. Landau*
　　　　　Philip J. Landau
　　　　　Florida Bar No. 504017
　　　　　plandau@slp.law
　　　　　Eric Pendergraft
　　　　　Florida Bar No. 91927
　　　　　ependergraft@slp.law

## <u>ATTORNEY CERTIFICATION</u>

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on August 2, 2018, via CM/ECF to all parties registered to receive such notice via electronic filing.

　　　　　　　　　　　*/s/ Philip J. Landau*
　　　　　　　　　　　Philip J. Landau

# EXHIBIT A



# EXHIBIT B

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL
CIRCUIT, IN AND FOR PALM BEACH COUNTY,
FLORIDA.

CIVIL DIVISION

CASE NO.  502014CA014846XXXXMB AG

RYAN BLACK,

      Plaintiff,

v.

GERRY MATTHEWS and PALM HOUSE, LLC,
a Delaware limited liability company,

      Defendants.
_____/
PALM HOUSE, LLC, a Delaware limited liability
company, and 160 ROYAL PALM, a Florida
corporation,

      Defendant/Counter-Plaintiffs,

v.

RYAN BLACK,

      Plaintiff/Counter-Defendant.
_____/

## AMENDED AGREED ORDER ON PLAINTIFF'S MOTION TO APPOINT RECEIVER

THIS CAUSE came before the Court with the Plaintiff, Defendants, Counter-Plaintiffs, inclusive of 160 Royal Palm, LLC and intervenor, Palm House Hotel, LLLP (hereinafter, each of Plaintiff, Defendants, Counter-Plaintiffs, inclusive of 160 Royal Palm, LLC and intervenor, Palm House Hotel, LLC is a "Party" and collectively the "Parties") advising the

{5581389:}                1

Court that they have entered into an amended Confidential Agreement relating to Plaintiff's Motion for Appointment of Receiver which the Parties wish to enforce via Order of the Court.

     ORDERED AND ADJUDGED as follows:

     1.    Effective immediately, Cary Glickstein c/o Ironwood Construction Services LLC, whose business address is 1118 Waterway Lane, Delray Beach, Florida 33483 (hereinafter "Receiver") is appointed as Receiver of the partially constructed hotel condominium property owned by Defendant/Counter-Plaintiff, 160 Royal Palm, LLC and located at 160 Royal Palm Way, Palm Beach, Florida (the "Property" or the "Project"), which is the subject matter of this action.

     2.    Within ten (10) days of the date of this Order, the Receiver shall file an Oath of Receiver with this Court.

     3.    The Court waives the requirement for both the Plaintiff and Receiver to post a bond.

     4.    The Receiver shall, to the best of his ability, prepare and file with the Court, within thirty (30) days of entry of this Order, a full and detailed inventory, under oath, of all parts of the Property over which the Receiver has been given custody pursuant to this Order.

     5.    The Receiver is directed to prepare and file with the Clerk of this Court on a quarterly basis by the 15th day following each calendar quarter (starting after the first full calendar quarter after the entry of this Order), so long as the Property shall remain in his possession or care, a full and complete report for the Property, certified to the best of Receiver's knowledge and belief, setting forth all receipts and disbursements, reporting all changes in assets in his charge or claims against the assets that have occurred since filing of the previous report in

compliance with Rule 1.620(b) of the Florida Rules of Civil Procedure. The Receiver is directed to serve a copy of each report on the attorneys of record for the Parties.

6.      The Receiver is hereby authorized and empowered to enter upon the Property to secure, improve, repair, manage and oversee completion of construction, improvements or appurtenances to the Property in accordance with this Order to obtain a Certificate of Occupancy issued by the Town of Palm Beach. In fulfilling his duties, the Receiver shall at all times possible seek to complete the construction, improvements and appurtenances to cause the finished Project (including furniture, fixtures, equipment, restaurant build-out, tables, chairs and the like) to be ready for the intended operation of the Project as a first class, 5 star, condominium hotel. Construction shall, if at all possible, be no less than and in accordance with the 2012 Town of Palm Beach approvals for the Project with such changes, additions, substitutions or modifications of the plans and specifications as the Receiver may deem appropriate or necessary to complete construction of the Project for operation as a first class, 5star, condominium hotel.

7.      The Receiver is authorized to execute and deliver, in the name of Receiver for Defendant/Counter-Plaintiff, 160 Royal Palm, LLC, and as agent of intervenor, Palm House Hotel LLLP, such documents or instruments as are necessary or appropriate, including, without limitation, agreements with third parties, inclusive of the Town of Palm Beach, to complete construction of the Project as necessary but consistent with the terms of this Order.

8.      Intervenor, Palm House Hotel LLLP has agreed to subordinate its rights, title and interests in and to the Project and the property located at 160 Royal Palm Way, Palm Beach, Florida by virtue of its recorded mortgage, recorded at ORB 27103, Page 129 of the Public Records of Palm Beach County for the purpose of refinancing the existing first mortgage and

further extension of credit, all to the extent of no more than 70 million dollars. The Receiver is authorized to execute such documents as necessary to effectuate this subordination.

9.      The Parties have agreed to endeavor to obtain funds and financing to complete construction of the Project and shall present all financing offers to the Receiver. In all events, the Receiver shall accept a reasonable financing proposal that best ensures the completion of the Project in accordance with this Order.

10.     Intervenor, Palm House Hotel, LLLP has agreed to release its rights, title and interests in and to the Property, the Project or any condominium unit sold without payment or remuneration until all sums due to mortgagees ahead of it in priority are paid in full. Once all of said mortgagees are paid in full, the release price for each such unit shall be the sum which equates to the then current balance due to intervenor, Palm House Hotel, LLLP under its note and mortgage divided by the number of condominium units unsold. For example, $30,000,000.00 remains unpaid to Palm House LLLP and 60 units remain unsold, the release price for the next unit shall by $500,000.00. During the term of the Receivership, the Receiver is empowered to execute such documents to effectuate such releases.

11.     The Receiver is entitled to possession of, and shall forthwith take possession of, all contracts, plans, specifications relating to the Property and the construction of improvements thereon, files, papers, records, keys and all other property, tangible and intangible personal or mixed which relate to the Property and construction on the Property. Persons in possession of same shall immediately surrender possession to the Receiver.

12.     The Receiver is hereby authorized to employ contractor(s), subcontractors, materialmen, architects, engineers, surveyors, consultants, managers, agents, attorneys, including, without limitation, independent legal counsel for the Receiver, accountants,

independent contractors, servants and employees including, without limitation, the Receiver's employees, whose billable rate shall not exceed $40.00 per hour,  and to  contract with them and utilize them for the purpose of fulfilling his duties as the Receiver and effectuating the terms and conditions of this Order; provided, however, Receiver shall neither contract with, employ or engage any company in which Receiver has an ownership interest or receives compensation, nor serve as a general contractor or subcontractor.  Furthermore, the Receiver shall endeavor to contract or reinstate contracts with Gordon Campbell Grey, as a consultant for the Project, and Hersh Bender Associates, with respect to services to be performed concerning the design and completed operation of the Project.

13.    The Receiver shall be reimbursed for all out-of-pocket expenses, and is entitled to payment of fees for services rendered as Receiver, as well as for his pre-appointment efforts, in the amount of $450.00 per hour will shall be treated as an operating expense for the Project and paid from the Palm House Operating Account, as hereinafter defined, on a monthly basis. The Receiver shall be reimbursed from the Palm House Operating Account on a monthly basis for any charges, expenses, or fees incurred by the Receiver in connection with his duties hereunder including, without limitation, legal and other professional fees, bond premium costs, insurance premium costs, management fees, security costs, leasing commissions, and costs reasonably advanced by the Receiver.

14.    The Receiver hereby appointed shall have, and is hereby given, all necessary and incidental powers of a Receiver for the purpose of effectuating this Order but subject to this Order, which are necessary to complete construction on the Property.  The Receiver, or any Party may apply at any time to this Court for further and other instructions from the Court, and for further power necessary to enable the Receiver to properly fulfill his duties.

15.     The Receiver shall use commercially reasonable efforts to effectuate this Order and carry out his duties.  In the event of a dispute the Receiver shall not act as to the disputed matter until the Court rules on the matter in dispute. The Parties shall seek Court redress as soon as practicable.

16.     The Receiver shall establish and maintain, at a bank in Palm Beach County, Florida whose deposits are insured by the Federal Deposit Insurance Corporation, a separate, noninterest-bearing operating account for the Property (the "Palm House Operating Account"), into which the Receiver shall deposit all funds relating to the Property and from which the Receiver shall be compensated and reimbursed for the Receiver's expenses.

17.     The Receiver shall maintain a separate comprehensive system of office records, and books and accounts concerning the operation of the Property. Upon reasonable notice, and at all reasonable times, any party, or their respective agents and other representatives, shall have reasonable access to such records, accounts and books and to all vouchers, files and all other materials pertaining to the operation of the Property, all of which the Receiver agrees to keep safe, available and separate from any records not having to do with the operation of the Property.

18.     The Receiver shall not knowingly suffer, cause or permit any waste of the Property or any of the components thereof, but only so long as Receiver has adequate operating funds to fulfill the mandate of this Order.

19.     Within five (5) days of the date of this Order, intervenor, Palm House Hotel, LLLP shall wire transfer to the Palm Hose Operating Account, pursuant to forthcoming wire instructions, the sum of, but not to exceed, $150,000.00 as an advance for securing, operating, maintaining, and preserving the Property by the Receiver and for payment of the Receiver's fees

and expenses as provided herein.  In the absence of financing described in paragraph 8 above to fund construction, intervenor, Palm House Hotel, LLLP shall fund any shortfall in the event that the Palm House Operating Account does not have sufficient funds sufficient to pay the Receiver's fees and expenses.  The Receiver's entitlement to payment of the Receiver's fees and expenses hereunder shall survive the discharge or resignation of the Receiver.  All sums advanced hereunder shall be repaid to intervenor, Palm House Hotel, LLLP upon the first financing described in paragraph 9 above.

20.    The Receiver has derived judicial immunity and will not be liable for any damage, injury or cause of action arising out of the Receivership or execution of his duties as Receiver, to the extent such actions are pursuant to this Order or any subsequent order(s) of the Court.  The Receiver shall not be liable for any debts, obligations, actions or failures to act that were incurred or that occurred prior to the date of this Order.  The Receiver will be relieved from liability of any kind from any actions or omissions on account of funds not being provided for the fulfillment of the Receiver's duties hereunder.

21.    All parties to this action, including their shareholders, representatives, members, managers, agents, employees, attorneys, accountants, partners, affiliates, independent contractors, officers, directors, successors, representatives and assigns, are ordered upon penalty of contempt of Court, to cooperate fully with the Receiver and his professionals and agents, and are enjoined from interfering in any way with the Receivership or the Receiver's duties.

22.    This Order does not preclude Defendant/Counter-Plaintiff, Palm House LLC, or its representatives or intervenor, Palm House Hotel LLLP, members or authorized

representatives from entering upon the Property so long as they do not interfere with the performance of receivership duties.

23.     All litigation in this action, except for matters arising from or related to this Order and the Confidential Agreement between the Parties, is stayed unless and until the Court issues an order lifting said stay.  With respect to any third-party action or proceeding instituted against the Property, the Receiver may defend, compromise, or adjust or otherwise dispose of any or all such actions or proceedings instituted to create, perfect, or enforce any lien or claim against the Property that Receiver deems necessary and advisable to carry out Receiver's mandate under this Order and likewise institute, prosecute, compromise, adjust, intervene in, or become party to such actions or proceedings that Receiver deems necessary and advisable to preserve the Property; provided, however, Receiver's authority to as to any monetary settlements to any creditor having a lien or claim against the Property shall be subject to securing the Project financing described in paragraph 9 above.

24.     The Receiver shall be discharged upon the first to occur of (a) the issuance of a certificate of occupancy by the Town of Palm Beach or (b) the satisfaction of the indebtedness of Palm House LLC to Palm House LLLP.  The Receiver shall have the right to resign upon thirty (30) days written notice to the Court and the parties, in the event that the Receiver does not receive the Receiver's fees and expenses or funds for the fulfillment of the Receiver's duties hereunder or is unable or unwilling to continue as the Receiver.  In such event, the Parties shall appoint a successor Receiver, subject to the Court's approval, upon notice to the Parties and a hearing, if necessary.  The Receiver may be removed for cause upon notice to the Parties and hearing.

25.     This Order and the Parties' consent to its entry by the Court shall not operate as a waiver of any claims or defenses, now or hereafter existing between the Parties. The Parties' consent to entry of this Order shall not be considered an admission, or a waiver of any right, claim or defense.

26.     The Court shall retain jurisdiction for matters arising from or relating to the enforcement or performance of this Order.

DONE AND ORDERED at West Palm Beach, Palm Beach County, Florida this _____

day of July, 2015.

**SIGNED & DATED**

**JUL 1 6 2015**

*JUDGE DONALD W. HAFELE*

DONALD HAFELE
Circuit Court Judge

Copies furnished to:
Alan M. Burger, Esq., McDonald Hopkins LLC, 505 S. Flagler Drive, Suite 300, West Palm Beach, FL 33401 (aburger@mcdonaldhopkins.com); mrose@mcdonaldhopkins.com
C. Brooks Ricca, Jr., Esq., C. Brooks Ricca, Jr. & Associates, P.A ., The Barristers Building, Suite 200, 1615 Forum Place, West Palm Beach, FL 33401; bricca@riccalawyers.com; lkendrick@r iccalawyers.com.
Adam T. Rabin, Esq., Phoebe J.Eckstein, Esq. McCabe Rabi n, P.A., 1601 Forum Place, Suite 505, West Palm Beach, FL 33401; arabin@.mccaberabin.com; peckstein@mccaberabin.com; e-filing@mccaberabin.com.
Alexander L. Domb, Esq., Alexander L. Domb, P.A., 1 1 1 9 0 Polo Club Road, Suite I , Wellington , FL 33414; alec@adllaw.org; michelle@aldllaw.org
Henry B. Handler, Esq., Weiss, Handler & Cornwell, P.A., One Boca Place, Suite 218-A, 2255 Glades Road, Boca Raton, FL 33431; hbh@weissandhandlerpa.com

# EXHIBIT C

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT, IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO.: 502014CA014846XXXXMB AG

RYAN BLACK,

      Plaintiff,

v.

GERRY MATTHEWS and
PALM HOUSE, LLC,

      Defendants.

_____

PALM HOUSE, LLC, and
160 ROYAL PALM, LLC,

      Counter-Plaintiffs,

v.

RYAN BLACK,

      Counter-Defendant.

_____

GERRY MATTHEWS,

      Counter-Plaintiff,

v.

RYAN BLACK, and PALM HOUSE
HOTEL, LLLP,

      Counter-Defendants.

_____/

## ORDER ON GERRY MATTHEWS' MOTION
### TO EXPAND THE RECEIVER'S POWERS

THIS CAUSE came before the Court on Gerry Matthews' Motion to Expand the

Receiver's Powers filed on April 24, 2018 (the "Motion"), and the Court having heard the

*A The Court is aware of Black's Motion For Reconsideration and
the general Objection to this Order of UK-MK Financial. The
Motion for Reconsideration is Denied and no hearing is necessary.
The court clearly expressed its rationale for its ruling and
Black's Motion is inapplicable to the court's ruling on this motion*

Ryan Black v. Gerry Matthews et al.
Case No.: 502014CA014846XXXXMB AG
Page 2

Motion at an evidentiary hearing on May 31, 2018 and otherwise being duly advised, it is

ORDERED that:

1.  In addition to the powers that the Court provided to the Receiver Cary Glickstein (the "Receiver") in its prior orders in this case, pursuant to applicable state law and all powers of a receiver in equity, this Court hereby grants the Motion to the extent that it expands the Receiver's powers so that the Receiver shall succeed to be the sole and exclusive manager of 160 Royal Palm, LLC ("160").[1]  The Receiver's powers shall include the sole and exclusive power and authority to manage and direct the business and financial affairs of 160.

2.  The Receiver's powers hereby shall include the authority to petition the U.S. Bankruptcy Court for protection under the Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Code"), on behalf of 160, request that the Receiver be deemed a debtor-in-possession for any or all of the proceedings under the Code, and pursue such adversary proceedings and other matters as may be permitted under the Code and/or applicable law.  The Court further authorizes the Receiver to retain competent bankruptcy counsel for the purpose of counseling the Receiver, filing for bankruptcy protection on behalf of 160, and representing the Receiver in bankruptcy proceedings on behalf of 160. *Should such petition be filed, this Court takes no position as to KK-PB Financial's ability to seek** *

3.  In addition to the power to file bankruptcy on behalf of 160, in the event that the Receiver does not file for bankruptcy or 160 otherwise is not in bankruptcy, the Receiver's powers also shall include the following:

---

[1] The Motion also requested that the Court appoint the Receiver as the manager of Palm House, LLC.  The Receiver's counsel and other parties, however, objected to this request at the hearing as unnecessary to accomplish the objectives of the Receiver at this time.  Accordingly, the Court hereby denies the request in the Motion for the appointment of the Receiver as manager of Palm House, LLC at this time and without prejudice.

*** relief in the bankruptcy forum as addressed at the hearing.**

Ryan Black v. Gerry Matthews et al.
Case No.: 502014CA014846XXXXMB AG
Page 3

      a.      The authority to negotiate the specific terms and conditions of the sale of all right, title and interest in the assets of 160, whether real, personal or mixed, tangible or intangible, relating to and including the partially constructed hotel condominium property owned by 160 and located at 160 Royal Palm Way, Palm Beach, Florida (the "Property") and to negotiate, execute and deliver, on behalf of 160, a deed, bill of sale, settlement statement, and such certificates, affidavits, agreements, mortgages or other instruments as may be necessary or desirable to consummate the sale and conveyance of the Property, including but not limited to title insurance requirements. Any proposed sale shall require notice of hearing to the parties and intervenors in this case, a hearing on any objections, and Court approval for a sale.

      b.      The authority to dissolve and liquidate the assets of 160 and to serve as the liquidating trustee for the purpose of liquidation.

      c.      The authority to release forthwith from the "Palm House Custodial Account" the sum of $38,745.00 to pay the operating account shortfall of outstanding fees due to the Receiver for services rendered through May 31, 2018 and $20,130.10 to pay the operating account shortfall of outstanding Receiver attorney's fees for services rendered and costs advanced through May 31, 2018.

      d.      The authority to investigate, if he deems it necessary and appropriate and subject to available funding, acts and/or omissions amounting to financial misconduct committed against 160; assess whether those acts and/or omissions have caused material damage to 160; and, to evaluate possible pursuit of a claim by 160, based on such investigation and assessment, against those legally responsible for the loss or damage to

Ryan Black v. Gerry Matthews et al.
Case No.: 502014CA014846XXXXMB AG
Page 4

160, which shall include the authority to retain professionals (including on a contingency

basis) necessary or appropriate to the exercise of the foregoing authority.

      e.     The Receiver further shall be authorized to release ~~$50,000~~ *$10,000.00* from the Palm

House Custodial Account to pay a refundable retainer deposit for the retention and

services of bankruptcy counsel, as authorized in paragraph 2 above. The Receiver and his

agents, acting within the scope of the Receiver's agency ("Retained Personnel") are

entitled to rely on all orders of this Court and shall not be liable to anyone for their own

good faith compliance with any order, judgment, or decree. In no event shall the Receiver

or Retained Personnel be liable to anyone for their good faith compliance with their duties

and responsibilities as Receiver or Retained Personnel.

4. The Receiver is authorized to solicit persons and entities to be Retained Personnel to assist

   him in carrying out the supplemental duties and responsibilities described in this Order.

   The Receiver may engage Retained Personnel without obtaining further order of the Court

   authorizing such engagement.

5. The Receiver and Retained Personnel are entitled to reasonable compensation and expense

   reimbursement from the Palm House Custodial Account or otherwise from the

   receivership estate.  Except as provided above, such compensation shall require the prior

   approval of the Court.

6. Pending further order of this Court, all pending litigation in the 15th Judicial Circuit by or

   against 160, including but not limited to the foreclosure litigation with the case caption

   KK-PB Financial, LLC v. 160 Royal Palm, LLC and Palm House Hotel, LLLP (Case No.

   14-11203)(the "KK-PB Foreclosure Case") is stayed.

Ryan Black v. Gerry Matthews et al.
Case No.: 502014CA014846XXXXMB AG
Page 5

7. All prior orders of the Court relating to the Receiver and the receivership remain in full force and effect.

8. The Receiver shall file a notice of filing of a copy of this order in all other actions pending in the 15th Judicial Circuit in which 160 is a party.

DONE AND ORDERED in Chambers in West Palm Beach, Palm Beach County, Florida, this

_____7/3_____, 2018.

_____
Donald W. Hafele
Circuit Judge

Copies Furnished to:

Henry B. Handler, Esq., 2255 Glades Road, Suite 218-A, Boca Raton, FL 33431 at hbh@whcfla.com; filings@whcfla.com; jn@whcfla.com;

C. Brooks Ricca, Jr., Esq., The Barristers Building, Suite 200, 1615 Forum Place, West Palm Beach, FL 33401 at bricca@riccalawyers.com; lkendrick@riccalawyers.com;

R. Lee Dorough, Esq., 56 East Pine Street, Suite 301, Orlando, FL 32801 at rleedorough@yahoo.com;

Adam T. Rabin, Esq., 1601 Forum Place, Suite 505, West Palm Beach FL 33401 at arabin@mccaberabin.com; e-filing@mccaberabin.com;

Gregg H. Glickstein, Esq., 54 S Boca Raton Blvd., Boca Raton, FL 33432 at ghgpa@bellsouth.net;

Christopher W. Kammerer, Esq., 1601 Forum Place, Suite 500, West Palm Beach, FL 33401 at ckammerer@kammerermariani.com; jmariani@kammerermariani.com;

David George, Esq., 777 South Flagler Dr., Suite 500 East, West Palm Beach, FL 33401 at dgeorge@gunster.com; dradkay@gunster.com; mjadotte@gunster.com; tboske@gunster.com; crossodivita@gunster.com;

Alexander L. Domb, Esq., 11199 Polo Club Road, Suite 1, Wellington, FL 33414 at alec@aldlaw.org

Eric Grant, egrant@yamingrant.com. ctaylor@yamingrant.com, Yamin & Grant, LLC, 83 Bank Street, Waterbury, CT 06702

# EXHIBIT D

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

PALM HOUSE HOTEL, LLLP,

     Plaintiff,

                                    CASE NO. 502015CA014480XXXXMB

vs.                                     DIVISION: AG

ROBERT MATTHEWS, *et al.*,

     Defendants.                /

**ORDER GRANTING UNOPPOSED MOTION FOR SEVENTH RELEASE OF FUNDS
FROM ESCROW PURSUANT TO ORDER DATED SEPTEMBER 22, 2016**

THIS MATTER came before the Court on July 26, 2018 on Receiver's Motion for Seventh Release of Funds from Escrow Pursuant to Order Dated September 22, 2016 [DE#329]("Receiver's Motion"). Upon being advised that the motion is unopposed, having considered the written and oral arguments of counsel for the parties, and being otherwise fully advised in the premises,

IT IS ORDERED:

1.    The Receiver's Motion is granted as follows:

    a.    The Receiver is hereby authorized and instructed to release forthwith the sum of $9,270.00 to pay the operating account shortfall of outstanding fees due to the Receiver through June 30, 2018;

    b.    The Receiver is hereby authorized and instructed to release forthwith the sum of $9,886.25 to pay the operating account shortfall of outstanding Receiver attorney's fees for services rendered and costs incurred through June 30, 2018;

    c.    The Receiver is hereby authorized to release the additional sum of up to $40,000.00 as a refundable retainer deposit for bankruptcy counsel for 160 Royal Palm, LLC.

Palm House Hotel, LLLP vs. Robert Matthews *et. al.*
CASE NO. 502015CA014480XXXXMB

    d.   The Receiver is hereby authorized and instructed to disburse $5,913.00 for Receiver's general liability insurance renewal premium.

    e.   For the three-month period commencing July 1, 2018, the Receiver is hereby authorized and instructed to release the sum of $2,000.00 or such amount thereof as is necessary to pay FPL for electric service to the Property;

    f.   For the three-month period commencing July 1, 2018, the Receiver is hereby authorized and instructed to release the sum of $3,000.00 or such amount thereof as is necessary to pay the City of West Palm Beach for water service to the Property;

    g.   For the three-month period commencing July 1, 2018, the Receiver is hereby authorized and instructed to release the sum of $3,000.00 or such amount thereof as is necessary to pay Property maintenance costs;

2.     The Court reserves jurisdiction to enter any and all other Orders as are necessary or appropriate in connection herewith.

    DONE AND ORDERED in West Palm Beach, Palm Beach County, Florida on this 26 day of _____July_____ 2018.

                                       _____

                                       DONALD W. HAFELE
                                       Circuit Judge

Copies furnished to:

Henry B. Handler, Esq. and David K. Friedman, Esq., Weiss, Handler & Cornwell, P.A., *Attorneys for Plaintiff,* 2255 Glades Road, Suite 218A, Boca Raton, FL, 33431-7392, hbh@whcfla.com, dkf@whcfla.com, jn@whcfla.com, ma@whcfla.com, jh@whcfla.com, gg@whcfla.com, filings@whcfla.com;

Rachel Studley, Esq. *Attorneys for Defendants Leslie Robert Evans and Leslie Robert Evans & Associates, P.A.*, 515 N Flagler Drive, Suite 1600, West Palm Beach, FL 33401 at rstudley@wickersmith.com with a copy to pwiley@wickersmith.com and wpbcrtpleadings@wickersmith.com;

Palm House Hotel, LLLP vs. Robert Matthews *et. al.*
CASE NO. 502015CA014480XXXXMB

Christopher W. Kammerer, Esq. and John F. Mariani, Esq. of Kammerer Mariani, PLLC, *Attorneys for Matthews Defendants*, 1601 Forum Place, Suite 500, West Palm Beach, FL 33401, at christopherkammerer@kammerermariani.com and jmariani@kammerermariani.com;

Gregg H. Glickstein, Esq., *Attorney for Receiver Cary Glickstein*, 54 S Boca Raton Boulevard, Boca Raton, FL 33432 at ghgpa@bellsouth.net;

David J. George, Esq. and Devin Sean Radkay, Esq., of Gunster, Yoakley & Stewart, P.A., *Attorneys for Intervenors,* 777 South Flagler Dr., Suite 500 East, West Palm Beach, FL 33401-6194 at dgeorge@gunster.com; cstgeorge@gunster.com, and dradkay@gunster.com; with copies to mjadotte@gunster.com; tboske@gunster.com; crossodivita@gunster.com; and

Daniel A. Hershman, Esq. 2240 Palm Beach Lakes Blvd., Suite 101, West Palm Beach, FL 33401, dahershmanlaw@gmail.com.

# EXHIBIT E

# Cary D. Glickstein

**Experienced senior executive with diverse management and operational experience, consistently appointed to positions of trust, leadership and application of sound judgment.**

## Professional Experience:

**2012 - 2018    City of Delray Beach, Florida**
                     *Mayor*

*Two-term Mayor of 3rd largest city in Palm Beach County with diverse socio-economic population, $260 million annual budget, 1,100 employees, and 3 public service unions.*

<u>Accomplishments</u>:

- Reduced ad valorem taxes over 5 consecutive budget cycles, while generating largest year-over-year property value increases in Palm Beach, County.
- Attained AAA credit rating; the highest afforded municipal governments by national rating agencies.
- Implemented comprehensive growth management plan and land development regulations to preserve the city's historic qualities; awarded prestigious Dreifus and Nolan Awards for contributions to urban planning.
- Implemented 5-year, $300 million capital improvement plan and funding sources for public safety and city-wide infrastructure upgrades.
- Facilitated creation and implementation of local, state and federal legislation to address addiction recovery industry abuses; only city in Palm Beach County to see year-over-year reductions in opiate-related overdoses. First city in Florida to file federal lawsuit against opioid manufacturers and distributors.
- Received All-America City Award for early education initiatives, the oldest national civic award; only city in Florida to receive prestigious award 3 times.

**1994 – 2015    Ironwood Properties, Inc.; Delray Beach, Florida**
                     *Founder/President*

*Company founder in groundbreaking, urban in-fill real estate development company*

**Founded and managed vertically-integrated development, construction and brokerage company strategically capitalizing on demand for urban in-fill housing and related commercial and mixed-use development. Over a successful 20-year history, attained regional recognition as early leader in sustainable urban-infill development, while receiving numerous state and national awards.**

<u>Accomplishments</u>:

- Successful completion of numerous, large-scale residential, commercial and mixed-use development in south and central Florida.
- Complete P&L responsibility for all projects and operating companies: land acquisition, project design and entitlements, capital sourcing and project financing, construction, marketing and sales.

**1990 – 1995    Falcor Industries, Inc.; Honolulu, Hawaii**
                **General Counsel; Co-Chief Operating Officer**

*Senior executive with manufacturing, hospitality, development, and marine services subsidiary of Falcor Industries Corp., Osaka, Japan.*

**Oversight responsibility of multiple law firms handling complex litigation and transactional matters.  Promoted to co-manage corporate operations and multi-state asset divestitures for financially-troubled U.S subsidiary of Japanese multinational.  Complete P&L responsibility for U.S. assets, including significant, partially completed (owned and JV) development projects in 3 states. Spearheaded operating capital creation and debt consolidation efforts, including strategic divestitures of business lines, manufacturing, real estate, hospitality assets.  Co-managed complete restructuring and eventual sale of U.S. assets. Represented company to parent senior executives, board of directors, U.S. creditors, regulatory agencies and media.**

<u>Accomplishments</u>**:**

- Managed, as General Counsel, all litigation and transactional matters on a multi-jurisdictional basis.
- Co-managed reconfiguration of U.S. organization, senior management, and facilities, consolidating operations in 6 states to 3 states within 1 year.
- Monetized non-performing assets and restructured $300 million in corporate debt.
- Co-managed completion of hospitality, multi-family residential, commercial and industrial development projects in Hawaii, California, and Florida and successful sale of all real estate assets and operations.
- Lead successful divestiture of hospitality assets to public hospitality company.
- Lead successful divestiture of marine manufacturing and fueling assets to institutional buyer.
- Received accolades from creditors for successful debt consolidation, restructuring and repayment.

**1985 – 1990    Finley, Kumble, Wagner, Manley, Myerson & Casey; Miami Florida**
                *Associate*

**Associate in then 4th largest U.S. law firm, representing national/regional lenders and institutional developers regarding land acquisition, project entitlements, finance, syndication, and private placements; private/public companies regarding corporate acquisitions, consolidations, and asset divestitures.  Provided litigation support for commercial and bankruptcy counsel and court-appointed receivers, trustees and RTC staff during banking contraction. Advised municipalities regarding public debt offerings.**

## Education:

University of Miami School of Law; Miami, Florida
JD; June, 1985

University of Hawaii; Honolulu, Hawaii
BBA; June, 1982

# EXHIBIT F

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT

IN AND FOR PALM BEACH COUNTY, FLORIDA

PALM HOUSE HOTEL, LLLP,

    Plaintiff,

                             CASE NO. 502015CA014480XXXXMB

vs.

                             DIVISION: AB

ROBERT MATTHEWS, *et al.*,

    Defendants.                    /

## *AGREED* **ORDER GRANTING PLAINTIFF'S MOTION FOR** *APPOINTMENT OF RECEIVER TO TAKE CUSTODY OF FUNDS IN THE FEDERAL COURT'S REGISTRY*

THIS CAUSE came before the Court on the agreement of Plaintiff and Defendants, Alibi, Ltd., Robert Matthews and Maria Matthews at a hearing held on September 15, 2016 following entry on September 14, 2016 of this Court's *Ex Parte* Order Granting Plaintiff's Motion for Emergency Relief to Prevent Fraudulent Transfer of Assets Pursuant to Section 726.108. The parties through their respective counsel have advised the Court that they agree as follows:

1. Effective immediately, Cary Glickstein c/o Ironwood Construction Services LLC, whose business address is 1118 Waterway Lane, Delray Beach, Florida 33483 ("Receiver") who previously has been appointed as Receiver of the partially constructed hotel property owned by Defendant, 160 Royal Palm, LLC and located at 160 Royal Palm Way, Palm Beach, Florida (the "Property" or the "Project"), is hereby entitled to possession of, and shall forthwith take possession of the proceeds from the private sale of the yacht known as the M/Y ALIBI (the "Yacht") in the approximate amount of $2,323,179.95 (the "Funds") that were previously deposited into the Registry of the Federal Court in Case No. 9:15 CV-81606-KAM, United States District Court for the Southern District of Florida (the "Federal Case").

Palm House Hotel, LLLP v. Matthews, *et al.*
Case No. 502015CA014480XXXXMB
*Agreed Order Appointing Receiver*
Page 2 of 3

2.      Defendants, Alibi, Ltd., Maria Sneden Matthews and Robert V. Matthews shall direct their counsel in the Federal Case to immediately advise the Federal Court that the parties have agreed that the Funds should be released to Cary Glickstein.

3.      The Receiver is hereby authorized and directed to deposit such funds into an interest bearing account at a bank in Palm Beach County, Florida and file proof of such deposit with this Court.

4.      The Funds deposited into the interest bearing account will be held in the account until further Order of the Court.  Upon request, the Receiver shall make available to the parties to this action all bank account statements and other records relating to such account.

5.      The Receiver or any Party may apply at any time to this Court to seek approval for all or part of the deposited funds to be used for such reasonable purposes, including attorney's fees, as may be authorized by the Court upon notice and hearing.

6.      The Court waives the requirement for both Plaintiff (who already has posted a $10,000 injunction bond) and Receiver to post a bond.

7.      The Receiver or any Party may apply at any time to this Court for further and other instructions from the Court, and for further power necessary to enable the Receiver to properly fulfill his duties.

8.      For tax reporting purposes, all interest earned on the Funds will be allocated without prejudice to any ultimate determination the Court may make as to ownership of the

Palm House Hotel, LLLP v. Matthews, *et al.*
Case No. 502015CA014480XXXXMB
*Agreed Order Appointing Receiver*
Page 3 of 3

Funds to 160 Royal Palm, LLC, which will promptly provide the Receiver with an executed

Form W-9.

      9.     The Court hereby reserves jurisdiction to enforce this Order and to enter any

additional Order that is just and proper.

      DONE AND ORDERED in Chambers in West Palm Beach, Palm Beach County, Florida

on this _____.

**SIGNED & DATED**

SEP 2 2 2016

CIRCUIT JUDGE
THOMAS H. BARKDULL III

_____
THOMAS H. BARKDULL, III
Circuit Judge

Copies furnished to:

Henry B. Handler, Esq., *Attorneys for Plaintiff*, 2255 Glades Road, Suite 218-A, Boca Raton, FL
    33431 (hbh@whcfla.com; filings@whcfla.com; jn@whcfla.com; dkf@whcfla.com; jh@whcfla.com)

L. Louis Mrachek, Esq., *Attorneys for Matthews Defendants*, 505 S Flagler Drive, Suite 600,
    West Palm Beach, FL 33401 (lmrachek@ mrachek-law.com; mchandler@mrachek-law.com;
    rfitzgerald@mrachek-law.com; gdavies@mrachek -law.com; stinmann@mrachek-law.com)

Rachel Studley, Esq., *Attorneys for Evans Defendants*, 515 N Flagler Drive, Suite 1600, West
    Palm Beach, FL 33401 (wpbcrtpleadings@wickersmith.com)

Palm House, LLC, *pro se*, c/o The Company Corporation, Registered Agent, 2711 Centerville
    Road, Suite 400, Wilmington, FL 19808

Nicholas Laudano, *pro se*, 638 Shore Drive, Boynton Beach, FL 33435 (nick.njgroup@gmail.com)

Gregg J. Glickstein, Esq., *Attorney for Receiver Glickstein*, 54 S Boca Raton Blvd., Boca Raton,
    FL 33432 (ghgpa@bellsouth.net)