UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re                                                   Case No.: 18-19441-BKC-EPK

160 ROYAL PALM, LLC,                                    Chapter 11

_____Debtor._____/

**SECURED CREDITOR KK-PB FINANCIAL, LLC'S MOTION TO
(I) MODIFY AND TERMINATE AUTOMATIC STAY; OR
(II) DISMISS CHAPTER 11 PROCEEDING**

KK-PB Financial, LLC, a secured creditor of debtor, 160 Royal Palm, LLC (the "**Debtor**"), moves this Court for issuance of an Order (i) modifying and terminating the automatic stay, pursuant to section 362(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 4001(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Local Rule 4001-1, and the Guidelines for Motions for Relief from the Automatic Stay, to permit KK-PB Financial to exercise its rights and remedies under state law with respect to the real property located at 160 Royal Palm Way, Palm Beach, Florida 33480 (the "**Royal Palm Way Property**"); or (ii) dismissing this chapter 11 proceeding, pursuant to Section 1112(b) and Rules 1017, 2002, and 9014, as set forth herein. The facts and circumstances supporting this Motion are set forth herein and in the Declaration of Glenn F. Straub (the "**Straub Declaration**"), which is attached hereto as **Exhibit A** and incorporated herein by reference. In support of this Motion, KK-PB Financial states:

**PRELIMINARY STATEMENT**

1. KK-PB Financial is the lender and first priority lienholder in connection with a $27.4 million transaction involving the Debtor's acquisition of the Royal Palm Way Property. Under the terms of the Loan Documents, the Debtor is required to make payments of principal and interest beginning on November 1, 2014 with a balloon payment due on the Maturity Date, August 30, 2018. The Debtor defaulted on the loan by failing to make principal and interest payments due and owing on February 1, 2015, and all payments

SALAZAR
— LAW —

due and owing on the Maturity Date. Under the terms of the Loan Documents, the Debtor's failure to pay all principal and interest by the Maturity Date constituted an Event of Default.

2. In fact, only three payments have been made to KK-PB Financial since consummation of the transaction. No payments whatsoever have been made since January 14, 2015. The outstanding balance on the loan is **$37,337,705.77**, plus interest, penalties, fees, costs, and other charges.

3. KK-PB Financial maintains that causes exists to obtain the relief requested herein to protect its interest in the Royal Palm Way Property. To cite but a few examples: (i) no postpetition payments have been delivered; (ii) no progress is being made with respect to the construction or renovation of the Property; (iii) KK-PB Financial's security interest in the Property is diminishing in value, such that the value of the collateral is far less than the outstanding balance of the operative loan; and (iv) the Property is a wasting asset that will continue to deteriorate and diminish in value as the Debtor has, among other things, removed or destroyed millions of dollars in improvements funded by KK-PB Financial.

4. Moreover, KK-PB Financial maintains that construction permits obtained for construction and renovations of the Royal Palm Way Property will soon expire, requiring KK-PB Financial to begin the application process anew before any construction may resume and forcing KK-PB Financial to expend additional time and resources on the project.

5. For these reasons, KK-PB Financial seeks to modify and terminate the automatic stay to pursue its rights and remedies under applicable law to prosecute its foreclosure action; or to dismiss this chapter 11 proceeding as set forth herein.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7.     The statutory predicates for the relief requested herein are sections 362(d) and 1112(b) of the Bankruptcy Code.

## FACTUAL BACKGROUND

**A.    The Loan Transaction**

8.     On or about August 30, 2013, debtor, 160 Royal Palm, LLC, executed and delivered to KK-PB Financial certain loan documents securing the financing of the real property located at 160 Royal Palm Way, Palm Beach, Florida 33480 and legally described as follows:

> Lots 31, 32, and 33, Block F of REVISED MAP OF ROYAL PALM ADDITION TO PALM BEACH, FLORIDA, according to the Plat thereof, as recorded in Plat Book 4, Page 1, of the Public Records of Palm Beach County, Florida.

9.     Among other things, the Debtor also executed and delivered the following documents in connection with the loan transaction:

> **Promissory Note.** Promissory Note dated August 30, 2013 in the principal amount of Twenty-Seven Million Four Hundred Sixty Eight Thousand Seven Hundred Fifty and 00/100 Dollars ($27,468,750.00); and
>
> **Mortgage.** Florida Real Estate Mortgage, Assignment of Leases and Rents and Security Agreement dated August 30, 2013.

(together, the "**Loan Documents**"). True and correct copies of the Promissory Note and Mortgage are attached hereto as **Composite Exhibit B**.

**B.    The Default**

10.    Pursuant to the terms of the Loan Documents, payments of principal and interest were due to commence on November 1, 2014 and a balloon payment was due on August 30, 2018 (the "**Maturity Date**"). The Debtor defaulted on the loan by failing to pay the full principal and interest on the Maturity Date. Under the terms of the Promissory Note and the Mortgage, the Debtor's failure to pay all principal and interest by the Maturity Date constituted an Event of Default. As of the Petition Date, KK-PB Financial is holding a secured claim in the amount of **$37,337,705.77**, plus interest, penalties, and fees

and other charges as set forth in the Straub Declaration attached hereto as Exhibit A and the Indebtedness Worksheet attached thereto as Exhibit 1.

**C.    KK-PB Financial's Efforts to Enforce Its Rights**

11.    As a result of the Debtor's default, on September 12, 2014, KK-PB Financial commenced an action against the Debtor and Palm House Hotel in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No. 50-2014-CA-011203, to foreclose its interests in the Royal Palm Way Property (the "**Foreclosure Action**"). KK-PB Financial aggressively pursued the Foreclosure Action for four years when the Debtor (through Cary Glickstein[1] as the Court-appointed Receiver) sought relief under chapter 11 of title 11 of the United States Code.

12.    KK-PB Financial is entitled to recover reasonable attorneys' fees and costs incurred in connection with foreclosure of its lien on or to enforce its rights to the Royal Palm Way Property, and all costs incurred in collecting or securing or attempting to collect or secure the loan extended to the Debtor under the Loan Documents.

**D.    The Bankruptcy Case**

13.    On August 2, 2018, debtor, 160 Royal Palm, LLC, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code ("**Petition Date**") [ECF. No. 1], thereby staying the Foreclosure Action. That same day, the Debtor filed its Schedules [ECF No. 1] and has identified KK-PB Financial as a creditor holding a secured claim in the amount of $27,468,750.00. The Schedules further provide a valuation of the Royal Palm Way Property of $16.1 million based on the Appraisal of Real Property dated January 12, 2018 and prepared by Cushman & Wakefield Regional, Inc.

14.    KK-PB Financial maintains that the outstanding balance on the Debtor's loan account is **$37,337,705.77**, plus interest, penalties, and fees and other charges as set forth in the Straub Declaration attached hereto as Exhibit A and the Indebtedness Worksheet attached thereto as Exhibit 1.

---

[1] Mr. Glickstein is the Court-appointed Receiver in the case styled *Black v. Matthews*, Case No. 50-2014-CA-014846, pending in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

15. As of the Petition Date, Mr. Glickstein serves as the pre-petition state court receiver of the Debtor's assets, is the custodian of the Debtor's property, and currently serves as the sole and exclusive manager of the Debtor. No post-petition payments have been made to KK-PB Financial and Mr. Glickstein remains in possession of KK-PB Financial's collateral.

**RELIEF REQUESTED**

16. By way of this Motion, KK-PB Financial seeks issuance of an Order (i) modifying and terminating the automatic stay, pursuant to Section 362(d), to permit KK-PB Financial to exercise its rights and remedies in the Foreclosure Action with respect to the Royal Palm Way Property; or (ii) dismissing this chapter 11 proceeding, pursuant to Section 1112(b).

A. CAUSE EXISTS TO MODIFY AND TERMINATE AUTOMATIC STAY

17. Section 362(d)(1) provides that stay relief should be granted "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). Courts have interpreted the language of Section 362(d)(1) to include a wide range of circumstances constituting "cause" for stay relief. *See, e.g., In re Dixie Broad., Inc.,* 871 F. 2d 1023, 1026 (11th Cir. 1989) (holding a petition filed in bad faith justifies lifting the stay); *In re Robbins,* 964 F. 2d 342, 346 (4th Cir. 1992) (concluding cause exists where lifting the stay will promote judicial economy).

18. Whether cause exists to grant stay relief is left to the discretion of the court on a case by case basis and the court looks to the totality of the circumstances in each particular case when making this determination. *In re Aloisi,* 261 B.R. 504, 508 (Bankr. M.D. Fla. 2001). In fact, courts consider any factors which evidence 'an intent to abuse the judicial process and the purposes of the reorganization provisions' or in particular, factors which evidence that the petition was filed to delay or frustrate the legitimate efforts of secured creditors to enforce their rights." *In re Albany Partners, Ltd.,* 749 F. 2d 670, 674 (11th Cir. 1984).

19. Going further, courts have determined that "cause" exists in instances where, as here, the moving party is seeking to commence or continue non-bankruptcy

litigation. To cite but one example, the Second Circuit has established factors to consider in determining whether cause exists to allow litigation to proceed in another forum as follows:

- relief results in partial or complete resolution of issues
- there is lack of any connection or interference with bankruptcy
- other proceeding involves debtor as a fiduciary
- a specialized tribunal with necessary expertise has been established to hear cause of action
- debtor's insurer has assumed full responsibility for defending it
- action primarily involves third parties
- litigation in another forum would prejudice other creditors
- judgment claim arising from the other action is subject to equitable subordination
- moving party's success in other proceeding would result in a judicial lien avoidable by debtor
- judicial economy and an expeditious and economical resolution require a different forum
- parties are ready for trial in other proceeding
- effect of stay on parties and balance of harms require an alternative forum

See *Sonnax Indus., Inc. v. Tri-Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F. 2d 1280, 1286 (2d Cir. 1990) (citing *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984)).

20. Indeed, courts have held that cause exists to allow a state court action to proceed in another forum in instances where, on balance, the potential hardship that would be incurred by the party seeking relief outweigh the potential prejudice to the debtor and the estate. *See Murray Indus., Inc. v. Aristech Chemical Corp. (In re Murray Indus., Inc.)*, 121 B.R. 635, 636 (Bankr. M.D. Fla. 1990); *see also Allied Capital, Inc. v. Gibson (In re Gibson)*, 349 B.R. 54 (Bankr. D. Idaho 2006) (declaring that Congress has stated it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen

forum and to relieve the bankruptcy court from many duties that may be handled elsewhere).

21. In balancing the equities involved in this chapter 11 proceeding, KK-PB Financial maintains that even if modifying and terminating the automatic stay would present some hardship to the Debtor, pursuing the litigation anew before this Court would result in more of a hardship to KK-PB Financial. And would force KK-PB Financial to duplicate effort in the bankruptcy court, resulting in improper use of judicial resources and unfair prejudice to KK-PB Financial.

22. Moreover, under the terms of the Loan Documents, the Debtor has consented to relief from the automatic stay pursuant to section 362(d) to allow KK-PB Financial to pursue its interest in the collateral:

> discretion may elect. In the event that Mortgagor should seek protection under the U.S. Bankruptcy Code, or should Mortgagor be adjudicated a Debtor thereunder, Mortgagor hereby consents to relief from the automatic stay pursuant to 11 USC 362(d) to allow Mortgagee to proceed to, and obtain, a final judgment of foreclosure of this Mortgage, to complete a foreclosure sale pursuant thereto, to cause the issuance of a certificate of title pursuant thereto, and to otherwise take all such actions as Mortgagee may elect in its sole discretion in pursuance of the other rights and remedies available to Mortgagee in the case of a default under this Mortgage. Mortgagor hereby waives any protection under 11 U.S.C. 362(a).

Mortgage ¶ 14.

23. Based on the foregoing, KK-PB Financial believes that it is entitled to an Order modifying and terminating the automatic stay to permit it to exercise its rights and remedies under state law to pursue the Foreclosure Action.

**B.    CAUSE EXISTS FOR DISMISSAL OF THIS CHAPTER 11 PROCEEDING**

24. Section 1112(b) authorizes a court to dismiss a bankruptcy case for "cause."

> on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or *dismiss a case under this chapter*, whichever is in the *best interests of creditors and the estate, for cause* . . .

11 U.S.C. § 1112(b)(1) (emphasis added).

25. Although "cause" is not defined in the Bankruptcy Code, Section 1112(b) sets forth a non-exhaustive list of factors that can constitute cause for dismissal and states

that "cause" includes, among other things, "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A).

26. **Loss to or Diminution of the Estate** To determine whether there is a continuing loss to or diminution of the estate, courts evaluate the complete and actual present condition of the estate. *In re AdBrite Corp.*, 290 B.R. 209, 215 (Bankr. S.D.N.Y. 2003). To satisfy this prong, the moving party may demonstrate that: (i) the debtor continues to incur losses; (ii) the debtor has maintained a negative cash flow position since the petition was filed; or (iii) the debtor's assets have declined in value since the case commenced. *See In re First Lewis Rd. Apartments, Inc.*, 11 B.R. 576, 577 (Bankr. E.D. Va. 1981).)

27. KK-PB Financial maintains that dismissal of this chapter 11 proceeding is appropriate as it is clear that the Debtor continues to incur losses as construction and renovation of the Royal Palm Way Property has stalled and the property remains unoccupied, the permits obtained for construction and renovations will soon expire, there is no equity in the Property, and the Property continues to depreciate while the balance owed to KK-PB Financial continues to increase.

28. **Reasonable Likelihood of Rehabilitation.** To satisfy the second prong of section 1112(b)(4)(A), a moving party must demonstrate that the debtor lacks a reasonable likelihood of rehabilitation. That is, rehabilitation signifies something more, with it being described as "to put back in good condition; re-establish on a firm, sound basis." *See In re Westgate Props., Ltd.*, 432 B.R. 720, 723 (Bankr. N.D. Ohio 2010) (quoting *In re V Companies*, 274 B.R. 721, 725 (Bankr. N.D. Ohio 2002)). Courts have held that rehabilitation is a different and much more demanding standard than reorganization. *See In re Brutsche*, 476 B.R. 298, 301 (Bankr. D.N.M. 2012)).

29. KK-PB Financial maintains that the record supports a finding of cause under section 1112(b)(4)(A) for dismissal of this chapter 11 proceeding. As this Court is aware, the Royal Palm Way Property is the Debtor's principal real estate asset. Given the construction and renovations that must be completed before the required permits expire and the Property may be occupied, it is unlikely that the Debtor will be able to generate

sufficient cash flow to preserve the value of the property or make the required postpetition payments to KK-PB Financial.

30.     Based on the foregoing, KK-PB Financial believes that "cause" exists for the dismissal of this chapter 11 proceeding.

## NOTICE

31.     KK-PB Financial submits that notice of this Motion is being provided to: (i) the Debtor; (ii) counsel to the Debtor; (iii) the Court-appointed Receiver; (iv) the Office of the US Trustee; (v) the twenty largest unsecured creditors; (vi) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002; and (vii) all parties identified on the attached Service List. Given the nature of the relief requested herein, KK-PB Financial submits that no other or further notice is necessary or required.

**WHEREFORE**, Secured Creditor KK-PB Financial respectfully requests that this Court enter an Order: (i) granting this Motion to allow KK-PB Financial to pursue the foreclosure action; or dismissing this chapter 11 proceeding as set forth herein; and (ii) granting such other relief as this Court deems just and proper.

Dated: September 13, 2018          Respectfully submitted,

**SALAZAR LAW**
*Counsel for Secured Creditor, KK-PB Financial, LLC*
2000 Ponce de Leon Boulevard, Penthouse Suite
Coral Gables, Florida  33134
Telephone: (305) 374-4848
Facsimile:  (305) 397-1021
Email:  Luis@Salazar.Law
Email:  Aguilar@Salazar.Law

By:     */s/ Luis Salazar*
            Luis Salazar
            Florida Bar No. 147788
            Celi S. Aguilar
            Florida Bar No. 117589

SALAZAR
— LAW —

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all parties identified on the Service List attached to the original hereof via transmission of Notices of Electronic Filing generated by CM/ECF and/or electronic mail transmission as indicated thereon.

By: /s/ *Luis Salazar*
Luis Salazar

## SERVICE LIST

**Electronic Mail Notice List**
**(Via CM/ECF)**

- **Heidi A Feinman**    Heidi.A.Feinman@usdoj.gov
- **Philip J Landau**    plandau@slp.law, msmith@slp.law;blee@slp.law;pdorsey@slp.law;dwoodall@slp.law;ematteo@slp.law;ependergraft@slp.law;bss@slp.law;cdraper@slp.law
- **Peter J Malecki**    pmalecki@riccalawyers.com, bricca@riccalawyers.com;lkendrick@riccalawyers.com
- **Edward A Marod**    emarod@gunster.com, dpeterson@gunster.com
- **Orfelia M Mayor**    omayor@ombankruptcy.com, legalservices@pbctax.com;carmen@ombankruptcy.com;cmbk@ombankruptcy.com;omayor@ecf.inforuptcy.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov
- **Eric S Pendergraft**    ependergraft@slp.law, dwoodall@slp.law;ematteo@slp.law;bshraibergecfmail@gmail.com;cdraper@slp.law
- **Cristopher S Rapp**    csrapp@kelleykronenberg.com, IRGeservice@kelleykronenberg.com
- **Luis Salazar**    Luis@Salazar.Law, Aguilar@Salazar.Law;Cabrera@Salazar.Law;Lee-Sin@Salazar.Law;Osorio@Salazar.Law
- **Allen R Tomlinson**    atomlinson@jonesfoster.com, dstewart@jonesfoster.com

**Electronic Mail Notice List**
**(Via Email)**

    **Daniel A. Hershman, Esq.**
    c/o Hershman Law P.A.
    2240 Palm Beach Lakes Blvd, Suite 101
    West Palm Beach, FL 33409
    dahershmanlaw@aol.com

    **Larry Richey, Esq.**
    Cushman & Wakefield
    515 E Las Olas Blvd, Suite 900
    Fort Lauderdale, FL 33301
    larry.richey@cushwake.com

    **Maria M Yip**
    Yip Associates
    1001 Yamato Road, Suite 301
    Boca Raton, FL 33431
    myip@yipcpa.com

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| In re | Case No.: 18-19441-BKC-EPK |
| 160 ROYAL PALM, LLC, | Chapter 11 |
| Debtor._____/ | |

**DECLARATION OF GLENN F. STRAUB IN SUPPORT OF SECURED CREDITOR KK-PB FINANCIAL, LLC'S MOTION TO (I) MODIFY AND TERMINATE AUTOMATIC STAY; OR (II) DISMISS CHAPTER 11 PROCEEDING**

Glenn F. Straub, being duly sworn, states:

1. I am the Managing Member of KK-PB Financial, LLC ("**KK-PB Financial**") with offices located at 11199 Polo Club Road, Wellington, Florida 33414. In that capacity, I have access to KK-PB Financial's books and records pertaining to the loan transaction involving Debtor 160 Royal Palm, LLC's acquisition of the real property located at 160 Royal Palm Way, Palm Beach, Florida 33480 (the "**Royal Palm Way Property**").

2. This Declaration is submitted in support of Secured Creditor KK-PB Financial, LLC's Motion to (i) Modify and Terminate Automatic Stay; or (ii) Dismiss Chapter 11 Proceeding (the "**Motion**"). I have reviewed the Motion and the exhibits attached thereto and have personal knowledge of the facts set forth therein or have knowledge based on my review of KK-PB Financial's books and records and relevant court filings and documents.

3. Except as otherwise indicated herein, all facts set forth in this Declaration are based on my personal knowledge. If I were called upon to testify, I could and would testify competently to the facts set forth herein.

4. **The Loan Transaction.** On or about August 30, 2013, debtor, 160 Royal Palm, LLC, executed and delivered to KK-PB Financial certain loan documents securing the financing of the real property located at 160 Royal Palm Way, Palm Beach, Florida 33480 and legally described as follows:

> Lots 31, 32, and 33, Block F of REVISED MAP OF ROYAL PALM ADDITION TO PALM BEACH, FLORIDA, according to the Plat thereof, as recorded in Plat Book 4, Page 1, of the Public Records of

Palm Beach County, Florida.

5. Among other things, the Debtor executed and delivered the following documents in connection with the loan transaction:

 a. **Promissory Note.** Promissory Note dated August 30, 2013 in the principal amount of Twenty-Seven Million Four Hundred Sixty Eight Thousand Seven Hundred Fifty and 00/100 Dollars ($27,468,750.00); and

 b. **Mortgage.** Florida Real Estate Mortgage, Assignment of Leases and Rents and Security Agreement dated August 30, 2013.

(together, the "**Loan Documents**"). True and correct copies of the Promissory Note and Mortgage are attached to the Motion as **Composite Exhibit B**. I certify that all documents attached as exhibits to the Motion are true and accurate copies of the original documents pertaining to the loan transaction involving the Debtor's acquisition of the Royal Palm Way Property.

6. KK-PB Financial is the owner and holder of the Note and Loan Documents. As of the Petition Date, KK-PB Financial is holding a secured claim in the amount of **$37,337,705.77**, plus interest, penalties, and fees and other charges as set forth in the Indebtedness Worksheet attached hereto as **Exhibit 1**.

7. KK-PB Financial maintains that the Royal Palm Way Property is a wasting asset that will continue to deteriorate and its security interest in the Property is diminishing in value as the Debtor has, among other things, removed or destroyed millions of dollars in improvements funded by KK-PB Financial.

8. **The Default.** Pursuant to the terms of the Loan Documents, payments of principal and interest were due to commence on November 1, 2014 and a balloon payment was due on August 30, 2018 (the "**Maturity Date**"). The Debtor defaulted on the loan by failing to make principal and interest payments due and owing on February 1, 2015 and all payments due and owing on the Maturity Date. Under the terms of the Promissory Note and the Mortgage, the Debtor's failure to pay all principal and interest by the Maturity Date constituted an Event of Default.

9. **KK-PB Financial's Efforts to Enforce Its Rights.** As a result of the Debtor's default, on September 12, 2014, KK-PB Financial commenced an action against the Debtor and

Palm House Hotel in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No. 50-2014-CA-011203, to foreclose its interests in the Royal Palm Way Property (the "**Foreclosure Action**"). KK-PB Financial aggressively pursued the Foreclosure Action for four years when the Debtor (through Cary Glickstein[1] as the Court-appointed Receiver) sought relief under chapter 11 of title 11 of the United States Code.

10. KK-PB Financial is entitled to recover reasonable attorneys' fees and costs incurred in connection with foreclosure of its lien on or to enforce its rights to the Royal Palm Way Property, and all costs incurred in collecting or securing or attempting to collect or secure the loan extended to the Debtor under the Loan Documents.

11. **The Bankruptcy Case**. I have been advised by counsel and acknowledge that on August 2, 2018, debtor, 160 Royal Palm, LLC, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Petition Date**") [ECF. No. 1], thereby staying the Foreclosure Action. That same day, the Debtor filed its Schedules [ECF No. 1] and has identified KK-PB Financial as a creditor holding a secured claim in the amount of $27,468,750.00. The Schedules further provide a valuation of $16.1 million as to the Royal Palm Way Property.

*Remainder of this page intentionally left blank.*

---

[1] Mr. Glickstein is the Court-appointed Receiver in the case styled *Black v. Matthews*, Case No. 50-2014-CA-014846, pending in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

12.    I have been advised by counsel and acknowledge that as of the Petition Date, Cary Glickstein has served as the pre-petition state court receiver of the Debtor's assets, is the custodian of the Debtor's property, and currently serves as the sole and exclusive manager of the Debtor. No post-petition payments have been made to KK-PB Financial and Mr. Glickstein remains in possession of KK-PB Financial's collateral. KK-PB Financial's post-petition payment address is 11199 Polo Club Road, Wellington, Florida 33414.

Pursuant to 28 U.S.C. § 1746 and Section 92.525, Florida Statutes, under penalties of perjury, I, Glenn F. Straub, in my capacity as Managing Member of KK-PB Financial, LLC, declare that I have read the foregoing Declaration in support of Secured Creditor KK-PB Financial, LLC's Motion to (i) Modify and Terminate Automatic Stay; or (ii) Dismiss Chapter 11 Proceeding and that the facts stated herein are true and correct based on personal knowledge of KK-PB Financial, LLC's books and business records.

Executed on September 12, 2018.

KK-PB FINANCIAL, LLC, a Florida limited liability company

By: GLENN F. STRAUB
Its: Managing Member

**EXHIBIT 1**
**INDEBTEDNESS WORKSHEET[2]**

*In re 160 Royal Palm, LLC*, **Case No. 18-19441-BKC-EPK**
**Petition Date: August 2, 2018**

### DEBT AS OF PETITION DATE

A.  **Total pre-petition indebtedness of Debtor to KK-PB Financial, LLC as of Petition Date: $37,337,705.77**

| | |
|---|---|
| 1. Amount of principal: | $26,963,384.50 |
| 2. Amount of interest: | $9,936,008.54 |
| 3. Amount of escrow (taxes and insurance): | $0.00 |
| 4. Amount of forced placed insurance expended by movant: | $0.00 |
| 5. Amount of attorney's fees billed to debtor pre-petition: | **TBD** |
| 6. Amount of pre-petition late fees, if any, billed to debtor: | **TBD** |
| 7. Any additional pre-petition fees, charges or amounts charged to debtor/debtor's account and not listed above:  **Property Taxes (2015 and 2016)** | $438,312.73 |

B.  **Contractual Interest Rate:**  6%

   **Default Interest Rate:**  10%

### AMOUNT OF ALLEGED POST-PETITION DEFAULT

C.  **Date last payment was received:**  01/14/2015

D.  **Alleged total number of payments due postpetition from filing of petition through payment due on 01/14/2015**:  Balloon payment of all amounts due and owing on the Maturity Date (August 30, 2018)

---

[2] KK-PB Financial, LLC reserves its right to amend or supplement this Indebtedness Worksheet prior to the Court's consideration of the relief requested in its Motion to (i) Modify and Terminate Automatic Stay; or (ii) Dismiss Chapter 11 Proceeding.

E.  **All postpetition payments alleged to be in default:**

| Alleged Amount Due Date | Alleged Amount Due | Amount Received | Amount Applied to Principal | Amount Applied to Interest | Amount Applied to Escrow | Late Fee Charged (If Any) |
|---|---|---|---|---|---|---|
| 08/30/2018 | $37,337,705.77 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Total | $37,337,705.77 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

F.  Amount of movant's attorneys' fees billed to debtor for the preparation, and filing and prosecution of Stay Relief Motion: **At least $10,536.00**

G.  Amount of Movant's filing fee for Stay Relief Motion**:   $181.00**

H.  Other attorney's fees billed to debtor post-petition:    **TBD**

I.  Amount of movant's post-petition inspection fees:    **TBD**

J.  Amount of movant's post-petition appraisal broker's price opinion:    **TBD**

K.  Amount of forced placed insurance or insurance provided by movant post-petition:   **$0.00**

L.  Sum held in suspense by movant in connection with Loan Documents, if applicable:   **$0.00**

M.  Amount of other post-petition advances or charges (*e.g.*, itemized charges such as taxes, insurance incurred by debtor, etc.:    **TBD**