UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

160 Royal Palm, LLC,　　　　　　　　　　Case No. 18-19441-EPK

　　Debtor.　　　　　　　　　　　　　　Chapter 11

_____/

# APPLICATION FOR EMPLOYMENT OF PHILIP J. LANDAU, ESQ. AND THE LAW FIRM OF SHRAIBERG, LANDAU & PAGE, P.A. AS SPECIAL LITIGATION COUNSEL TO THE DEBTOR PURSUANT TO SECTIONS 327(A) AND 328 OF THE BANKRUPTCY CODE

Debtor in Possession, 160 Royal Palm, LLC (the "Debtor"), pursuant to sections 327(a) and 328 of the Bankruptcy Code, requests the entry of an order, *nunc pro tunc* to the date when services were first rendered, authorizing the employment of Philip J. Landau, Esq. ("Mr. Landau") and the law firm of Shraiberg, Landau & Page, P.A. ("SLP", and with Mr. Landau, the "Firm") to represent the Debtor as special litigation counsel and respectfully states as follows:

1.　　By this Application, the Debtor seeks to employ Mr. Landau and SLP as litigation counsel, on a contingency fee basis pursuant to Section 328 of the Bankruptcy Code ("Special Litigation Counsel"), to prosecute litigation clams the Debtor determines are appropriate to bring which may include, *inter alia*, (i) adjudicating the validity, priority and/or extent of liens and mortgages upon assets of the Debtor; (ii) the investigation and prosecution of Chapter 5 avoidance claims; (iii) the consolidation of the Debtor's estate with other debtor or non-debtor entities or estates and (iv) any and all other claims that the Debtor determines require investigation and/or the prosecution of litigation, subject to the consent and approval of the Firm (collectively, the "Litigation Claims").[1]

---

[1] By separate order of the Court, SLP has already been approved to serve as general bankruptcy counsel to the Debtor on an hourly fee basis, to represent the estate of the Debtor in

{2234/000/00415436}

2. The Debtor believes that it is in the best interest of the estate to retain SLP as special litigation counsel in the Case.

3. Pursuant to Section 328 of the Bankruptcy Code, the Debtor seeks to employ the Firm on a contingency fee basis to investigate and prosecute the Litigation Claims, and will receive an amount equal to 35% of any asset recovered or economic benefit received by the estate on account of any Litigation Claims, payable upon the approval of any settlement in which a recovery is obtained or actually recovered pursuing such Litigation Claims. For avoidance of doubt, the Firm shall be entitled to receive 35% of any alleged secured debt that is reduced or avoided for the benefit of the estate. In the event of an appeal in any specific claim, the contingency fee shall increase to 40%. The Debtor's bankruptcy estate will also be responsible for the payment of all out-of-pocket costs and expenses incurred in connection with the Litigation Claims.

4. The Debtor believes that the attorneys of SLP have considerable experience in matters of this character,

5. As set forth in the Affidavit of Proposed Attorney for the Debtor sworn to by Mr. Landau (the "Landau Affidavit"), to the best of Mr. Landau's knowledge, both Mr. Landau and SLP are disinterested, and neither Mr. Landau nor SLP represent any interest adverse to the Debtor, its estate, or its creditors. The Landau Affidavit is attached to this Application as **EXHIBIT A**.

[Remainder of Page Intentionally Left Blank]

---

performing ordinary and necessary legal services required in the administration of the estate. [ECF No. 55]. If this application is approved, SLP will continue to serve as general counsel to the Debtor in this regard.

**WHEREFORE**, the Debtor respectfully requests this Court to enter an Order authorizing the retention of Mr. Landau and SLP under the terms and conditions set forth herein *nunc pro tunc* to the date when services were first rendered, and for such other and further relief as the Court deems necessary and appropriate.

Respectfully Submitted,

160 Royal Palm, LLC

By: /s/ Cary Glickstein
Cary Glickstein, Manager

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing and/or U.S. Mail to all parties on the attached service list on September 18, 2018.

Respectfully Submitted,

SHRAIBERG, LANDAU, & PAGE, P.A.
Counsel for the Debtor
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
plandau@slp.law
ependergraft@slp.law

By: /s/ Philip J. Landau
Philip J. Landau
Florida Bar. No. 504017
Eric Pendergraft
Florida Bar No. 91927

{2234/000/00415436}    3

# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

160 Royal Palm, LLC,                                Case No. 18-19441-EPK

    Debtor.                                         Chapter 11
_____/

## AFFIDAVIT OF PROPOSED ATTORNEY FOR DEBTOR

Philip J. Landau, being duly sworn states:

1. My name is Philip J. Landau. I am an attorney admitted to practice in the State of Florida and the United States District Court for the Southern District of Florida.

2. I am a Partner of Shraiberg, Landau & Page, P.A. ("SLP"), with offices located at 2385 NW Executive Center Drive, Suite 300, Boca Raton, Florida 33431. I am familiar with the matters set forth herein and make this Affidavit in support of the *Application to Employ Bankruptcy Counsel* (the "Application") filed by 160 Royal Palm, LLC (the "Debtor")

3. Unless it otherwise states, this Affidavit is based upon facts of which I have personal knowledge. In preparing this Affidavit, I have reviewed a list of the Debtor's secured creditor(s) and unsecured creditors. I compared this information with the information contained in our law firm's client and adverse party conflict check index system. The facts stated in this Affidavit as to the relationship between other lawyers in our law firm and the Debtor, the Debtor's creditors and the United States Trustee, and other persons employed by the Office of the United States Trustee, and those persons and entities who are defined as disinterested persons in Section 101(14) of the Bankruptcy Code are based on the results of my review of our firm's conflict check index system. Specifically, I have conducted a search of our firm's records and

{2234/000/00415436}                                 5

disseminated a request for information to all the attorneys in our firm regarding connections to the Debtor's creditors. Based upon our search, our firm does not represent any entity in any matter which would constitute a conflict of interest or otherwise impair the disinterestedness of our firm.

4. Our law firm's client and adverse party conflict check index system is comprised of records regularly maintained in the course of business of the firm and it is a regular practice of the firm to make and maintain these records. It reflects entries that are noted in the system at the time the information becomes known by persons whose regular duties include recording and maintaining the information. I regularly use and rely upon the information contained in the system in the performance of my duties with the law firm and in my practice of law.

5. Except as otherwise may be disclosed herein, a search of our firm's conflict check index system reveals that our firm does not presently represent any parties with interests adverse to the Debtor's estates.

6. On September 4, 2018, the Court entered an Order approving the retention of my firm as general bankruptcy counsel to the Debtor. [ECF No. 55].

7. No attorney in our firm holds a direct or indirect claim or equity interest in the Debtor or has a right to acquire such interest.

8. Except as set forth herein, no attorney in our firm has had or presently has any connection with the Debtor's creditors on any matter in which the firm is to be engaged, except that I, our law firm, its partners and associates: i) may have appeared in the past, and may appear in the future, in other cases in which one or more of said parties may be involved; and ii) may represent or may have represented certain of the Debtor's creditors in matters unrelated to this case.

9. This concludes my declaration.

FURTHER AFFIANT SAYETH NAUGHT

_____
Philip J. Landau

SWORN TO AND SUBSCRIBED before me this  18th  day of September 2018 by, who is known to me,

or who produced _____ as identification.

_____
NOTARY PUBLIC
STATE OF FLORIDA AT LARGE

DIANA WOODALL
Notary Public - State of Florida
Commission # FF 955136
My Comm. Expires May 16, 2020
Bonded through National Notary Assn

Print Name: Diana Woodall
Commission No. FF 955136
My Commission Expires: May 16, 2020