UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

160 Royal Palm, LLC,                    Case No.  18-19441-EPK

      Debtor.                              Chapter 11

_____/

### DEBTOR'S MOTION FOR APPROVAL OF
### <u>SETTLEMENTS WITH THE TOWN OF PALM BEACH</u>

Debtor in Possession, 160 Royal Palm, LLC (the "**Debtor**"), by and through its undersigned counsel and pursuant to Federal Rule of Bankruptcy Procedure 9019, requests approval of two Conditional Settlement Agreements (the "**Agreements**") between: (a) the Debtor and (b) the Town of Palm Beach and the Town of Palm Beach Code Enforcement Board (together, the "**Town**").  Copies of such Agreements are attached hereto as **Exhibits A and B**.  In support, the Debtor respectfully states as follows:

### <u>BACKGROUND FACTS</u>

**(a)  <u>The Debtor</u>**

1. On August 2, 2018 the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 1101 *et seq.*

2. The Debtor is managing its assets as a debtor in possession pursuant to §§ 1107(a) of 1108 of the Code.  No trustee, examiner, or statutory committee has been appointed in the case.

3. The Debtor is a Florida limited liability company---currently managed by its former receiver Cary Glickstein---which owns prime real property consisting of a partially-constructed hotel/condominium located at 160 Royal Palm Way, Palm Beach, Florida (the "**Real Property**" or the "Project").

**(b) <u>Assessment Dispute with the Town of Palm Beach and Expiring Development Approvals</u>[1]**

4.      As set forth in the Debtor's *Motion to Excuse Receiver's Turnover Nunc Pro Tunc to Petition Date* [ECF No. 5], the Real Property, the entities and individuals affiliated with the Real Property, and the Debtor were all embroiled in a plethora of state and federal litigation relating to the Real Property prior to the filing of the Debtor's bankruptcy case.

5.      The former owner of the Real Property was Royal 160, LLC (the "**Former Owner**").  In 2007, the Town and the Former Owner entered into a recorded Declaration of Use Agreement (as amended, the "**Declaration**") with the Town concerning land use of the Real Property.  As amended in 2012, the Declaration requires that construction of the improvements to the Real Property be completed by February 14, 2013 the "**Completion Deadline**") to avoid a daily fee of $2000 per day (the "**Violation Assessment**").

6.      In December 2012, the Debtor initiated a civil action in December 2012 in the Fifteenth Judicial Circuit of Palm Beach County, Florida, styled *160 Royal Palm, LLC v. Town of Palm Beach*, Case No. 502012CA023613XXXXMB (the "**Assessment Litigation**"), seeking a declaratory judgment concerning the Completion Deadline, which action remains pending.

7.      On February 15, 2013, the Town commenced assessment of the Violation Assessment.  At the end of 2016, Receiver Cary Glickstein obtained from the Town a conditional, temporary abatement of the Violation Assessment accruing since February 15, 2013, which abatement remains conditionally and temporarily in effect.  Before the date the abatement went into effect, the accrued Violation Assessment amount assessed by the Town was $2,794,000.00.  Without the abatement, the accrued Violation Assessment amount assessed by the Town would be $3,986,000 prior to the commencement of this bankruptcy case.

---

[1] The facts involving both disputes between the Debtor and the Town of Palm Beach are set forth in greater detail in the 'Whereas' provisions of the Agreements attached hereto as **Exhibits A and B**.

8.     On January 13, 2016, the Town granted the Debtor approval of Site Plan No. 1-2016 with Special Exception for the completion of construction of the Project (the "**Development Approval**"), which imposes conditions of approval in order to regulate the use, mitigate any adverse impacts of the use, and insure that said use shall not be adverse to the public interest, including, in part, correction of the unauthorized  construction underlying the Code Enforcement Lien described below, which approval was to be further memorialized in a Third Amendment to Declaration of Use Agreement (the "**Third Amendment**") which has not been executed. nor has the work commenced, as authorized by the Development Approval, by application for a building permit revision.  Completion of the Project cannot occur without the Development Approval. Presently, such Development Approval will expire after January 9, 2019.

**(c) Code Enforcement Dispute with the Town of Palm Beach Code Enforcement Board**

9.     Separately, in 2014, the Town initiated a code enforcement action, Case # CE-14-1212 against the Real Property and the Debtor for unauthorized construction.   Because the code enforcement violation was not corrected by the Debtor, it resulted in an order (the "**Code Enforcement Order**") from the Town of Palm Beach Code Enforcement Board assessing fines of $250 per day (the "**Code Enforcement Fine**") resulting in a lien against the Real Property (the "**Code Enforcement Lien**") which was recorded on February 3, 2015.  On November 17, 2016, Receiver Cary Glickstein obtained from the Town a conditional, temporary abatement of the Code Enforcement Fine accruing since January 10, 2015, despite the fact that the underlying code violation had not been corrected by the Debtor, which abatement remains conditionally and temporarily in effect.  Among the conditions imposed for the continued abatement of the Code Enforcement Fine was payment to the Town of the Code Enforcement Fine amount accruing before the abatement date, which amount was paid in full.  In the absence of the abatement, the

assessed Code Enforcement Fine amount would be $155,500.00 prior to the commencement of this bankruptcy case.

**(d) The Debtor's Proposed Sale of the Real Property**

10.     The Real Property constitutes prime real estate that has attracted substantial interest from major developers and interested parties.[2]  The Debtor's primary purpose for filing the instant bankruptcy case was to effectuate a sale of the Real Property and to use the proceeds of the same to pay the Debtor's *bona fide* creditors.

11.     To this end, the Debtor commenced marketing the Real Property and has sought employment of a broker, an architect, special counsel, and special real estate transactions counsel. ECF Nos. 19, 81, 86, and 87.

12.     On October 1, 2018, the Debtor filed its *Motion for the Entry of an Order (I) Approving Bid Procedures and Bid Protections in Connection with the Sale of Substantially All of its Assets, (II) Approving the Form and Manner of Notice of Sale, (III) Scheduling an Auction and Sale Hearing and (iv) Approving the Sale of the Assets Free and Clear of Liens, Claims and Encumbrances* [ECF No. 92] (the "**Bid Procedures Motion**"), wherein the Debtor seeks to sell the Real Property for $32,000,000 to RREF II Palm House LLC, subject to higher and better offers to be submitted no later than October 30, 2018, followed by an auction if such offers are received.

13.     The potential liability running with the Real Property that stems from the Violation Assessment and the Code Enforcement Fine is over $4 million without  abatements.  Furthermore, if the Development Approval expires, any purchaser of the Real Property will be compelled to undertake the lengthy, expensive and uncertain process of seeking Town approval anew for completion of the Project.  Based on Mr. Glickstein's experience as a former mayor and property

---

[2] While all real property is unique, the Real Property is especially unique given its location and the fact that it constitutes an extremely rare opportunity to develop a hotel in Palm Beach.

developer, the Debtor believes that parties interested in purchasing the Real Property will utilize a worst-case-scenario analysis as to the Violation Assessment, the Code Enforcement Fine, and the Development Approval, and will thereby discount their bids accordingly.

**(e) The Conditional Settlement Agreements**

14.     Through Receiver Cary Glickstein prior to the filing of this bankruptcy, and continuing with the Debtor (through its Manager, Mr. Glickstein) in bankruptcy while the Debtor was marketing the Real Property, Receiver Glickstein and the Debtor have been seeking settlements of the Violation Assessment, the Assessment Litigation, the Code Enforcement Fine, and the Code Enforcement Lien to resolve such matters and thereby retain the viability of the Project and increase the potential sale price of the Real Property.  Prior to this bankruptcy case, Receiver Glickstein has also obtained multiple extensions of the Development Approval.

15.     While both the Debtor and the Town believe they each have meritorious claims and defenses in the controversies that exists between them, the Debtor and the Town both share the belief that a consensual resolution of such controversies will greatly benefit both parties by increasing the chances of the the Debtor successfully selling the Real Property at a premium to a buyer with the wherewithal to complete construction of the Project, thereby ending a years-long period of an abandoned, partially completed Project located in one of the most desirable locations in the world to the detriment of the Town and the surrounding property owners.

16.     Accordingly, the Debtor believes that the Agreements are in the best interest of the estate.

17.     While the Town has not formally approved and entered into the Agreements, the Debtor expects the Town to do so on or shortly after October 9 and October 18, 2018, respectively, when the Town's governing Council and the Town's Code Enforcement Board are scheduled to

meet to consider the Agreements.  Once the Agreements have been formally approved by the Town, the Debtor will file fully-executed copies of the same.

## MATERIAL TERMS OF THE AGREEMENTS

18.     The Agreements are reciprocal, containing most of the same recitals and by their terms should be considered together.  The Agreement attached hereto as Exhibit A concerns the Violation Assessment, the Assessment Litigation, and the Development Approval.    The Agreement attached hereto as Exhibit B concerns the Code Enforcement Fine, Code Enforcement Order, and Code Enforcement Lien.

19.     Together, the Agreements fully set forth all of the settlement terms between the parties.  The pertinent terms of the Agreements are set forth below for summary and notice purposes only, and to the extent any terms are inconsistent with the Agreements, the Agreements control.

a. **Qualified Buyer Defined:**  The Agreements define the term Qualified Buyer as the person who purchases the Real Property pursuant to Bankuptcy Court approval *other than* the Former Owner, Debtor, its parent Palm House, LLC, any current or former members or managers of the Former Owner, the Debtor or Palm House, LLC, and any other party, other than the Town, to the case styled *Ryan Black v. Gerry Matthews, et al*, Case No.: 502014CA014846XXXXMB AG (the "**Receivership Action**") commenced in the Fifteenth Judicial Circuit of Palm Beach County, Florida or any other pending civil action in which the Debtor is a party.

b. **Violation Assessment Resolution Payment by Qualified Buyer:**  In full and final settlement of the accrued Violation Assessment, the Town agrees to accept $200,000 from the Qualified Buyer on or before the earliest of (1) thirty days from the closing on the sale of the Property or (2) December 31, 2018.

c. **Consideration in Exchange for Violation Assessment Resolution Payment:**  In exchange for the timely payment of the $200,000 set forth above, the Town agrees to: **(a)** the reinstatement/continuation of the abatement of the Violation Assessment through April 30, 2019; and **(b)** extend the Development Approval through April 30, 2019, provided on or before April 30, 2019 the Qualified Buyer: **(i)** makes application for and upon Town approval thereafter executes and delivers the Third Amendment consistent with the Development Approval; **(ii)** makes application for and upon Town approval thereafter executes and delivers a revised construction management agreement ("**CMA**") consistent with the Development Approval; **(iii)** makes application for a building permit revision for construction of the Hotel consistent with the Development Approval; and (iv), if required by Town, concurrent with the

Qualified Buyer's application for Third Amendment and revised CMA, and solely to approve the change in ownership of the Land from Owner to the Qualified Buyer, makes application for and receives Town approval for a modification to special exception for construction and operation of the Hotel, consistent with the Development Approval, or as otherwise requested by the Qualified Buyer and approved by the Town.

d. **Dismissal of Assessment Litigation:**  On or before closing on the sale of the Property to a Qualified Buyer following entry of a court order approving this Settlement Agreement in the Bankruptcy Action and the execution and delivery of this Settlement Agreement by the Parties, the Assessment Litigation shall be dismissed with prejudice.

e. **Code Enforcement Fine Resolution Payment by Qualified Buyer:**  In full and final settlement of the accrued Code Enforcement Fine, the Town agrees to accept $50,000 from the Qualified Buyer on or before the earliest of (1) thirty days from the closing on the sale of the Property or (2) December 31, 2018.

f. **Consideration in Exchange for Code Enforcement Fine Resolution Payment:**  In exchange for the timely payment of the $50,000 set forth above, the Town agrees to: **(a)** the continuation/reinstatement of the abatement of the Code Enforcement Fine through April 30, 2019; and **(b)** the satisfaction and discharge of the Code Enforcement Lien upon the first to occur of: **(i)** Town Code Enforcement inspection and verification of compliance with the Code Enforcement Order to the reasonable satisfaction of Town Code Enforcement, or **(ii)** Qualified Buyer's timely completion of the Hotel, as provided in the Third Amendment, a revised CMA and building permit revision.

g. **Conditional Settlement (Assessment Violation):**  The Agreement attached hereto as Exhibit A shall be of no force or effect fully executed by the parties and approved by the Bankruptcy Court. In the event (i) payment of the $200,000 is not timely paid to the Town; (ii) a Third Amendment to Declaration of Use Agreement is not timely executed by and delivered to the Town by the Qualified Buyer; or (iii) construction of the Hotel is not timely completed by the Qualified Buyer in accordance with the Third Amendment to Declaration of Use Agreement and building permit revision, then the Development Approval shall expire. Unless otherwise extended by the Town, the Violation Assessment abatement shall terminate and the assessment and fine shall be reinstated, respectively, as if the abatements had never been granted, less payments received by the Town, and the Code Enforcement Lien shall remain in force and effect until satisfied in accordance with the Code Enforcement Lien. If this bankruptcy case is dismissed before the sale of the Real Property or if the Debtor is otherwise prevented or unable to sell the Real Property to a Qualified Buyer, the Debtor reserves all of its rights, claims and defenses as asserted in the Assessment Litigation and/or that are or as may be available to the Debtor in the instant bankruptcy case with regard to the Real Property, the Violation Assessment, the Code Enforcement Fine and/or the Code Enforcement Lien.

h. **Conditional Settlement (Code Enforcement Violation):**  The Agreement attached hereto as Exhibit B shall be of no force or effect fully executed by the parties and approved by the Bankruptcy Court. In the event (i) payment of the $50,000 is not timely paid to the Town; (ii) a Third Amendment to Declaration of Use Agreement is not timely executed by and delivered

to the Town by the Qualified Buyer; or (iii) construction of the Hotel is not timely completed by the Qualified Buyer in accordance with the Third Amendment to Declaration of Use Agreement and building permit revision, then the Development Approval shall expire. Unless otherwise extended by the Town, the Code Enforcement Fine abatement shall terminate and the assessment and fine shall be reinstated, respectively, as if the abatements had never been granted, less payments received by the Town, and the Code Enforcement Lien shall remain in force and effect until satisfied in accordance with the Code Enforcement Lien. If this bankruptcy case is dismissed before the sale of the Real Property or if the Debtor is otherwise prevented or unable to sell the Real Property to a Qualified Buyer, the Debtor reserves all of its rights, claims and defenses as asserted in the Assessment Litigation and/or that are or as may be available to the Debtor in the instant bankruptcy case with regard to the Real Property, the Violation Assessment, the Code Enforcement Fine and/or the Code Enforcement Lien.

i. **Approval of Both Agreements:** Each Agreement is further conditioned on the approval of the other Agreement.

j. **Town Cooperation:** In connection with Debtor's sale of the Real Property to a Qualified Buyer as authorized and approved  by the Bankruptcy Code, the Town agrees to cooperate with the settlement, title or closing agent, the Debtor and the Qualified Buyer, at no expense to the Town, and use its best reasonable efforts to timely review and comply with written requests for information, acknowledgements and confirmations further to the Debtor's conveyance of title, confirmation of Qualified Buyer status, and verification of the recitals set forth in these Agreements as of the Closing Date.

## BASIS FOR RELIEF REQUESTED

20.     Through this motion, the Debtor requests that this Court enter an Order approving the Agreements to permit the parties to amicably resolve their disputes.

21.     "It is generally recognized that the law favors compromise of disputes over litigation for litigation sake." *In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993). Rule 9019(a) grants the bankruptcy court the power to approve settlements. *GMGRSST, Ltd. v. Menotte (In re Air Safety Int'l, L.C.)*, 336 B.R. 843, 852 (S.D. Fla. 2005).

22.     Pursuant to Federal Rule of Bankruptcy Procedure 9019, the Court may approve a compromise or settlement after notice and a hearing.  Accordingly, it is within the scope of this Court's authority to grant this motion.

23.     When considering settlements for approval, the bankruptcy court is to "determine whether the proposed settlement is fair and equitable." *In re Air Safety Int'l, L.C.*, 336 B.R. at 852. The Eleventh Circuit Court of Appeals has set forth factors to assist bankruptcy courts in determining whether a settlement proposal meets the appropriate standard. *Id.* These factors are as follows: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *See Wallis v. Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990); *see also Romagosa v. Thomas*, 236 Fed. Appx. 498, 504 (11th Cir. 2007) (setting forth *Justice Oaks Factors* and affirming bankruptcy court's approval of settlement agreement). Moreover, "[t]he bankruptcy court is not required to rule on the merits, and must look only to the probabilities." *Id.* Settlements or compromises should be approved unless they "fall below the lowest point in the range of reasonableness." *In re Bicoastal Corp.*, 164 B.R. at 1016.

24.     The Justice Oaks Factors weigh in favor of approving the terms of the Stipulation. In negotiating the terms of the Stipulation, the Debtor and its counsel carefully evaluated the costs and risks of litigation and the defenses that could be raised in its sound business judgment.

**A. <u>Paramount Interest of the Creditors</u>**

25.     By resolving---for payments totaling $250,000 from the Qualified Buyer---a potential liability that is over $4 million that may otherwise run with the Real Property, as well as providing the bidder who ultimately purchases the Real Property with adequate time after closing to preserve hard-won building project approvals, the Agreements will resolve substantial litigation and uncertainty regarding the development of the Real Property and thereby further the Debtor's

goal of obtaining the highest possible sale price for the Real Property, which will benefit the Debtor's creditors. The Debtor therefore requests approval of the Agreements, which are fair, reasonable, and in the best interest of the Debtor's estate and its creditors.

**B.  Probability of Success in the Litigation and the Complexity, Expense, Inconveniance and Delay of the Litigation Involved**

26.     While the issues presented in the Debtor's dispute with the Town are not particularly complex, such dispute has and is acting as a cloud that the Debtor believes is lowering the potential sale price of the Real Property.  By entering into the Agreement, the Debtor can provide clarity to potential buyers and at the same time avoid the continuation of costly litigation where the probability of success is not assured, and whose continuation will negatively affect the Debtor's sale of the Real Property.

**C.  Difficulties to be Encountered in the Matter of Collection.**

27.     This factor is inapplicable.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order approving the terms of both Agreements; (ii) retaining jurisdiction over the terms of the Agreements and the parties thereto to interpret and enforce the Agreements; and (iii) granting such other relief as the Court deems just and proper.

Respectfully Submitted,

SHRAIBERG, LANDAU & PAGE, P.A.
Attorneys for the Debtor
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
Email: plandau@slp.law
Email: ependergraft@slp.law

By:   /s/ Eric Pendergraft
        Philip J. Landau
        Florida Bar No. 504017
        Eric Pendergraft
        Florida Bar No. 91927

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on October 3, 2018, via CM/ECF to all parties registered to receive such notice via electronic filing and via First Class U.S. Mail to all parties listed on the attached Matrix.

                                        /s/ Eric Pendergraft
                                        Eric Pendergraft

Label Matrix for local noticing
113C-9
Case 18-19441-EPK
Southern District of Florida
West Palm Beach
Wed Oct  3 09:35:34 EDT 2018

160 Royal Palm, LLC
1118 Waterway Lane
Delray Beach, FL 33483-7156

Architectural Precast & Foam, LLC
c/o Cristopher S. Rapp, Esq.
Kelley Kronenberg, P.A.
1475 Centrepark Blvd.
Suite 275
West Palm Beach, FL 33401-7446

KK-PB Financial LLC
c/o Salazar Law
2000 Ponce de Leon Blvd., Penthouse
Coral Gables, FL 33134-4422

New Haven Contracting South, Inc
2240 Palm Beach Lakes Blvd
Suite 101
West Palm Beach, FL 33409-3403

Palm Beach County Tax Collector
c/o Orfelia M Mayor
POB 3715
West Palm Beach, FL 33402-3715

RREF II Palm House LLC
c/o Bilzin Sumberg Baena Price & Axelrod
1450 Brickell Avenue, 23rd Floor
ATTN:  Jay M. Sakalo & Jeffrey I. Snyder
Miami, FL 33156 United States of America 33131-3456

Town of Palm Beach
c/o Allen R. Tomlinson, Esq.
Jones, Foster, et al.
P.O. Box 3475
West Palm Beach, FL 33402-3475

Absolute Plumbing, LLC
917 N. Railroad Avenue
West Palm Beach, FL 33401-3303

Adam G. Heffner
1900 NW CORPORATE BLVD/ 301 W
Boca Raton, FL 33431-8502

Adam G. Heffner, Esquire
1900 N.W. Corporate Blvd.
Suite 301-West Building
Boca Raton, FL 33431-8502

Ali Adampeyra
UAE Dubai, downtown, Burj
Khalifa, Unit 5507
Iran

Ali Adampeyra
c/o Edward A. Marod
777 S. Flagler Drive, Ste. 500 E
West Palm Beach, FL 33401-6121

All Star Equipment
6701 Garden Rd #3
Riviera Beach FL 33404-5900

Alliance Contracting Group
3601 N Dixie Highway
Boca Raton, FL 33431-5929

Allied Interiors
6363 Edgewater Drive
Orlando, FL 32810-4711

Baoping Liu
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Bei Zhu
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Changyue Liu
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Chengyu Gu
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Chunning Ye
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Connect Auto, Inc.
550 Business Park Way
Suite 6
West Palm Beach, FL 33411-1743

Craig T. Galle, Esquire
The Galle Law Group
13501 South Shore Blvd., Suite 103
Wellington, FL 33414-7211

Cuilian Li
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Daniel A. Hershman, Esq.
2240 Palm Beach Lakes Blvd.
Suite 101
West Palm Beach, FL 33409-3403

Daqin Weng
c/o Edward Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

David Campanaro
c/o Gary Russo, Esq.
The Russo Law Firm
701 Northpoint Parkway, Suite 315
West Palm Beach, FL 33407-1987

David W. Gorman
631 Lucerne Avenue
Lake Worth, FL 33460-3820

Dongsheng Zhu
c/o Edward Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Feng Guo
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Fernando Wong Outdoor Living Design, Inc
1500 Bay Road, Suite 600
Miami Beach, FL 33139-3220

Florida Department of Revenue
P.O. Box 6668
Tallahassee, FL 32314-6668

Garry Russo, Esquire
The Russo Law Firm
701 Northpoint Parkway, Suite 315
West Palm Beach, FL 33407-1987

HUFCOR Inc. d/b/a HUFCOR Florida Group
1301 Central Park Drive
Sanford, FL 32771-6644

Halil Erseveen
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Hao Lou
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Henry B. Handler, Esquire
Weiss, Handler & Cornwell, P.A.
2255 Glades Road
Suite 218A
Boca Raton, FL 33431-7392

Henry Handler, Esquire
Weiss, Handler & Cornwell, P.A.
One Boca Plaza
2255 Glades Road, Suite 218-A
Boca Raton, FL 33431-7392

Hongru Pan
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Internal Revenue Service
Attn: Special Procedures
P.O. Box 34045
Stop 572
Jacksonville, FL 32202

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

James F. Biagi PE
555 W Prospect Rd
Oakland Park FL 33309-3931

Jeffrey C. Pepin, Esquire
3418 Poinsttia Avenue
West Palm Beach, FL 33407-4804

John C. Randolph, Esquire
Jones, Foster, Johnson, & Stubbs, P.A.
Post Office Box 3475
West Palm Beach, FL 33402-3475

John C. Randolph, Esquire
Jones, Foster, Johnston & Stubbs, P.A.
Flagler Center Tower
505 South Flagler Drive, Suite 1100
West Palm Beach, FL 33401-5950

Jordana L. Goldstein, Esq.
150 South Pine Island Road., Suite 400
Plantation, FL 33324-2667

Jose D. Sosa, Esquire
Law Office of Jose D. Sosa, P.C.
712 US Highway One, 301-16
North Palm Beach, FL 33408

Juewei Zhou
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Junqiang Feng
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

KK-PB Financial LLC
13501 South Shore Boulevard
Suite 101
Wellington, FL 33414-7211

Kammerer Mariani PLLC
1601 Forum Place, Suite 500
West Palm Beach, FL 33401-8103

Kuang Yaoping
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Lan Li
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Landmark Construction Companies Inc
6555 Garden Rd
Riviera Beach FL 33404-6318

Li Dongsheng
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Li Zhang
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Lili Zhang
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Ling Li
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Liyan Feng
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

MPC Pools, Inc.
12720 Orange Grove Blvd.
West Palm Beach, FL 33411-8931

Macschmeyer Concrete Company of Florida,
c/o Naomi Stevenson
1142 Watertower Road
Lake Park, FL 33403-2397

McCabe Rabin
1601 Forum Place, Sutie 201
West Palm Beach, FL 33401-8101

McDonald Hopkins Co., LLC
Accounts Receivable
600 Superior Avenue, E
Suite 2100
Cleveland, OH 44114-2690

McIntosh & Schwartz, PL
888 Southeast Third Avenue, Suite 201
Fort Lauderdale, FL 33316-1159

Michael E. O'Connor, Esq.
111 SE 12th St.
Fort Lauderdale, FL 33316-1813

Michael T. Landen, Esquire
Kluger, Kaplan, Silverman, Katzen &
Levine, P.L.
201 S. Biscayne Blvd., 27th Floor
Miami, FL 33131-4332

Min Cui
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Min Li
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Mohammad Zargar
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Mohammadreza Sedaghat
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Moore Unique Interiors, Inc.
16889 West Secretariat Drive
Loxahatchee, FL 33470-4035

New Haven Contracting South, Inc.
638 Shore Drive
Boynton Beach, FL 33435-2850

Office of Attorney General
State of Florida
The Capitol PL-01
Tallahassee, FL 32399-1050

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Palm House Hotel, LLLP
197 S. Federal Highway, Suite 200
Boca Raton, FL 33432-4946

Paul Cleary d/b/a Cleary Plumbing Inc.
925 S. Military Trail D11
West Palm Beach, FL 33415-3976

Peter B. Rowell, Esquire
The Barthet Firm
200 S. Biscayne Blvd., Suite 1800
Miami, FL 33131-5333

Qingyun Yu
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Qiong Deng
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Qiongfang Zhu
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Quality Concrete Pumping, Inc.
1842 NW 85th Drive
Coral Springs, FL 33071-6256

Ran Chen
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Reza Siamak Nia
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Richard's Woodwork, Inc.
1301
53rd St. #2
West Palm Beach, FL 33407-2244

Ruji Li
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Rujing Wei
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

SEC Headquarters
100 F Street, NE
Washington, DC 20549-2001

Sanaz Salehin
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Sara Salehin
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Securities and Exchange Commission
801 Brickell Ave., Suite 1800
Miami, FL 33131-4901

Sha Shi
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Shahriar Ebrahimian
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Shaoping Huang
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Shaoqing Zeng
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Shu Jiang
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Shuangyun Wang
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

TWG Enterprises Waterproofing & Painting
c/o Adam G. Heffner, Esq.
1900 NW Corporate Blvd.
Suite 301-West Building
Boca Raton, FL 33431-8502

TWG Enterprises Waterproofing & Paintin
1900 N.W. Corporate Boulevard
Suite 301 - West Building
Boca Raton, FL 33431-8502

Tang Cheok Fai
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Tao Xiong
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

The Place for Tile, Inc.
7957 NW 54th Street
Miami, FL 33166-4027

Tingting Sun
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Tonghui Luan
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Town of Palm Beach
345 South County Rd.
Palm Beach, FL 33480-4443

US Attorney Southern District of Florida
500 East Broward Boulevard
Fort Lauderdale, FL 33394-3000

United States Attorney General's Office
US Department of Justice
950 Pennsylvania Avenue
Washington, DC 20530-0001

Van Linda Ironworks, Inc.
3787 Boutwell Road
Boynton Beach, FL 33435

Vivian Doris
155 Brazilian Ave.
Palm Beach, FL 33480-4221

Wallace Surveying Corporation
5553 Village Boulevard
West Palm Beach, FL 33407-7910

Wenhao Zhang
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Xiang Chunhua
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Xiang Shu
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Xiao Sun
c/o Edward Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Xiaonan Wang
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Xiaoping Zhang
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Xpert Elevator Services, Inc.
550 Business Park Way, Bay #8
West Palm Beach, FL 33411-1743

Yajun Kang
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Yan Chen
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Yawen Li
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Yi Zhao
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Ying Fei
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Ying Tan
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Yingjun Yang
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Yuanbo Wang
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Yulong Tang
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Zhaohui Li (Chaohui Li)
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Zheng Yu
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Zhiling Gan
c/o Edward A. Marod
777 S. Flagler Drive
Suite 500E
West Palm Beach, FL 33401-6121

Ali Adampeyra
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121

Baoping Liu
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121

Bei Zhu
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121

Bernice C. Lee
2385 NW Executive Center Dr. #300
Boca Raton, FL 33431-8530

Changyue Liu
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121

Chengyu Gu
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121

Chunning Ye
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121

Cuilian Li
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121

Daqin Weng
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flager Dr #500 E
West Palm Beach, FL 33401-6121

David R. Miller
David Miller and Associates, P.A.
319 Clematis St., Suite 802
West Palm Beach, FL 33401-4622

Dongsheng Zhu
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121

Eric S Pendergraft
Shraiberg, Landau & Page, P.A.
2385 N.W. Executive Center Drive
Suite 300
Boca Raton, FL 33431-8530

Feng Guo
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121

Gregg H Glickstein
Gregg H. Glickstein, P.A.
54 SW Boca Raton Blvd
Boca Raton, FL 33432-4725

Halil Erseven
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121

Hao Lou
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121

Hongru Pan
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121

Juewei Zhou
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121

Junqiang Feng
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121

Kuang Yaoping
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121

Lan Li
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121

Larry Richey
Cushman & Wakefield U.S., Inc.
515 E Las Olas Blvd, #900
Fort Lauderdale, FL 33301-4203

Li Dongsheng
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121

Li Zhang
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121

Lili Zhang
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121

Ling Li
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121

Liyan Feng
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121

Maria M Yip
Yip Associates
1001 Yamato Rd #301
Boca Raton, FL 33431-4403

Min Cui
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121

Min Li
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121

Mohammad Zargar
c/o Gunster, Yoakley & Stewart, P.A.
777 Flagler Dr #500 E
West Palm Beach, FL 33401-6121

Mohammadreza Sedaghat
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121

Philip J Landau
2385 N.W. Executive Center Dr # 300
Boca Raton, FL 33431-8530

Qingyun Yu
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121

Qiong Deng
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121

Qiongfang Zhu
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 #
West Palm Beach, FL 33401-6121

Ran Chen
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, Fl 33401-6121

Reza Siamak Nia
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, Fl 33401-6121

Ruji Li
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121

Rujing Wei
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr E#500 E
West Palm Beach, FL 33401-6121

Ryan Black
1615 Forum Place
Suite 200
West Palm Bch, FL 33401-2315

Sanaz Salehin
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #400 E
West Palm Beach, FL 33401-6124

Sara Salehin
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121

Sha Shi
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121

Shahriar Ebrahimian
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flager Dr #500 E
West Palm Beach, FL 33401-6121

Shaoping Huang
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121

Shaoqing Zeng
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121

Shu Jiang
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121

Shuangyun Wang
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121

Tang Cheok Fai
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121

Tao Xiong
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121

Tingting Sun
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121

```
Tonghui Luan                        Wenhao Zhang                        Xiang Chunhua
c/o Gunster, Yoakley & Stewart, P.A. c/o Gunster, Yoakley & Stewart, P.A. c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E             777 S Flagler Dr #500 E             777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121      West Palm Beach, FL 33401-6121      West Palm Beach, FL 33401-6121


Xiang Shu                           Xiao Sun                            Xiaonan Wang
 c/o Gunster, Yoakley & Stewart, P.A. c/o Gunster, Yoakley & Stewart, P.A. c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E             777 S Flagler Dr #500 E             777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121      West Palm Beach, FL 33401-6121      West Palm Beach, FL 33401-6121


Xiaoping Zhang                      Yajun Kang                          Yan Chen
c/o Gunster, Yoakley & Stewart, P.A. c/o Gunster, Yoakley & Stewart, P.A. c/o Gunster, Yoakley & Stewart, P.A.
777 S Flager Dr #500 E              777 S Flagler Dr #500 E             777 S Flager Dr #500 E
West Palm Beach, FL 33401-6121      West Palm Beach, FL 33401-6121      West Palm Beach, FL 33401-6121


Yawen Li                            Yi Zhao                             Ying Fei
c/o Gunster, Yoakley & Stewart, P.A. c/o Gunster, Yoakley & Stewart, P.A. c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E             777 S Flagler Dr #500 E             777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121      West Palm Beach, FL 33401-6121      West Palm Beach, FL 33401-6121


Ying Tan                            Yingjun Yang                        Yuanbo Wang
c/o Gunster, Yoakley & Stewart, P.A. c/o Gunster, Yoakley & Stewart, P.A. c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E             777 S Flagler Dr #500 E             777 S Flagler Dr E#500 E
West Palm Beach, FL 33401-6121      West Palm Beach, FL 33401-6121      West Palm Beach, FL 33401-6121


Yulong Tang                         Zhaohui Li                          Zheng Yu
c/o Gunster, Yoakley & Stewart, P.A. c/o Gunster, Yoakley & Stewart, P.A. c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E             777 S Flagler Dr #500 E             777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121      West Palm Beach, FL 33401-6121      West Palm Beach, FL 33401-6121


Zhiling Gan
c/o Gunster, Yoakley & Stewart, P.A.
777 S Flagler Dr #500 E
West Palm Beach, FL 33401-6121
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)West Palm Beach               (d)Architectural Precast & Foam, LLC  (d)McDonald Hopkins LLC
                                 c/o Cristopher S. Rapp, Esq.          Accounts Receivable
                                 Kelley Kronenberg, P.A.              600 Superior Avenue, E.
                                 1475 Centrepark Blvd., Ste. 275       Suite 2100
                                 West Palm Beach, FL 33401-7446        Cleveland, OH 44114-2690


(d)McDonald Hopkins, LLC         (u)Place for Tile, Inc                (d)Town of Palm Beach
Accounts Receivable                                                   345 South County Road
600 Superior Avenue, E                                                Palm Beach, FL 33480-4443
Suite 2100
Cleveland, OH 44114-2690
```

```
End of Label Matrix
Mailable recipients   198
Bypassed recipients     6
Total                 204
```

# EXHIBIT A

# CONDITIONAL SETTLEMENT AGREEMENT

This Conditional Settlement Agreement ("Settlement Agreement") is entered into between the Town of Palm Beach, a Florida municipal corporation, 360 South County Road, Palm Beach, Florida 33480 ("Town") and 160 Royal Palm, LLC, a Florida limited liability company, 160 Royal Palm Way, Palm Beach, Florida 33480 ("Owner") (Town and Owner are hereafter collectively referred to as the "Parties").

WHEREAS, on July 30, 2007, Town and Royal 160, LLC ("Former Owner"), the prior Owner of the Land, as hereinafter defined, entered into a Declaration of Use Agreement, recorded in the Official Public Records Book 21987, Page 499, of the Public Records of Palm Beach County, Florida (the "Agreement"), and a Heart of Palm Beach Construction Management Agreement, recorded in the Official Records Book 21987, Page 510, of the Public Records of Palm Beach County, Florida (the "CMA"), concerning the conditional use of the land described in Exhibit A to the Agreement (the "Land") as a hotel and accessory uses consistent with and subject to the conditions for the 'Approval,' including, among other conditions, a liquidated amount of $2,000 per violation per day remedy (the "Violation Assessment"), as specifically set forth in the Agreement;

WHEREAS, the Land is described in **Exhibit A**, attached hereto, it is located within the municipal limits of Town and title to the Land is held by Owner;

WHEREAS, Town and Owner entered into an Amendment to Declaration of Use Agreement made on December 28, 2012 and recorded in the Official Public Records Book 25694, Page 633, of the Public Records of Palm Beach County, Florida (the 'Amendment'), modifying the Agreement for the conditional use of the Land as a hotel and accessory uses and for operation on the Land of the Palm House Hotel ('Hotel') consistent with and subject to the conditions for the 'Approval' including, among other conditions, a February 14, 2013 deadline for the completion of construction of the Hotel (the "Completion Deadline"), as more specifically set forth in the Amendment;

WHEREAS, Owner commenced a civil action in December 2012 in the Fifteenth Judicial Circuit of Palm Beach County, Florida, styled *160 Royal Palm, LLC v. Town of Palm Beach*, Case No.: 502012CA023613XXXXMB (the "Litigation"), seeking a declaratory judgment concerning the Completion Deadline, which action remains pending but currently stayed based on the Bankruptcy Action, as hereinafter defined;

WHEREAS, effective February 15, 2013, Town commenced assessment of the Violation Assessment based on Owner's failure to complete construction of the Hotel by the Completion Deadline, despite Owner's contention that the Completion Deadline had been extended for two years, as alleged in the Litigation;

WHEREAS, Town and Owner entered into a Second Amendment to Declaration of Use Agreement made on August 13, 2013 and recorded in the Official Public Records Book 26251, Page 78, of the Public Records of Palm Beach County, Florida (the 'Amendment')(hereinafter the

"Second Amendment" for clarity), modifying the Agreement for the conditional use of the Land as a hotel and accessory uses and for Owner's operation on the Land of the Palm House Hotel ('Hotel') consistent with and subject to the conditions for the 'Approval,' including, among other conditions, the Completion Deadline, as specifically set forth in the Second Amendment;

WHEREAS, in 2014, the Town of Palm Beach Police Department, Code Enforcement Office initiated a code enforcement action, Case # CE-14-1212, 160 Royal Palm Way, 160 Royal Palm LLC, against the Land for unauthorized construction of the Hotel by Owner.  Owner failed to satisfy or correct the code enforcement violation resulting in the entry of an Order Assessing Fine and Order Imposing Lien by the Town of Palm Beach Code Enforcement Board of the Town of Palm Beach ("Town Code Enforcement") in the amount of $250 a day, commencing January 10, 2015 (the "Code Enforcement Fine"), which is recorded in Official Records Book 27315, page 1368 of the Public Records of Palm Beach County, Florida (the "Code Enforcement Lien") to enforce compliance with the code enforcement order (the "Code Enforcement Order") requiring the removal of all unpermitted work done beyond the scope of Owner's approved variances and building permits and passing all inspections;

WHEREAS, in 2014 construction of the Hotel was terminated and abandoned without completion or compliance with the Code Enforcement Order and the building permit for construction of the Hotel expired;

WHEREAS, on or about December 15, 2014 a civil action was commenced in the Fifteenth Judicial Circuit of Palm Beach County, Florida, styled as *Ryan Black v. Gerry Matthews*, et al, Case No.: 502014CA014846XXXXMB AG (the "Receivership Action") by Ryan Black, as a member and former managing member of Palm House, LLC, a Delaware limited liability company and the sole member of Owner, seeking appointment of a receiver for Owner;

WHEREAS, on or about July 20, 2015 the court in the Receivership Action entered an Amended Agreed Order on Plaintiff's Motion to Appoint Receiver (the "Receivership Order") whereby Cary Glickstein (the "Receiver") was appointed as Receiver for the real and personal property of Owner, including the Land and the partially constructed Hotel, and directed by the Receivership Order to pursue completion of the Hotel, upon securing construction financing, as approved by Town;

WHEREAS, in November 2015, Receiver applied for and on January 13, 2016, the Town Council granted the Receiver approval of Site Plan # 1-2016 with Special Exception for construction of the Hotel (the "Development Approval"), imposing conditions of approval in order to regulate the use, mitigate any adverse impacts of the use, and insure that said use shall not be adverse to the public interest, including, in part, correction of the unauthorized  construction underlying the Code Enforcement Lien, which approval was to be further memorialized in a Third Amendment to Declaration of Use Agreement (the "Third Amendment"), which has not been executed nor has the work commenced, as authorized by the Development Approval, by application for a building permit revision;

WHEREAS, in November 2016, the Receiver sought and on December 14, 2016, the Town Council granted the Receiver's request for a conditional, temporary abatement of the Violation Assessment accruing since February 15, 2013, which abatement remains conditionally and temporarily in effect;

WHEREAS, on or about November 17, 2016, the Receiver applied for and the Town Code Enforcement Board granted the Receiver's request for a conditional, temporary abatement of the Code Enforcement Fine accruing since January 10, 2015, which abatement remains conditionally and temporarily in effect. Among the conditions imposed for the continued abatement of the Code Enforcement Fine was payment to the Town of the Code Enforcement Fine amount accruing before the abatement date, which amount was paid in full;

WHEREAS, because the work authorized by the Development Approval could not be commenced within 12 months from the date of Town Council approval, in December 2016, Receiver applied for and in January 2017 the Town Council granted the Receiver's request to extend the Development Approval for one year through January 13, 2018;

WHEREAS, because the work authorized by the Development Approval could not be commenced within 12 months from the date of Town Council approval, in or about December 2017, Receiver applied for and in January 2018 the Town Council granted the Receiver's second request to extend the Development Approval for one year through January 9, 2019;

WHEREAS, on July 3, 2018, an order was entered by the Court in the Receivership Action expanding the Receiver's powers and making the Receiver the sole and exclusive manager of Owner, among other powers;

WHEREAS, on August 2, 2018, Owner, by and through the Receiver as the sole and exclusive manager of Owner ("Manager"), filed a petition for Chapter 11 bankruptcy relief in the United States Bankruptcy Court, Southern District of Florida, West Palm Beach, styled *In re: 160 Royal Palm, LLC*, Case No.: 18-19441-EPK (the "Bankruptcy Action");

WHEREAS, Manager believes the sale of the Land and the Hotel (collectively, the "Property" or "Project") to a qualified buyer is in the best interests of Owner's creditors, Town and interested parties and represents a final opportunity for the Manager to accomplish what the Receiver could not by completion of the Hotel as approved by Town;

WHEREAS, Owner, under the direction of Manager and subject to court approval in the Bankruptcy Action, intends to sell the property to a qualified buyer who will complete construction of the Hotel as approved by Town consistent with the Development Approval, a revised CMA and building permit revision, as described below;

WHEREAS, the Violation Assessment, Code Enforcement Fine, Code Enforcement Order, Code Enforcement Lien and impending expiration of the Development Approval in January 2019 separately and collectively create uncertainty in any prospective buyer's evaluation of the Land and the Hotel for acquisition purposes and that uncertainty materially and adversely affects the marketability of the Property and viability of the Project;

3

WHEREAS, the Town's interests are furthered by the sale of the Property to a qualified buyer who will complete the Project in accordance with the Development Approval; and

WHEREAS, further to the above objectives, the Parties desire to conditionally compromise and settle all claims, demands, rights, and causes of action with respect to the Violation Assessment and impending expiration of the Development Approval and Owner is simultaneously seeking by a separate conditional settlement agreement with Town Code Enforcement (the "CEB Settlement Agreement") to settle all claims, demands, rights, and causes of action with respect to the Code Enforcement Order, Code Enforcement Fine and Code Enforcement Lien.

**NOW THEREFORE**, in consideration of the mutual promises, premises and covenants set out in this Settlement Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby expressly acknowledged, and upon the terms and subject to the conditions contained herein, the Parties expressly agree and covenant as follows:

### Section 1: Incorporation of Recitals

The Parties expressly incorporate the recitals of this Settlement Agreement as a part hereof.

### Section 2. Continued Abatement of Violation Assessment.

Town agrees to reinstate, if necessary, and conditionally abate accrual of the Violation Assessment for an abatement period through April 30, 2019. Upon timely payment of the Settlement Amount, as defined in Section 3 below, by a "Qualified Buyer," as defined in Section 7 below, the foregoing abatements shall continue and remain in force and effect conditioned on completion of construction of the Hotel in accordance with the requirements for extension of the Development Approval in Section 4 below.

### Section 3: Settlement Amount; Payment

Town agrees to accept payment of $200,000 (the "Settlement Amount") from a Qualified Buyer, as hereinafter defined, in full and final settlement of the Violation Assessment accruing through April 30, 2019 provided such payment is delivered to Town on or before the earliest of (1) thirty days from the closing on the sale of the Property or (2) December 31, 2018. Payment shall be made in a single payment payable to Town of Palm Beach and delivered to Town at 360 South County Road, Palm Beach, Florida 33480. Timely payment of the Settlement Amount shall be an express condition precedent to the abatement of the Violation Assessment through the abatement period set forth in Section 2.

### Section 4: Extension of Development Approval

Upon timely payment of the Settlement Amount, Town agrees to extend the Development Approval through April 30, 2019, provided on or before April 30, 2019 the Qualified Buyer: (i) makes application for and upon Town approval thereafter executes and delivers the Third Amendment consistent with the Development Approval; (ii) makes application for and upon Town approval thereafter executes and delivers a revised CMA consistent with the Development Approval; (iii) makes application for a building permit revision for construction of the Hotel

4

consistent with the Development Approval; and (iv), if required by Town, concurrent with the Qualified Buyer's application for Third Amendment and revised CMA, and solely to approve the change in ownership of the Land from Owner to the Qualified Buyer, makes application for and receives Town approval for a modification to special exception for construction and operation of the Hotel, consistent with the Development Approval, or as otherwise requested by the Qualified Buyer and approved by the Town.    **Section 5:** **Satisfaction and Discharge of Violation** **Assessment**

Upon timely completion of the Hotel, as provided in the Third Amendment, the revised CMA and building permit revision, the Violation Assessment shall be deemed fully satisfied and discharged. Nothing contained herein shall prevent Town and the Qualified Buyer from agreeing to an alternative protocol for the timing of the satisfaction and discharge of the Violation Assessment.

### Section 6.  Dismissal of Litigation

On or before closing on the sale of the Property to a Qualified Buyer following entry of a court order approving this Settlement Agreement in the Bankruptcy Action and the execution and delivery of this Settlement Agreement by the Parties, the Litigation shall be dismissed with prejudice.

### Section 7:  Qualified Buyer

For purposes of this Settlement Agreement, a Qualified Buyer ("Qualified Buyer") shall be the purchaser of the Property pursuant to a fully performed contract and sale approved by court order in the Bankruptcy Action, excluding Owner, Former Owner, Palm House, LLC, any current or former manager or member of Owner, Former Owner or Palm House, LLC, and any other party to the Receivership Action or any other pending civil action in which Owner is a party, other than Town. While this Settlement Agreement is expressly intended for the benefit of a Qualified Buyer, nothing in this Agreement shall prevent Town, in Town's discretion, from extending the benefits conferred under this Settlement Agreement to a buyer who is not a Qualified Buyer hereunder.

### Section 8:  Conditional Settlement

This Settlement Agreement shall be of no force or effect unless it and the CEB Settlement Agreement are executed and delivered by the respective Parties and approved by a court order duly entered in the Bankruptcy Action. In the event (1) payment of the Settlement Amount is not timely paid to Town; (2) a Third Amendment to Declaration of Use Agreement is not timely executed by and delivered to Town by the Qualified Buyer or (3) construction of the Hotel is not timely completed by the Qualified Buyer in accordance with the Third Amendment, revised CMA  and building permit revision, then the Development Approval shall expire. Unless otherwise extended by Town, the Violation Assessment abatement shall terminate and the assessment and fine shall be reinstated as if the abatement had never been granted, less payments received by Town, if any. If the Bankruptcy Action is dismissed before the sale of the Property or if Owner is otherwise prevented or unable to sell the Property to a Qualified Buyer, Owner reserves all of its rights,

claims and defenses as asserted in the Litigation and/or that are or as may be available to Owner in the Bankruptcy Action with regard to the Property, the Violation Assessment, the Code Enforcement Fine and/or the Code Enforcement Lien.

### Section 9: No Admission of Liability or Fault

This Agreement is a compromise of a disputed claim and the execution of this Settlement Agreement is not, and should not be construed to be, as an admission of liability or fault on the part of any party, their respective successors, assigns, subsidiaries, affiliates, agents, managers, members, partners, and employees, and by executing this Settlement Agreement the Parties expressly deny any liability or fault.

### Section 10: Governing Law

This Settlement Agreement shall be interpreted, construed and enforced pursuant to and in accordance with the laws of the State of Florida.

### Section 11: Attorneys' Fees and Costs

In the event of litigation to enforce the terms of this Settlement Agreement, the prevailing party shall be entitled to recover its reasonable attorney's fees and costs from the non-performing party. Except as specifically provided in this Settlement Agreement, the Parties shall bear their own respective attorneys' fees and costs incurred in connection with the Litigation and the negotiation and performance of this Settlement Agreement.

### Section 12: Time is of the Essence

Time is of the essence for all dates and time periods expressed herein.

### Section 13: Choice of Law and Forum Selection

The Parties agree that this Settlement Agreement is made and entered into in the State of Florida, and shall in all respects be interpreted, enforced and governed under the laws of the State of Florida without applying conflict of laws principles, and shall be subject to the exclusive jurisdiction of the courts of Florida. The sole and exclusive venue for any litigation arising out of, or relating to this Settlement Agreement shall be in Palm Beach, Florida, to the exclusion of any and all other venues.

### Section 14: Interpretation of Settlement Agreement

The Parties have been represented by counsel, and have reviewed this Settlement Agreement through their respective attorneys or have had the opportunity to do so. None of the Parties (nor any attorney for any of the Parties) shall be deemed to be the drafter of this Settlement Agreement. Any rule of construction under Florida law requiring that ambiguities be resolved against the drafting party shall not be employed in the interpretation of this Settlement Agreement. The Parties further agree that all parts of this Settlement Agreement shall in all cases be construed as a whole according to its fair meaning.

**Section 15:  Successors and Assigns**

This Settlement Agreement shall apply to the Parties, as well as to each of their predecessors, successors and assigns.

**Section 16:    Declaration of Use Agreement, the Amendment and the Second Amendment**

The Declaration of Use Agreement, the Amendment to Declaration of Use Agreement and the Second Amendment to Declaration of Use Agreement remain in full force and effect, subjection to further modification by a Third Amendment to Declaration of Use Agreement between Town and a Qualified Buyer, as generally described herein.

**Section 17:  Authority to Execute Settlement Agreement**

Each of the Parties, and those persons executing this Settlement Agreement on behalf of the Parties, warrants to the other that each has full power, authority and capacity to execute this Settlement Agreement.  In addition, the Parties warrant and represent that they are the owner of the claims asserted against the other and have not transferred or assigned any claim, in whole or in part.

**Section 18: Town Cooperation**

In connection with Owner's sale of the Property to a Qualified Buyer as authorized and approved in the Bankruptcy Action, Town agrees to cooperate with the settlement, title or closing agent, Owner and the Qualified Buyer, at no expense to Town, and use its best reasonable efforts to timely review and comply with written requests for information, acknowledgements and confirmations further to Owner's conveyance of title, confirmation of Qualified Buyer status, and verification of the recitals set forth in this Settlement Agreement as of the Closing Date.

**Section 19:  Headings**

All sections, titles or captions contained in this Settlement Agreement are for convenience only and shall not be deemed to be a part of this Settlement Agreement, and shall not affect the meaning or interpretation of this Settlement Agreement.

**Section 20: Merger**

There have been no written or oral representations made, or relied upon, by the Parties as inducement for the execution of this Settlement Agreement that are not expressly stated herein. The terms of this Settlement Agreement are contractual, not mere recitals, and may be enforced by a court of competent jurisdiction.  No changes in or additions to this Settlement Agreement shall be valid, enforceable or recognized, unless made in a writing and signed by all of the Parties.

**Section 21: <u>Execution in Counterparts</u>**

This Settlement Agreement may be executed in counterparts, each of which shall constitute an original, and all of which shall constitute one and the same instrument. Additionally, the different counterparts of this Settlement Agreement may be executed separately by each signatory, and all such separately executed counterparts, when taken together, shall be treated as and constitute one and the same instrument. Any signature delivered by electronic or facsimile transmission shall be treated in all manner and respect as an original document.

IN WITNESS WHEREOF the Parties have hereunto set their hands and seals the day and year first above written.

SIGNATURES ON FOLLOWING PAGE

8

Signed, sealed and delivered
in the presence of:

                                                            TOWN OF PALM BEACH,

_____

_____        By:_____
                                                            Gail Coniglio

_____

_____        By:_____

                                                            _____
                                                            Town Council

_____

_____        By:_____
                                                            Kirk Blouin
                                                            Town Manager

                                                            APPROVED AS TO LEGAL FORM AND
                                                            SUFFICIENCY

_____

_____        _____
                                                            John C. Randolph
                                                            Town Attorney

                                                            160 ROYAL PALM, LLC, a Florida limited
                                                            liability company

_____

_____        By:_____
                                                            Cary Glickstein, as Manager for 160 Royal
                                                            Palm, LLC, and not individually

9

**EXHBIT A**

**Legal Description for the Land:**

Being Lots 31, 32 and 33, Block F, Royal Park Addition, a subdivision in the Town of Palm Beach, Palm Beach, Florida, as recorded in Plat Book 4, Page 1, Public Records of Palm Beach County, Florida

# EXHIBIT B

## CONDITIONAL SETTLEMENT AGREEMENT

This Conditional Settlement Agreement ("Settlement Agreement") is entered into between the Town of Palm Beach Code Enforcement Board ("Town Code Enforcement") of the Town of Palm Beach ("Town"), a Florida municipal corporation, 360 South County Road, Palm Beach, Florida 33480 and 160 Royal Palm, LLC, a Florida limited liability company, 160 Royal Palm Way, Palm Beach, Florida 33480 ("Owner") (Town Code Enforcement and Owner are hereafter collectively referred to as the "Parties").

WHEREAS, on July 30, 2007, Town and Royal 160, LLC ("Former Owner"), the prior Owner of the Land, as hereinafter defined, entered into a Declaration of Use Agreement, recorded in the Official Public Records Book 21987, Page 499, of the Public Records of Palm Beach County, Florida (the "Agreement"), and a Heart of Palm Beach Construction Management Agreement, recorded in the Official Records Book 21987, Page 510, of the Public Records of Palm Beach County, Florida (the "CMA"), concerning the conditional use of the land described in Exhibit A to the Agreement (the "Land") as a hotel and accessory uses consistent with and subject to the conditions for the 'Approval,' including, among other conditions, a liquidated amount of $2,000 per violation per day remedy (the "Violation Assessment"), as specifically set forth in the Agreement;

WHEREAS, the Land is described in **Exhibit A**, attached hereto, it is located within the municipal limits of Town and title to the Land is held by Owner;

WHEREAS, Town and Owner entered into an Amendment to Declaration of Use Agreement made on December 28, 2012 and recorded in the Official Public Records Book 25694, Page 633, of the Public Records of Palm Beach County, Florida (the 'Amendment'), modifying the Agreement for the conditional use of the Land as a hotel and accessory uses and for operation on the Land of the Palm House Hotel ('Hotel') consistent with and subject to the conditions for the 'Approval' including, among other conditions, a February 14, 2013 deadline for the completion of construction of the Hotel (the "Completion Deadline"), as more specifically set forth in the Amendment;

WHEREAS, Owner commenced a civil action in December 2012 in the Fifteenth Judicial Circuit of Palm Beach County, Florida, styled *160 Royal Palm, LLC v. Town of Palm Beach*, Case No.:  502012CA023613XXXXMB (the "Litigation"), seeking a declaratory judgment concerning the Completion Deadline, which action remains pending but currently stayed based on the Bankruptcy Action, as hereinafter defined;

WHEREAS, effective February 15, 2013, Town commenced assessment of the Violation Assessment based on Owner's failure to complete construction of the Hotel by the Completion Deadline, despite Owner's contention that the Completion Deadline had been extended for two years, as alleged in the Litigation;

WHEREAS, Town and Owner entered into a Second Amendment to Declaration of Use Agreement made on August 13, 2013 and recorded in the Official Public Records Book 26251,

1

Page 78, of the Public Records of Palm Beach County, Florida (the 'Amendment')(hereinafter the "Second Amendment" for clarity), modifying the Agreement for the conditional use of the Land as a hotel and accessory uses and for Owner's operation on the Land of the Palm House Hotel ('Hotel') consistent with and subject to the conditions for the 'Approval,' including, among other conditions, the Completion Deadline, as specifically set forth in the Second Amendment;

WHEREAS, in 2014, the Town of Palm Beach Police Department, Code Enforcement Office initiated a code enforcement action, Case # CE-14-1212, 160 Royal Palm Way, 160 Royal Palm LLC, against the Land for unauthorized construction of the Hotel by Owner. Owner failed to satisfy or correct the code enforcement violation resulting in the entry of an Order Assessing Fine and Order Imposing Lien by Town Code Enforcement in the amount of $250 a day, commencing January 10, 2015 (the "Code Enforcement Fine"), which is recorded in Official Records Book 27315, page 1368 of the Public Records of Palm Beach County, Florida (the "Code Enforcement Lien") to enforce compliance with the code enforcement order (the "Code Enforcement Order") requiring the removal of all unpermitted work done beyond the scope of Owner's approved variances and building permits and passing all inspections;

WHEREAS, in 2014 construction of the Hotel was terminated and abandoned without completion or compliance with the Code Enforcement Order and the building permit for construction of the Hotel expired;

WHEREAS, on or about December 15, 2014 a civil action was commenced in the Fifteenth Judicial Circuit of Palm Beach County, Florida, styled as *Ryan Black v. Gerry Matthews*, et al, Case No.: 502014CA014846XXXXMB AG (the "Receivership Action") by Ryan Black, as a member and former managing member of Palm House, LLC, a Delaware limited liability company and the sole member of Owner, seeking appointment of a receiver for Owner;

WHEREAS, on or about July 20, 2015 the court in the Receivership Action entered an Amended Agreed Order on Plaintiff's Motion to Appoint Receiver (the "Receivership Order") whereby Cary Glickstein (the "Receiver") was appointed as Receiver for the real and personal property of Owner, including the Land and the partially constructed Hotel, and directed by the Receivership Order to pursue completion of the Hotel, upon securing construction financing, as approved by Town;

WHEREAS, in November 2015, Receiver applied for and on January 13, 2016, the Town Council granted the Receiver approval of Site Plan # 1-2016 with Special Exception for construction of the Hotel (the "Development Approval"), imposing conditions of approval in order to regulate the use, mitigate any adverse impacts of the use, and insure that said use shall not be adverse to the public interest, including, in part, correction of the unauthorized construction underlying the Code Enforcement Lien, which approval was to be further memorialized in a Third Amendment to Declaration of Use Agreement (the "Third Amendment"), which has not been executed nor has the work commenced, as authorized by the Development Approval, by application for a building permit revision;

2

WHEREAS, in November 2016, the Receiver sought and on December 14, 2016, the Town Council granted the Receiver's request for a conditional, temporary abatement of the Violation Assessment accruing since February 15, 2013, which abatement remains conditionally and temporarily in effect;

WHEREAS, on or about November 17, 2016, the Receiver applied for and the Town Code Enforcement Board granted the Receiver's request for a conditional, temporary abatement of the Code Enforcement Fine accruing since January 10, 2015, which abatement remains conditionally and temporarily in effect. Among the conditions imposed for the continued abatement of the Code Enforcement Fine was payment to the Town of the Code Enforcement Fine amount accruing before the abatement date, which amount was paid in full;

WHEREAS, because the work authorized by the Development Approval could not be commenced within 12 months from the date of Town Council approval, in December 2016, Receiver applied for and in January 2017 the Town Council granted the Receiver's request to extend the Development Approval for one year through January 13, 2018;

WHEREAS, because the work authorized by the Development Approval could not be commenced within 12 months from the date of Town Council approval, in or about December 2017, Receiver applied for and in January 2018 the Town Council granted the Receiver's second request to extend the Development Approval for one year through January 9, 2019;

WHEREAS, on July 3, 2018, an order was entered by the Court in the Receivership Action expanding the Receiver's powers and making the Receiver the sole and exclusive manager of Owner, among other powers;

WHEREAS, on August 2, 2018, Owner, by and through the Receiver as the sole and exclusive manager of Owner ("Manager"), filed a petition for Chapter 11 bankruptcy relief in the United States Bankruptcy Court, Southern District of Florida, West Palm Beach, styled *In re: 160 Royal Palm, LLC*, Case No.: 18-19441-EPK (the "Bankruptcy Action");

WHEREAS, Manager believes the sale of the Land and the Hotel (collectively, the "Property" or "Project") to a qualified buyer is in the best interests of Owner's creditors, Town, Town Code Enforcement and interested parties and represents a final opportunity for the Manager to accomplish what the Receiver could not by completion of the Hotel as approved by Town;

WHEREAS, Owner, under the direction of Manager and subject to court approval in the Bankruptcy Action, intends to sell the property to a qualified buyer who will comply with the Code Enforcement Order, complete construction of the Hotel as approved by Town consistent with the Development Approval;

WHEREAS, the Code Enforcement Order, Code Enforcement Fine, Code Enforcement Lien, Violation Assessment and impending expiration of the Development Approval in January 2019 separately and collectively create uncertainty in any prospective buyer's evaluation of the Land and the Hotel for acquisition purposes and that uncertainty materially and adversely affects the marketability of the Property and viability of the Project;

3

WHEREAS, Town Code Enforcement's and Town's interests are furthered by the sale of the Property to a qualified buyer who will comply with the Code Enforcement Order and complete the Project in accordance with the Development Approval;

WHEREAS, Owner and Town are entering into a separate Conditional Settlement Agreement ("Town Settlement Agreement") to conditionally compromise and settle all claims, demands, rights and causes of action with respect to the Violation Assessment and the impending expiration of the Development Approval; and

WHEREAS, further to the above objectives, the Parties desire to conditionally compromise and settle all claims, demands, rights, and causes of action with respect to the Code Enforcement Order, Code Enforcement Fine and Code Enforcement Lien.

**NOW THEREFORE**, in consideration of the mutual promises, premises and covenants set out in this Settlement Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby expressly acknowledged, and upon the terms and subject to the conditions contained herein, the Parties expressly agree and covenant as follows:

### Section 1: <u>Incorporation of Recitals</u>

The Parties expressly incorporate the recitals of this Settlement Agreement as a part hereof.

### Section 2.  <u>Continued Abatement of Code Enforcement Fine.</u>

Town Code Enforcement agrees to reinstate, if necessary, and conditionally abate accrual of the Code Enforcement Fine for an abatement period through April 30, 2019.  Upon timely payment of the Settlement Amount, as defined in as defined in the Section 3 below, by a "Qualified Buyer," as defined in Section 5 below, the foregoing abatement shall continue and remain in force and effect conditioned on completion of construction of the Hotel in accordance with the Developer Approval and building permit revision, as may be modified by agreement of Town and the Qualified Buyer.

### Section 3: <u>Settlement Amount; Payment</u>

Town Code Enforcement agrees to accept payment of $50,000.00 (the "Settlement Amount") to Town from a Qualified Buyer, as hereinafter defined, in full and final settlement of the Code Enforcement Fine accruing through April 30, 2019 provided such payment is delivered to Town on or before the earliest of (1) thirty days from the closing on the sale of the Property or (2) December 31, 2018.  Payment shall be made in a single payment payable to Town of Palm Beach and delivered to Town at 360 South County Road, Palm Beach, Florida 33480.  Timely payment of the Settlement Amount shall be an express condition precedent to the abatement of the Code Enforcement Fine through the abatement period set forth in Section 2.

### Section 4: <u>Satisfaction and Discharge of Code Enforcement Lien</u>

Upon the first to occur of: (i) Town Code Enforcement inspection and verification of compliance with the Code Enforcement Order to the reasonable satisfaction of Town Code

4

Enforcement, or (ii) Qualified Buyer's timely completion of the Hotel, as provided in the Third Amendment, a revised CMA and building permit revision, Town Code Enforcement shall prepare, execute and record a recordable satisfaction of the Code Enforcement Lien.

### Section 5:  <u>Qualified Buyer</u>

For purposes of this Settlement Agreement, a Qualified Buyer ("Qualified Buyer") shall be the purchaser of the Property pursuant to a fully performed contract and sale approved by court order in the Bankruptcy Action, excluding Owner, Former Owner, Palm House, LLC, any current or former manager or member of Owner, Former Owner or Palm House, LLC, and any other party to the Receivership Action or any other pending civil action in which Owner is a party, other than Town.  While this Settlement Agreement is expressly intended for the benefit of a Qualified Buyer, nothing in this Agreement shall prevent Town Code Enforcement, in Town Code Enforcement's discretion, from extending the benefits conferred under this Settlement Agreement to a buyer who is not a Qualified Buyer hereunder.

### Section 6:  <u>Conditional Settlement</u>

This Settlement Agreement shall be of no force or effect unless it and the Conditional Settlement Agreement between Owner and Town are both executed and delivered by the respective Parties and approved by a court order duly entered in the Bankruptcy Action.  In the event (1) payment of the Settlement Amount is not timely paid to Town Code Enforcement; (2) a Third Amendment to Declaration of Use Agreement is not timely executed by and delivered to Town by the Qualified Buyer or (3) construction of the Hotel is not timely completed by the Qualified Buyer in accordance with the Third Amendment to Declaration of Use Agreement and building permit revision, then the Development Approval shall expire. Unless otherwise extended by Town, the Code Enforcement Fine abatement shall terminate and the assessment and fine shall be reinstated, respectively, as if the abatements had never been granted, less payments received by Town Code Enforcement, and the Code Enforcement Lien shall remain in force and effect until satisfied in accordance with the Code Enforcement Lien. If the Bankruptcy Action is dismissed before the sale of the Property or if Owner is otherwise prevented or unable to sell the Property to a Qualified Buyer, Owner reserves all of its rights, claims and defenses as asserted in the Litigation and/or that are or as may be available to Owner in the Bankruptcy Action with regard to the Property, the Violation Assessment, the Code Enforcement Fine and/or the Code Enforcement Lien.

### Section 7: <u>No Admission of Liability or Fault</u>

This Agreement is a compromise of a disputed claim and the execution of this Settlement Agreement is not, and should not be construed to be, as an admission of liability or fault on the part of any party, their respective successors, assigns, subsidiaries, affiliates, agents, managers, members, partners, and employees, and by executing this Settlement Agreement the Parties expressly deny any liability or fault.

### Section 8: <u>Governing Law</u>

This Settlement Agreement shall be interpreted, construed and enforced pursuant to and in accordance with the laws of the State of Florida.

### Section 9: Attorneys' Fees and Costs

In the event of litigation to enforce the terms of this Settlement Agreement, the prevailing party shall be entitled to recover its reasonable attorney's fees and costs from the non-performing party. Except as specifically provided in this Settlement Agreement, the Parties shall bear their own respective attorneys' fees and costs incurred in connection with the Litigation and the negotiation and performance of this Settlement Agreement.

### Section 10: Time is of the Essence

Time is of the essence for all dates and time periods expressed herein.

### Section 11: Choice of Law and Forum Selection

The Parties agree that this Settlement Agreement is made and entered into in the State of Florida, and shall in all respects be interpreted, enforced and governed under the laws of the State of Florida without applying conflict of laws principles, and shall be subject to the exclusive jurisdiction of the courts of Florida. The sole and exclusive venue for any litigation arising out of, or relating to this Settlement Agreement shall be in Palm Beach, Florida, to the exclusion of any and all other venues.

### Section 12: Interpretation of Settlement Agreement

The Parties have been represented by counsel, and have reviewed this Settlement Agreement through their respective attorneys or have had the opportunity to do so. None of the Parties (nor any attorney for any of the Parties) shall be deemed to be the drafter of this Settlement Agreement. Any rule of construction under Florida law requiring that ambiguities be resolved against the drafting party shall not be employed in the interpretation of this Settlement Agreement. The Parties further agree that all parts of this Settlement Agreement shall in all cases be construed as a whole according to its fair meaning.

### Section 13: Successors and Assigns

This Settlement Agreement shall apply to the Parties, as well as to each of their predecessors, successors and assigns.

### Section 14: Declaration of Use Agreement, the Amendment and the Second Amendment

The Declaration of Use Agreement, the Amendment to Declaration of Use Agreement and the Second Amendment to Declaration of Use Agreement remain in full force and effect, subjection to further modification by a Third Amendment to Declaration of Use Agreement between Town and a Qualified Buyer, as generally described herein.

6

**Section 15:  <u>Authority to Execute Settlement Agreement</u>**

Each of the Parties, and those persons executing this Settlement Agreement on behalf of the Parties, warrants to the other that each has full power, authority and capacity to execute this Settlement Agreement.  In addition, the Parties warrant and represent that they are the owner of the claims asserted against the other and have not transferred or assigned any claim, in whole or in part.

**Section 16: <u>Town Code Enforcement Cooperation</u>**

In connection with Owner's sale of the Property to a Qualified Buyer as authorized and approved in the Bankruptcy Action, Town Code Enforcement agrees to cooperate with the settlement, title or closing agent, Owner and the Qualified Buyer, at no expense to Town Code Enforcement, and use its best reasonable efforts to timely review and comply with written requests for information, acknowledgements and confirmations further to Owner's conveyance of title, confirmation of Qualified Buyer status, and verification of the recitals set forth in this Settlement Agreement as of the Closing Date.

**Section 17:  <u>Headings</u>**

All sections, titles or captions contained in this Settlement Agreement are for convenience only and shall not be deemed to be a part of this Settlement Agreement, and shall not affect the meaning or interpretation of this Settlement Agreement.

**Section 18:  <u>Merger</u>**

There have been no written or oral representations made, or relied upon, by the Parties as inducement for the execution of this Settlement Agreement that are not expressly stated herein. The terms of this Settlement Agreement are contractual, not mere recitals, and may be enforced by a court of competent jurisdiction.  No changes in or additions to this Settlement Agreement shall be valid, enforceable or recognized, unless made in a writing and signed by all of the Parties.

**Section 19: <u>Execution in Counterparts</u>**

This Settlement Agreement may be executed in counterparts, each of which shall constitute an original, and all of which shall constitute one and the same instrument. Additionally, the different counterparts of this Settlement Agreement may be executed separately by each signatory, and all such separately executed counterparts, when taken together, shall  be treated as and constitute one and the same instrument. Any signature delivered by electronic or facsimile transmission shall be treated in all manner and respect as an original document.

IN WITNESS WHEREOF the Parties have hereunto set their hands and seals the day and year first above written.

7

Signed, sealed and delivered
in the presence of:

                                                               TOWN OF PALM BEACH CODE
ENFORCEMENT BOARD OF THE
TOWN OF PALM BEACH

_____

_____        By:_____
Anthony Natalie
Code Enforcement Board Chair

_____

_____        By:_____
Kirk Blouin
Town Manager

APPROVED AS TO LEGAL FORM AND
SUFFICIENCY

_____

_____        _____
John C. Randolph
Town Attorney

160 ROYAL PALM, LLC, a Florida limited
liability company

_____

_____        By:_____
Cary Glickstein, as Manager for 160 Royal
Palm, LLC, and not individually

8

**EXHBIT A**

**Legal Description for the Land:**

Being Lots 31, 32 and 33, Block F, Royal Park Addition, a subdivision in the Town of Palm Beach, Palm Beach, Florida, as recorded in Plat Book 4, Page 1, Public Records of Palm Beach County, Florida