UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re                                                              Case No.: 18-19441-BKC-EPK

160 ROYAL PALM, LLC,                                    Chapter 11

_____Debtor._____/

**SECURED CREDITOR KK-PB FINANCIAL, LLC'S
(I) OBJECTION TO DEBTOR'S RULE 2004 SUBPOENA *DUCES TECUM*;
AND (II) MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER**

Secured Creditor, KK-PB Financial, LLC ("**KK-PB Financial**"), objects to Debtor 160 Royal Palm, LLC's (the "**Debtor**") Rule 2004 Subpoena *Duces Tecum* (the "**Galle Subpoena**") [ECF No. 91] served on Craig T. Galle, Esq. and The Galle Law Group, P.A. (together, "**Galle**"), and moves to quash the Galle Subpoena and for a protective order as to the documents or information requested in the Galle Subpoena, and states:

**PRELIMINARY STATEMENT**

1. By way of the Galle Subpoena, the Debtor seeks Galle's production of "any and all documents and electronically stored information regarding, pertaining to or involving, among other things (i) property located at 149 Brazilian, Avenue in Palm Beach, Florida; (ii) property located at 160 Royal Palm Way in Palm Beach, Florida; (iii) 160 Royal Palm, LLC; (iv) Mirabia, LLC; (v) Medici Finanza, LLC; (vi) Alibi, LLC; (vii) Alibi, Ltd.; (viii) Botticelli Advisors, LLC; (ix) Robert Matthews; (x) Mia Matthews; and (xi) Gerry Matthews. The Galle Subpoena is nothing more than the Debtor's improper attempt to take advantage of and obtain unfettered access to documents and information, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, rather than Rule 7030 as required for contested matters.

2. KK-PB Financial maintains that the documents and information are being improperly sought under a broader scope that would permit the Debtor unfettered access to documents or information before this Court's consideration of the issues raised by the

SALAZAR
— LAW —

Debtor regarding KK-PB Financial's secured claim and its ability to credit bid and matters related thereto that are scheduled for hearing on October 24, 2018. Moreover, the documents demanded by way of the Galle Subpoena would permit the Debtor to have access to documents or information that are irrelevant or protected from disclosure by the attorney-client privilege, the work-product doctrine, or otherwise subject to protection from disclosure, and the requests set forth in the Galle Subpoena are overbroad and unduly burdensome. KK-PB Financial maintains that any document demand pertaining to or involving the issues raised by the Debtor regarding KK-PB Financial's secured claim and its ability to credit bid must be narrowly tailored for this contested matter.

3.  Accordingly, the issuance of an Order quashing the Galle Subpoena and protecting Galle from being required to produce the requested documents is warranted.

## **BACKGROUND**

4.  On September 13, 2018, KK-PB Financial filed its Motion to (I) Modify and Terminate Automatic Stay; or (II) Dismiss Chapter 11 Proceeding [ECF No. 69] and the accompanying Declaration of Glenn F. Straub [ECF No. 69] in support thereof, attesting to KK-PB Financial's interest as owner and holder of the Note and Loan Documents, and the amount of indebtedness and the nature and extent of the Debtor's default. As set forth in the Stay Relief Motion [ECF No. 69], the Debtor's prepetition and postpetition indebtedness to KK-PB Financial is $37,337,705.77. The Debtor's postpetition indebtedness to KK-PB Financial continues to accrue interest at $7,489.93 per diem as disclosed in the Straub Declaration [ECF No. 69]. The Debtor filed its Response in Opposition to the Stay Relief Motion on September 14, 2018 [ECF No. 73].

5.  On September 28, 2018, the Debtor issued a Rule 2004 Subpoena *Duces Tecum* (ECF No. 91) on Craig T. Galle, Esq. and The Galle Law Group, P.A., demanding certain documents or information as set forth above.

6.  On October 5, 2018, the Debtor filed its Motion to Limit Credit Bids with Respect to Sale of Substantially All of its Assets [ECF No. 103] seeking, among other things, to limit KK-PB Financial's ability to credit bid at the auction and sale of

substantially all of the Debtor's assets including the real property located at 160 Royal Palm Way in Palm Beach, Florida 33480 and other personal property.

7. On October 10, 2018, KK-PB Financial filed its Motion to Estimate Claim for Purposes of Credit Bidding Pursuant to 11 U.S.C. §§ 502(C) And 363(K) [ECF No. 133], seeking to estimate its secured claim as part of the sale process in order to determine the amount of its maximum credit bid. That Motion is scheduled for hearing on October 24, 2018 along with other related matters.

## OBJECTION AND RELIEF REQUESTED

8. As set forth above, KK-PB Financial objects to the Galle Subpoena served on Galle and seeks the entry of an Order quashing the Subpoena and protecting Galle from being required to produce the documents demanded therein.

9. Rule 2004 of the Federal Rules of Bankruptcy Procedure provides in pertinent part:

> (a) Scope of Examination. The examination of an entity under this rule or of the debtor under section 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate or to the debtor's right to a discharge.

Fed. R. Bankr. P. 2004.

10. Rule 45 of the Federal Rules of Civil Procedure, made applicable to this bankruptcy proceeding by Rule 9016 of the Federal Rules of Bankruptcy Procedure, states that the court for the district where compliance is required *must* quash or modify a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies, or if it subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iii) and (iv). Rule 45 also provides that:

> [t]o protect a person subject to or affected by a subpoena, the court . . . may . . . quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information . . .

3



Fed. R. Civ. P. 45(d)(3)(B)(i). This Court's Local Rule 2004-1(C) also allows parties to seek protective orders in instances where the issues cannot be resolved.

11. Here, by way of the Galle Subpoena, the Debtor is improperly seeking and requiring Galle to produce documents and information under a broader scope pursuant to Rule 2004. In fact, the documents or information demanded under the Galle Subpoena would permit the Debtor to have unfettered access to documents or information that are irrelevant or protected from disclosure by the attorney-client privilege, the work-product doctrine, or otherwise subject to protection from disclosure, and the document requests set forth in the Galle Subpoena are overbroad and impose undue burdensome and expense on Galle.

12. Moreover, because the Debtor disputes the secured claim asserted by KK-PB Financial, the Debtor's document demands like those set forth in the Galle Subpoena, pertaining to or involving KK-PB Financial's secured claim and its ability to credit bid must be narrowly tailored.

13. For these reasons, KK-PB Financial respectfully requests that the Court quash the Galle Subpoena and issue a protective order in accordance with the Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, and Rules of this Court.

## GOOD FAITH CERTIFICATION

14. Prior to the filing of this Objection and Motion, undersigned counsel has conferred with counsel in a good faith effort to resolve the issues raised and, despite such efforts, has been unable to do so.

**WHEREFORE**, Secured Creditor KK-PB Financial respectfully requests that this Court enter an Order: (i) sustaining this Objection and granting this Motion; (ii) quashing the Galle Subpoena as set forth herein; (iii) protecting Galle from being required to comply with the Galle Subpoena as set forth herein; and (iv) granting such further relief as the Court deems just and proper under the circumstances.

Dated: October 12, 2018          Respectfully submitted,

**SALAZAR LAW**
*Counsel for Secured Creditor, KK-PB Financial, LLC*
2000 Ponce de Leon Boulevard, Penthouse Suite
Coral Gables, Florida  33134
Telephone: (305) 374-4848
Facsimile:  (305) 397-1021
Email:  Luis@Salazar.Law
Email:  Aguilar@Salazar.Law

By:    */s/ Luis Salazar*
         Luis Salazar
         Florida Bar No. 147788
         Celi S. Aguilar
         Florida Bar No. 117589

SALAZAR
— LAW —

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this day, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all parties identified on the Service List attached to the original hereof via transmission of Notices of Electronic Filing generated by CM/ECF and/or electronic mail transmission as indicated thereon.

By: */s/ Luis Salazar*
Luis Salazar

## **SERVICE LIST**

**Electronic Mail Notice List**
**(Via CM/ECF)**

- **Heidi A Feinman**   Heidi.A.Feinman@usdoj.gov
- **Philip J Landau**   plandau@slp.law, msmith@slp.law;blee@slp.law;pdorsey@slp.law;dwoodall@slp.law;ematteo@slp.law;ependergraft@slp.law;cdraper@slp.law
- **Bernice C. Lee**   blee@slp.law, dwoodall@slp.law;ematteo@slp.law;cdraper@slp.law
- **Peter J Malecki**   pmalecki@riccalawyers.com, bricca@riccalawyers.com;lkendrick@riccalawyers.com
- **Edward A Marod**   emarod@gunster.com, dpeterson@gunster.com
- **Orfelia M Mayor**   omayor@ombankruptcy.com, legalservices@pbctax.com;carmen@ombankruptcy.com;cmbk@ombankruptcy.com;omayor@ecf.inforuptcy.com
- **Office of the US Trustee**   USTPRegion21.MM.ECF@usdoj.gov
- **Eric S Pendergraft**   ependergraft@slp.law, dwoodall@slp.law;ematteo@slp.law;bshraibergecfmail@gmail.com;cdraper@slp.law
- **Cristopher S Rapp**   csrapp@kelleykronenberg.com, IRGeservice@kelleykronenberg.com
- **Luis Salazar**   Luis@Salazar.Law, Aguilar@Salazar.Law;Cabrera@Salazar.Law;Lee-Sin@Salazar.Law;Osorio@Salazar.Law
- **Jeffrey I. Snyder**   jsnyder@bilzin.com, eservice@bilzin.com;lflores@bilzin.com
- **Allen R Tomlinson**   atomlinson@jonesfoster.com, dstewart@jonesfoster.com

**Manual Notice List**

**Gregg H Glickstein**
Gregg H. Glickstein, P.A.
54 SW Boca Raton Blvd.
Boca Raton, FL 33432

**Larry Richey**
Cushman & Wakefield U.S., Inc.
515 E Las Olas Blvd., #900
Fort Lauderdale, FL 33301

**Daniel A. Hershman**
c/o Hershman Law, P.A.
2240 Palm Beach Lakes Blvd., Ste 101
West Palm Beach, FL 33409

**Maria M Yip**
Yip Associates
1001 Yamato Road, #301
Boca Raton, FL 33431

**David R. Miller**
David Miller and Associates, P.A.
319 Clematis Street, Suite 802
West Palm Beach, FL 33401

