UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

160 Royal Palm, LLC,                                    Case No.  18-19441-EPK

Debtor.                                                         Chapter 11

_____/

**DEBTOR'S AGREED *EX PARTE* MOTION
FOR ENTRY OF A CONFIDENTIALITY ORDER**

Debtor-in-Possession, 160 Royal Palm, LLC (the "Debtor"), by and through undersigned counsel, files this Agreed *Ex Parte* Motion for Entry of a Confidentiality Order pursuant to Local Rules 7026-1(E)(2) and 9013-1(C)(1) in the above captioned proceeding and states as follows:

1. On August 2, 2018, the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to Bankruptcy Code sections 1107(a) and 1108, the Debtor is operating its business and managing its affairs as debtor-in possession.

2. Through formal and informal discovery requests, the Debtor has requested information from Mia Matthews ("Mrs. Matthews") that Mrs. Matthews regards as confidential.

3. In that regard, the Debtor moves for the entry of a Confidentiality Order, in the form attached as Exhibit A.  The intent of the Confidentiality Order is to protect the information contained within the allegedly confidential documents produced by Mrs. Matthews.

4. Good cause exists for the entry of the attached proposed Confidentiality Order as it will establish procedures for the handling of documents designated by Mrs. Matthews as containing confidential information.

{2234/000/00420571}

5. Counsel for the Debtor has conferred with counsel for Mrs. Matthews and is authorized to represent to this Court that Mrs. Matthews consents to the entry of the Confidentiality Order granting the relief requested herein.

6. Local Rule 9013-1(C)(1) provides that a motion in which the movant certifies that all affected Parties have consented to the requested relief may be considered without a hearing.

WHEREFORE, the Debtor respectfully requests that the Court enter the attached proposed Confidentiality Order and grant such other and further relief as the Court deems just and proper.

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Respectfully submitted,

**SHRAIBERG, LANDAU & PAGE, P.A.**
Attorneys for the Debtor
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Tel: 562-443-0800
Fax: 561-998-0047

By: /s/ Philip J. Landau
    Philip J. Landau
    Florida Bar No. 0504017
    plandau@slp.law

{2234/000/00420571}

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served electronically via the Court's CM/ECF System to those parties registered to receive electronic noticing on this the 7th day of November, 2018.

                                               */s/ Philip J. Landau*
                                               Philip J. Landau, Esq.

# EXHIBIT A

{2234/000/00420571}

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

160 Royal Palm, LLC,             Case No. 18-19441-EPK

Debtor.            Chapter 11

_____/

**ORDER GRANTING DEBTOR'S *EX PARTE* MOTION
FOR ENTRY OF A CONFIDENTIALITY ORDER**

**THIS MATTER** came before the Court without hearing upon 160 Royal Palm, LLC's (the "Debtor") *Ex Parte* Motion for Entry of a Confidentiality Order (the "Motion") **[ECF No. ___]**.

Having reviewed the Debtor's Motion, learning that the parties agree to the relief requested therein and the Court being otherwise fully advised in the premises, it is

**ORDERED** as follows:

1. The Motion is **GRANTED**.

{2234/000/00420571}

2. This Confidentiality Order governs the treatment of all documents and other written, recorded, computerized, electronic or graphic matters, copies, excerpts or summaries of documents ("Discovery Material") produced by Mia Matthews ("Mrs. Matthews") to the Debtor.

3. Any Discovery Material produced by Mrs. Matthews in this case may be designated as "Confidential" if Mrs. Matthews believes in good faith such Discovery Material contains confidential information. All Discovery Material so designated shall be referred to in this Confidentiality Order as "Confidential Discovery Material" and shall be handled in strict accordance with the terms of this Confidentiality Order

4. To designate Discovery Material as "Confidential," Mrs. Matthews shall mark the document as "CONFIDENTIAL" on the face of the document and on each page or portion thereof so designated or, in the case of electronically-stored or computer-stored documents (e.g., PDF documents or documents stored on CDs, DVDs or other media), identify the document by document number, file number or in any other manner that will enable the ready identification of the subject document.

5. Absent further agreement between the Debtor and Mrs. Matthews, all Confidential Discovery Material shall not be voluntarily disclosed or produced to any person, entity or party other than the following: (A) The Debtor and its attorneys, their staff members, and any third-party contractors, including employees and agents thereof involved solely in one or more aspects of organizing, filing, copying, coding, converting, sorting, or otherwise duplicating documents, retrieving data or designing programs for handling data, including the performance of such duties in relation to a computerized litigation support system, (B) the Debtor's accountants, their staff members, and any third-party contractors, including employees and agents thereof involved solely in one or more aspects of organizing, filing, copying, coding, converting, sorting, or otherwise

duplicating documents, retrieving data or designing programs for handling data, including the performance of such duties in relation to a computerized litigation support system, (C) in response to a Court Order, subpoena or other demand made in accordance with applicable law, rule or regulation.

6.    Should any person to whom this Confidentiality Order applies wish to disclose any Confidential Discovery Material to any person, entity or party or use any such confidential, proprietary or trade secret information for any purpose other than as authorized herein, such person, through counsel, shall promptly advise counsel for Mrs. Matthews of the requested disclosure or use. If Mrs. Matthews does not agree to the requested disclosure or use, the person requesting disclosure may file a motion in this Court seeking Court approval of the proposed disclosure or use, and, upon notice and a hearing, the Court shall determine the confidentiality of the Confidential Discovery Material at issue and determine whether good cause exists to permit the disclosure or use of such Confidential Discovery Material other than as provided herein.

7.    If any Confidential Discovery Material is to be disclosed in any brief, exhibit, discovery request, or response or other court paper served in connection with a court proceeding, such brief, exhibit, discovery request, or response or other court paper shall be filed under seal, unless otherwise agreed between the Debtor and Mrs. Matthews or ordered by the Court after notice and a hearing, prior to the filing of such Confidential Discovery Material with the Court. Furthermore, in the event a party seeks to use any Confidential Discovery Material in any hearing or at the trial of this action, such party agrees to seek relief from these confidentiality provisions or advise the Court to take whatever measures may be reasonably necessary to maintain the confidentiality of said Confidential Discovery Material.

8.    Mrs. Matthews may designate as Confidential any portion of a transcript from a

{2234/000/00420571}

deposition, or a transcript from other pretrial or trial proceedings, deemed to contain such material. Mrs. Matthews shall advise the court reporter and counsel of record at the beginning and end of the testimony containing Confidential Information ("Confidential Testimony") either orally at the deposition or in writing no later than thirty (30) calendar days after receipt from the court reporter of the final deposition transcript. During such thirty (30) day period, the parties and any applicable non-parties shall treat the entire transcript as Confidential. The reporter shall mark "Confidential" on the face of the transcript at the beginning and end of any portions of Confidential Testimony. Transcripts containing Confidential Testimony shall have an obvious legend on the title page that the transcript contains Confidential Information, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Confidential.

9. The failure to timely designate deposition testimony as Confidential Testimony waives any such designation unless otherwise ordered by the Court or agreed in writing by all parties.

10. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "Confidential."

11. The inadvertent failure of a producing party to mark any Discovery Material, or a portion thereof, with the "Confidential" designation in no way alters or waives the protected and confidential nature of the Discovery Material otherwise deserving of such a designation and does not remove it from the scope of this Confidentiality Order, provided that the producing party gives such notice in writing within thirty days after becoming aware that the Discovery Material was not properly designated. Such written notice shall identify with specificity the Discovery Material that the producing party is then designating to be "Confidential" and the producing party shall promptly provide a replacement copy of such material with the appropriate designation thereupon. Treatment of inadvertently produced Confidential Discovery Material in a manner inconsistent

{2234/000/00420571}

with this Confidentiality Order prior to notice of such inadvertent production is not a breach of this Confidentiality Order.

12. Except as otherwise agreed in writing by the Debtor and Mrs. Matthews, within 45 days after the closure of this bankruptcy case, all Confidential Discovery Material and all copies thereof (including, without limitation, copies provided to testifying or consulting experts) shall, at Mrs. Matthews' choice, be returned to Mrs. Matthews, or the Debtor's counsel shall certify to Mrs. Matthews that all such materials have been destroyed. This Confidentiality Order shall survive the final termination of this proceeding with respect to any such Confidential Discovery Material.

13. Pursuant to the Rules of Court, the Clerk shall dispose of any Confidential Discovery Material filed under seal by destroying such documents six months after the closing of this case.

# # #

Submitted by:

Philip J. Landau, Esq.
**SHRAIBERG, LANDAU & PAGE, P.A.**
Attorneys for the Debtor
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Tel: 562-443-0800
Fax: 561-998-0047

Copy to:
*(Attorney Landau shall serve a conformed copy of this Order upon receipt and file a Certificate of Service with the Court.)*

{2234/000/00420571}