UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

160 Royal Palm, LLC,  Case No. 18-19441-EPK

    Debtor.  Chapter 11

_____/

**DEBTOR'S (I) MOTION FOR DETERMINATION THAT THE AUTOMATIC STAY DOES NOT APPLY TO THE SEC'S LIQUIDATION OF ITS CLAIM AGAINST THE DEBTOR, OR IN THE ALTERNATIVE, (II) MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT THE SEC TO LIQUIDATE ITS CLAIM AGAINST THE DEBTOR IN THE DISTRICT COURT ENFORCEMENT PROCEEDING**

Debtor in Possession, 160 Royal Palm, LLC (the "Debtor") pursuant to 11 U.S.C. §§ 362(a)(1) and (b)(4), requests the entry of an order: (i) determining that the automatic stay does not apply to the Securities and Exchange Commission's (the "SEC") prosecution of its enforcement action against the Debtor as a relief defendant, through entry of a judgment, or in the alternative, (ii) granting, to the extent necessary, relief from the automatic stay to permit the SEC to obtain a judgment against the Debtor in the action styled *Securities and Exchange Commission v. Palm House Hotel LLLP, et al* Case No. 9:18-cv-81038-DMM, pending before the United States District Court for the Southern District of Florida (the "District Court Action"). In support of its motion, the Debtor states as follows:

1. On August 2, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 1101 *et seq.*

2. The Debtor is managing its assets as a debtor in possession pursuant to §§ 1107(a) of 1108 of the Code. No trustee, examiner, or statutory committee has been appointed in the case.

3. On August 3, 2018, the SEC filed a complaint initiating the District Court Action against Palm House Hotel LLLP, South Atlantic Regional Center, LLC, Joseph J. Walsh, Sr.

("Walsh") and Robert V. Matthews ("Matthews") (collectively, the "Defendants"), in addition to the Debtor and United States Regional Economic Development Authority, LLC d/b/a EB5 Petition as relief defendants.

4. The District Court Action alleges that Matthews and Walsh, and the entities they controlled, engaged in various violations of federal law involving the offering and sale of securities through a scheme to defraud investors participating in an Immigrant Investor Program (the "EB-5 Program") administered by the United States Citizenship and Immigration Services.[1] The EB-5 Program provides foreign nationals the opportunity to qualify for permanent residency in the United States through the investment of money in projects in the United States which, among other things, create a certain number of jobs. By way of numerous misrepresentations and omissions of material facts, the Defendants were allegedly able to obtain approximately $43,991,558 in investor funds that purportedly would be used to acquire, develop, and operate the Palm House Hotel located in Palm Beach, Florida.

5. The SEC alleges that Matthews and Walsh misappropriated millions of investor dollars to finance personal transactions, including purchases of real estate by entities controlled by Matthews and Walsh, to purchase and pay for expenses associated with a 151-foot yacht, and to purchase Matthews' former $4.5 million Connecticut mansion out of foreclosure, among other things.

---

[1] Specifically, the complaint filed by the Commission in the District Court Action alleges that PHH, SARC, and Walsh violated Section 17(a)(1) of the Securities Act of 1933 (the "Securities Act"), Section 17(a)(2) of the Securities Act, Section 17(a)(3) of the Securities Act, Section 10(b) and Rule 10b-5(a) of the Securities and Exchange Act of 1934 (the "Exchange Act"), Exchange Act Rule 10b-5(b), and Exchange Act Rule 10b-5(c).

The complaint alleges that Matthews violated Section 17(a)(1) of the Securities Act, the aiding and abetting provisions of Section 17(a)(2) of the Securities Act, Section 17(a)(3) of the Securities Act, Section 10(b) of the Exchange Act and Exchange Act Rule 10b-5(a), the aiding and abetting provisions of Section 10(b) of the Exchange Act and Exchange Act Rule 10b-5(b), and Exchange Act Rule 10b-5(c).

6. The Debtor owns and managed the day-to-day operations of the Palm House Hotel. The sole member of the Debtor is Palm House, LLC.  Palm House, LLC was under the direct control of Matthews.  Accordingly, the SEC alleges that Matthews exercised complete control over the Debtor, and caused the Debtor to receive investor funds, some of which were also misappropriated by Matthews for his own personal use.

7. On August 8, 2018, the Debtor filed a suggestion of bankruptcy in the District Court Action.  *See* ECF No. 7 in District Court Action.

8. On October 15, 2018, the SEC moved for a clerk's default in the District Court Action as to the Defendants and the relief defendants, including the Debtor (the "Default Motion"). *See* ECF No. 27 in District Court Action.

## RELIEF REQUESTED

9. Through this motion, the Debtor seeks the entry of an order determining that, pursuant to the "police and regulatory" exception provided in § 362(b)(4) (the "Police Powers Exception") of the bankruptcy code, the automatic stay does not apply to the SEC's continued prosecution of the District Court Action, through and including entry of a judgment against the Debtor.  Alternatively, the Debtor requests the entry of an order permitting the SEC relief from the automatic stay to liquidate its claim and obtain a judgment against the Debtor in the District Court Action.  Importantly, under either scenario, the SEC would seek further relief from the bankruptcy court should it wish to enforce any such judgment it obtains against the Debtor.

## LEGAL ARGUMENT

10. Upon the filing of the Debtor's bankruptcy petition, an automatic stay arose that *inter alia* stayed:

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of a case

under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]

11 U.S.C. § 362(a)(1).

11. The purpose behind the automatic stay is to "facilitate the orderly administration of the debtor's estate." *Brock v. Rusco Indus., Inc.*, 842 F.2d 270, 273 (11th Cir. 1988) (internal quotations omitted). "The automatic stay stops collection efforts and helps relieve the debtor of financial pressures." *Id.* (citing S.Rep. No. 989, 95th Cong., 2d Sess. 54-55, *reprinted in* 1978 U.S. Code Cong. & Admin. News 5787, 5840-41). "One of the chief purposes of that provision is to allow for a systematic, equitable liquidation proceeding by avoiding a 'chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts.'" *Safety-Kleen, Inc. v. Wyche*, 274 F.3d 846, 864 (4th Cir. 2001) (internal quotations omitted).

12. Notwithstanding the foregoing, both the Debtor and the SEC agree that the Police Powers Exception excepts the SEC's prosecution of the District Court Action from the general prohibition against the initiation or continuance of an action against the Debtor, and in this instance, permits the SEC to proceed with the action through judgment. 11 U.S.C. § 362(b)(4); *In re Wyly*, 526 B.R. 194, 195 (Bankr. N.D. Tex. 2015) (holding that the automatic stay did not enjoin the SEC from bringing an action for disgorgement against relief defendant, as such action fell within the police and regulatory powers exception to the automatic stay).

13. Additionally, while the Police Powers Exception allows the SEC to proceed with the District Court Action for the purpose of liquidating its claim against the Debtor, § 362(b)(4) does not allow the SEC to enforce any monetary judgment it obtains without first receiving an order from the bankruptcy court lifting the automatic stay. 11 U.S.C. § 362(b)(4); *In re Wyly*, 526 B.R. at 199 ("Neither is Dee arguing that the SEC is trying to enforce a money judgment, which would violate the stay even if the SEC were acting pursuant to its police and regulatory power.

Acts permitted by the police and regulatory exception 'include the enforcement of a judgment other than a money judgment'") (internal citations omitted).

14. In light of the foregoing, the Court should grant the relief requested and permit the SEC to continue to prosecute the District Court Action, through judgment only, without further authorization from the bankruptcy court.

**WHEREFORE**, the Debtor respectfully requests the entry of an order determining that (a) the automatic stay does not apply to the SEC's prosecution of its enforcement action against the Debtor as a relief defendant, through entry of a judgment in the District Court Action, or in the alternative, (b) granting, to the extent necessary, relief from the automatic stay to permit the SEC to liquidate it claim and obtain a judgment against the Debtor in the District Court and (c) ordering that the SEC shall seek further relief from the automatic stay should it desire to enforce any monetary judgment it receives against the Debtor, and (d) granting such other and further relief as the Court deems just and proper.

Respectfully Submitted,

**SHRAIBERG, LANDAU, & PAGE, P.A.**
Attorneys for the Debtor
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
plandau@slp.law
msmith@slp.law

By: */s/ Philip J. Landau*
    Philip J. Landau
    Florida Bar. No. 504017
    Max J. Smith
    Florida Bar No. 1003544

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via CM/ECF Notice of Electronic Filing to those parties registered to receive electronic noticing in this case on November 9, 2018.

                                                  */s/ Philip J. Landau*
                                                      Philip J. Landau