UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re                                                                    Case No.: 18-19441-BKC-EPK

160 ROYAL PALM, LLC,                                         Chapter 11

_____Debtor._____/

**RESPONSE TO EB-5 CREDITORS' OBJECTION TO CLAIM**

Secured Creditor, KK-PB Financial, LLC ("**KK-PB Financial**"), files this Response to the EB-5 Creditors' *Objection to Claim* [ECF No. 179] and states:

1. In 2013, Glenn Straub sold the property he owned at 160 Royal Palm Way (the "**Property**") to Palm House, LLC for $36 million, with seller financing. The Debtor executed and delivered to KK-PB Financial certain loan documents securing the financing of the Property, including (i) a Promissory Note dated August 30, 2013 in the principal amount $27,468,750.00; and (ii) a Florida Real Estate Mortgage, Assignment of Leases and Rents and Security Agreement dated August 30, 2013 (together with the Promissory Note, the "**Loan Documents**").

2. As it happened, the owners of Palm House, thereafter, appear to have committed a number of allegedly fraudulent and criminal acts. Certainly, Straub and KK-PB Financial became one of their victims, as the buyer's attorney failed to record the mortgage for 7 months, buyer stopped making payments on the mortgage, and siphoned off for their own purposes the $723,000 Straub had placed into an escrow fund to pay off city fines. KK-PB Financial initiated a foreclosure lawsuit that Debtor dragged out for four years.

3. On October 17, 2018, KK-PB Financial filed a proof of claim in the amount of $37,337,705.77 as a claim secured by the Property, which KK-PB amended on October 23, 2018, for an amended secured claim in the amount of $37,348,229.27 (the "**KK-PB Claim**") [Claim No. 70].

SALAZAR
— LAW —

4. The EB-5 Creditors filed their *Objection to Claim* [ECF No. 179] (the "**Objection**") to the KK-PB Claim asserting several baseless and conclusory allegations, including : (i) KK-PB Financial is a defendant in the EB-5 District Court case, (ii) the EB-5 Creditors claim an equitable lien that is superior to KK-PB Financial's mortgage, (iii) because "KK-PB has been accused of withholding the filing of its alleged mortgage as part and parcel of the scheme of the other defendants in that case, including the Debtor here, to defraud the EB-5 Creditors of millions of dollars that are the subject of their claim in this case," (iv) KK-PB Financial is alleged to have improperly benefited by receiving transfers of funds stolen from the EB-5 Creditors, constituting fraudulent transfers, and, lastly, (v) the EB-5 Creditors "upon information and belief" intended to add additional claims against KK-PB Financial.

5. KK-PB Financial incorporates by reference the facts and arguments set forth in its *Secured Creditor KK-PB Financial, LLC's Motion to Estimate Claim for Purpose of Credit Bidding Pursuant to 11 U.S.C. §§ 502(c) and 363(k)* [ECF No. 133] (the "**Estimation Motion**") and *Secured Creditor KK-PB Financial, LLC's Response in Opposition to the Debtor's Motion to Limit Credit Bids with Respect to Sale of Substantially All of Its Assets [ECF No. 103]* [ECF No. 164] (the "**Response to Bidding Motion**").

6. The EB-5 Creditors' bases for their objection to the KK-PB Claim are meritless. While the EB-5 Creditors attempt to paint KK-PB Financial with the same brush as those involved in the scheme perpetrated against the EB-5 Creditors, they recklessly disregard the fact that KK-PB Financial was not even mentioned in the Federal Indictment nor the SEC complaint, which sought enforcement actions against all those involved in the fraud perpetrated against the EB-5 Creditors. The EB-5 Creditors must provide evidence of some misconduct by KK-PB Financial instead of simply making conclusory allegations. KK-PB Financial was as much a victim as the EB-5 Creditors.

7. Additionally, the EB-5 Creditors lack standing to assert any fraudulent transfer claim against KK-PB Financial in the EB-5 District Court action. Any avoidance action is property the estate, which the EB-5 Creditors have no standing to assert in the EB-5 District Court case. *Parker v. Wendy's International, Inc.*, 365 F. 3d 1268, 1272 (11th

Cir. 2004) (stating "that a [debtor-in-possession], as the representative of the bankruptcy estate, is the proper party in interest, and is *the only party with standing* to prosecute causes of action belonging to the estate.") (emphasis added); *In re LMJ, Inc.*, 159 B.R. 926, 928 (Bankr. D. Nev. 1993). And any possible fraudulent transfer claim that EB-5 Creditors may have been able to assert is now time-barred.

8. As stated herein and as set forth in the Estimation Motion and the Response to Bidding Motion the EB-5 Creditors have no basis for the Objection.

**WHEREFORE**, Secured Creditor, KK-PB Financial, LLC, respectfully requests that this Court enter an Order (i) overruling the EB-5 Creditors' Objection; (ii) allowing KK-PB Financial's claim as filed and classifying such claim as a secured claim in the amount of $37,348,229.27; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: November 21, 2018          Respectfully submitted,

**SALAZAR LAW**
*Counsel for Secured Creditor, KK-PB Financial, LLC*
2000 Ponce de Leon Boulevard, Penthouse Suite
Coral Gables, Florida  33134
Telephone: (305) 374-4848
Facsimile:  (305) 397-1021
Email:  Luis@Salazar.Law
Email: Aguilar@Salazar.Law

By:     */s/ Luis Salazar*
        Luis Salazar
        Florida Bar No. 147788
        Celi S. Aguilar
        Florida Bar No. 117589

**CERTIFICATE OF SERVICE**

    I hereby certify that on this day, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that the foregoing document is being served this day on all parties identified on the Service List attached to the original hereof, either via transmission of Notices of Electronic Filing generated by CM/ECF or via first class U.S. mail, postage prepaid, as indicated thereon.

                                                      /s/ Luis Salazar
                                                        Luis Salazar

## SERVICE LIST

**Electronic Mail Notice List**
**(Via CM/ECF)**

- **Heidi A Feinman**   Heidi.A.Feinman@usdoj.gov
- **Philip J Landau**   plandau@slp.law, msmith@slp.law;blee@slp.law;pdorsey@slp.law;dwoodall@slp.law;ematteo@slp.law; ependergraft@slp.law;bss@slp.law;cdraper@slp.law
- **Peter J Malecki**   pmalecki@riccalawyers.com, bricca@riccalawyers.com;lkendrick@riccalawyers.com
- **Edward A Marod**   emarod@gunster.com, dpeterson@gunster.com
- **Orfelia M Mayor**   omayor@ombankruptcy.com, legalservices@pbctax.com;carmen@ombankruptcy.com;cmbk@ombankruptcy.com;omayor@ecf.inforuptcy.com
- **Office of the US Trustee**   USTPRegion21.MM.ECF@usdoj.gov
- **Eric S Pendergraft**   ependergraft@slp.law, dwoodall@slp.law;ematteo@slp.law;bshraibergecfmail@gmail.com;cdraper@slp.law
- **Cristopher S Rapp**   csrapp@kelleykronenberg.com, IRGeservice@kelleykronenberg.com
- **Luis Salazar**   Luis@Salazar.Law, Aguilar@Salazar.Law;Cabrera@Salazar.Law;Lee-Sin@Salazar.Law;Osorio@Salazar.Law
- **Allen R Tomlinson**   atomlinson@jonesfoster.com, dstewart@jonesfoster.com

**Manual Notice List-**

**Daniel A. Hershman**
c/o Hershman Law, P.A.
2240 Palm Beach Lakes Blvd., Suite 101
West Palm Beach, FL 33409

**David R. Miller**
David Miller and Associates, P.A.
319 Clematis Street, Suite 802
West Palm Beach, FL 33401

**Larry Richey**
Cushman & Wakefield U.S., Inc.
515 E Las Olas Blvd., #900
Fort Lauderdale, FL 33301

**Maria M Yip**
Yip Associates
1001 Yamato Road, #301
Boca Raton, FL 33431

**Gregg H Glickstein**
Gregg H. Glickstein, P.A.
54 SW Boca Raton Blvd.
Boca Raton, FL 33432