UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

IN RE: 160 ROYAL PALM, LLC                    Case No. 18-19441 EPK

                                              Chapter 11

_____/

## MOTION FOR EXTENSION OF TIME TO OBJECT OR OTHERWISE RESPOND TO SUBPOENA DUCES TECUM ISSUED BY 160 ROYAL PALM, LLC

Respondent, WEISS, HANDLER & CORNWELL, P.A. pursuant to Federal Rule of Civil Procedure 45(d) and moves this Court for an extension of time within which to object or otherwise respond to a subpoena duces tecum issued in this proceeding on *November 9, 2018,* a copy of which is attached hereto as Exhibit "A."("Subpoena").

Respondent was served with the Subpoena in this proceeding, addressed to Corporate Representative of Weiss, Handler & Cornwell, P.A. and served on November 9, 2018.

Respondent is a law firm that represented a creditor in these proceedings and as such may have documents protected by attorney-client privilege and/or work product privilege. Respondent has concluded on the basis of the document search conducted to date that it will need the additional time sought in order to produce the documents or assemble the information called for by the Subpoena or to properly object to the Subpoena. Consequently, pursuant to subsection (d)(3)(A)(i), Respondent has been given insufficient time to respond.

Further, the documents requested include ALL of Respondent's files without regard to the scope of discovery or the burden placed on Respondent to review ALL of its documents and have placed an undue burden on Respondent pursuant to Subsection (d)(3)(A)(iv).

1

The issuing counsel has responded to Respondent and has indicated that he would not oppose an extension.

WHEREFORE, Respondent respectfully requests that the time to comply with the Subpoena be extended to *December 19, 2018*.

Respectfully Submitted by:

/s/ Harry Winderman
Harry Winderman, Esq.
For the Firm
Weiss, Handler & Cornwell, PA
One Boca Place, Suite 218A
2255 Glades Road
Boca Raton, FL  33431
(561) 997-9995 Telephone
(561) 997-5280 Facsimile
HW@WHCFLA.com
LM@WHCFLA.com
Filings@WHCFLA.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that the foregoing document is being served this day on all parties identified on the Service List attached hereto, either via transmission of Notices of Electronic Filing generated by CM/ECF or via first class US Mail, postage prepaid, at the address thereon.

/s/ Harry Winderman
Harry Winderman, Esq.

Case No.: 18-19441-BKC-EPK

## SERVICE LIST

**Electronic Mail Notice List**
**(Via CM/ECF)**

- **Heidi A Feinman**   Heidi.A.Feinman@usdoj.gov
- **Philip J Landau**   plandau@slp.law, msmith@slp.law;blee@slp.law;pdorsey@slp.law;dwoodall@slp.law;ematteo@slp.law;ependergraft@slp.law;bss@slp.law;cdraper@slp.law
- **Peter J Malecki**   pmalecki@riccalawyers.com, bricca@riccalawyers.com;lkendrick@riccalawyers.com
- **Edward A Marod**   emarod@gunster.com, dpeterson@gunster.com
- **Orfelia M Mayor**   omayor@ombankruptcy.com, legalservices@pbctax.com;carmen@ombankruptcy.com;cmbk@ombankruptcy.com;omayor@ecf.inforuptcy.com
- **Office of the US Trustee**   USTPRegion21.MM.ECF@usdoj.gov
- **Eric S Pendergraft**   ependergraft@slp.law, dwoodall@slp.law;ematteo@slp.law;bshraibergecfmail@gmail.com;cdraper@slp.law
- **Cristopher S Rapp**   csrapp@kelleykronenberg.com, IRGeservice@kelleykronenberg.com
- **Luis Salazar**   Luis@Salazar.Law, Aguilar@Salazar.Law;Cabrera@Salazar.Law;Lee-Sin@Salazar.Law;Osorio@Salazar.Law
- **Allen R Tomlinson**   atomlinson@jonesfoster.com, dstewart@jonesfoster.com

**Manual Notice List-**

Daniel A. Hershman
c/o Hershman Law, P.A.
2240 Palm Beach Lakes Blvd., Suite 101
West Palm Beach, FL 33409

David R. Miller
David Miller and Associates, P.A.
319 Clematis Street, Suite 802
West Palm Beach, FL 33401

Larry Richey
Cushman & Wakefield U.S., Inc.
515 E Las Olas Blvd., #900
Fort Lauderdale, FL 33301

Maria M Yip
Yip Associates
1001 Yamato Road, #301
Boca Raton, FL 33431

Gregg H Glickstein
Gregg H. Glickstein, P.A.
54 SW Boca Raton Blvd.
Boca Raton, FL 33432

LUIS SALAZAR, ESQ.
CELI S. AGUILAR, ESQ
2000 Ponce de Leon Blvd.
Penthouse
Coral Gables, FL 33134

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

__SOUTHERN__ District of __FLORIDA__

In re __160 Royal Palm, LLC__
Debtor

(Complete if issued in an adversary proceeding)

_____
Plaintiff
v.
_____
Defendant

Case No. _____

Chapter _____

Adv. Proc. No. _____

11-09-18

11:33 AM

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Corporate Representative of Weiss, Handler & Cornwell, P.A., 2255 Glades Road, Suite 218-A, Boca Raton, FL 33431
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE Shraiberg, Landau & Page, P.A. 2385 NW Executive Center Drive, Suite 300, Boca Raton, FL 33431 | DATE AND TIME November 21, 2018 at 5:00 p.m. |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of **Fed. R. Civ. P. 45**, made applicable in bankruptcy cases by **Fed. R. Bankr. P. 9016**, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____        _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* 160 Royal Palm, LLC
_____, who issues or requests this subpoena, are: Eric Pendergraft, 561-443-0800,
2385 NW Executive Center Drive, Ste. 300, Boca Raton, FL 33431          ependergraft@slp.law

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT A

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## DEFINITIONS

1. <u>Case:</u> Means *In re 160 Royal Palm, LLC*, case no.: 18-19441-EPK pending before the United States Bankruptcy Court for the Southern District of Florida.

2. <u>Debtor:</u> Means 160 Royal Palm, LLC.

3. <u>Document</u>:  Shall be interpreted in the broadest sense, and includes all contracts, communications, correspondence, memoranda, summaries, notes, records, reports, studies, books, summaries, writings, summaries or records of telephone conversations or electronic mail messages, summaries or records of personal conversations or interviews, summaries or records of negotiations, diaries, telegrams, minutes or records of meetings or conferences, calendars, forecasts, work papers and all drafts (of whatever date), journals, file folders, ledgers, accounts, appraisals, bills, invoices, checks, statements, inter-office or intra-office communications, electronic mail messages, bulletins, brochures, pamphlets, circulars, trade letters, printed matter including newspapers, magazines and other publications, and articles and clippings therefrom, advertisements, press releases, teletypes, telecopies, facsimiles, lists, language translations, transcriptions, computer printouts, disks or tapes, graphs, charts, drawings, photographs, film, phono records, other recordings, audio or video tapes, microfiche, microfilm, and other data compilations from which information can be obtained or translated, if necessary, by the respondent into reasonably usable form. Any draft, copy, amendment, alteration, or modification of any document which differs in any respect from the original or final document, whether in words, numbers, punctuation, date, length or format, or by reason of notations, annotations, comments or other markings thereon, or otherwise, is a separate document. When a document is within the scope of a request for a request for production of documents, all amendments, riders, drafts, attachments, exhibits thereto, and all other documents which were ever physically attached to such document, by any means, are also requested. When an amendment, rider, attachment or exhibit to a document is within the scope of a request for production of documents, the document, and all other amendments, riders, attachments, exhibits thereto, and all drafts of any of them, are also requested. If a photograph, film, computer disk or tape, video tape and audio tape are requested, as are any inexact duplicates of any such photograph, film, disk or tape, including, without limitation, all enlargements, enhancements, and the like. Written or recorded notes, measurements, and dictations for later transcription for review are within the definition of Document in this Request.

4. <u>Person</u>: Means any natural person, corporation, partnership, proprietorship, firm, association, company and joint venture whether public or private, as well as any governmental agency, division or department.

5. <u>Property:</u> Means the real property located at 160 Royal Palm Way, Palm Beach, FL 33480.

6. <u>Petition Date:</u> Means August 2, 2018.

## INSTRUCTIONS

1. Each page of each document should be numbered consecutively and the documents shall be produced with an accompanying index appropriately identifying the document, the beginning page number of the document as numbered in accordance with this Request to which the document responds.

2. The documents sought include documents within the respective custody, possession or control of the respondent and each of the respondent's agents, including, without limitation, documents in the custody, possession or control of the accountants, advisers, attorneys, representatives, directors, officers, employees and/or other agents of same.

3. Any document requested that has been destroyed or otherwise disposed should be identified by author, addressee, date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, date of destruction or other disposition, person authorizing destruction or other disposition and person destroying or disposing of the document.

4. If any document is withheld on the basis of a claimed privilege, please provide a privilege log and state with respect thereto:
    (i) The privilege upon which you are relying;
    (ii) The holder of the privilege;
    (iii) The type of document (e.g., letter, memorandum, etc.);
    (iv) The date;
    (v) The author;
    (vi) The addressee;
    (vii) The subject matter of the document;
    (viii) Number of pages;
    (ix) Attachments or appendices;
    (x) All persons to whom distributed, show, or explained; and
    (xi) Present custodian.

5. This document request shall be deemed to be continuing so as to require further and supplement production if you receive, produce, create, discover, or acquire additional documents covered by this request after the time of the initial production.

6. The following rules of construction apply to all discovery requests contained herein:
    (i) <u>All/Each</u>. The terms "all" and "each" shall be construed as all and each.
    (ii) <u>And/Or</u>. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

{2234/000/00417092}                                  2

## SCHEDULE A

1. All financial records, including but not limited to balance sheets, profit and loss statements, and statements of cash flow for Palm House Hotel, LLLP during the period of November 1, 2012 through December 31, 2014.

2. All bank statements for Palm House Hotel, LLLP during the period of November 1, 2012 through December 31, 2014.

3. All financial records, including but not limited to balance sheets, profit and loss statements, and statements of cash flow for Palm House, LLC during the period of November 1, 2012 through December 31, 2014.

4. All bank statements for Palm House, LLC during the period of November 1, 2012 through December 31, 2014.

5. All financial records, including but not limited to balance sheets, profit and loss statements, and statements of cash flow for Palm House, LLC during the period of November 1, 2012 through December 31, 2014.

6. All bank statements for Palm House, LLC during the period of November 1, 2012 through December 31, 2014.

7. Any and all Documents and ESI regarding 160 Royal Palm, LLC.

8. Any and all Documents and ESI regarding Palm House Hotel, LLLP.

9. Any and all Documents and ESI regarding Palm House, LLC.