UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

160 Royal Palm, LLC,                                              Case No. 18-19441-EPK

Debtor.                                                                      Chapter 11

_____/

**RESPONSE IN OPPOSITION TO KK-PB FINANCIAL,
LLC'S REQUEST FOR JUDICIAL NOTICE**

160 Royal Palm, LLC (the "Debtor") hereby responds to *Secured Creditor KK-PB Financial, LLC's Request for Judicial Notice* [ECF No. 168] (the "Motion") filed by KK-PB Financial, LLC ("KK-PB") as follows:

1. In the Motion, KK-PB requests that the Court, pursuant to Federal Rule of Evidence 201: (a) take judicial notice of complaints, exhibits attached to a complaint, an order allowing an amended complaint, a state court case docket, and two federal indictments (collectively, the "Documents"); and (b) permit KK-PB "to use such pleadings, papers, dockets, and documents in any reasonable manner as evidence" in its litigation of several contested matters that are now set for evidentiary hearing on December 6, 2018.

2. While Rule 201 permits courts to take judicial notice of facts, "[j]udicial notice of a particular fact is appropriate if the fact is not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. In order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite." *In re Seminole Walls & Ceilings Corp.*, 2006 WL 2374720, at *1 (Bankr. M.D. Fla. 2006) (internal quotation marks omitted). The effect of a court taking judicial notice of a fact is "to preclude a

{2234/000/00418246}

party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed . . . ." *Seminole Walls*, 2006 WL 2374720 at *1. "A court has wide discretion to take judicial notice of facts, but the process is highly limited and such discretion must be exercised with caution." *Louis J. Pearlman Enterprises*, 398 B.R. 59, 66 (Bankr. M.D. Fla. 2008).

3. While it is beyond reasonable dispute that the Documents were *filed* by various persons in several civil and criminal proceedings on the dates indicated on such Documents, the facts alleged in such Documents---including the fact that any exhibits are authentic documents---are not beyond dispute. For example, paragraphs 6 and 10 of the Fourth Amended Complaint attached to the Motion as Exhibit A state that KK-PB lent the sum of $27,750,000 to the Debtor and that KK-PB has a senior secured interest in the real property of the Debtor. Such allegations are disputed by the Debtor in the contested matters referenced above. *See* ECF No. 103, at ¶¶14, 18, 36, 79, and 81; *see* ECF No. 163, at ¶¶10, 12, 14, 18, 46, and 60. Moreover, Exhibit E to the Motion is comprised of an alleged frequently-asked-questions investment solicitation document attached to a complaint which states that a "Bridge Loan of $29,500,000 USD was obtained from a Wealthy Private Equity Source. These funds along with Mr. Matthews' Equity Investment were used to bring the Palm House to the present and continuous development position. A portion of the $39,500,000 EB-5 Investment will be used as repayment of this Bridge Loan." One of the facts in dispute in the contested matters is whether KK-PB concealed the note and mortgage that forms the basis of its secured claim in order to induce investments into the Palm House Hotel project by foreign individuals who were promised a first position lien on the real property and did not have knowledge of any preexisting senior lien interest. *See* ECF No. 103, at ¶82; *see* ECF No. 163, at ¶16, 18, and 20. Therefore, judicial notice of the statements set forth in Exhibit E to the Motion is improper because such statements, if judicially noticed, may irrefutably support a

contention that the foreign investors *were* on notice that they would be in a junior position as to the real property.

4. Accordingly, the Debtor has no opposition to the Court taking judicial notice that the Documents were filed by various persons in several civil and criminal proceedings on the dates indicated on such Documents, but opposes the Court admitting the Documents into evidence, attributing any truth to the statements made within the Documents, or attributing any authenticity to any of the non-pleading exhibits contained in the Documents. *See In re British American Insurance Company Limited*, 2014 WL 891561, at *7 (Bankr. S.D. Fla. 2014) ("The effect of such judicial notice is that the Court takes as true only that such documents were on file on the dates given by the Secretary of State but does not attribute any truth to the statements made in the documents. The evidentiary effect of such statements, and any potential dispute relating to them, should be considered at trial.") (internal quotation marks and citation omitted); *see also In re Louis J. Pearlman Enterprises, Inc.*, 398 B.R. at 66 ("The Court takes judicial notice of the existence of the Plea Agreement . . . but does not take judicial notice of its contents as adjudicative facts. The Plea Agreement shall not be admitted into evidence at this time.").

**WHEREFORE,** the Debtor respectfully requests that, if the Court grants the Motion, it only does so to the extent set forth above and therefore does not (a) admit the Documents into evidence, (b) attribute truth to any statement made in the Documents, or (c) deem any of the non-pleading exhibits contained in the Documents as authentic.

                                      Respectfully submitted,

                                      SHRAIBERG, LANDAU, & PAGE, P.A.
                                      Attorney for the Debtor
                                      2385 NW Executive Center Drive, #300
                                      Boca Raton, Florida 33431
                                      Telephone: 561-443-0800
                                      Facsimile: 561-998-0047
                                      ependergraft@slp.law

                                   By: */s/ Eric Pendergraft*
                                          Eric Pendergraft
                                          Florida Bar No. 91927

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on November 26, 2018, via CM/ECF to all parties registered to receive such notice via electronic filing.

                                          */s/ Eric Pendergraft*