UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re                                               Case No.: 18-19441-BKC-EPK

160 ROYAL PALM, LLC,                                Chapter 11

_____Debtor._____ /

**KK-PB FINANCIAL, LLC'S RESPONSE TO DEBTOR'S (I) MOTION FOR
DETERMINATION THAT THE AUTOMATIC STAY DOES NOT APPLY TO
THE SEC'S LIQUIDATION OF ITS CLAIM AGAINST THE DEBTOR, OR IN
THE ALTERNATIVE, (II) MOTION FOR RELIEF FROM THE AUTOMATIC
STAY TO PERMIT THE SEC TO LIQUIDATE ITS CLAIM AGAINST THE
DEBTOR IN THE DISTRICT COURT ENFORCEMENT PROCEEDING**

Secured Creditor, KK-PB Financial, LLC ("**KK**-PB") submits its response to the
Debtor's (I) Motion for Determination that the Automatic Stay does not Apply to the
SEC's Liquidation of Its Claim Against the Debtor, or in the Alternative, (II) Motion for
Relief from the Automatic Stay to Permit the SEC to Liquidate Its Claim Against the
Debtor in the District Court Enforcement Proceeding [ECF No. 277] (the "**Motion**") filed
by Debtor 160 Royal Palm, LLC, and states:

1.      Why did the Debtor file this Motion? That an SEC disgorgement action falls
under the police-powers exception to the Automatic Stay appears to be well established in
the caselaw and not in controversy. Similarly, there is no indication in the Motion that the
Debtor and the SEC are at odds on the issue, nor, for that matter, that the SEC was even
aware this Motion was being filed. Debtor's Motion thus appears to be seeking an advisory
opinion, clearing it from having to take a stand on the Securities and Exchange
Commission's alleged decision to name the Debtor a "relief defendant" in its district court
action.

2.      But what's curiously – and alarmingly – absent from the Debtor's Motion is
any indication of the steps it has taken or intends to take to protect the estate and its
creditors from the SEC's unchecked effort to obtain that disgorgement judgment. The

**SALAZAR**
— L A W —

Debtor admits that the SEC has obtained a judicial default against the Debtor, and a review of the docket in that case demonstrates that the Debtor has taken no actions to vacate that default or otherwise defend the action. Presumably, the SEC could seek a default judgment in the full amount purportedly collected from EB5 investors by the actual defendants in that case – in excess of $50 million.

3.       That would be a devastating result for the estate. All the alleged EB5 victims have either been scheduled or filed claims in Debtor's case, seeking a direct distribution should any funds be available after Debtor liquidates all its assets. There are also many non-EB5 creditors, including KK-PB Financial should it have a deficiency. That so, the SEC's obtaining a default disgorgement judgment and subsequently using that as the basis for a proof of claim could severely dilute any recovery for all creditors.

4.       KK-PB Financial's fear on this point is justified, given the Debtor's past behavior with respect to claims in this case. For example, Debtor listed every potential EB5 Creditor as an undisputed claim, even though none had a direct contractual or legal relationship with the Debtor, nor made any investment in the Debtor. Likewise, the Debtor listed those creditor as unliquidated and noncontingent in amounts significantly greater that the $550,000 they purportedly invested in an entirely separate entity, Palm House Hotel, LLLP. The Debtor's blind allowance of these claims – presumably for the purpose of bootstrapping its attempt to overcome the statute of limitations that now bars any fraudulent transfer claim against KK-PB Financial – has negatively impacted the estate by severely diluting all legitimate unsecured creditors of the estate.

5.       Thus, while there is no controversy for the Court to rule on here, to the extent it does entertain the substance of the Motion, the Debtor should be required to clarify the steps it is taking to defend against and minimize the potential SEC disgorgement judgment.

**WHEREFORE**, KK-PB Financial, LLC respectfully requests that, in deciding on the Debtor's Motion, the Court require the Debtor to clarify the steps it is taking to defend against and minimize the potential SEC disgorgement judgment.

SALAZAR
— L A W —

Dated: November 26, 2018                Respectfully submitted,

**SALAZAR LAW**
*Counsel for Secured Creditor, KK-PB Financial, LLC*
2000 Ponce de Leon Boulevard, Penthouse Suite
Coral Gables, Florida  33134
Telephone: (305) 374-4848
Facsimile:  (305) 397-1021
Email: Luis@Salazar.Law
Email: Aguilar@Salazar.Law

By:      */s/ Luis Salazar*
      Luis Salazar
      Florida Bar No. 147788
      Celi S. Aguilar
      Florida Bar No. 117589

SALAZAR
— LAW —

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that the foregoing document is being served this day on all parties identified on the Service List attached to the original hereof, either via transmission of Notices of Electronic Filing generated by CM/ECF, electronic mail and/or first class U.S. mail, postage prepaid, as indicated thereon.

/s/  Luis Salazar

Luis Salazar

SALAZAR
— LAW —

**<u>SERVICE LIST</u>**

**Electronic Mail Notice List:**
**(via CM/ECF)**

- **Heidi A Feinman**    Heidi.A.Feinman@usdoj.gov
- **Steven C Jones**    steven.jones@wilsonelser.com,
  anna.nowakowska@wilsonelser.com;vivian.fusco@wilsonelser.com;EService.Mia
  mi@wilsonelser.com
- **Philip J Landau**    plandau@slp.law,
  msmith@slp.law;blee@slp.law;pdorsey@slp.law;dwoodall@slp.law;ematteo@slp.l
  aw;ependergraft@slp.law;cdraper@slp.law
- **Bernice C. Lee**    blee@slp.law,
  dwoodall@slp.law;ematteo@slp.law;cdraper@slp.law
- **Peter J Malecki**    pmalecki@riccalawyers.com,
  bricca@riccalawyers.com;lkendrick@riccalawyers.com
- **Edward A Marod**    emarod@gunster.com, dpeterson@gunster.com
- **Orfelia M Mayor**    omayor@ombankruptcy.com,
  legalservices@pbctax.com;carmen@ombankruptcy.com;cmbk@ombankruptcy.co
  m;omayor@ecf.inforuptcy.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov
- **Christian Panagakos**    cp@FloridaBankruptcyAdvisors.com,
  bp@FloridaBankruptcyAdvisors.com;fbaecf@gmail.com;r55828@notify.bestcase.
  com
- **Eric S Pendergraft**    ependergraft@slp.law,
  dwoodall@slp.law;ematteo@slp.law;bshraibergecfmail@gmail.com;cdraper@slp.l
  aw
- **Cristopher S Rapp**    csrapp@kelleykronenberg.com,
  IRGeservice@kelleykronenberg.com
- **Luis Salazar**    Luis@Salazar.Law,
  Aguilar@Salazar.Law;Cabrera@Salazar.Law;Lee-
  Sin@Salazar.Law;Osorio@Salazar.Law
- **Jeffrey I. Snyder**    jsnyder@bilzin.com, eservice@bilzin.com;lflores@bilzin.com
- **Allen R Tomlinson**    atomlinson@jonesfoster.com, mbest@jonesfoster.com
- **Harry Winderman**    harry4334@hotmail.com,
  lynoramae@gmail.com,lm@whcfla.com,filings@whcfla.com

**Manual Notice List:**

**Robert V. Cornish, Esq.**
Wilson, Elser, Moskowitz, Edelman et al.
700 11th Street, NW, #400
Washington, DC 20001
robert.cornish@wilsonelser.com

SALAZAR
— L A W —

**David J. George, Esq.**
c/o George Gesten McDonald, PLLC
9897 Lake Worth Rd, #302
Lake Worth, FL 33467
DGeorge@4-Justice.com

**Gregg H Glickstein**
Gregg H. Glickstein, P.A.
54 SW Boca Raton Blvd
Boca Raton, FL 33432
ghgpa@bellsouth.net

**Daniel A. Hershman, Esq.**
c/o Hershman Law PA
2240 Palm Beach Lakes Blvd, Ste 101
West Palm Beach, FL 33409
dahershmanlaw@aol.com

**Larry Richey, Esq.**
Cushman & Wakefield U.S., Inc.
515 E Las Olas Blvd, #900
Fort Lauderdale, FL 33301c
larry.richey@cushwake.com

**Maria M Yip**
Yip Associates
2 S Biscayne Blvd #2690
Miami, FL 33131
myip@yipcpa.com

**Christopher W. Kammerer, Esq.**
Kammerer Mariani PLLC
1601 Forum Place Suite 500
West Palm Beach, FL 33401
ckammerer@KammererMariani.com