UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

160 Royal Palm, LLC,                    Case No.  18-19441-EPK

    Debtor.                             Chapter 11

_____/

**EXPEDITED MOTION TO CONTINUE EVIDENTIARY
HEARING, AUCTION AND RELATED DEADLINES, AND SALE HEARING**

**\*\*\*Expedited Hearing Requested\*\*\***

**Due to the fact that several witnesses will be traveling from
China and Turkey the week of December 2nd to attend the
December 6th evidentiary hearing, the Debtor respectfully
requests that the Court hear this matter, if possible, on
November 30, 2018.**

160 Royal Palm, LLC (the "Debtor") respectfully requests that the Court continue, by

approximately thirty days: (a) the December 6, 2018 evidentiary hearing on the Debtor's Motion

to Limit Credit Bids, KK-PB Financial, LLC's ("KK-PB") Motion to Estimate Claim and Motion

for Stay Relief; (b) the December 14, 2018 Auction (and related deadlines); and (c) the December

14, 2018 Sale Hearing.  In support thereof, the Debtor states as follows:

1.      The Debtor owns the real property located at 160 Royal Palm Way, Palm Beach,

Florida 33480 (the "Real Property").  The Debtor has entered into an Asset Purchase Agreement

(the "APA") with RREF II Palm House LLC (the "Stalking Horse Bidder") for the sale of the Real

Property for $32,000,000, subject to higher and better offers.  In its Amended Order Granting

Debtor's Motion for the Entry of an Order (I) Approving Bid Procedures and Bid Protections in

Connection with the Sale of Substantially All of Its Assets, (II) Approving the Form and Manner

of Notice and Sale, (III) Scheduling an Auction and Sale Hearing and (IV) Approving the Sale of

the Assets Free and Clear of Liens, Claims and Encumbrances [ECF No. 273] (the "Bid Procedures Order"), the Court approved the APA and scheduled an auction (the "Auction") for December 14, 2018---as well as related deadlines (the "Related Deadlines") pertaining to participation and objections to the proposed sale---to be immediately followed by a sale hearing (the "Sale Hearing") to consider final approval of the sale of the Real Property.

2.      KK-PB has filed a claim in the approximate amount of $37 million, asserts that this claim is fully secured by a senior mortgage on the Real Property, and seeks relief from the automatic stay to pursue foreclosure of the Real Property in its Motion to (I) Modify and Terminate Automatic Stay; or (II) Dismiss Chapter 11 Proceeding [ECF No. 69] (the "Motion for Stay Relief").

3.      In the Debtor's Motion to Limit Credit Bids with Respect to Sale of Substantially All of Its Assets [ECF No. 103] (the "Motion to Limit Credit Bids"), the Debtor seeks to prevent KK-PB from credit bidding at the Auction.  The Debtor believes that the promissory note and mortgage given to KK-PB will be avoided as fraudulent transfers and thus KK-PB would not have a secured claim entitling it to credit bid at the Auction.

4.      KK-PB's Motion to Estimate Claim for Purposes of Credit Bidding Pursuant to 11 U.S.C. §§ 502(c) and 363(k) [ECF No. 133] (the "Motion to Estimate Claim"), seeks estimation of its claim in the full secured amount asserted therein.

5.      Additionally, a group of foreign investors (the "EB-5 Investors") have joined in the Debtor's position as to the foregoing motions. ECF No. 174.

6.      The EB-5 Investors were defrauded by prior management of the Debtor and have asserted equitable lien claims against the Real Property.

6.      The Motion for Stay Relief, the Motion to Limit Credit Bids, and the Motion to Estimate Claim have been heavily briefed and are presently scheduled for a one-day evidentiary hearing (the "Evidentiary Hearing") on December 6, 2018. ECF No. 201.

7.      Since the conclusion of the October 24, 2018 hearing scheduling the Evidentiary Hearing, the parties have been working diligently to take discovery and otherwise prepare for the Evidentiary Hearing.  *See, e.g.*, ECF Nos. 207, 208, 209, 280, 287, 289, 296, 299, 302, 317, 318, 320, 321, 330, 331, and 332.

8.       As discovery has developed, it has become clear that the issues and amount of evidence that will be introduced at the Evidentiary Hearing are <u>far</u> more voluminous than any of the parties originally anticipated.  Moreover, all of the parties have determined that more than one day will be required to present the matters to be adjudicated at the Evidentiary Hearing.

9.      At the October 24, 2018 hearing, the Court opined that evidence of the Debtor's creditor body at the relevant time periods of the transaction would be a critical issue in the Court's adjudication of the Debtor's fraudulent transfer claims.  As a result, the Debtor has been working diligently to discover the identity of such historical creditors through serving subpoenas and conducting other informal discovery.  Each day, the Debtor continues to learn of more and more creditors who were not paid by Mr. Straub when he was in control of the Debtor and thus adversely affected by this transaction.  However, between the depositions already scheduled and the Thanksgiving holiday, there has not been enough time to depose these trade creditors and preserve their testimony for trial.[1]

---

[1] Many of these trade creditors have told undersigned counsel that their dealings with the Debtor nearly put them out of business and they are skeptical to participate in this process voluntarily, as they do not believe they will ever get paid.  Some of these creditors are beyond the subpoena power of the Court to require them to appear at trial and thus the Debtor will need to preserve their testimony through deposition testimony.

10.     As discovery is continuing to develop, the parties are still determining who their witnesses will be at trial and how they intend to present their respective cases.  Presently, it appears the parties will need to call at least twenty witnesses between them to testify at the Evidentiary Hearing.

11.     Depositions are currently scheduled up through the eve of trial.  On November 29, 2018, the Debtor and EB-5 Investors will be taking the deposition of KK-PB and its principal, Glenn Straub.  Those depositions will take one full day, likely more.  On November 30, 2018, KK-PB will take the deposition of the Debtor's other forensic accounting expert, Hylton Wynick.  KK-PB has unilaterally scheduled the deposition of Leslie Evans, Esq., the attorney who closed the transaction between the Debtor and KK-PB, for December 4, 2018.

12.     Yesterday, KK-PB took the deposition of the Debtor's forensic accounting expert, Marcie Bour.  That deposition took an entire day.  Earlier this week, the parties took the deposition of Mia Matthews, the wife of the former principal of the Debtor, Robert Matthews.  The deposition lasted much longer than anticipated, as Mrs. Matthews invoked her Fifth Amendment right against self-incrimination to every question asked of her; nearly seven hours of questions.   Robert Matthews' deposition was also scheduled for November 26th, but, due to time constraints, the parties were unable to take that deposition and the parties are currently trying to reschedule same.  Likewise, the parties have tentatively scheduled the deposition of Craig Galle, Esq., Mr. Straub's counsel, for Tuesday, December 4th.[2]

13.     On the afternoon of November 28, 2018, counsel for KK-PB emailed the undersigned to notify him that KK-PB would be issuing a trial subpoena to Nicolas Laudano and adding Mr. Laudano to their informal witness list.  The Debtor has not had an opportunity to depose

---

[2] Undersigned counsel just realized that this date would conflict with KK-PB's unilaterally scheduled deposition of Les Evans.

Mr. Laudano and there appears to be no way for the Debtor to take this deposition between now and December 6th, as the parties have other depositions scheduled. Similarly, KK-PB informed the Debtor this week that it intends to call several other witnesses that the Debtor has not been afforded the opportunity to depose. KK-PB has even suggested that it "may" call an accounting expert, however it has not made that decision yet. This accountant will need to be deposed. The EB-5 Investors have alerted the Debtor and KK-PB that they expect to call at least seven witnesses consisting of investors and immigration agents, two to three of which will be arriving from China, Turkey and possibly Iran on December 4, 2018. None of these witnesses have been deposed yet by either side.

14.    Finally, Bank of America produced to the Debtor thousands of pages of the Debtor's bank records yesterday and the Debtor is expecting to receive a similar production from PNC Bank today. Undersigned counsel has not even looked at these bank records yet, let alone provide them to the Debtor's accountants to analyze them in preparation for the Evidentiary Hearing.

15.    As the Court can plainly see, the parties simply do not have enough time to adequately present their cases to the Court. The Debtor believes it would be irresponsible to press forward and present its case haphazardly; the Debtor believes in its claims against KK-PB way too much to see that happen.

16.    Given the fact that all parties are taking discovery up through the eve of the Evidentiary Hearing, witness lists are still developing, and the fact that discovery has made it clear that more than one full day will be necessary for presentation of the evidence, the Debtor believes it would be inappropriate to go forward with the Evidentiary Hearing on December 6, 2018.[3]

---

[3] The Debtor is very cognizant and appreciative of the fact that the Evidentiary Hearing was scheduled for December 6, 2018 in order to accommodate the Debtor's requested auction schedule. However, the Debtor

17.    Pursuant to Local Rule 5071-1, undersigned counsel certifies that a continuance has not been previously granted and the client consents to the requested continuance.  The EB-5 Investors consent to the requested continuance and KK-PB does not consent.  While KK-PB will likely argue that it will be somehow prejudiced by the requested continuance, common sense dictates that the parties need more time to finish out their discovery and the Court and all parties will benefit from the parties being accorded the opportunity to adequately prepare for trial and present their cases in a complete and organized manner.

18.    Accordingly, the Debtor requests that the Court continue the Evidentiary Hearing to occur over the span of three days, and to also continue the Auction, the Related Deadlines, and the Sale Hearing by a period of approximately 30 days.  Specifically, the Debtor would request that the Evidentiary Hearing be continued to begin on January 7, 2019 (and if necessary, two additional days that week), the Bid Deadline extended to January 11, 2019 and the Auction continued to January 18, 2019.

19.    Given the fact that, within the next week, several witnesses will be traveling from overseas to attend the Evidentiary Hearing, the Debtor respectfully requests that the Court consider this Motion on an expedited basis.

**WHEREFORE**, the Debtor respectfully requests that the Court grant the foregoing Motion and re-schedule the Evidentiary Hearing to occur over a three-day period beginning January 7, 2019 and continue the Auction, the Related Deadlines, and the Sale Hearing by approximately thirty days and grant such further relief as the Court determines is just and proper.

---

believes so strongly in the merits of its claims that it believes it is in the best interest of the estate to deal with the potential consequences of continuing the Auction, in exchange for the opportunity to complete its discovery and adequately prepare and present its case against KK-PB.

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on November 29, 2018, via CM/ECF to all parties registered to receive such notice via electronic filing.

Respectfully Submitted,

SHRAIBERG, LANDAU & PAGE, P.A.
Attorneys for the Debtor
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
Email: plandau@slp.law
Email: ependergraft@slp.law

By:  /s/ Philip J. Landau
       Philip J. Landau
       Florida Bar No. 504017
       Eric Pendergraft
       Florida Bar No. 91927