UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

160 Royal Palm, LLC,   Case No. 18-19441-EPK

    Debtor.   Chapter 11
_____/

**DEBTOR'S MOTION TO EXTEND EXCLUSIVITY AND SOLICITATION PERIODS AND DEADLINE FOR FILING PLAN AND DISCLOSURE STATEMENT**

Debtor, 160 Royal Palm, LLC (the "Debtor"), by and through undersigned counsel, files this *Motion to Extend Exclusivity and Solicitation Periods and Deadline for Filing Plan and Disclosure Statement* (the "Motion"), and in support thereof, states as follows:

**Factual Background**

1. On August 2, 2018, the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Petition Date"). The Debtor is operating its business and managing its assets as a debtor-in-possession pursuant to §§ 1107(a) of 1108 of the Bankruptcy Code. As of the date hereof, no trustee, examiner, or statutory committee has been appointed in the Case.

2. Pursuant to 11 U.S.C. § 1121(b), the Debtor has the exclusive right to file a plan of reorganization for a period of 120 days following the date of the order for relief (the "Exclusive Filing Period"). Further, under 11 U.S.C. § 1121(c)(3), the debtor has the balance of 180 days after the order for relief to solicit acceptances of such plan (the "Exclusive Solicitation Period"). Based on the Petition Date, the Exclusive Filing Period expires on November 30, 2018 and the Exclusive Solicitation Period expires on January 29, 2019.

3. On August 31, 2018, the Court entered an *Order Shortening Time for Filing Proofs of Claim, Establishing Plan and Disclosure Statement Filing Deadlines, and Addressing Related Matters* [ECF No. 51], which provided *inter alia* that the Debtor's deadline for filing a plan and disclosure statement is November 30, 2018 (the "Procedures Order Deadline").

4. Since the Petition Date, the Debtor has devoted a significant amount of time to complying with the requirements of operating as a debtor-in-possession during a Chapter 11 case, pursuing the sale of substantially all of the Debtor's assets, which is presently scheduled for auction on December 14, 2018, and prosecuting and defending various contested matters relating to KK-PB Financial, LLC ("KK-PB"), including the *Debtor's Motion to Limit Credit Bids with Respect to Sale of Substantially All of its Assets* [ECF No. 103], *KK-PB's Motion to Estimate Claim for Purposes of Credit Bidding Pursuant to 11 U.S.C. §§ 502(c) and 363(k)* [ECF No. 133], and *KK-PB's Motion to (I) Modify and Terminate Automatic Stay; or (II) Dismiss Chapter 11 Proceeding* [ECF No. 69], which is presently scheduled for evidentiary hearing on December 6, 2018.

5. Also, on November 29, 2018, the Debtor filed an *Expedited Motion to Continue Evidentiary Hearing, Auction and Related Deadlines, and Sale Hearing* [ECF No. 336] seeking to re-schedule the evidentiary hearing to occur over a 3-day period beginning on January 7, 2019, and continuing the auction, certain related deadlines and sale hearing for a period of 30 days.

6. Through the Motion, the Debtor seeks to extend the exclusivity periods and Procedures Order Deadline for a period of ninety days in order to permit the Debtor to pursue and resolve the foregoing matters relating to the proposed sale and various contested matters

prior to expending the time and expense of formulating and filing a plan and disclosure statement, which terms will be affected by the outcome of the foregoing matters.

## Relief Requested and Legal Argument

7. The Debtor requests an extension of the Exclusive Filing Period for a period of ninety days to through and including February 28, 2019, and an extension of the Exclusive Solicitation Period for a period of ninety days to through and including April 29, 2019, without prejudice to seeking further extensions in the event circumstances require such relief. The Debtor further requests that the Procedures Order Deadline be extended to through and including February 28, 2019.

8. Pursuant to 11 U.S.C. § 1121(d) and F.R.B.P. 9006(b), on request of the Debtor, the Court may extend, for cause, such exclusive periods. Although the Bankruptcy Code does not define "cause" for an extension, courts have looked to the legislative history of 11 U.S.C. § 1121(d) for guidance. *See In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989); *see also In re Amko Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D.Ohio 1996). Congress did not intend that the 120-day and 80-day exclusive periods be a hard and fast rule; rather, Congress intended that the exclusive periods be of adequate length, given the circumstances, for the debtor to formulate, negotiate and draft a consensual plan without the dislocation and disruption to the business that would occur with the filing of competing plans of reorganization. Congress recognized that often a 120-day exclusivity period will not afford a debtor sufficient time to formulate and negotiate a plan:

> The court is given the power, though, to increase. . .the 120-day period depending on the circumstances of the case. For example, if an unusually large company were to seek reorganization under chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement.

H.R. REP. NO. 95-595, at 232 (1977) (footnotes omitted). Indeed, Congress intended courts to

have flexibility in dealing with extensions of exclusivity. *See In re Amko Plastics,* 197 B.R. at 77. "The hallmark of [section 1121(d)] is flexibility." *In re Perkins,* 71 B.R. 294, 297 (W.D.Tenn. 1987).

9. In determining whether a debtor has had an adequate opportunity to negotiate a plan, a court should consider a variety of factors to assess the totality of the circumstances. *See In re Dow Corning Corp.*, 208 B.R. 661, 664-665 (Bankr. E.D. Mich. 1997); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); *In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987). Bankruptcy courts have identified the following factors, among others, as relevant in determining whether cause exists to extend the 120-day and 180-day periods set forth in section 1121: a) the size and complexity of the case; b) the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information; c) the existence of good faith progress toward reorganization; d) whether the debtor is generally making required post-petition payments as they become due and is effectively managing its business and preserving the value of its assets; e) whether the debtor has demonstrated reasonable prospects for filing a viable plan; f) whether the debtor has made progress in negotiations with its creditors; g) the amount of time that has elapsed in the case; h) whether the debtor is seeking an extension of exclusivity to pressure creditors into accepting a plan they find unacceptable; i) whether an unresolved contingency exists. *See McLean Indus.*, 87 B.R. at 834; *Express One Int'l*, 194 B.R. at 100; *Dow Corning*, 208 B.R. 661 at 664-665; *In re Henry Mayo Newhall Mem. Hosp.*, 282 B.R. 444, 452 (B.A.P. 9th Cir. 2002); *In re Public Co. of New Hampshire*, 88 B.R. 521, 537 (Bankr. D.N.H. 1988).

10. As previously stated, the Debtor requests an extension of the Procedures Deadline Order, Exclusive Filing Period and Exclusive Solicitation Period for a period of ninety days in

order to pursue and resolve various contested matters and the potential sale of substantially all of its assets. The Debtor, and its management and professionals have devoted a significant amount of time in pursuing the potential sale, and defending and prosecuting the foregoing contested matters. Further, management has devoted significant time to complying with the requirements of operating as a debtor-in-possession during a Chapter 11 case.

11. The Debtor is generally making required post-petition payments, and effectively managing its operations and finances. The Debtor believes that there are reasonable prospects for filing a viable plan. The Debtor is not seeking to use exclusivity to pressure creditors into accepting a plan they find unacceptable. To the contrary, extending exclusivity will allow the Debtor to pursue and resolve various contested matters and the potential sale of the Debtor's assets that will have an impact on the terms of the Debtor's plan and disclosure statement, without incurring legal fees associated with preparing a plan and disclosure statement. The request for extension is reasonable given the Debtor's progress to date and the current posture of the case. The Debtor is not seeking an extension as a delay tactic or to pressure creditors to accede to a plan that is unsatisfactory to them. The Petition Date was August 2, 2018. This is a relatively insignificant period of time given the contingencies of the instant case.

12. In conclusion, the Debtor has responded to the operational and administrative demands for this case. The Debtor should be afforded a full and fair opportunity to negotiate, propose and seek acceptance of a plan. The Debtor believes that an extension is warranted and appropriate under the circumstances. The Debtor submits that an extension is realistic and necessary, will not prejudice the legitimate interest of creditors and other parties in interest and will afford a meaningful opportunity for the Debtor to pursue a confirmable plan.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an Order: i) extending the Exclusive Filing Period to through and including February 28, 2019, without prejudice to seeking further extensions in the event circumstances require such relief; ii) extending the Exclusive Solicitation Period to through and including April 29, 2019, without prejudice to seeking further extensions in the event circumstances require such relief; iii) extending the Procedures Order Deadline to through and including February 28, 2019, and iv) granting the Debtor any other and further relief the Court deems equitable and just.

    Respectfully submitted,

    SHRAIBERG, LANDAU, & PAGE, P.A.
    Attorney for the Debtor
    2385 NW Executive Center Drive, #300
    Boca Raton, Florida 33431
    Telephone: 561-443-0800
    Facsimile: 561-998-0047
    Email: plandau@slp.law
    Email: blee@slp.law

By: _/s/ Philip J. Landau_
        Philip J. Landau
        Florida Bar No. 504017
        Bernice C. Lee
        Florida Bar No. 0073535