UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

IN RE: 160 ROYAL PALM, LLC　　　　　　　　Case No. 18-19441 EPK

　　　　　　　　　　　　　　　　　　　　　　　Chapter 11

_____/

**MOTION FOR EXTENSION OF TIME TO OBJECT OR OTHERWISE RESPOND
TO SUBPOENA DUCES TECUM ISSUED BY CREDITOR KK-PB FINANCIAL, LLC**

Respondent, WEISS, HANDLER & CORNWELL, P.A. moves this Court for an extension of time within which to object or otherwise respond to a subpoena duces tecum issued in this proceeding on *November 9, 2018,* a copy of which is attached hereto as Exhibit "A."("Subpoena").

Respondent was served with the Subpoena in this proceeding, addressed to Corporate Representative of Weiss, Handler & Cornwell, P.A. and served on November 9, 2018.

Respondent is a law firm that represented a creditor in these proceedings and as such may have documents protected by attorney-client privilege and/or work product privilege. Respondent has concluded on the basis of the document search conducted to date that it will need the additional time sought in order to produce the documents or assemble the information called for by the Subpoena or to properly object to the Subpoena. Consequently, pursuant to subsection (d)(3)(A)(i), Respondent has been given insufficient time to respond.

Further, the documents requested include ALL of Respondent's files without regard to the scope of discovery or the burden placed on Respondent to review ALL of its documents and have placed an undue burden on Respondent pursuant to Subsection (d)(3)(A)(iv).

The issuing counsel has responded to Respondent and has indicated that he would oppose an extension.

1

WHEREFORE, Respondent respectfully requests that the time to comply with the Subpoena be extended to *December 19, 2018*.

Respectfully Submitted by:

/s/ Harry Winderman
Harry Winderman, Esq.
For the Firm
Weiss, Handler & Cornwell, PA
One Boca Place, Suite 218A
2255 Glades Road
Boca Raton, FL  33431
(561) 997-9995 Telephone
(561) 997-5280 Facsimile
HW@WHCFLA.com
LM@WHCFLA.com
Filings@WHCFLA.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that the foregoing document is being served this day on all parties identified on the Service List attached hereto, either via transmission of Notices of Electronic Filing generated by CM/ECF or via first class US Mail, postage prepaid, at the address thereon.

/s/ Harry Winderman
Harry Winderman, Esq.

Case No.: 18-19441-BKC-EPK

## SERVICE LIST

**Electronic Mail Notice List**
**(Via CM/ECF)**

- **Heidi A Feinman**   Heidi.A.Feinman@usdoj.gov
- **Philip J Landau**   plandau@slp.law, msmith@slp.law;blee@slp.law;pdorsey@slp.law;dwoodall@slp.law;ematteo@slp.law;ependergraft@slp.law;bss@slp.law;cdraper@slp.law
- **Peter J Malecki**   pmalecki@riccalawyers.com, bricca@riccalawyers.com;lkendrick@riccalawyers.com
- **Edward A Marod**   emarod@gunster.com, dpeterson@gunster.com
- **Orfelia M Mayor**   omayor@ombankruptcy.com, legalservices@pbctax.com;carmen@ombankruptcy.com;cmbk@ombankruptcy.com;omayor@ecf.inforuptcy.com
- **Office of the US Trustee**   USTPRegion21.MM.ECF@usdoj.gov
- **Eric S Pendergraft**   ependergraft@slp.law, dwoodall@slp.law;ematteo@slp.law;bshraibergecfmail@gmail.com;cdraper@slp.law
- **Cristopher S Rapp**   csrapp@kelleykronenberg.com, IRGeservice@kelleykronenberg.com
- **Luis Salazar**   Luis@Salazar.Law, Aguilar@Salazar.Law;Cabrera@Salazar.Law;Lee-Sin@Salazar.Law;Osorio@Salazar.Law
- **Allen R Tomlinson**   atomlinson@jonesfoster.com, dstewart@jonesfoster.com

**Manual Notice List-**

**Daniel A. Hershman**
c/o Hershman Law, P.A.
2240 Palm Beach Lakes Blvd., Suite 101
West Palm Beach, FL 33409

**David R. Miller**
David Miller and Associates, P.A.
319 Clematis Street, Suite 802
West Palm Beach, FL 33401

LUIS SALAZAR, ESQ.
CELI S. AGUILAR, ESQ
2000 Ponce de Leon Blvd.
Penthouse
Coral Gables, FL 33134

**Larry Richey**
Cushman & Wakefield U.S., Inc.
515 E Las Olas Blvd., #900
Fort Lauderdale, FL 33301

**Maria M Yip**
Yip Associates
1001 Yamato Road, #301
Boca Raton, FL 33431

**Gregg H Glickstein**
Gregg H. Glickstein, P.A.
54 SW Boca Raton Blvd.
Boca Raton, FL 33432

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

__Southern__ District of __Florida__

In re __160 Royal Palm, LLC__
Debtor

(Complete if issued in an adversary proceeding)

_____
Plaintiff
v.
_____
Defendant

Case No. __18-19441-EPK__

Chapter __11__

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Corporate Representative of Weiss, Handler & Cornwell, P.A., 2255 Glades Road, Suite 218-A, Boca Raton, FL 33431__
(Name of person to whom the subpoena is directed)

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached.

| PLACE | DATE AND TIME |
|---|---|
| Salazar Law, 2000 Ponce de Leon Blvd., PH, Coral Gables, FL 33134 | 11/21/18   5:00 pm |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __11/9/2018__

CLERK OF COURT

_____      OR      _____
Signature of Clerk or Deputy Clerk              Attorney's signature

The name, address, email address, and telephone number of the attorney representing *(name of party)* __KK-PB Financial, LLC__, who issues or requests this subpoena, are:
Luis Salazar, Luis@Salazar.Law, Salazar Law, 2000 Ponce de Leon Blvd., PH, Coral Gables, FL 33134, 305-374-4848

Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT A

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

data or data compilations-stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form as defined in or otherwise permitted under the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

8. **"Including"** shall mean "including, but not limited to" so as to require the broadest possible inclusion.

9. **"Information"** shall be expansively construed and shall include, but not be limited to facts, data, opinions, images, impressions, concepts and formulae.

10. **"Palm House"** means Palm House, LLC, a Delaware limited liability company that owns the membership interest in 160 Royal Palm, LLC

11. **"Palm House PB"** means Palm House PB, LLC, a Florida limited liability company.

12. **"Palm House Hotel"** means the Palm House Hotel LLLP, a Florida partnership that received investments from EB5 Investors, in order to make loans to Palm House, LLC to develop and build a hotel project in Palm Beach, Florida.

13. **"Person"** means any natural person, firm, partnership, joint venture, corporation, or group of natural persons or such entities.

14. **"Pertaining to," "relating to,"** or **"relate to"** means, directly or indirectly, refer to, mention, describe, evidence of, arise out of or in connection with or in any way legally, logically, or factually connected with the matter discussed.

15. **"Property"** means the real property located at 160 Royal Palm Way, Palm Beach, FL 33480, which is to be developed as a hotel/condominium.

16. The connectives **"and"** and **"or"** shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

17. The words **"any," "all"** and **"each"** shall be construed as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

18. A word in the singular tense should be read in its plural tense if that is appropriate for the context, and vice versa, and the use of one gender shall include all genders.

7. Electronically stored information (ESI) must be produced in its original native format including its accompanying metadata. For example: (a) documents created using Microsoft Word must be produced as .DOC or .DOCX files; (b) documents created using Microsoft Excel must be produced as .XLS or .XLSX files; and (c) emails must be produced in a form that readily supports import into standard email client programs, or the form of production should adhere to the conventions set out in the internet email standard; and ESI should be produced on appropriate electronic media of Your choosing that does not impose an undue burden or expense upon You. You should decrypt or provide passwords to any responsive ESI included in Your production.

8. Unless otherwise stated, the applicable period for the Document Request is **January 1, 2012 through the date of response.**

## DOCUMENTS REQUESTED

1. All financial records, including but not limited to balance sheets, profit and loss statements, and statements of cash flow for Palm House during the period of November 1, 20125 through December 31, 2014.

2. All bank statements for Palm House during the period of November 1, 2012 through December 31, 2014.

3. All financial records, including but not limited to balance sheets, profit and loss statements, and statements of cash flow for Palm House PB during the period of November 1, 20125 through December 31, 2014.

4. All bank statements for Palm House PB during the period of November 1, 2012 through December 31, 2014.

5. All financial records, including but not limited to balance sheets, profit and loss statements, and statements of cash flow for Palm House Hotel during the period of November 1, 20125 through December 31, 2014.

6. All bank statements for Palm House Hotel during the period of November 1, 2012 through December 31, 2014.

7. Any and all documents and ESI regarding Debtor.

8. Any and all documents and ESI regarding Palm House.

9. Any and all documents and ESI regarding Palm House PB.

10. Any and all documents and ESI regarding Palm House Hotel.