UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

160 Royal Palm, LLC,                                    Case No.  18-19441-EPK

    Debtor.                                             Chapter 11

_____/

### DEBTOR'S *EXPEDITED* MOTION TO COMPEL TESTIMONY

****Expedited Hearing Requested****

**An expedited hearing is requested because this motion relates to testimony the Debtor seeks to be compelled in preparation for an evidentiary hearing that will commence on January 8, 2019.**

Debtor in Possession, 160 Royal Palm, LLC (the "Debtor"), pursuant to Federal Rule of Civil Procedure 37, as incorporated by Fed. R. Bank. P. 7037, hereby moves to compel testimony from non-party Robert Matthews ("Matthews"), and states as follows:

1. On December 20, 2018, the Debtor and individuals who have been referred to in this matter as the EB-5 Investors, represented by David George, began taking the deposition of Matthews, the former person in control of the Debtor during periods relevant to the Contested Matters (defined below), and person in control of Palm House, LLC, the Debtor's parent company.[1] He is also the beneficial owner of Palm House, LLC.[2]

---

[1] Mr. Matthews' deposition was not completed on December 20, 2018 and it is anticipated that his deposition will recommence.

[2] In Mr. Matthews' chapter 11 disclosure statement, he explains that his brother holds the beneficial interest of the Palm House, LLC in trust for him and his wife. *See In re Robert Matthews*, Case No.: 17-23426-MAM. Also, in his Official Form 26 Periodic Report, Matthews lists: i) a "Joint Equitable/Beneficial interest in 99% membership interest" in Palm House, LLC, and ii) an "Indirect interest via Palm House LLC, which owns a 100% membership interest in 160 Royal Palm LLC" in the Debtor. *See* ECF No. 37, 17-23426-MAM.

{2234/000/00427234}

2. In August 2013, Palm House, LLC purchased 100% of the ownership interest in the Debtor from Glenn Straub. Prior to the closing of the transaction, on or about August 29, 2013, a partial list of Creditors/Vendors with outstanding invoices owed by the Debtor in connection with the Palm House Hotel project was created (the "Creditor List"), a copy of which is attached hereto as **EXHIBIT A**. While the Creditor List is not a complete list of the creditors of the Debtor as of the August 30, 2013 closing of the sale of the Debtor by Glenn Straub, it does demonstrate the existence of creditors prior to and as of the closing.

3. On January 8, 2019, the Court will commence an evidentiary hearing (the "Evidentiary Hearing") on three related matters (the "Contested Matters"): a) the *Debtor's Motion to Limit Credit Bids with Respect to Sale of Substantially All of Its Assets* ("Motion to Limit") [ECF No. 103]; b) *Secured Creditor KK-PB Financial, LLC's Motion to Estimate Claim for Purposes of Credit Bidding Pursuant to 11 U.S.C. §§ 502(c) and 363(k)* [ECF No. 133]; and c) *Secured Creditor KK-PB Financial, LLC's Motion to (I) Modify and Terminate Automatic Stay; or (II) Dismiss Chapter 11 Proceeding* [ECF No. 69].

4. At issue in the Contested Matters is *inter alia* whether the Debtor made certain fraudulent transfers, and the Debtor's creditor body at the time of such transfers.

5. A criminal case is pending against Matthews. Previously, in March 2018, the U.S. Attorney for the District of Connecticut charged Mr. Matthews with a 29-count indictment relating to the EB-5 fraud described in greater detail in the Motion to Limit, including *inter alia* claims of tax evasion, wire fraud and bank fraud.

6. During the December 20, 2018 deposition, Matthews almost universally asserted the Fifth Amendment, and failed to answer any questions regarding the Creditors. *See* Deposition transcript excerpt attached hereto as **EXHIBIT B**. Through the Motion, the Debtor seeks to compel

Matthews to answer questions concerning: (a) the veracity/accuracy of the Creditor List; (b) the identification of the Debtor's creditors as of August 29, 2013, August 30, 2013, March 28, 2014, and March 29, 2014; and (c) the authentication and business records qualification of the documents presented to Matthews at his deposition concerning the Debtor's creditors and finances (collectively, the "Questions").

7. The Fifth Amendment of the United States Constitution provides in part that "No person . . . shall be compelled in any criminal case to be a witness against himself . . . [,]" U.S. Const. amend. V. The privilege against self-incrimination, however, does not encompass all testimony. "To assert this privilege against self-incrimination, as an initial matter, a witness' fear of conviction on the basis of his testimony must be reasonable, real, and appreciable." *United States v. Gecas*, 120 F.3d 1419, 1424 (11th Cir. 1997). "The witness must face a 'real danger' of conviction to invoke the privilege because the privilege does not protect against 'remote and speculative possibilities.'" *Id*. at 1424. There should be a "reasonably legitimate fear of state prosecution and prosecution in other federal districts[.]" *In re Rothstein Rosenfeldt Adler, P.A.*, No. 09-34991-BKC-RBR, 2011 WL 6067494, at *3 (Bankr. S.D. Fla. June 7, 2011). "[U]nless the danger of self-incrimination is readily apparent, the burden of proving that the danger exists lies on the claimant." *Steinbrecher v. Comm'r*, 712 F.2d 195, 198 (5th Cir. 1983). "A court must make a particularized inquiry, deciding, in connection with each specific area that the questioning party wishes to explore, whether or not the privilege is well-founded." *United States v. Argomaniz*, 925 F.2d 1349, 1355 (11th Cir. 1991).

8. Basic factual questions, however, have been found to not be covered by the privilege against self-incrimination. For example, in *Rothstein*, the court found that the privilege did not apply to questions regarding: whether the deponent owned or rented a home or Maserati in

June 2010, met with government officials, whether the deponent received notification from the state or other federal agency about criminal investigations, the debtor's employees, and whether the deponent knew certain people. 2011 WL 6067494, at *3 (Bankr. S.D. Fla. June 7, 2011). In *Adelphia Recovery Tr. v. Bank of Am., N.A.*, a bankruptcy recovery trust sued numerous financial institutions and investment banking firms alleging that they knowingly aided and abetted a fraud by the debtor's majority shareholders and directors. No. 4:09-MC-00139, 2009 WL 5214981, at *1 (M.D. Pa. Dec. 29, 2009). The plaintiff deposed non-party Colin Higgin ("Higgin"), the former deputy counsel of the debtor, who invoked his Fifth Amendment right against self-incrimination to nearly all questions asked by the defendants' counsel. *Id*. The court concluded that a number of questions were "facially innocuous" and that Higgin failed to show that he would face a substantial or real risk of incrimination if he were required to answer questions that: pertained to his education and employment prior to his beginning employment with Adelphia in 1992, pertained to when his work with Adelphia began and ended and whether he has ever been party to a lawsuit, related to whether he was previously interviewed by attorneys in connection with his employment at Adelphia. *Id*. at *4.

9. Matthews' testimony as to the Questions does not involve testimonial incrimination, would not expose him to criminal liability, and are facially innocuous. There is no reasonable, real, and appreciable fear of conviction if he were required to answer the Questions. The Questions seek basic factual information regarding the creditors on the Creditor List both as of August 29, 2013 (prior to the closing) and after August 30, 2013 (after the closing) as well as whether and when such creditors were paid, and whether the Creditors held claims against the Debtor on certain dates. Matthews should likewise be compelled to answer similar questions with respect to additional creditors not on the Creditor List.

10. Furthermore, in order to facilitate the continued deposition of Matthews, the Court should either: (a) preside over the continued deposition; or (b) order the deposition to take place at a date and time that the Court is available to make telephonic rulings regarding any contested objections to questions/contested Fifth Amendment invocations.

WHEREFORE, the Debtor respectfully requests that the Court: i) grant the Motion, and ii) compel Matthews to answer the Questions, (iii) establish a procedure for the future determination of objections or controversies regarding the Fifth Amendment privilege at such continued deposition, and iv) grant the Debtor such other relief as the Court deems appropriate and just.

    Respectfully Submitted,

    SHRAIBERG, LANDAU & PAGE, P.A.
    Attorneys for the Debtor
    2385 NW Executive Center Drive, #300
    Boca Raton, Florida 33431
    Telephone: 561-443-0800
    Facsimile: 561-998-0047
    Email: plandau@slp.law
    Email: blee@slp.law

    By:  /s/ *Philip J. Landau*
         Philip J. Landau
         Florida Bar No. 0504017
         Bernice C. Lee
         Florida Bar No. 0073535

## ATTORNEY CERTIFICATIONS

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).  **I FURTHER CERTIFY** that I have, in good faith, conferred with counsel for Matthews in an effort to resolve the discovery failures set forth above in an effort to resolve this dispute without Court action.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on December 21, 2018, via CM/ECF to all parties registered to receive such notice via electronic filing and via email Christopher Kammerer, the counsel for Robert Matthews who attended the deposition in question at ckammerer@kammerermariani.com.

*/s/ Philip J. Landau*
Philip J. Landau

# EXHIBIT A

# THE PALM HOUSE

8/29/2013

| Contractor/Vendor | Trade/Item | Balance Of Contract |
|---|---|---:|
| CEI Electric | Electrician Contract 1 | $ 82,670.14 |
| CEI Electric | Electrician Contract 2 | $ 143,644.00 |
| Complete Cooling | HVAC Contract 2 | $ 66,100.00 |
| Cleary Plumbing | Plumber Contract 1 | $ 42,152.50 |
| Cleary Plumbing | Plumber Contract 2 | $ 117,962.73 |
| Thyssen Krupp | Elevator | $ 70,332.15 |
| TWG Enterprises | Painter | $ 10,500.00 |
| Orlando Pools | Pool | $ 37,500.00 |
| Southern Fire Protection | Fire Sprinklers | $ 29,450.00 |
| AW Rossi | Function Room Shell | $ 22,899.32 |
| Arch Precast 7 Foam | Cast Stone | $ 32,530.65 |
| Converged Solutions | IT/ Low Voltage | $ 10,000.00 |
| A1 Waterproofing | Waterproofing | $ 34,590.00 |
| Bella Stone Creations | Marble Fabricator | $ 12,250.00 |
| Marble Systems | Marble Importer | $ 12,791.94 |
| Drymensions | Lobby Drywall | $ 8,114.00 |
| Greenscape | Landscaping | $ 3,697.00 |
| Manny Ienero | Irrigation | $ 2,600.00 |
| East Coast Rrailing | Aluminum Railings | $ 1,263.00 |
| J&A Construction | Finishers/Tappers | $ 1,600.00 |
| Reno Fine Glass & Mirror | Vanity Mirrors | |
| Palm Gallery | Vanity Mirror Frames | |
| RAR | Architect | |
| MEP | Engineer | $ 9,500.00 |
| Jim Biaggi | Structural Engineer | |
| Comcast | TV/Tel/Internet | |
| Opera | PMS Reservations | |
| | | $ 752,147.43 |

Balance of Contracts Unpaid and Remaining Work

**Robert Matthews007600**

# EXHIBIT B

```
                                                                 1
1                   UNITED STATES BANKRUPTCY COURT
                    SOUTHERN DISTRICT OF FLORIDA
2                      WEST PALM BEACH DIVISION

3

4

5
    IN RE:                            CASE NO. 18-19441-EPK
6                                     Chapter 11
    160 ROYAL PALM, LLC,
7
            Debtor.
8   _____/

9

10              *** EXCERPT FROM PROCEEDINGS ***

11

12              Shraiberg Landau & Page
            2385 NW Executive Center Drive
13                    Suite 300
                Boca Raton, Fl 33431
14               December 20, 2018
               9:36 a.m. to 5:57 p.m.
15

16

17
                         DEPOSITION
18
                             OF
19
                       ROBERT MATTHEWS
20

21

22            Taken pursuant to Notice,
              On behalf of the Debtor.
23

24

25
```

2

1 <u>APPEARANCES:</u>

2

3 SHRAIBERG LANDAU & PAGE, by
PHILIP J. LANDAU, ESQUIRE
4 On behalf of the Debtor

5

6 SALAZAR LAW, by
LUIS SALAZAR, ESQUIRE
7 On behalf of KK-PB Financial, LLC

8

9 GEORGE GESTEN McDONALD, by
DAVID J. GEORGE, ESQUIRE
10 On behalf of the EB-5 Investors

11

12 KAMMERER MARIANI, by
CHRISTOPHER KAMMERER, ESQUIRE
13 On behalf of Robert Matthews

14

15 <u>ALSO PRESENT:</u>

16

17 CARY GLICKSTEIN
GLENN STRAUB
18

19 - - - - - - -

20

I-N-D-E-X
21
        DIRECT  CROSS
WITNESS
22 ROBERT MATTHEWS
 By Mr. George    3    --
23

24
 - - - - - - -
25

OUELLETTE & MAULDIN COURT REPORTERS, INC.
(305) 358-8875

*** EXCERPT FROM PROCEEDINGS ***

(Thereupon, Exhibit Number 25 was marked for Identification.)

BY MR. GEORGE:

Q. Mr. Matthews, I'm showing you what's been marked as Exhibit 25, which was also previously marked as Exhibit 14 to the deposition of Glenn Straub taken on November 28, 2018.

Do you recognize that document?

A. On advice of counsel, I exercise my rights under the Fifth Amendment and decline to answer the question.

Q. For the record, this is Bates labelled Robert Matthews 007599. The top of this document says Palm -- the Palm House, and on the right it says August 29, 2013; isn't that true, sir?

A. On advice of counsel, I exercise my rights under the Fifth Amendment and decline to answer the question.

Q. On the left-hand side of this document, there is a column that says contractor/vendor, and then it has a list of a number of contractors and vendors; isn't that true, sir?

A. On advice of counsel, I exercise my right under the Fifth Amendment and decline to answer the

1  question.
2       Q.    And August 29, 2013, is the day before the
3  closing of Glenn Straub's sale of his interests in 160;
4  correct?
5       A.    On advice of counsel, I exercise my rights
6  under the Fifth Amendment and decline to answer the
7  question.
8       Q.    And isn't it true that this list of
9  contractors and vendors was prepared in preparation for
10 the closing of the sale of Glenn Straub's interests in
11 160?
12      A.    On advice of counsel, I exercise my rights
13 under the Fifth Amendment and decline to answer the
14 question.
15      Q.    And isn't it true that all of these
16 contractors and vendors were creditors of 160 on the day
17 prior to Glenn Straub selling his interests in 160?
18           MR. SALAZAR:  Objection to form.
19           THE WITNESS:  On advice of counsel, I
20 exercise my rights under the Fifth Amendment and decline
21 to answer the question.
22 BY MR. GEORGE:
23      Q.    And isn't it true that on the right-hand
24 side of this document, it shows the balance owed to each
25 of these contractors and vendors on the day prior to the

Case 18-19441-EPK   Doc 411   Filed 12/21/18   Page 14 of 19

5

1  closing of the sale of Mr. Straub's interests in 160?
2              MR. SALAZAR:  Objection to form.
3              THE WITNESS:  On advice of counsel, I
4  exercise my rights under the Fifth Amendment and decline
5  to answer the question.
6  BY MR. GEORGE:
7        Q.    And on the bottom right-hand side of this
8  document, it says that $752,147.43 were due to vendors of
9  160 as of 8/29/2013; isn't that true?
10             MR. SALAZAR:  Objection to form.
11             THE WITNESS:  On advice of counsel, I
12 exercise my rights under the Fifth Amendment and decline
13 to answer the question.
14 BY MR. GEORGE:
15       Q.    Isn't it true that some of these contractors
16 and vendors were not paid off at closing of the sale of
17 Mr. Straub's transfer of his interests in 160?
18             MR. SALAZAR:  Objection to form.
19             THE WITNESS:  On advice of counsel, I
20 exercise my rights under the Fifth Amendment and decline
21 to answer the question.
22 BY MR. GEORGE:
23       Q.    And isn't it true that some of these
24 contractors and vendors were not paid subsequent to the
25 closing of that transaction with monies from that

OUELLETTE & MAULDIN COURT REPORTERS, INC.
(305) 358-8875

6

1  transaction?
2              MR. SALAZAR:  Objection to form.
3              THE WITNESS:  On advice of counsel, I
4  exercise my rights under the Fifth Amendment and decline
5  to answer the question.
6  BY MR. GEORGE:
7         Q.   And isn't it a fact that as we sit here
8  today, some of these contractors and vendors have never
9  been paid?
10             MR. SALAZAR:  Objection to form.
11             THE WITNESS:  On advice of counsel, I
12 exercise my rights under the Fifth Amendment and decline
13 to answer the question.
14 BY MR. GEORGE:
15        Q.   And isn't it true that as we sit here today,
16 some of these contractors and vendors are still creditors
17 of 160?
18             MR. SALAZAR:  Objection to form.
19             THE WITNESS:  On advice of counsel, I
20 exercise my rights under the Fifth Amendment and decline
21 to answer the question.
22 BY MR. GEORGE:
23        Q.   And isn't it true that these contractors and
24 vendors were creditors of 160 as of August 29, 2013?
25             MR. SALAZAR:  Objection to form.

7

1  THE WITNESS: On advice of counsel, I
2  exercise my rights under the Fifth Amendment and decline
3  to answer the question.
4  MR. LANDAU: Mr. Kammerer, I want you to
5  explain what would be the basis for the assertion of the
6  Fifth on these questions.
7  MR. KAMMERER: He's asserted it. He has his
8  reason for asserting it.
9  MR. LANDAU: The case law is clear, the
10  burden is on you guys. If you don't properly assert it,
11  it's waived.
12  MR. KAMMERER: He's asserted it. You'll
13  have to take that to the Judge, then.
14  MR. GEORGE: Chris, I understand your
15  position, and what I would like, if you could, to do, is
16  articulate the basis of that position with respect to this
17  particular document, and the reason that I'm asking this
18  is, this document is dated as of August 29, 2013.
19  And if you want to -- if you're instructing
20  him to assert the privilege, that's fine, but in order for
21  the Court to make a determination as to whether it's an
22  applicable assertion of the privilege, the Court needs to
23  understand what the actual basis for that assertion is,
24  and you can choose to or not to, but this is going to go
25  to the Court, and absent some explanation, he'll have

8

1  nothing to make a decision on.
2            MR. KAMMERER:  Well, I suppose if it goes to
3  a hearing in a court, there would be a proceeding on it
4  and there would be -- to the extent that's what the Court
5  inquires upon, we would have to respond to the Court.
6            He's asserted the privilege.  You're seeking
7  information with regards to a transaction that is at issue
8  with regards to the Palm House, and there's a criminal
9  proceeding regarding Mr. Matthews that includes
10 allegations with regards to transactions concerning the
11 Palm House.
12           So I think given the pending case, that he
13 has a basis for asserting his Fifth Amendment right
14 against incrimination.
15           MR. GEORGE:  Okay.
16 BY MR. GEORGE:
17      Q.   Mr. Matthews, did you speak with any of
18 these contractors or vendors prior to the closing of the
19 sale of Mr. Straub's interests in 160?
20      A.   On advice of counsel, I exercise my rights
21 under the Fifth Amendment and decline to answer the
22 question.
23      Q.   Did you speak to any of these contractors or
24 vendors prior to the closing of Mr. Straub's interests in
25 160 about how much money they were owed?

9

1   A.   On advice of counsel, I exercise my rights
2 under the Fifth Amendment and decline to answer the
3 questions.
4   Q.   Did you speak with any of these contractors
5 or vendors subsequent to the sale of Mr. Straub's
6 interests in 160?
7   A.   On advice of counsel, I exercise my rights
8 under the Fifth Amendment and decline to answer the
9 question.
10        MR. GEORGE:  I need two minutes, please.
11        (Thereupon, a brief recess was taken, after
12 which the following proceedings were had:)
13 * * * * * * * * * * * * * * * * * * * * * * * * *

10

CERTIFICATE

STATE OF FLORIDA         )

COUNTY OF MIAMI-DADE  )

     I, Margaret Franzen, Court Reporter and Notary Public for the State of Florida at Large, do hereby certify that I reported in shorthand the DEPOSITION of ROBERT MATTHEWS, the witness herein; that the said witness was first duly sworn by me; and that the foregoing pages, numbered from 1 to 9, inclusive, constitute a true record of the excerpt requested.

     I further certify that I am not of counsel, I am not related to, nor employed by any attorney in this case.

     DATED this 21st day of December 2018.

My Commission Expires:
Commission #GG187411
April 14, 2022

MARGARET FRANZEN, Court Reporter
Notary Public
State of Florida