UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

160 Royal Palm, LLC,                         Case No.  18-19441-EPK

Debtor.                                       Chapter 11

_____/

### DEBTOR'S: (a) RESPONSE IN OPPOSITION TO KK-PB FINANCIAL, LLC'S MOTION TO EXTEND DEADLINES AND (b) PARTIAL MOTION TO STRIKE KK-PB FINANCIAL, LLC'S WITNESS LIST

160 Royal Palm, LLC (the "Debtor") hereby responds in opposition to *Secured Creditor KK-PB Financial LLC's Motion for Entry of an Order Extending Certain Deadlines in Connection with the Rescheduling Order Entered December 14, 2018* ("KK-PB's Motion) filed by KK-PB Financial, LLC ("KK-PB") and separately, requests that the Court partially strike KK-PB's witness list.  In support, the Debtor states as follows:

1.      This Court's *Order Granting Motion to Continue Evidentiary Hearing, Auction and Related Deadlines, and Sale Hearing* [ECF No. 389] (the "Evidentiary Hearing Deadlines Order") is at the center of KK-PB's Motion. The Evidentiary Hearing Deadlines Order arose after the Debtor filed a motion to continue the evidentiary hearing concerning several contested matters (the "Contested Matters") originally scheduled for December 6, 2018.

2.      At the hearing conducted on November 30, 2018, KK-PB vociferously opposed the Debtor's request to continue the evidentiary hearing, representing to the Court it was ready for trial.  *A fortiori,* common sense would dictate that KK-PB had contemplated its expert requirements and was ready to move forward concerning its expert when it advised the Court that it was ready to proceed with the original date.   The fact that it now seeks more time to serve its Expert Disclosures---up through the eve of the Evidentiary Hearing---is puzzling.

{2234/000/00418246}

3.      Moreover, after overruling KK-PB's objection and granting the Debtor's motion to continue the Evidentiary Hearing, the Court granted KK-PB's *ore tenus* request for a scheduling order setting specific deadlines to exchange witness lists for both fact and expert witnesses.  When the Debtor provided KK-PB with the Debtor's proposed scheduling order, KK-PB made numerous changes.  A copy of KK-PB's redlined scheduling order is attached hereto as **Exhibit A**.  As the Court can discern from a comparison with Exhibit A and what was ultimately uploaded and entered by the Court in the form of the Evidentiary Hearing Deadlines Order, the Debtor agreed to virtually every change proposed by KK-PB.  In other words, there can be no argument of surprise on the eve of the Expert Disclosures deadline or any other deadline.  The deadline negotiated by the parties to make their Expert Disclosures was December 28, 2018.

4.      KK-PB cannot seriously believe the Debtor would not be prejudiced by first receiving KK-PB's expert reports on January 4th, four days before the Evidentiary Hearing.  The Debtor's professionals went to great expense and effort to complete and serve their reports by this Court-ordered deadline.  Instead of doing the same, KK-PB audaciously filed KK-PB's Motion at the close of business on December 28, 2018.

5.      In KK-PB's Motion, KK-PB complains that the Debtor has timely produced an amended report from its accountant, Marcie Bour.[1]  The fact that Ms. Bour's report is her third report or her tenth report is completely irrelevant, as the first deadline to exchange expert reports was December 28th.  If anything, KK-PB has had a great advantage by seeing Ms. Bour's initial affidavits months ago, coupled with it having deposed Ms. Bour for an entire day on November

---

[1] KK-PB's complaint that the Debtor has retained a new expert who has yet to disclose a report is without merit. The Debtor disclosed two retained experts: Ms Bour and appraiser Jeffrey Brown, whose retention should not come as a surprise given that the Debtor filed an application to employ Mr. Brown on December 7, 2018. ECF No. 368.

27, 2018.  Had KK-PB timely disclosed its experts and timely produced its expert reports, the Debtor would be analyzing KK-PB's expert reports and deposing KK-PB's experts for the first time sometime between today and January 8th, the first day of the Evidentiary Hearing.[2]  Allowing the requested extension would place the Debtor at a significant disadvantage, as KK-PB would now have the ability to "shop" the Debtor's expert reports it timely received and find the expert most willing to testify in a manner favorable to it.

6.      Therefore, the Debtor would be greatly prejudiced by any extension of the current deadlines and any attempt by KK-PB to untimely designate expert witnesses and serve expert reports and disclosures should not be permitted.  Accordingly, KK-PB's Motion should be denied.

7.      Furthermore, pursuant to Federal Rule of Civil Procedure 37(c)(1), the Court should strike KK-PB's fact witness list, ECF No. 428, to the extent it lists (a) "Any and all parties that have filed a proof of claim in this action," and (b) "All parties nam[ed] in this action."  The Debtor took great care to disclose 26 individual fact witnesses on the list that it timely served on December 28, 2018 in compliance with the Evidentiary Hearing Deadlines Order. *See* **Exhibit B**.   In listing "Any and all parties that have filed a proof of claim in this action," KK-PB has not and, contrary to the intent of the Evidentiary Hearing Deadlines Order, has left the Debtor in the dark regarding whom KK-PB intends to present as a witness.[3]  Pursuant to Federal Rule of Civil Procedure 37(c)(1), a party's failure to properly disclose a witness results in that parties' inability to utilize such witness "unless the failure was substantially justified or harmless."   KK-PB's imprecise

---

[2] It should also be noted that for weeks, even before the Court continued the Evidentiary Hearing, undersigned counsel has been asking counsel for KK-PB if KK-PB would be retaining an expert. Each time, KK-PB's counsel has stated that he "didn't know" if it would be retaining one.

[3] A total of 89 claims have been filed in this case to date.  The Debtor understands what KK-PB means by listing "any and all parties that have filed a proof of claim in this action" but is unsure what KK-PB means by "all parties named in this action."

disclosure of all parties that have filed a proof of claim in this action, and of all parties named in this action, is not substantially justified; at this stage, KK-PB should know exactly whom it intends to call as a witness to present its case.  Nor is it harmless; discovery and depositions are ongoing up through and past the first day of the Evidentiary Hearing, and the Debtor now cannot know exactly which claimants KK-PB intends to call.

8.      Accordingly, the Court should strike KK-PB's listing of "Any and all parties that have filed a proof of claim in this action" and "All parties nam[ed] in this action" from its witness list and otherwise prohibit KK-PB from calling such parties as witnesses at the Evidentiary Hearing.

**WHEREFORE,** the Debtor respectfully requests that the Court: (a) deny KK-PB's Motion [ECF No. 426]; and (b) strike KK-PB's listing of "Any and all parties that have filed a proof of claim in this action" and "All parties named in this action" from its witness list and otherwise prohibit KK-PB from calling such parties as witnesses at the Evidentiary Hearing.

Respectfully submitted,

SHRAIBERG, LANDAU, & PAGE, P.A.
Attorney for the Debtor
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
 Facsimile: 561-998-0047

By:  _/s/ Philip J. Landau_____
        Philip J. Landau
        Florida Bar No. 504017
        plandau@slp.law
        Eric Pendergraft
        Florida Bar No. 91927
        ependergraft@slp.law

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on December 31, 2018, via CM/ECF to all parties registered to receive such notice via electronic filing.

*/s/ Philip J. Landau*

# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

160 Royal Palm, LLC,                    Case No. 18-19441-EPK

     Debtor.                             Chapter 11
_____/

**ORDER GRANTING MOTION TO CONTINUE EVIDENTIARY HEARING,
AUCTION AND RELATED DEADLINES, AND SALE HEARING**

THIS MATTER came before the Court for hearing on November 30, 2018 upon the

*Expedited Motion to Continue Evidentiary Hearing, Auction and Related Deadlines, and Sale*

*Hearing* [ECF No. 336] (the "**Motion**") filed by 160 Royal Palm, LLC (the "**Debtor**").

For the reasons stated on the record, and being otherwise fully advised in the premises, it

is **ORDERED AND ADJUDGED** that:

    1.     The Motion [ECF No. 336] is GRANTED.

    2.     The December 6, 2018 evidentiary hearing scheduled to consider the following

matters is CONTINUED ~~ANCELLED~~ and is RESCHEDULED to January 8, 2019, January 11,

2019, and January 18, 2019, to commence all three days at 9:30 a.m. at the United States Bankruptcy Court, Room 801, Courtroom B, Flagler Waterview Building, 1515 N. Flagler Drive, West Palm Beach, Florida 33401, at which time the Court will consider the following matters:

    a.    *Debtor's Motion to Limit Credit Bids With Respect to Sale of Substantially All of Its Assets* [ECF No. 103];

    b.    *Secured Creditor KK-PB Financial, LLC's Motion to Estimate Claim for Purposes of Credit Bidding Pursuant to 11 U.S.C. §§ 502(c) and 363(k)* [ECF No. 133]; and

    c.    *Secured Creditor KK-PB Financial, LLC's Motion to (I) Modify and Terminate Automatic Stay; or (II) Dismiss Chapter 11 Proceeding* [ECF No. 69].

(the "**Rescheduled Evidentiary Hearing**").

    3.    No later than **December 28, 2018,** each party shall disclose and serve (as applicable) ~~to~~ on all other parties:

    a.    The name, address, and telephone number of each expert witness it intends to call to testify at the Rescheduled Evidentiary Hearing; and

    b.    The report of such expert witness pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), or the disclosures pursuant to Rule 26(a)(2)(C).

    4.    No later than **December 28, 2018**, each party shall disclose to all other parties its list of fact witnesses it expects to call to testify at the Rescheduled Evidentiary Hearing, including a brief statement summarizing the testimony each witness is expected to present.

    5.    No later than noon ~~4:00 p.m.~~ **on January 4~~2~~, 2019**, each party shall deliver ~~serve~~ in electronic format upon each opposing party (but not file with the Court):

a.      A set of pre-marked exhibits (including summaries) intended to be offered as evidence at trial. Exhibits tendered by the Debtor or any of the parties known as the EB-5 Investors shall be marked numerically. Exhibits tender by KK-PB Financial, LLC shall be marked alphabetically. Exhibits shall be submitted in electronic Portable Document Format (PDF) and stored on a USB flash drive or compact disc, unless otherwise agreed to by the parties. Each individual PDF file shall be limited to a single exhibit of a file size no greater than 10MB, and shall be accompanied by an Exhibit Register conforming to Local Form 49.

b.      With regard to any summary the party will offer in evidence at trial, a notice of the location(s) of the books, records, and the like, from which each summary has been made, and the reasonable times when such books, records, and the like they may be inspected and copied by adverse parties.

6.      Each party shall file and deliver, so as to be received no later than noon 4:00 p.m. **on January 74, 2019**, any objection to the admissibility of any proposed exhibit, including any deposition transcript or recording (audio or video) or any summary. The objection must (i) identify the exhibit, (ii) states the grounds for the objection; and (iii) provide citations to case law or other authority in support of the objection. **An objection not so made---except for one under Federal Rule of Evidence 402 or 403---is waived unless excused by the Court for good cause.**

7.      The Auction and Sale Hearing scheduled for December 14, 2018 pursuant to this Court's *Amended Order Granting Debtor's Motion for the Entry of an Order (I) Approving Bid Procedures and Bid Protections in Connection with the Sale of Substantially All of Its Assets, (II) Approving the Form and Manner of Notice and Sale, (III) Scheduling an Auction and Sale Hearing and (IV) Approving the Sale of the Assets Free and Clear of Liens, Claims and Encumbrances*

[ECF No. 273] (the "**Bid Procedures Order**") are CANCELLED. The Auction is RESCHEDULED to **January 28, 2019 at 10:00 a.m.** at the United States Bankruptcy Court, Room 801, Courtroom B, Flagler Waterview Building, 1515 N. Flagler Drive, West Palm Beach, Florida 33401, with the Sale Hearing to immediately follow.

8.      The December 7, 2018 5:00 p.m. Bid Deadline set forth in the Bid Procedures Order is extended to **January 21, 2019 at 5:00 p.m**.

9.      Unless specifically modified herein, all other deadlines and provisions of the Bid Procedures Order shall remain in full force and effect, and all other deadlines shall be calculated from the continued dates above, as applicable.

###


Submitted by:

Eric Pendergraft
**SHRAIBERG, LANDAU & PAGE, P.A.**
Attorney for the Debtor
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Tel.: 561-443-0800
Facsimile: 561-998-0047
Email:  ependergraft@slp.law

*Eric Pendergraft is directed to serve copies of this Order upon all interested parties and to file a certificate of service with the Court.*

# Exhibit B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

160 Royal Palm, LLC,                              Case No.  18-19441-EPK

     Debtor.                                          Chapter 11

_____/

## 160 ROYAL PALM, LLC AND EB-5 INVESTORS' JOINT WITNESS LIST

160 Royal Palm, LLC (the "Debtor") and the individuals who have appeared in this case's contested matter as the EB-5 Investors, pursuant to the Court's *Order Granting Motion to Continue Evidentiary Hearing and Related Deadlines, and Sale Hearing* [ECF No. 389] disclose the following joint witness list:

1.    Corporate Representative of Van Linda Iron Works, Inc.
Fact Witness
3787 Boutwell Road, Lake Worth, Florida 33461
This vendor provided labor, services and/or materials for the construction of improvements for the Palm House Hotel Project and will testify regarding the debts owed by the Debtor for same on certain relevant dates, including August 29, 2013 and March 29, 2014.

2.    Corporate Representative of Southern Fire Protection of Palm Beach, Inc.
Fact Witness
200 Business Park Way, Suite F, Royal Palm Beach, Florida 33411
This vendor provided labor, services and/or materials for the construction of improvements for the Palm House Hotel Project and will testify regarding the debts owed by the Debtor for same on certain relevant dates, including August 29, 2013 and March 29, 2014.

3.    Corporate Representative of CEI, LLC
Fact Witness
14150 NW 3rd Avenue, Florida 33168
This vendor provided labor, services and/or materials for the construction of improvements for the Palm House Hotel Project and will testify regarding the debts owed by the Debtor for same on certain relevant dates, including August 29, 2013 and March 29, 2014.

4.      Corporate Representative of Greenscape Design, Inc.
        Fact Witness
        16846 128th Trail North, Jupiter, Florida 33478
        This vendor provided labor, services and/or materials for the construction of
        improvements for the Palm House Hotel Project and will testify regarding the
        debts owed by the Debtor for same on certain relevant dates, including August 29,
        2013 and March 29, 2014.

5.      Corporate Representative of Architectural Precast & Foam, LLC
        Fact Witness
        c/o Cris Rapp, Esq.,1475 Centrepark Blvd., Ste. 275, West Palm Beach, FL 33401
        This vendor provided labor, services and/or materials for the construction of
        improvements for the Palm House Hotel Project and will testify regarding the
        debts owed by the Debtor for same on certain relevant dates, including August 29,
        2013 and March 29, 2014.

6.      Corporate Representative of Palm Gallery & Custom Framing
        Fact Witness
        1913 S. Dixie Highway, West Palm Beach, Florida 33401
        This vendor provided labor, services and/or materials for the construction of
        improvements for the Palm House Hotel Project and will testify regarding the
        debts owed by the Debtor for same on certain relevant dates, including August 29,
        2013 and March 29, 2014.

7.      Corporate Representative of Cleary Plumbing
        Fact Witness
        925 S. Military Trail #11, West Palm Beach, Florida 33415
        This vendor provided labor, services and/or materials for the construction of
        improvements for the Palm House Hotel Project and will testify regarding the
        debts owed by the Debtor for same on certain relevant dates, including August 29,
        2013 and March 29, 2014.

8.      Representative of the Town of Palm Beach, Florida
        Fact Witness
        c/o Allen Tomlinson, Esq., 505 S. Flagler Drive, Ste. 1200, West Palm Beach, FL
        33401
        This witness will testify regarding the performance obligations of the Debtor in
        connection with the construction of improvements for the Palm House Hotel
        Project, its operation upon project completion, and the debts owed by the Debtor
        for its failure to comply with those obligations on certain relevant dates, including
        August 29, 2013 and March 29, 2014, as well as the facts and circumstances
        pertaining to the claim held by this witness against the Debtor's estate.

9.      Xian "Shirley" Ma
        Fact Witness
        This witness is an immigration agent.  Six of her clients were investors in the
        Palm House Hotel Project, including Lan Li.  Ms. Ma will testify regarding her
        involvement in the Palm House Hotel Project.  This witness will also testify
        regarding the frequently-asked-questions ("FAQ") and Green Brochure
        investment marketing materials, as well as the method by which the signatures of
        the EB-5 Investors were obtained on the signatory packets.

10.     Lan Li
        Fact Witness
        c/o David George, Esq., 9897 Lake Worth Road, Ste. 302, Lake Worth, FL 33467
        This witness is an EB-5 investor who invested her money on August 13, 2013
        ($500,000 investment plus $60,000 administrative fee) and will testify regarding
        facts involving the same.

11.     Qi "Kevin" Fei
        Fact Witness
        This witness is a "wholesale agent" who: (a) dealt directly with Joseph Walsh and
        Robert Matthews; (b) was provided with marketing materials for the Palm House
        Hotel Project by Walsh and Matthews; and (c) then, at the request of Walsh and
        Matthews, took the information and disseminated it to people like Shirley Ma and
        other immigration agents throughout China in order to persuade them to have
        their clients invest in the Palm House Hotel Project.  He will testify as to the
        representations that were made by Walsh and Matthews regarding the project,
        including those in the FAQ and the Green Brochure, his dissemination of
        marketing materials to the other immigrations agents, his representations of what
        he was told by Walsh and Matthews to other immigration agents, and related
        issues.

12.     Yuanbo Wang
        Fact Witness
        c/o David George, Esq., 9897 Lake Worth Road, Ste. 302, Lake Worth, FL 33467
        This witness is an EB-5 investor who invested his money on November 1, 2013
        ($500,000 investment) and November 4, 2013 ($60,000 administrative fee) and
        will testify regarding facts involving the same.

13.     Halil Erseven
        Fact Witness
        c/o David George, Esq., 9897 Lake Worth Road, Ste. 302, Lake Worth, FL 33467
        This witness is an EB-5 investor who invested his money on December 18, 2012
        ($500,000 investment) and November 16, 2012 ($60,000 administrative fee) and
        will testify regarding facts involving the same.

14. Reza Siamak Nia
    Fact Witness
    c/o David George, Esq., 9897 Lake Worth Road, Ste. 302, Lake Worth, FL 33467
    This witness is an EB-5 investor who invested his money on February 19, 2014 ($500,000 investment) and November 20, 2013 ($40,000 administrative fee) and will testify regarding facts involving the same.

15. Erkan ("Eric") Nur
    Fact Witness
    This witness is an immigration agent whose client, Halil Erseven, was an investor in the Palm House Hotel Project. This witness will testify as to his involvement in the Palm House Hotel Project. This witness will also testify as to the information provided to him regarding the Palm House Hotel Project as well as the information provided to Halil Erseven before Mr. Erseven invested.

16. Anthony "Tony" Reitz
    Fact Witness
    This witness is the former Chief Financial Officer of South Atlantic Regional Center and USREDA. He will testify regarding the investments by the EB-5 Investors, the receipt of those monies, and the disposition of those monies.

17. Ryan Black
    Fact Witness
    c/o C. Brooks Ricca, Esq., 1615 Forum Place, Ste. 200, West Palm Beach, FL 33401
    This witness was the managing member of Palm House, LLC and will testify regarding: (a) his involvement with Palm House, LLC, the Debtor and the Palm House Hotel Project in 2013, 2014, and 2015; (b) the relationships between Robert Matthews, Joseph Walsh, and Glenn Straub; (c) the structure of the transactions resulting in the sale of the membership interests in the Debtor from Glenn Straub to Palm House, LLC; (d) the closing of such transactions and the source of funds for the closing; and (e) the utilization of the transactions proceeds and property at closing and thereafter, including the misuse of the same.

18. Robert Matthews
    Fact Witness
    c/o Christopher Kammerer, Esq., 1601 Forum Place, Ste. 500, West Palm Beach, FL 33401
    This witness will testify regarding: (a) his involvement with Palm House, LLC and the Debtor in 2013 and 2014; (b) his relationship and past transactions with Glenn Straub (personally and/or through various entities; (c) the finances of the Debtor; (d) the transactions resulting in the sale of the membership interests in the Debtor from Glenn Straub to Palm House, LLC; (e) the EB-5 Investors' funds in the Palm House Hotel Project; and (f) the history of the Palm House Hotel Project.

19.     Maria "Mia" Matthews
        Fact Witness
        c/o Christopher Kammerer, Esq., 1601 Forum Place, Ste. 500, West Palm Beach, FL 33401
        This witness will testify regarding: (a) her involvement with Palm House, LLC and the Debtor in 2013 and 2014; (b) her relationship with Glenn Straub; (c) the finances of the Debtor; (d) the transactions resulting in the sale of the membership interests in the Debtor from Glenn Straub to Palm House, LLC; (e) the EB-5 Investors' funds in the Palm House Hotel Project; (f) the history of the Palm House Hotel Project; and (g) Robert Matthews' relationship and past transactions with Glenn Straub (personally and/or through various entities).

20.     Glenn Straub
        Fact Witness
        c/o Luis Salazar, Esq., Penthouse, 2000 Ponce de Leon Blvd., Coral Gables, FL 33134
        This witness will testify regarding: (a) his involvement with Palm House, LLC and the Debtor; (b) his relationship and past transactions with Robert Matthews and Mia Matthews (personally and/or through various entities); (c) the finances of the Debtor; (d) the transactions resulting in the sale of the membership interests in the Debtor from Glenn Straub to Palm House, LLC; and (e) the EB-5 Investors' funds in the Palm House Hotel Project.

21.     Corporate Representative of KK-PB Financial, LLC
        Fact Witness
        c/o Luis Salazar, Esq., Penthouse, 2000 Ponce de Leon Blvd., Coral Gables, FL 33134
        This witness will testify regarding: (a) its involvement with Palm House, LLC and the Debtor; (b) its relationship and past transactions with Robert Matthews and Mia Matthews (personally and/or through various entities); (c) the finances of the Debtor; (d) the transactions resulting in the sale of the membership interests in the Debtor from Glenn Straub to Palm House, LLC; and (e) the EB-5 Investors' funds in the Palm House Hotel Project.

22.     Craig Galle
        Fact Witness
        13501 South Shore Blvd., Ste. 103, Wellington, Florida 33414
        This witness will testify regarding: (a) his involvement with Palm House, LLC and the Debtor; (b) the relationship and past transactions between Glenn Straub, Robert Matthews and Mia Matthews (personally and/or through various entities); (c) the finances of the Debtor; (d) the transactions resulting in the sale of the membership interests in the Debtor from Glenn Straub to Palm House, LLC; (e) the EB-5 Investors' funds in the Palm House Hotel Project; (f) his role in the 115 Lower Church Hill, Washington Depot, Connecticut transaction; and (g) his role in the Pointe Breeze Hotel transaction.

23.    The Galle Law Group P.A.
       Fact Witness
       This witness will testify regarding: (a) its involvement with Palm House, LLC and
       the Debtor; (b) its relationship and past transactions between Glenn Straub,
       Robert Matthews and Mia Matthews (personally and/or through various entities);
       (c) the finances of the Debtor; (d) the transactions resulting in the sale of the
       membership interests in the Debtor from Glenn Straub to Palm House, LLC; (e)
       the EB-5 Investors' funds in the Palm House Hotel Project; (f) its role in the 115
       Lower Church Hill, Washington Depot, Connecticut transaction; and (g) its role
       in the Pointe Breeze Hotel transaction.

24.    Jeffrey Zink
       Fact Witness
       3390 Chalfant Road., Shaker Heights, Ohio 44120
       This witness will testify regarding: (a) his involvement with Palm House, LLC
       and the Debtor; (b) the relationship and past transactions between Glenn Straub,
       Robert Matthews and Mia Matthews (personally and/or through various entities);
       (c) the finances of the Debtor; (d) the transactions resulting in the sale of the
       membership interests in the Debtor from Glenn Straub to Palm House, LLC; and
       (e) the EB-5 Investors' funds in the Palm House Hotel Project.

25.    Sal Spano
       Fact Witness
       1198 Hillsboro Mile, Apt. 244, Hillsboro Beach, Florida 33062
       On information and belief, this witness will testify regarding: (a) his involvement
       with Palm House, LLC and the Debtor; (b) the relationship and past transactions
       between Glenn Straub,  Robert Matthews and Mia Matthews (personally and/or
       through various entities); (c) the finances of the Debtor; (d) the transactions
       resulting in the sale of the membership interests in the Debtor from Glenn Straub
       to Palm House, LLC; and (e) the EB-5 Investors' funds in the Palm House Hotel
       Project.

26.    Cary Glickstein
       Fact Witness and Rule 26(a)(2)(C) Expert Witness
       c/o Philip Landau, Esq., 2385 NW Executive Center Drive, Ste. 300, Boca Raton,
       Florida, 33431, 561-526-8459

       This witness initially was the court-appointed receiver for the property of the
       Debtor and later the court-appointed manager of the Debtor.  **As a fact witness**,
       this witness will testify regarding: (a) his involvement with the Debtor; (b) the
       finances of the Debtor; and (c) his involvement with the Town of Palm Beach
       regarding construction non-conformities, project approvals, and code violations.

       By May 2015, when he became the receiver, this witness was in his second term
       as Mayor of Delray Beach, Florida and a member of The Florida Bar, a Florida
       certified general contractor and an experienced corporate manager and real estate

developer. Over the past thirty-three years, this witness has been a real estate and corporate lawyer for a national law firm, general counsel and senior operational officer within a large, multi-national development organization,  real estate developer, certified general contractor and an elected official, who, in those various capacities, has been personally involved in hundreds of real estate transactions, including significant and complex acquisitions and dispositions encompassing numerous types of financing strategies, including acquisition, development and construction loans of significant amounts, spanning a variety of asset classes, including retail, office, condominium, single-family and multi-family, industrial and manufacturing, and hospitality properties.  In those capacities, this witness has underwritten, overseen, approved, entitled, re-zoned, created, helped design, marketed, participated in, secured financing for, constructed, completed, closed and sold completed projects and properties, and represented private, public, institutional, governmental buyers, sellers, syndicators and lenders, using various ownership entities and financing structures in real estate-related transactions and development projects throughout  the state of Florida  and other states.  As a result of such varied experience and his position of employment at various times, this witness has engendered and maintained good working relationships with local and state officials having jurisdiction over development projects.

**As an expert witness**, this witness will utilize such background and expertise to factually testify and opine as to the following subject matter: (a) the acquisition, financing and construction feasibility and propriety of the Palm House Hotel project, including the market rate of interest for commercial real estate financing; and (b) the transactions that resulted in the sale of the membership interests in the Debtor from Glenn Straub to Palm House, LLC.

The following is a summary of the facts and opinions as to which this witness is expected to testify to **as an expert witness**:

By May 2015, the Palm House Hotel Project was the subject of several lawsuits by and among the property ownership interests, construction lien and loan foreclosure actions, as well as intentional tort claims arising from the Project, the construction of which had been abandoned in late 2014.  Criminal indictments, prosecutions and plea agreements associated with the Project and certain of its participants were still over three years away at that time.

In connection with his service as receiver and as manager for the Debtor, this witness has reviewed the various documents regarding the transaction involving the sale of Glenn Straub's membership interests in the Debtor to Palm House, LLC and the related loan by KK-PB Financial, LLC. This witness will opine that, had he been approached as a prospective purchaser/assignee for the assignment of Debtor's membership interests as occurred between Glenn Straub and Palm House, LLC, he would have declined for a number of reasons, including, but not limited to, the following which individually and collectively would have led him

to conclude that a proposed conveyance solely by the transfer of membership interest, unaccompanied by a deed conveyance would be highly suspect and of questionable legitimacy, in that it was not an arm's length, good faith transfer of assets in exchange for valuable consideration.

    a.    Having participated in hundreds of real estate transactions of varying significance, simplicity and complexity, this witness will testify that he cannot recall a single real estate acquisition, transfer or disposition of real estate ownership, or financing of real estate collateral, using only a non-assigned, non-pledged, non-hypothecated, or otherwise non-collateralized transfer of membership/share interests between unrelated parties, in lieu of a recorded deed transfer or an instance where all document recordation to reflect the bona fide intentions of the parties and consummate the transfer did not occur concurrent with closing.

    b.    This witness will testify that as a seasoned real estate professional he is confident he would not participate in a transfer of real estate ownership involving an active construction project where the transfer of member/share interests occurred between unrelated parties, as purportedly occurred between Mr. Straub and the members of Palm House, LLC, (versus a transfer between existing members/shareholders; e.g., death, divorce, incapacity, etc.), without substantially more documentation than what appears to exist in this transaction, such as the requirement for performance and/or completion bonds, corporate and personal indemnification and hold harmless agreements from the transferring entity and member/shareholders, establishment of unencumbered escrowed funds to address any potential claims issues, and/or comprehensive waiver letters from the transferee acknowledging the inherent and unknown risks, among other documents, none of which exist in the subject transactions.

    c.    This witness will testify that the following aspects of the Palm House Hotel Project would discourage any prospect for bona fide conventional financing: known and unknown claims and liabilities of the Debtor; extensive, potential fatal liabilities arising from a partially completed construction project with a history of foreclosure (of the same principal purchaser-borrower) and a foreclosure sale; and existing litigation between the Debtor and the Town of Palm Beach, which substantially imperiled the Project and interjected uncertainty into its prospects for obtaining a Certificate of Occupancy along with possible construction lien liability incurred by the Debtor and possible code enforcement violations.

    d.    Similarly, this witness will testify that, because the Debtor acquired the Property through a judicial sale, marketability of title to the Property would be a paramount concern and consideration, and it is

presently unknown if the Debtor ever obtained an owner's or mortgagee's policy of title insurance.

In addition, there appears to be no evidence of any assignment, pledge or hypothecation (at any time or of any kind) by Palm House, LLC in favor of KK-PB, of the transferred LLC member interests (which would be typical in any loan transaction in order to restrict changes in borrower control until the loan obligation is satisfied). Further, this witness will testify that one of the most, if not the most inexplicable fact he has discovered associated with the purported mortgage loan transaction by and between KK-PB and the Debtor is that KK-PB did not record its mortgage for approximately seven months after the mortgage was executed and delivered. This witness will testify that, because most construction liens to relate back to the filing of a notice of commencement which must be filed before or shortly after construction begins, KK-PB's seven-month delay in recording its purported mortgage was effectively a lifetime of delay and suggests there was no regard for the priority of the mortgage lien or its ultimate enforceability.

This witness will testify that, having acted as attorney to many lenders and borrowers, and participated as a borrower, in hundreds of construction-related loan transactions, the urgency for recording a mortgage given in connection with a construction project, for purposes of securing lien priority, is as critical as confirming proper execution and delivery of the loan documents.

This witness will testify regarding the interest rate involved in the loan transaction in question, and will offer opinions as to the market rate of interest for similar transactions to demonstrate that the below-market interest rate charged by KK-PB was indicative of a transaction that was not arms-length.

This witness will testify that, as egregious an error as KK-PB's delay in the recording of its purported mortgage would be in connection with any construction related loan transaction, it is especially inexplicable to the Project because KK-PB was not simply recording a mortgage for a loan for which construction had not yet commenced. This witness will testify that the Project for which the Debtor gave KK-PB a purported mortgage was an active, on-going construction project which involved a number of construction personnel and subcontractors that provided labor, services and materials for Robert Matthews when the Property was owned by Royal 160, LLC, then for Mr. Straub and the Debtor, and then back to the Debtor and Robert Matthews. Based on his experience, this witness will testify that every loan closing transaction associated with construction involves thorough due diligence by the lender and the title insurer not only as to the borrower and the collateral but also to verify that no construction has commenced in order to limit the risk of liens and claims which might have priority over the line of the mortgage, and that if construction had commenced, any bona fide buyer or lender, as well as any title insurer, would require a termination of a recorded notice of commencement, in addition to affidavits from the general contractor and

property owner, in favor of the lender and title insurer, among others, attesting to: (i) the non-existence of any liens or potential liens, any claims or potential claims, or any unpaid lienors; and (ii) the non-existence of any outstanding or potential payment obligations to any party.

27.    Marcie D. Bour
Rule 26(a)(2)(B) Expert Witness
c/o Philip Landau, Esq., 2385 NW Executive Center Drive, Ste. 300, Boca Raton, Florida, 33431, 561-526-8459
*See* attached report.
*See* attached application to employ for statement of compensation.

28.    Jeffrey S. Brown
Rule 26(a)(2)(B) Expert Witness
c/o Philip Landau, Esq., 2385 NW Executive Center Drive, Ste. 300, Boca Raton, Florida, 33431, 561-526-8459
---*See* attached report.
---List of cases which, during the previous four years, this witness testified as an expert at trial or by deposition:

    Jodeco Road Parcels 44A & 44 and 18 - Stockbridge, GA - Right of Way Litigation

    Amin Parcel Jodeco Road - Stockbridge, GA - Right of Way Litigation

    John Q. Hammons Fall 2006, LLC, et al., Bankruptcy Case No. 16-21142

    Mohegan Sun Pocono – Wilkes-Barre Area School District Tax Assessment Appeal (litigation)

---List of publications:
---2015 Hotel Investor Update – Atlanta

---*See* attached application to employ for statement of compensation.

29.    All witnesses called by KK-PB Financial, LLC.

30.    Any rebuttal witnesses necessitated by the testimony of other witnesses.

Respectfully Submitted,

**SHRAIBERG, LANDAU & PAGE, P.A.**
Attorneys for the Debtor
2385 NW Executive Center Drive, Suite 300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
Email:  plandau@slp.law


By:    */s/ Philip J. Landau*
             Philip J. Landau, Esq.
             Fla. Bar. No. 0504017


**GEORGE·GESTEN·MCDONALD, PLLC.**
Attorneys for the EB-5 Investors
9897 Lake Worth Road, Suite 302
Lake Worth, FL 33467
Phone: (888) 421-4529
Fax:    (888) 421-4173
By:  /s/ David J. George
        David J. George, Esquire
        Florida Bar No. 898570
        dgeorge@4-justice.com
        jcoelho@4-justice.com


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by email

to Luis Salazar, Esq. (luis@salazar.law); and Franck Chantayan, Esq. (franck@chantayan.com)

on December 28, 2018.


By:    */s/ Philip J. Landau*