UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re                                              Case No.: 18-19441-BKC-EPK

160 ROYAL PALM, LLC,                               Chapter 11

_____Debtor._____/

**SECURED CREDITOR KK-PB FINANCIAL, LLC'S *EMERGENCY*
MOTION (I) TO STRIKE (A) CUSHMAN & WAKEFIELD OF GEORGIA, INC.'S
APPRAISAL OF REAL PROPERTY; (B) MARCIE D. BOUR'S THIRD EXPERT
REPORT; AND (C) CARY GLICKSTEIN'S DISCLOSURES; (II) TO EXCLUDE
TESTIMONY AND PRECLUDE USE OF INFORMATION CONTAINED
THEREIN AS EVIDENCE FOR ANY PURPOSE**
[Emergency Hearing Requested: January 3, 2019 at 1:30 p.m.]

> **BASIS FOR EMERGENCY RELIEF:** KK-PB Financial, LLC respectfully
> requests that the Court conduct an emergency hearing on this Motion
> in order for the evidentiary issues raised herein to be considered at a
> single hearing along with other matters arising from or relating to this
> contested matter that are currently scheduled for hearing on **January
> 3, 2019**. KK-PB Financial requests that the Court waive the provisions
> of Local Rule 9075-1(B), as the relief requested herein is urgent in
> nature and does not lend itself to advance resolution.

    Secured Creditor, KK-PB Financial, LLC ("**KK-PB Financial**"), moves this Court on
an *emergency* basis, pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, made
applicable by Rules 7026, 7037, and 9014 of the Federal Rules of Bankruptcy Procedure, for the
entry of an Order (a) striking (i) Cushman & Wakefield of Georgia, Inc.'s ("**Cushman**")
Appraisal for Real Property dated December 26, 2018 ("**Cushman Appraisal**"); (ii) Marcia D.
Bour's ("**Bour**") Expert Report dated December 28, 2018 ("**Third Bour Report**"); and (iii)
Cary Glickstein's disclosures of facts and opinions contained in the Debtor and the EB-5
Investors' Joint Witness List dated December 28, 2018 ("**Glickstein Disclosure**"); and (b)
excluding testimony and precluding the use of information contained therein as evidence for any
purpose, and states:

SALAZAR
— L A W —

## PRELIMINARY STATEMENT

1.      The Debtor has failed to comply with the disclosure requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure for several reasons. First, the Debtor's Rule 26(a)(2)(C) disclosures fail to demonstrate that Glickstein is not required to provide a report under Rule 26(a)(2)(B) and as the proponent of Glickstein's testimony, the Debtor bears the burden of demonstrating that Glickstein is not required to submit a full report.

2.      In fact, any opinion Glickstein may present regarding (i) the acquisition, financing and construction feasibility and propriety of the Palm House Hotel project, and (ii) the transactions that resulted in the sale of the membership interests in the Debtor from Glenn Straub to Palm House, LLC, must necessarily have arisen in the anticipation of or during this litigation, and thus not in the ordinary course of his employment with the Debtor. Therefore, Glickstein functions as a non-retained expert and a written report under Rule 26(a)(2)(B) is required. Going further, even if Rule was construed to excuse Glickstein from the report requirement of Rule 26(a)(2)(B), the Debtor's disclosures by way of its Joint Witness List under Rule 26(a)(2)(C) is deficient on its face as it fails to provide an adequate summary of facts and opinions to which Glickstein is expected to testify. And the Debtor has not disclosed how Glickstein is qualified to provide expert testimony on the subject matter identified in the Joint Witness List, which is required under Rules 26(a)(2)(A), (B) and (C) of the Federal Rules of Civil Procedure.

3.      Second, the Debtor's disclosures present information that has not been timely supplemented under Rule 26(e). As this Court is aware, although parties are permitted to supplement expert reports under Rule 26(e), such supplementation does not cover (i) reports that suffer from a "major omission"; and (ii) failures of omission due to the expert's inadequate or incomplete preparation. Because the Cushman Appraisal and balance sheet tests are a major component of the Third Bour Report, the Debtor should not be permitted to supplement that Report in a belated fashion and should not be permitted to use the Cushman Appraisal or the Third Bour Report for any purpose. This is particularly true in light of the fact that the Debtor obtained the Cushman Appraisal on December 26, 2018 and rather than immediately delivering the Appraisal to KK-PB Financial that same day, the Debtor further delayed KK-PB Financial's

receipt of the Appraisal by furnishing a copy of the Cushman Appraisal to Bour for inclusion in the Third Bour Report on December 28, 2018.

4.      Accordingly, the Cushman Appraisal, the Third Bour Report, and the Glickstein Disclosure should be stricken, such that the Debtor and the EB-5 Investors should not be permitted to use any information contained therein as evidence for any purpose.

**The Glickstein Disclosure**

5.      The Glickstein Disclosure in the Joint Witness List is deficient on its face. A true and correct copy of the Joint Witness List is attached hereto as **Exhibit A**.

6.      Rule 26(a)(2)(A) provides that in addition to the disclosures set forth in Rule 26(a)(1), a party must disclose the identity of any witness it may use at trial to present evidence under Federal Rules of Evidence 702, 703 or 705. Fed. R. Civ. P. 26(a)(2)(A). Rule 26(a)(2)(B) requires *retained or specially employed experts* to provide a written report containing, among other things: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; and (iii) any exhibits that that will be used to summarize or support them; (iv) the witness's qualifications; (v) a list of all other cases in which the witness testified as an expert witness at trial or deposition during the previous four years; and (vi) a statement of the compensation to be paid for the study and the testimony in the case. Fed. R. Civ. P. 26(a)(2)(B). (emphasis added).

7.      In contrast, Rule 26(a)(2)(C) provides, in limited circumstances, for a more abbreviated disclosure by non-retained experts, at a minimum requiring the disclosure of: (i) the subject matter on which the witness is expected to present evidence under Federal Rules of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C). Therefore, the rules combine to create two categories of expert disclosures: those requiring written reports satisfying the requirements of Rule 26(a)(2)(B); and those not requiring written reports, but still requiring a disclosure of the subject matter on which the witness is expected to present evidence and a summary of facts and opinions about which the witness is expected to testify pursuant to Rule 26(a)(2)(C).

8.      As set forth in the Glickstein Disclosure, Glickstein is a non-retained expert and therefore, does not qualify for the exception to Rule 26(a)(2)(B). In fact, whether a witness is

3



functioning as a non-retained expert depends on whether the opinions to be provided are formed in the anticipation of litigation or otherwise outside the normal course of employment — if in anticipation of litigation or outside the normal course of employment, a report is required. *See Guarantee Trust Life Ins. Co. v. Am. Med. & Life Ins. Co.*, 291 F.R.D. 234, 237 (N.D. Ill. 2013) (holding that non-retained experts must only testify about opinions that were formed during the course of their participation in the relevant events of the case, and only to those opinions which were properly disclosed; and that witness may only testify to opinions formed during and as part of his employment and not those that he developed later or in anticipation of litigation); *Brainstorm Interactive, Inc. v. School Specialty, Inc.*, 14-cv-50-wmc, 2014 WL 5817327, at *3 (W.D. Wise, Nov. 10, 2014) (holding that the application of Rule 26(a) (2)(B) depends on the expert's relationship to the issues in the lawsuit and whether his or her relationship developed prior to the commencement of the lawsuit; *Beane v. Utility Trailer Mgs. Co.*, No. 2:10 CV 781, 2013 WL 1344763, at *4 (W. D. La., Feb. 25, 2013) (finding experts to be witnesses subject to Rule 26(a)(2)(B) in the absence of evidence that the experts had any firsthand knowledge of the issues they sought to testify to at trial).

9.      Here, the Debtor's Rule 26(a)(2)(C) disclosures fail to demonstrate that Glickstein is not required to provide a report under Rule 26(a)(2)(B) and as the proponent of Glickstein's testimony, the Debtor bears the burden of demonstrating that a witness is not required to submit a full report. *See Singletary v. Stops, Inc.*, No. 6:09-cv-1763-Orl-19KRS, 2010 WL 3517039, at *6 (M.D. Fla. Sept. 7, 2010); *Meredith v. Int'l Marine Underwriters*, Civil No. GLR-10-837, 2012 WL 3025139, at *5 (D. Md. July 20, 2012). The Debtor has failed to establish that the facts and opinions to which Glickstein is expected to testify arose from his general employment prior to anticipation of this litigation and thus not requiring a full report under Rule 26.

**The Cushman Appraisal**

10.      By Order dated September 10, 2018 (ECF No. 66), this Court approved the Debtor's employment of Cushman & Wakefield U.S., Inc. as real estate broker to facilitate the sale of real property located at 160 Royal Palm Way, Palm Beach, Florida (the "**Real Property**"). Three months thereafter, the Debtor filed its Application dated December 7, 2018 (ECF No. 368) seeking this Court's approval of the employment of Cushman & Wakefield of Georgia, Inc.



to undertake a historical appraisal of the Real Property. The hearing to consider that Application is scheduled for January 3, 2019.

11.     Now three business days prior to the Evidentiary Hearing in this contested matter,[1] the Debtor has provided the Cushman Appraisal to KK-PB Financial.

12.     The Debtor has allowed the clock to run on obtaining an appraisal of the Real Property. Then rather than immediately delivering the Cushman Appraisal to KK-PB Financial on December 26, 2018, the Debtor further delayed KK-PB Financial's receipt of the Appraisal by furnishing a copy of the Cushman Appraisal to Bour for inclusion in the Third Bour Report on December 28, 2018.

13.     KK-PB Financial is highly prejudiced by the Debtor's delayed delivery of the Cushman Appraisal as it has had no time to serve discovery on Cushman, to conduct a deposition of the appraiser who completed the Cushman Appraisal, or to locate or identify any rebuttal expert. The Debtor cannot be permitted to engage in this kind of gamesmanship, seeking to hold all its cards until the very end and resulting in the type of surprise that Rule 26 is designed to avoid.

**The Third Bour Report**

14.     To date, Bour has prepared ***three*** Expert Reports. The first report was submitted on October 17, 2018, the second report was submitted on November 21, 2018, and the Third Bour Report was provided to KK-PB Financial on December 28, 2018.

15.     Bour's second report was produced only one week prior to her deposition and included new information and opinions as to the valuation of Debtor's assets. KK-PB Financial was unable to conduct any discovery as it relates to Bour's second report and was forced to proceed with Bour's deposition on November 27, 2018.

16.     Now, after KK-PB Financial has conducted Bour's deposition, the Debtor has submitted the Third Bour Report, which includes an in-depth analysis of the Debtor's assets

---

[1] At the Evidentiary Hearing, the Court will consider the Debtor's Motion to Limit Credit Bids With Respect to Sale of Substantially All of Its Assets [ECF No. 103]; Secured Creditor KK-PB Financial, LLC's Motion to Estimate Claim for Purposes of Credit Bidding Pursuant to 11 U.S.C. §§ 502(c) and 363(k) [ECF No. 133]; and Secured Creditor KK-PB Financial, LLC's Motion to (I) Modify and Terminate Automatic Stay; or (II) Dismiss Chapter 11 Proceeding [ECF No. 69].



using the "Balance Sheet Test" as of August 31, 2013 and as of March29, 2014. None of that information was disclosed to KK-PB Financial as required under Rule 26(e) of the Federal Rules of Civil Procedure and the balance sheet tests were not included in any prior report.

17.      Similarly, the Third Bour Report now includes an analysis of Leslie Evan's escrow account – information and data that were not made available to KK-PB Financial prior to Bour's deposition. And such information and data were not disclosed or made available to KK-PB Financial on a timely basis to afford KK-PB Financial an opportunity to conduct the deposition of Leslie Evans regarding such information.

18.      Finally, the Third Bour Report relies heavily on the Cushman Appraisal that was submitted simultaneously with the Third Bour Report. The Debtor argues that KK-PB Financial is at a great advantage having Bour's first two reports and having conducted her deposition. But the truth of that matter is that the Third Bour Report includes a significant amount of information and data that should have been previously disclosed (*i.e.*, information relating to Leslie Evans and the Cushman Appraisal) as such information is a substantive part of the Third Bour Report. Worse, the Debtor has only provided January 9, 2019 as a tentative date for KK-PB Financial to conduct its second deposition of Bour, ***one day after*** the Evidentiary Hearing is scheduled to commence.

19.      The magnitude of the foregoing discrepancies reveal the potential surprise awaiting KK-PB Financial at the Evidentiary Hearing due to the Debtor's deficient disclosures and demonstrate the prejudice to KK-PB Financial in attempting to prepare its own rebuttal experts.

**WHEREFORE**, Secured Creditor, KK-PB Financial, LLC, respectfully requests that this Court issue an Order (i) granting this Motion; (ii) striking Cushman & Wakefield of Georgia, Inc.'s Appraisal for Real Property dated December 26, 2018, Marcia D. Bour's Expert Report dated December 28, 2018 , and Cary Glickstein's disclosures of facts and opinions contained in the Debtor and the EB-5 Investors' Joint Witness List dated December 28, 2018; (iii) excluding testimony and precluding the use of information contained therein as evidence for any purpose; and (iv) granting such further relief as this Court deems just and proper.

Dated: January 2, 2019   Respectfully submitted,

**SALAZAR LAW**
*Counsel for Secured Creditor, KK-PB Financial, LLC*
2000 Ponce de Leon Boulevard, Penthouse Suite
Coral Gables, Florida  33134
Telephone: (305) 374-4848
Facsimile:  (305) 397-1021
Email: Luis@Salazar.Law
Email: Aguilar@Salazar.Law

By:____*/s/ Luis Salazar*_____
  Luis Salazar
  Florida Bar No. 147788
  Celi S. Aguilar
  Florida Bar No. 117589

**SALAZAR**
— L A W —

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this day, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that the foregoing document is being served this day on all parties identified on the Service List attached to the original hereof via transmission of Notices of Electronic Filing generated by CM/ECF or electronic mail transmission as indicated thereon.

By:  */s/ Luis Salazar*
     Luis Salazar

SALAZAR
— LAW —

## SERVICE LIST

**Electronic Mail Notice List**
**(Via CM/ECF)**

- **David W Baddley**    baddleyd@sec.gov
- **Heidi A Feinman**    Heidi.A.Feinman@usdoj.gov
- **Steven C Jones**    steven.jones@wilsonelser.com, anna.nowakowska@wilsonelser.com;
  vivian.fusco@wilsonelser.com;EService.Miami@wilsonelser.com
- **Philip J Landau**    plandau@slp.law, msmith@slp.law; blee@slp.law; pdorsey@slp.law;
  dwoodall@slp.law;ematteo@slp.law;ependergraft@slp.law;cdraper@slp.law
- **Bernice C. Lee**    blee@slp.law, dwoodall@slp.law;ematteo@slp.law;cdraper@slp.law
- **Peter J Malecki**    pmalecki@riccalawyers.com,
  bricca@riccalawyers.com;lkendrick@riccalawyers.com
- **Edward A Marod**    emarod@gunster.com, dpeterson@gunster.com
- **Orfelia M Mayor**    omayor@ombankruptcy.com,
  legalservices@pbctax.com;carmen@ombankruptcy.com;cmbk@ombankruptcy.com;omayor
  @ecf.inforuptcy.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov
- **Eric S Pendergraft**    ependergraft@slp.law, dwoodall@slp.law;
  ematteo@slp.law;bshraibergecfmail@gmail.com;cdraper@slp.law
- **Cristopher S Rapp**    csrapp@kelleykronenberg.com, IRGeservice@kelleykronenberg.com
- **Luis Salazar**    Luis@Salazar.Law, Aguilar@Salazar.Law; Cabrera@Salazar.Law;Lee-
  Sin@Salazar.Law;Osorio@Salazar.Law
- **Jeffrey I. Snyder**    jsnyder@bilzin.com, eservice@bilzin.com;lflores@bilzin.com
- **Allen R Tomlinson**    atomlinson@jonesfoster.com, mbest@jonesfoster.com
- **Harry Winderman**    harry4334@hotmail.com,
  lynoramae@gmail.com,lm@whcfla.com,filings@whcfla.com

**Electronic Mail Notice List**
**(Via Email)**

| | |
|---|---|
| **Robert V. Cornish, Esq.**<br>Wilson, Elser, Moskowitz, Edelman *et al.*<br>700 11th Street, NW, #400<br>Washington, DC 20001<br>robert.cornish@wilsonelser.com | **David J. George, Esq.**<br>c/o George Gesten McDonald, PLLC<br>9897 Lake Worth Road, Suite 302<br>Lake Worth, FL 33467<br>DGeorge@4-Justice.com |
| **Gregg H. Glickstein, Esq.**<br>Gregg H. Glickstein, P.A.<br>54 SW Boca Raton Blvd.<br>Boca Raton, FL 33432<br>ghgpa@bellsouth.net | **Daniel A. Hershman, Esq.**<br>Hershman Law P.A.<br>2240 Palm Beach Lakes Blvd, Suite 101<br>West Palm Beach, FL 33409<br>dahershmanlaw@aol.com |
| **Larry Richey, Esq.**<br>Cushman & Wakefield<br>515 East Las Olas Blvd, Suite 900<br>Fort Lauderdale, FL 33301 | **Christopher W. Kammerer, Esq.**<br>Kammerer Mariani PLLC<br>1601 Forum Place Suite 500<br>West Palm Beach, FL 33401 |



larry.richey@cushwake.com                    ckammerer@KammererMariani.com

**Maria M Yip**
Yip Associates
1001 Yamato Road, Suite 301
Boca Raton, FL 33431
myip@yipcpa.com

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

160 Royal Palm, LLC,                                    Case No.  18-19441-EPK

     Debtor.                                              Chapter 11

_____/

### 160 ROYAL PALM, LLC AND EB-5 INVESTORS' JOINT WITNESS LIST

160 Royal Palm, LLC (the "Debtor") and the individuals who have appeared in this case's contested matter as the EB-5 Investors, pursuant to the Court's *Order Granting Motion to Continue Evidentiary Hearing and Related Deadlines, and Sale Hearing* [ECF No. 389] disclose the following joint witness list:

1.    Corporate Representative of Van Linda Iron Works, Inc.
      Fact Witness
      3787 Boutwell Road, Lake Worth, Florida 33461
      This vendor provided labor, services and/or materials for the construction of improvements for the Palm House Hotel Project and will testify regarding the debts owed by the Debtor for same on certain relevant dates, including August 29, 2013 and March 29, 2014.

2.    Corporate Representative of Southern Fire Protection of Palm Beach, Inc.
      Fact Witness
      200 Business Park Way, Suite F, Royal Palm Beach, Florida 33411
      This vendor provided labor, services and/or materials for the construction of improvements for the Palm House Hotel Project and will testify regarding the debts owed by the Debtor for same on certain relevant dates, including August 29, 2013 and March 29, 2014.

3.    Corporate Representative of CEI, LLC
      Fact Witness
      14150 NW 3rd Avenue, Florida 33168
      This vendor provided labor, services and/or materials for the construction of improvements for the Palm House Hotel Project and will testify regarding the debts owed by the Debtor for same on certain relevant dates, including August 29, 2013 and March 29, 2014.

4.      Corporate Representative of Greenscape Design, Inc.
        Fact Witness
        16846 128th Trail North, Jupiter, Florida 33478
        This vendor provided labor, services and/or materials for the construction of
        improvements for the Palm House Hotel Project and will testify regarding the
        debts owed by the Debtor for same on certain relevant dates, including August 29,
        2013 and March 29, 2014.

5.      Corporate Representative of Architectural Precast & Foam, LLC
        Fact Witness
        c/o Cris Rapp, Esq.,1475 Centrepark Blvd., Ste. 275, West Palm Beach, FL 33401
        This vendor provided labor, services and/or materials for the construction of
        improvements for the Palm House Hotel Project and will testify regarding the
        debts owed by the Debtor for same on certain relevant dates, including August 29,
        2013 and March 29, 2014.

6.      Corporate Representative of Palm Gallery & Custom Framing
        Fact Witness
        1913 S. Dixie Highway, West Palm Beach, Florida 33401
        This vendor provided labor, services and/or materials for the construction of
        improvements for the Palm House Hotel Project and will testify regarding the
        debts owed by the Debtor for same on certain relevant dates, including August 29,
        2013 and March 29, 2014.

7.      Corporate Representative of Cleary Plumbing
        Fact Witness
        925 S. Military Trail #11, West Palm Beach, Florida 33415
        This vendor provided labor, services and/or materials for the construction of
        improvements for the Palm House Hotel Project and will testify regarding the
        debts owed by the Debtor for same on certain relevant dates, including August 29,
        2013 and March 29, 2014.

8.      Representative of the Town of Palm Beach, Florida
        Fact Witness
        c/o Allen Tomlinson, Esq., 505 S. Flagler Drive, Ste. 1200, West Palm Beach, FL
        33401
        This witness will testify regarding the performance obligations of the Debtor in
        connection with the construction of improvements for the Palm House Hotel
        Project, its operation upon project completion, and the debts owed by the Debtor
        for its failure to comply with those obligations on certain relevant dates, including
        August 29, 2013 and March 29, 2014, as well as the facts and circumstances
        pertaining to the claim held by this witness against the Debtor's estate.

9.     Xian "Shirley" Ma
       Fact Witness
       This witness is an immigration agent.  Six of her clients were investors in the
       Palm House Hotel Project, including Lan Li.  Ms. Ma will testify regarding her
       involvement in the Palm House Hotel Project.  This witness will also testify
       regarding the frequently-asked-questions ("FAQ") and Green Brochure
       investment marketing materials, as well as the method by which the signatures of
       the EB-5 Investors were obtained on the signatory packets.

10.    Lan Li
       Fact Witness
       c/o David George, Esq., 9897 Lake Worth Road, Ste. 302, Lake Worth, FL 33467
       This witness is an EB-5 investor who invested her money on August 13, 2013
       ($500,000 investment plus $60,000 administrative fee) and will testify regarding
       facts involving the same.

11.    Qi "Kevin" Fei
       Fact Witness
       This witness is a "wholesale agent" who: (a) dealt directly with Joseph Walsh and
       Robert Matthews; (b) was provided with marketing materials for the Palm House
       Hotel Project by Walsh and Matthews; and (c) then, at the request of Walsh and
       Matthews, took the information and disseminated it to people like Shirley Ma and
       other immigration agents throughout China in order to persuade them to have
       their clients invest in the Palm House Hotel Project.  He will testify as to the
       representations that were made by Walsh and Matthews regarding the project,
       including those in the FAQ and the Green Brochure, his dissemination of
       marketing materials to the other immigrations agents, his representations of what
       he was told by Walsh and Matthews to other immigration agents, and related
       issues.

12.    Yuanbo Wang
       Fact Witness
       c/o David George, Esq., 9897 Lake Worth Road, Ste. 302, Lake Worth, FL 33467
       This witness is an EB-5 investor who invested his money on November 1, 2013
       ($500,000 investment) and November 4, 2013 ($60,000 administrative fee) and
       will testify regarding facts involving the same.

13.    Halil Erseven
       Fact Witness
       c/o David George, Esq., 9897 Lake Worth Road, Ste. 302, Lake Worth, FL 33467
       This witness is an EB-5 investor who invested his money on December 18, 2012
       ($500,000 investment) and November 16, 2012 ($60,000 administrative fee) and
       will testify regarding facts involving the same.

14.  Reza Siamak Nia
Fact Witness
c/o David George, Esq., 9897 Lake Worth Road, Ste. 302, Lake Worth, FL 33467
This witness is an EB-5 investor who invested his money on February 19, 2014
($500,000 investment) and November 20, 2013 ($40,000 administrative fee) and
will testify regarding facts involving the same.

15.  Erkan ("Eric") Nur
Fact Witness
This witness is an immigration agent whose client, Halil Erseven, was an investor
in the Palm House Hotel Project.  This witness will testify as to his involvement
in the Palm House Hotel Project.  This witness will also testify as to the
information provided to him regarding the Palm House Hotel Project as well as
the information provided to Halil Erseven before Mr. Erseven invested.

16.  Anthony "Tony" Reitz
Fact Witness
This witness is the former Chief Financial Officer of South Atlantic Regional
Center and USREDA.  He will testify regarding the investments by the EB-5
Investors, the receipt of those monies, and the disposition of those monies.

17.  Ryan Black
Fact Witness
c/o C. Brooks Ricca, Esq., 1615 Forum Place, Ste. 200, West Palm Beach, FL
33401
This witness was the managing member of Palm House, LLC and will testify
regarding: (a) his involvement with Palm House, LLC, the Debtor and the Palm
House Hotel Project in 2013, 2014, and 2015; (b) the relationships between
Robert Matthews, Joseph Walsh, and Glenn Straub; (c) the structure of the
transactions resulting in the sale of the membership interests in the Debtor from
Glenn Straub to Palm House, LLC; (d) the closing of such transactions and the
source of funds for the closing; and (e) the utilization of the transactions proceeds
and property at closing and thereafter, including the misuse of the same.

18.  Robert Matthews
Fact Witness
c/o Christopher Kammerer, Esq., 1601 Forum Place, Ste. 500, West Palm Beach,
FL 33401
This witness will testify regarding: (a) his involvement with Palm House, LLC
and the Debtor in 2013 and 2014; (b) his relationship and past transactions with
Glenn Straub (personally and/or through various entities; (c) the finances of the
Debtor; (d) the transactions resulting in the sale of the membership interests in the
Debtor from Glenn Straub to Palm House, LLC; (e) the EB-5 Investors' funds in
the Palm House Hotel Project; and (f) the history of the Palm House Hotel
Project.

19.   Maria "Mia" Matthews
      Fact Witness
      c/o Christopher Kammerer, Esq., 1601 Forum Place, Ste. 500, West Palm Beach,
      FL 33401
      This witness will testify regarding: (a) her involvement with Palm House, LLC
      and the Debtor in 2013 and 2014; (b) her relationship with Glenn Straub; (c) the
      finances of the Debtor; (d) the transactions resulting in the sale of the membership
      interests in the Debtor from Glenn Straub to Palm House, LLC; (e) the EB-5
      Investors' funds in the Palm House Hotel Project; (f) the history of the Palm
      House Hotel Project; and (g) Robert Matthews' relationship and past transactions
      with Glenn Straub (personally and/or through various entities).

20.   Glenn Straub
      Fact Witness
      c/o Luis Salazar, Esq., Penthouse, 2000 Ponce de Leon Blvd., Coral Gables, FL
      33134
      This witness will testify regarding: (a) his involvement with Palm House, LLC
      and the Debtor; (b) his relationship and past transactions with Robert Matthews
      and Mia Matthews (personally and/or through various entities); (c) the finances of
      the Debtor; (d) the transactions resulting in the sale of the membership interests in
      the Debtor from Glenn Straub to Palm House, LLC; and (e) the EB-5 Investors'
      funds in the Palm House Hotel Project.

21.   Corporate Representative of KK-PB Financial, LLC
      Fact Witness
      c/o Luis Salazar, Esq., Penthouse, 2000 Ponce de Leon Blvd., Coral Gables, FL
      33134
      This witness will testify regarding: (a) its involvement with Palm House, LLC and
      the Debtor; (b) its relationship and past transactions with Robert Matthews and
      Mia Matthews (personally and/or through various entities); (c) the finances of the
      Debtor; (d) the transactions resulting in the sale of the membership interests in the
      Debtor from Glenn Straub to Palm House, LLC; and (e) the EB-5 Investors' funds
      in the Palm House Hotel Project.

22.   Craig Galle
      Fact Witness
      13501 South Shore Blvd., Ste. 103, Wellington, Florida 33414
      This witness will testify regarding: (a) his involvement with Palm House, LLC
      and the Debtor; (b) the relationship and past transactions between Glenn Straub,
      Robert Matthews and Mia Matthews (personally and/or through various entities);
      (c) the finances of the Debtor; (d) the transactions resulting in the sale of the
      membership interests in the Debtor from Glenn Straub to Palm House, LLC; (e)
      the EB-5 Investors' funds in the Palm House Hotel Project; (f) his role in the 115
      Lower Church Hill, Washington Depot, Connecticut transaction; and (g) his role
      in the Pointe Breeze Hotel transaction.

23. The Galle Law Group P.A.
Fact Witness
This witness will testify regarding: (a) its involvement with Palm House, LLC and the Debtor; (b) its relationship and past transactions between Glenn Straub, Robert Matthews and Mia Matthews (personally and/or through various entities); (c) the finances of the Debtor; (d) the transactions resulting in the sale of the membership interests in the Debtor from Glenn Straub to Palm House, LLC; (e) the EB-5 Investors' funds in the Palm House Hotel Project; (f) its role in the 115 Lower Church Hill, Washington Depot, Connecticut transaction; and (g) its role in the Pointe Breeze Hotel transaction.

24. Jeffrey Zink
Fact Witness
3390 Chalfant Road., Shaker Heights, Ohio 44120
This witness will testify regarding: (a) his involvement with Palm House, LLC and the Debtor; (b) the relationship and past transactions between Glenn Straub, Robert Matthews and Mia Matthews (personally and/or through various entities); (c) the finances of the Debtor; (d) the transactions resulting in the sale of the membership interests in the Debtor from Glenn Straub to Palm House, LLC; and (e) the EB-5 Investors' funds in the Palm House Hotel Project.

25. Sal Spano
Fact Witness
1198 Hillsboro Mile, Apt. 244, Hillsboro Beach, Florida 33062
On information and belief, this witness will testify regarding: (a) his involvement with Palm House, LLC and the Debtor; (b) the relationship and past transactions between Glenn Straub,  Robert Matthews and Mia Matthews (personally and/or through various entities); (c) the finances of the Debtor; (d) the transactions resulting in the sale of the membership interests in the Debtor from Glenn Straub to Palm House, LLC; and (e) the EB-5 Investors' funds in the Palm House Hotel Project.

26. Cary Glickstein
Fact Witness and Rule 26(a)(2)(C) Expert Witness
c/o Philip Landau, Esq., 2385 NW Executive Center Drive, Ste. 300, Boca Raton, Florida, 33431, 561-526-8459

This witness initially was the court-appointed receiver for the property of the Debtor and later the court-appointed manager of the Debtor.  **As a fact witness**, this witness will testify regarding: (a) his involvement with the Debtor; (b) the finances of the Debtor; and (c) his involvement with the Town of Palm Beach regarding construction non-conformities, project approvals, and code violations.

By May 2015, when he became the receiver, this witness was in his second term as Mayor of Delray Beach, Florida and a member of The Florida Bar, a Florida certified general contractor and an experienced corporate manager and real estate

developer.  Over the past thirty-three years, this witness has been a real estate and corporate lawyer for a national law firm, general counsel and senior operational officer within a large, multi-national development organization,  real estate developer, certified general contractor and an elected official, who, in those various capacities, has been personally involved in hundreds of real estate transactions, including significant and complex acquisitions and dispositions encompassing numerous types of financing strategies, including acquisition, development and construction loans of significant amounts, spanning a variety of asset classes, including retail, office, condominium, single-family and multi-family, industrial and manufacturing, and hospitality properties.  In those capacities, this witness has underwritten, overseen, approved, entitled, re-zoned, created, helped design, marketed, participated in, secured financing for, constructed, completed, closed and sold completed projects and properties, and represented private, public, institutional, governmental buyers, sellers, syndicators and lenders, using various ownership entities and financing structures in real estate-related transactions and development projects throughout  the state of Florida  and other states.  As a result of such varied experience and his position of employment at various times, this witness has engendered and maintained good working relationships with local and state officials having jurisdiction over development projects.

**As an expert witness**, this witness will utilize such background and expertise to factually testify and opine as to the following subject matter: (a) the acquisition, financing and construction feasibility and propriety of the Palm House Hotel project, including the market rate of interest for commercial real estate financing; and (b) the transactions that resulted in the sale of the membership interests in the Debtor from Glenn Straub to Palm House, LLC.

The following is a summary of the facts and opinions as to which this witness is expected to testify to **as an expert witness**:

By May 2015, the Palm House Hotel Project was the subject of several lawsuits by and among the property ownership interests, construction lien and loan foreclosure actions, as well as intentional tort claims arising from the Project, the construction of which had been abandoned in late 2014.  Criminal indictments, prosecutions and plea agreements associated with the Project and certain of its participants were still over three years away at that time.

In connection with his service as receiver and as manager for the Debtor, this witness has reviewed the various documents regarding the transaction involving the sale of Glenn Straub's membership interests in the Debtor to Palm House, LLC and the related loan by KK-PB Financial, LLC. This witness will opine that, had he been approached as a prospective purchaser/assignee for the assignment of Debtor's membership interests as occurred between Glenn Straub and Palm House, LLC, he would have declined for a number of reasons, including, but not limited to, the following which individually and collectively would have led him

to conclude that a proposed conveyance solely by the transfer of membership interest, unaccompanied by a deed conveyance would be highly suspect and of questionable legitimacy, in that it was not an arm's length, good faith transfer of assets in exchange for valuable consideration.

a.    Having participated in hundreds of real estate transactions of varying significance, simplicity and complexity, this witness will testify that he cannot recall a single real estate acquisition, transfer or disposition of real estate ownership, or financing of real estate collateral, using only a non-assigned, non-pledged, non-hypothecated, or otherwise non-collateralized transfer of membership/share interests between unrelated parties, in lieu of a recorded deed transfer or an instance where all document recordation to reflect the bona fide intentions of the parties and consummate the transfer did not occur concurrent with closing.

b.    This witness will testify that as a seasoned real estate professional he is confident he would not participate in a transfer of real estate ownership involving an active construction project where the transfer of member/share interests occurred between unrelated parties, as purportedly occurred between Mr. Straub and the members of Palm House, LLC, (versus a transfer between existing members/shareholders; e.g., death, divorce, incapacity, etc.), without substantially more documentation than what appears to exist in this transaction, such as the requirement for performance and/or completion bonds, corporate and personal indemnification and hold harmless agreements from the transferring entity and member/shareholders, establishment of unencumbered escrowed funds to address any potential claims issues, and/or comprehensive waiver letters from the transferee acknowledging the inherent and unknown risks, among other documents, none of which exist in the subject transactions.

c.    This witness will testify that the following aspects of the Palm House Hotel Project would discourage any prospect for bona fide conventional financing: known and unknown claims and liabilities of the Debtor; extensive, potential fatal liabilities arising from a partially completed construction project with a history of foreclosure (of the same principal purchaser-borrower) and a foreclosure sale; and existing litigation between the Debtor and the Town of Palm Beach, which substantially imperiled the Project and interjected uncertainty into its prospects for obtaining a Certificate of Occupancy along with possible construction lien liability incurred by the Debtor and possible code enforcement violations.

d.    Similarly, this witness will testify that, because the Debtor acquired the Property through a judicial sale, marketability of title to the Property would be a paramount concern and consideration, and it is

presently unknown if the Debtor ever obtained an owner's or mortgagee's policy of title insurance.

In addition, there appears to be no evidence of any assignment, pledge or hypothecation (at any time or of any kind) by Palm House, LLC in favor of KK-PB, of the transferred LLC member interests (which would be typical in any loan transaction in order to restrict changes in borrower control until the loan obligation is satisfied). Further, this witness will testify that one of the most, if not the most inexplicable fact he has discovered associated with the purported mortgage loan transaction by and between KK-PB and the Debtor is that KK-PB did not record its mortgage for approximately seven months after the mortgage was executed and delivered. This witness will testify that, because most construction liens to relate back to the filing of a notice of commencement which must be filed before or shortly after construction begins, KK-PB's seven-month delay in recording its purported mortgage was effectively a lifetime of delay and suggests there was no regard for the priority of the mortgage lien or its ultimate enforceability.

This witness will testify that, having acted as attorney to many lenders and borrowers, and participated as a borrower, in hundreds of construction-related loan transactions, the urgency for recording a mortgage given in connection with a construction project, for purposes of securing lien priority, is as critical as confirming proper execution and delivery of the loan documents.

This witness will testify regarding the interest rate involved in the loan transaction in question, and will offer opinions as to the market rate of interest for similar transactions to demonstrate that the below-market interest rate charged by KK-PB was indicative of a transaction that was not arms-length.

This witness will testify that, as egregious an error as KK-PB's delay in the recording of its purported mortgage would be in connection with any construction related loan transaction, it is especially inexplicable to the Project because KK-PB was not simply recording a mortgage for a loan for which construction had not yet commenced. This witness will testify that the Project for which the Debtor gave KK-PB a purported mortgage was an active, on-going construction project which involved a number of construction personnel and subcontractors that provided labor, services and materials for Robert Matthews when the Property was owned by Royal 160, LLC, then for Mr. Straub and the Debtor, and then back to the Debtor and Robert Matthews. Based on his experience, this witness will testify that every loan closing transaction associated with construction involves thorough due diligence by the lender and the title insurer not only as to the borrower and the collateral but also to verify that no construction has commenced in order to limit the risk of liens and claims which might have priority over the line of the mortgage, and that if construction had commenced, any bona fide buyer or lender, as well as any title insurer, would require a termination of a recorded notice of commencement, in addition to affidavits from the general contractor and

property owner, in favor of the lender and title insurer, among others, attesting to: (i) the non-existence of any liens or potential liens, any claims or potential claims, or any unpaid lienors; and (ii) the non-existence of any outstanding or potential payment obligations to any party.

27.    Marcie D. Bour
       Rule 26(a)(2)(B) Expert Witness
       c/o Philip Landau, Esq., 2385 NW Executive Center Drive, Ste. 300, Boca Raton, Florida, 33431, 561-526-8459
       *See* attached report.
       *See* attached application to employ for statement of compensation.

28.    Jeffrey S. Brown
       Rule 26(a)(2)(B) Expert Witness
       c/o Philip Landau, Esq., 2385 NW Executive Center Drive, Ste. 300, Boca Raton, Florida, 33431, 561-526-8459
       ---*See* attached report.
       ---List of cases which, during the previous four years, this witness testified as an expert at trial or by deposition:

              Jodeco Road Parcels 44A & 44 and 18 - Stockbridge, GA - Right of Way Litigation

              Amin Parcel Jodeco Road - Stockbridge, GA - Right of Way Litigation

              John Q. Hammons Fall 2006, LLC, et al., Bankruptcy Case No. 16-21142

              Mohegan Sun Pocono – Wilkes-Barre Area School District Tax Assessment Appeal (litigation)

       ---List of publications:
       ---2015 Hotel Investor Update – Atlanta

       ---*See* attached application to employ for statement of compensation.

29.    All witnesses called by KK-PB Financial, LLC.

30.    Any rebuttal witnesses necessitated by the testimony of other witnesses.

Respectfully Submitted,

**SHRAIBERG, LANDAU & PAGE, P.A.**
Attorneys for the Debtor
2385 NW Executive Center Drive, Suite 300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
Email:  plandau@slp.law

By:    */s/ Philip J. Landau*
        Philip J. Landau, Esq.
        Fla. Bar. No. 0504017


**GEORGE·GESTEN·MCDONALD, PLLC.**
Attorneys for the EB-5 Investors
9897 Lake Worth Road, Suite 302
Lake Worth, FL 33467
Phone: (888) 421-4529
Fax:    (888) 421-4173
By:  /s/ David J. George
       David J. George, Esquire
       Florida Bar No. 898570
       dgeorge@4-justice.com
       jcoelho@4-justice.com


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by email to Luis Salazar, Esq. (luis@salazar.law); and Franck Chantayan, Esq. (franck@chantayan.com) on December 28, 2018.


By:    */s/ Philip J. Landau*