UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| In re | Case No.: 18-19441-BKC-EPK |
| 160 ROYAL PALM, LLC, | Chapter 11 |
| Debtor. / | |

### SECURED CREDITOR KK-PB FINANCIAL, LLC'S
### MOTION *IN LIMINE* TO SUPPRESS IRRELEVANT EVIDENCE

Secured Creditor, KK-PB Financial, LLC ("**KK-PB Financial**") moves to suppress irrelevant evidence Debtor 160 Royal Palm, LLC ("**Debtor**") seeks to introduce and states:

### PRELIMINARY STATEMENT

1. Equitable subordination is not legal short hand for "let's throw everything we can on the wall and see what sticks." In fact, equitable subordination is much more rigorous. It requires evidence that a fiduciary of the debtor abused its position to the disadvantage of other creditors, or that a third party exercised control over the debtor to the detriment of other creditors, or that a third party actually have defrauded other creditors or engaged in other inequitable conduct that results in harm to creditors. *Matter of Mobile Steel Co.,* 563 F.2d 692, 700 (5th Cir. 1977). It follows that the evidence Debtor presents should go to these issues.

2. But here, Debtor seeks to introduce evidence that is not relevant to these required showings as part of its *Motion to Limit Credit Bid*. More specifically, Debtor's "evidence" apparently covers several categories of facts: (a) a Straub loan in connection with Matthew's Nantucket home; (b) the PB Realty involuntary bankruptcy; (c) Straub's personal relationship with Robert and Mia Matthews; (d) a transaction involving Mirabia, LLC; (e) Straub's personal relationship with Mia Matthews; and (e) Straub's loan to Matthews to fund legal fees. For the reasons set forth below, evidence and testimony in these areas should be precluded as irrelevant.

### LEGAL ARGUMENT

3. This motion *in limine* is proper since it seeks to exclude inadmissible or prejudicial evidence before it is actually introduced. *Luce v. U.S.*, 469 U.S. 38, 40 n.2 (1984) ("We use the term in a broad sense to refer to any motion, whether made before or during trial,

1



to exclude anticipated prejudicial evidence before the evidence is actually offered."). Thus, "a motion *in limine* is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child and Family Services*, 115 F.3d 436, 440 (7th Cir. 1997) (italics supplied).

4. Relevant evidence is generally admissible, Fed. R. Evid. 402, and evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action," Fed. R. Evid. 401, *i.e.*, the fact is material. The "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence," Fed. R. Evid. 403, and similarly, may exercise reasonable control over the mode of presenting evidence so as to effectively determine the truth, avoid wasting time and protect witnesses from harassment or undue embarrassment. Fed. R. Evid. 611.

5. A trial court is afforded broad discretion in its evidentiary rulings, including those made in connection with a motion *in limine*. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008). As one treatise explained, "[Federal Evidence Rule 611] imposes on the trial court the duty of balancing the trial's primary function of ascertaining the truth concerning the dispute between the parties against the needs of the courts to conserve their time and to protect witnesses from harassment or undue embarrassment at the hands of overzealous advocates." 4 Mark S. Brodin *Et Al.*, *Weinstein's Federal Evidence* § 611.02[2][a] at 611–6 (2d ed. 2017). "Restrictions on examination and exclusion of testimony are within the discretion granted the district court by Rule 611. To avoid repetition and irrelevant testimony, the court may limit testimony or exclude it altogether." *Id.* § 611.02[2][b][i] at 611–28.3 to 611–29. The trial court has "wide latitude" under Federal Evidence Rule 611 in controlling the presentation of evidence. *SR Int'l Bus. Ins. Co. Ltd. v. World Trade Ctr. Props., LLC*, 467 F.3d 107, 119 (2d Cir. 2006) (quotation omitted); *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, AP 08-01789 (SMB), 2017 WL 2602332, at *4–5 (Bankr. S.D.N.Y. June 15, 2017).

6. Here, the disputed transaction here was nothing more than a run-of-the-mill Florida dirt deal. But Debtor seeks to raise as many extraneous facts as possible in an effort to show some nefarious scheme to harm the Debtor's creditors.

2



7. **Evidence of an Alleged "Nantucket Scheme."** Debtor relies on a largely fabricated tale of a "scheme" between Straub and Matthews to defraud Matthews personal creditors in connection with Matthew's Nantucket home. In fact, discovery has made clear that this transaction was very straightforward: In 2009, Matthews borrowed $773,000 from Straub, a well-know collateral lender, in order to pay and reinstate the mortgage on his Nantucket home. As security for the loan, Matthews gave Straub a security interest in personal property located in that home. Though he was forced to file a lawsuit to precipitate final payment, Straub's loan was ultimately paid in full with interest and attorneys fees, as agreed.

8. As noted, equitable subordination requires evidence that a fiduciary of the debtor abused its position to the disadvantage of other creditors, or that a third party exercised control over the debtor to the detriment of other creditors, or that a third party actually have defrauded other creditors or engaged in other inequitable conduct that results in harm to creditors. Here, Debtor cannot show that Straub's loan to the Matthews in 2009 is somehow improper or relevant to a cause of action for equitable subordination of KK-PB's loan to the Debtor, and should be excluded pursuant to Rules 401 and 403.

9. **The PB Realty Holdings Involuntary Bankruptcy.** In its *Motion to Limit Credit Bid*, Debtor also accused Straub of being involved in some scheme by Matthews to defraud creditors of one of his companies, PB Realty. During discovery, Debtor avoided seeking any discovery on this issue, presumably in recognition that Straub never had any connection or business dealings with PB Realty at all. In fact, its likely Debtor was well aware of this fact when it made the false allegation in the Motion.

10. Again, equitable subordination requires evidence that a fiduciary of the debtor abused its position to the disadvantage of other creditors, or that a third party exercised control over the debtor to the detriment of other creditors, or that a third party actually have defrauded other creditors or engaged in other inequitable conduct that results in harm to creditors. Here, Debtor cannot show that Straub had anything to do with PB Realty, and thus any evidence relating to that should be excluded pursuant to Rules 401 and 403.

11. **The Mirabia Transaction.** In its *Motion to Limit Credit Bid*, Debtor again falsely accused Straub of somehow being involved in the foreclosure of a lot behind the hotel property. Straub had no involvement in any such transaction.

3



12. Given that equitable subordination requires evidence that a fiduciary of the debtor abused its position to the disadvantage of other creditors, or that a third party exercised control over the debtor to the detriment of other creditors, or that a third party actually have defrauded other creditors or engaged in other inequitable conduct that results in harm to creditors, thus any evidence relating to this false accusation and transaction should be excluded pursuant to Rules 401 and 403.

13. **Straub's Personal Relationship with Mia Matthews.** Debtor also accuses Straub of having an intimate relationship with the wife of Robert Matthews, Maria "Mia" Matthews.[1] Debtor also accuses Straub of loaning the Matthews a car and providing her and her family financial support. More specifically, it appears that Debtor will be seeking to introduce evidence relating to the personal interaction between Mia Matthews, including text message exchanges between them.

14. Though Debtor certainly seeks to introduce that evidence to embarrass both Straub and Matthews, there is nothing that connects their relationship or Straub's financial support to an equitable subordination of KK-PB's claim in this case. Once again, equitable subordination requires evidence that a fiduciary of the debtor abused its position to the disadvantage of other creditors, or that a third party exercised control over the debtor to the detriment of other creditors, or that a third party actually have defrauded other creditors or engaged in other inequitable conduct that results in harm to creditors. Evidence relating to this supposed intimate relationship is simply not relevant to an equitable subordination claim and thus should be excluded pursuant to Rules 401 and 403.

15. **Straub's Loan to Matthews to Fund Legal Fees**. Debtor may also seek to introduce evidence that Straub was prepared to loan Matthews funds to pay his legal fees, subject to the provision of certain collateral. Matthews was unable to provide the requisite collateral, and Straub did not make the loan. Ultimately, Straub was compelled to sue the law firm holding the funds in trust to return his money.

16. Once again, evidence relating to that transaction is not relevant here. Equitable subordination requires evidence that a fiduciary of the debtor abused its position to the

---

[1] In fact, in a scene worthy of *The Handmaid's Tale*, Debtor's counsel gleefully scourged Mia Matthews with questions about her supposed infidelity for several hours during her deposition, while she pled the protection of the 5th Amendment as to each question.



disadvantage of other creditors, or that a third party exercised control over the debtor to the detriment of other creditors, or that a third party actually have defrauded other creditors or engaged in other inequitable conduct that results in harm to creditors. Because this evidence does not connect to any of the required elements of equitable subordination it should all be excluded pursuant to Rules 401 and 403.

17. To conclude then, this Court should decline to consider the barrage of irrelevant evidence that the Debtor seeks to fling at the proverbial wall, but instead exclude the above evidence as wholly unrelated to the established required elements of equitable subordination.

**WHEREFORE**, KK-PB Financial, LLC respectfully requests that the Court enter an Order (i) excluding or suppressing the above evidence; and (ii) granting such further relief as the Court deems equitable.

Dated: January 3, 2019         Respectfully submitted,

**SALAZAR LAW**
*Counsel for Secured Creditor, KK-PB Financial, LLC*
2000 Ponce de Leon Boulevard, Penthouse Suite
Coral Gables, Florida 33134
Telephone: (305) 374-4848
Facsimile:  (305) 397-1021
Email: Luis@Salazar.Law
Email: Aguilar@Salazar.Law

By:     */s/ Luis Salazar*
           Luis Salazar
           Florida Bar No. 147788
           Celi S. Aguilar
           Florida Bar No. 117589

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this day, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all parties identified on the Service List attached to the original hereof via transmission of Notices of Electronic Filing generated by CM/ECF and/or electronic mail transmission as indicated thereon.

By: /s/ Luis Salazar
Luis Salazar

SALAZAR LAW

## SERVICE LIST

**Electronic Mail Notice List**
**(Via CM/ECF)**

- **Heidi A Feinman**   Heidi.A.Feinman@usdoj.gov
- **Steven C Jones**   steven.jones@wilsonelser.com, znna.nowakowska@wilsonelser.com; vivian.fusco@wilsonelser.com;EService.Miami@wilsonelser.com
- **Philip J Landau**   plandau@slp.law, msmith@slp.law;blee@slp.law; pdorsey@slp.law;dwoodall@slp.law;ematteo@slp.law;ependergraft@slp.law;cdraper@slp.law
- **Bernice C. Lee**   blee@slp.law, dwoodall@slp.law;ematteo@slp.law;cdraper@slp.law
- **Peter J Malecki**   pmalecki@riccalawyers.com, bricca@riccalawyers.com;lkendrick@riccalawyers.com
- **Edward A Marod**   emarod@gunster.com, dpeterson@gunster.com
- **Orfelia M Mayor**   omayor@ombankruptcy.com, legalservices@pbctax.com; carmen@ombankruptcy.com;cmbk@ombankruptcy.com;omayor@ecf.inforuptcy.com
- **Office of the US Trustee**   USTPRegion21.MM.ECF@usdoj.gov
- **Christian Panagakos**   cp@FloridaBankruptcyAdvisors.com, bp@FloridaBankruptcyAdvisors.com;fbaecf@gmail.com;r55828@notify.bestcase.com
- **Eric S Pendergraft**   ependergraft@slp.law, dwoodall@slp.law; ematteo@slp.law;bshraibergecfmail@gmail.com;cdraper@slp.law
- **Cristopher S Rapp**   csrapp@kelleykronenberg.com, IRGeservice@kelleykronenberg.com
- **Luis Salazar**   Luis@Salazar.Law, Aguilar@Salazar.Law;Cabrera@Salazar.Law;Lee-Sin@Salazar.Law;Osorio@Salazar.Law
- **Jeffrey I. Snyder**   jsnyder@bilzin.com, eservice@bilzin.com;lflores@bilzin.com
- **Allen R Tomlinson**   atomlinson@jonesfoster.com, mbest@jonesfoster.com
- **Harry Winderman**   harry4334@hotmail.com, lynoramae@gmail.com, lm@whcfla.com,filings@whcfla.com

**Electronic Mail Notice List**
**(Via Email)**

**Robert V. Cornish, Esq.**
Wilson, Elser, Moskowitz, Edelman *et al.*
700 11th Street, NW, #400
Washington, DC 20001
robert.cornish@wilsonelser.com

**David J. George, Esq.**
c/o George Gesten McDonald, PLLC
9897 Lake Worth Road, Suite 302
Lake Worth, FL 33467
DGeorge@4-Justice.com

**Gregg H. Glickstein**
Gregg H. Glickstein, P.A.
54 SW Boca Raton Blvd.
Boca Raton, FL 33432
ghgpa@bellsouth.net

**Daniel A. Hershman, Esq.**
Hershman Law P.A.
2240 Palm Beach Lakes Blvd, Suite 101
West Palm Beach, FL 33409
dahershmanlaw@aol.com

7



**Larry Richey, Esq.**
Cushman & Wakefield
515 East Las Olas Blvd, Suite 900
Fort Lauderdale, FL 33301
larry.richey@cushwake.com

**Christopher W. Kammerer, Esq.**
Kammerer Mariani PLLC
1601 Forum Place Suite 500
West Palm Beach, FL 33401
ckammerer@KammererMariani.com

**Maria M Yip**
Yip Associates
1001 Yamato Road, Suite 301
Boca Raton, FL 33431
myip@yipcpa.com

SALAZAR LAW