UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

160 Royal Palm, LLC,   Case No. 18-19441-EPK

    Debtor.   Chapter 11

_____/

**DEBTOR'S *EX PARTE* MOTION TO SHORTEN NOTICE
FOR MOTION FOR APPROVAL OF SETTLEMENT
AGREEMENT AND RELATED ASSET PURCHASE AGREEMENT**

Debtor in Possession, 160 Royal Palm, LLC (the "**Debtor**"), by and through its undersigned counsel and pursuant to Federal Rules of Bankruptcy Procedure 2002 and 9006, and Local Rule 9013-1(C), hereby requests that the Court shorten the notice required to consider the *Debtor's Motion for Approval of Settlement Agreement, and Related Asset Purchase Agreement, with KK-PB Financial, LLC and Glenn F. Straub* [ECF No. 523] (the "**Motion for Approval**") so that the Court may hold a hearing to consider approval of the Motion for Approval on, or prior to, February 8, 2019. In support, the Debtor states as follows:

1. On January 18, 2019, the Court was scheduled to hold the third of a four-and-a-half day final evidentiary hearing on the Debtor's *Motion to Limit Credit Bids with Respect to Sale of Substantially All of Its Assets* [ECF No. 103] (the "**Motion to Limit Credit Bids**"), the *Motion to Estimate Claim for Purposes of Credit Bidding Pursuant to 11 U.S.C. §§ 502(c) and 363(k)* [ECF No. 133] (the "**Motion to Estimate**") filed by KK-PB Financial, LLC ("**KK-PB**"), and KK-PB's *Motion to (1) Modify and Terminate Automatic Stay; or (II) Dismiss Chapter 11 Proceeding* [ECF No. 69] (the "**Stay Relief Motion**", and with the "Motion to Limit Credit Bids and the Motion to Estimate, the "**Contested Matters**"). However, after spending the prior

{1540/000/00139370}

evening and the first half of January 18th negotiating, the Debtor reached a settlement of the Contested Matters with KK-PB and its principal, Glenn F. Straub ("**Mr. Straub**").  The terms of the parties' settlement was memorialized in the executed Settlement Agreement and Asset Purchase Agreement attached to the Motion for Approval as Exhibits A and B, respectively.

2. The Settlement Agreement and Asset Purchase Agreement are highly interrelated and together spell out the terms of the Debtor's compromise of the Contested Matters.

3. After the parties executed the Settlement Agreement and the Asset Purchase Agreement, counsel for the Debtor and KK-PB announced the general terms of the same in open Court on the afternoon of January 18, 2019.

4. The circumstances from which the Motion for Approval arise, as well as the details of the Settlement Agreement and the Asset Purchase Agreement, are more fully described in the Motion for Approval and incorporated herein by reference.

5. Broadly, the Motion for Approval seeks approval of the terms of both the Settlement Agreement and Asset Purchase Agreement which, in turn, provide for: (a) settlement of the Contested Matters, including the exchange of mutual releases between the Debtor and KK-PB; (b) KK-PB's cash payment of $5,125,000 to the Debtor; (c) the withdrawal of a $3,387,855.55 senior secured claim held by New Haven Contracting South, Inc.; (d) KK-PB's assumption of the Debtor's real estate/*ad valorem* tax liability for tax years 2018 and 2019; (e) an order barring/enjoining/releasing all claims and litigation by certain creditors and potential creditors against KK-PB, Mr. Straub, Craig T. Galle and his law firm, The Galle Law Group, P.A., Sal V. Spano, New Haven Contracting South, Inc. and its owner, Nicolas J. Laudano, and related parties and professionals; and (e) the conveyance of the Debtor's real property located at

160 Royal Palm Way, Palm Beach, Florida (the "**Real Property**"), as well as related personal property and rights, to KK-PB, which currently holds a $39,684,844.73 claim secured by a senior mortgage on the Real Property.

6. Prior to reaching a compromise of the Contested Matters, the Debtor entered into an Asset Purchase Agreement (the "**Stalking Horse APA**") with RREF II Palm House LLC (the "**Stalking Horse Bidder**") for the sale of the Real Property for $32,000,000, subject to higher and better offers. In its *Amended Order Granting Debtor's Motion for the Entry of an Order (I) Approving Bid Procedures and Bid Protections in Connection with the Sale of Substantially All of Its Assets, (II) Approving the Form and Manner of Notice and Sale, (III) Scheduling an Auction and Sale Hearing and (IV) Approving the Sale of the Assets Free and Clear of Liens, Claims and Encumbrances* [ECF No. 273] (the "**Bid Procedures Order**"), the Court approved the Stalking Horse APA and scheduled an auction (the "**Auction**") and hearing to approve the sale to the winning bidder to immediately follow. The Auction and hearing have been rescheduled to February 5, 2019. ECF No. 520.

7. Pursuant to Sections 5 and 8.4 of the Stalking Horse APA, the Stalking Horse Bidder's sole recourse should the Debtor fail to close on the sale of the Real Property to the Stalking Horse Bidder and instead sell the property to a different entity is: (a) return of its $3,200,000 deposit; and (b) payment of a $350,000 break-up fee.

8. Prior to the commencement of this bankruptcy case, the Town of Palm Beach began assessing fines against the Debtor totaling over $3.9 million (the "**Violation Assessment**").

9. Prior to the commencement of this bankruptcy case, the Town of Palm Beach Code Enforcement Board began assessing fines against the Debtor totaling over $155,000.00 (the "**Code Enforcement Fine**").

10. Following the execution of settlement agreements, a motion seeking approval of the same [ECF No. 97], and a hearing to consider approval of the same, the Court entered its order [ECF No. 204] approving the Debtor's settlements with the Town of Palm Beach and the Town of Palm Beach Code Enforcement Board, which provide a $200,000 payment (the "**$200k Payment**") to the Town of Palm Beach, a $50,000 payment (the "**$50k payment**") to the Town of Palm Beach Code Enforcement Board, and extensions of a development approval pertaining to the Real Property.  Such settlements were conditioned upon such payments occurring no later than December 31, 2018.

11. However, the Debtor has since negotiated an extension of these payment deadlines through February 28, 2019.

12. The Debtor seeks to expedite the hearing on the Motion to Approve to achieve some measure of certainty before it causes a cancellation and/or other continuance of the Auction, and ensure that the February 28th renegotiated payment deadline with the Town of Palm Beach and the Town of Palm Beach Code Enforcement Board is satisfied.

13. Moreover, KK-PB and Mr. Straub have conferred with the Town of Palm Beach Planning, Zoning & Building Department, Building Division, and have been advised that the construction permits for the Real Property have expired, requiring KK-PB and Straub or their assigns to submit permit applications anew by no later than February 11, 2019 in order for those applications to be placed on the Town Council's Agenda for consideration at its April 2019

Meeting. Absent timely submission of those applications, KK-PB and Straub will be required to halt all construction on the Real Property pending the Town Council's consideration of same at its May 2019 Meeting scheduled for the end of May, causing KK-PB and Straub to miss certain opportunities for the season and significantly increasing costs.

14.     And therefore, the Debtor respectfully requests that the Court shorten the Rule 2002(a)(2) and (3) notice periods so that a hearing may occur on or before February 8, 2019, thereby giving sufficient time for a closing to take place prior to February 28, 2019.

15.     Federal Rules of Bankruptcy Procedure 2002(a)(2) and (3) requires twenty-one (21) days' notice to parties in interest of a hearing on motions seeking approval of a sale pursuant to 11 U.S.C. § 363(b) and approval of a compromise under Federal Rule of Civil Procedure 9019 unless the Court shortens such notice period for cause.

16.     Federal Rule of Bankruptcy Procedure 9006(c)(1) provides, in part, "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."

17.     Given the foregoing, the Debtor submits that good cause exists for shortening the notice period for the hearing on the Motion for Approval.

18.     The Debtor has electronically submitted to the Court a proposed order granting the relief sought in this Motion.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order: i) granting the Motion; ii) shortening the twenty-one (21) day notice period for the hearing on the

Motion for Approval; and iii) scheduling a hearing on the Motion for Approval on or before February 8, 2019.

> Respectfully Submitted,
>
> SHRAIBERG, LANDAU & PAGE, P.A.
> Attorneys for the Debtor
> 2385 NW Executive Center Drive, #300
> Boca Raton, Florida 33431
> Telephone: 561-443-0800
> Facsimile: 561-998-0047
> Email: ependergraft@slp.law
>
> By: */s/ Eric Pendergraft*
>      Philip J. Landau
>      Florida Bar No. 504017
>      Bernice C. Lee
>      Florida Bar No. 73535
>      Eric Pendergraft
>      Florida Bar No. 91927

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on January 25, 2019, via CM/ECF to all parties registered to receive such notice via electronic filing.

> */s/ Eric Pendergraft*
> Eric Pendergraft