UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

160 Royal Palm, LLC,                           Case No.  18-19441-EPK

    Debtor.                                    Chapter 11
_____/

**EXPEDITED MOTION TO RESCHEDULE AUCTION,
RELATED DEADLINES, AND SALE HEARING**

***\*\*\*Expedited Hearing Request on or before January 31, 2019\*\*\****

**The Debtor's recent settlement with KK-PB will moot the necessity of an auction of the Debtor's real property.  Such settlement is the subject of a pending Rule 9019 motion, which the Debtor has requested be heard on or before February 8, 2019.**

**However, KK-PB has yet to fund the cash deposit required in its agreement with the Debtor, and the current deadline for qualified auction bidders to submit bids for the still-scheduled auction is January 31, 2019 at 5:00 p.m.**

**Accordingly, the Debtor requests that the Court hear the instant motion (requesting among other things that such bid deadline be reset) be heard on or before January 31, 2019.**

      160 Royal Palm, LLC (the "Debtor") respectfully requests that the Court continue: (a) the February 5, 2019 Auction (and related deadlines); and (b) the February 5, 2019 Sale Hearing.  In support thereof, the Debtor states as follows:

      1.    The Debtor previously entered into an Asset Purchase Agreement (the "Stalking Horse APA") with RREF II Palm House LLC (the "Stalking Horse Bidder") for the sale of its real property located at 160 Royal Palm Way, Palm Beach, Florida (the "Real Property") for $32,000,000, subject to higher and better offers.  In its *Amended Order Granting Debtor's Motion for the Entry of an Order (I) Approving Bid Procedures and Bid Protections in Connection with the Sale of Substantially All of Its Assets, (II) Approving the Form and Manner of Notice and Sale, (III) Scheduling an Auction and Sale Hearing and (IV) Approving the Sale of the Assets Free and*

*Clear of Liens, Claims and Encumbrances* [ECF No. 273] (the "Bid Procedures Order"), the Court approved the Stalking Horse APA and scheduled an auction (the "Auction") and hearing to approve the sale to the winning bidder (the "Sale Hearing") to immediately follow. The Auction and hearing have been rescheduled to February 5, 2019. ECF No. 520, with the deadline to submit bids (the "Bid Deadline") extended through 5:00 p.m. on January 31, 2019.

2. *In its Motion to Limit Credit Bids with Respect to Sale of Substantially All of Its Assets* [ECF No. 103] (the "Motion to Limit Credit Bids"), as supplemented by ECF No. 163, the Debtor contended KK-PB Financial, LLC ("KK-PB") should be prevented, under 11 U.S.C. § 363(k), from credit bidding its $39,684,844.73 secured claim (the "KK-PB Claim") at any sale of the Real Property because: (a) the note and mortgage underlying the KK-PB Claim were avoidable as actual and constructive fraudulent transfers pursuant to 11 U.S.C. 544 and Sections 726.105 and 726.106 of the Florida Statutes; (b) such note and mortgage are unenforceable; (c) the KK-PB Claim should be equitably subordinated pursuant to 11 U.S.C. § 510(c); and (d) the KK-PB Claim should be recharacterized as equity.

3. *In its Motion to Estimate Claim for Purposes of Credit Bidding Pursuant to 11 U.S.C. §§ 502(c) and 363(k)* [ECF No. 133] (the "Motion to Estimate"), further clarified at ECF No. 164, KK-PB disputed the merits of the Motion to Limit Credit Bids and contended that it should be permitted to credit bid the full amount of the KK-PB Claim at any sale of the Real Property. Furthermore, in its *Motion to (1) Modify and Terminate Automatic Stay; or (II) Dismiss Chapter 11 Proceeding* [ECF No. 69] (the "Stay Relief Motion"), KK-PB sought relief from the automatic stay and/or dismissal of the bankruptcy case in order to pursue a foreclosure action against the Real Property.

4. The Motion to Limit Credit Bids, the Motion to Estimate, and the Stay Relief Motion (together, the "Contested Matters") were heavily litigated, including through multiple motions and responses, multiple hearings, a myriad of discovery, and two days of trial on January 8th and 11th. On the third day scheduled for trial, January 18, 2019, the parties pursued settlement negotiations, and entered into a Settlement Agreement and Asset Purchase Agreement, that would, subject to Court approval, resolve the Contested Matters, and the dispute between the Debtor and KK-PB, with part of such resolution being the Debtor's conveyance of the Real Property to KK-PB or its designee. The material terms of the Settlement Agreement and the Asset Purchase Agreement are set forth in the *Debtor's Motion for Approval of Settlement Agreement and Related Asset Purchase Agreement, with KK-PB Financial, LLC and Glenn F. Straub* [ECF No. 529] (the "Motion to Approve") which the Debtor filed on January 25, 2019, and such agreements are attached thereto as Exhibits A and B.

5. Section 5 of the Debtor's Asset Purchase Agreement with KK-PB requires KK-PB to have deposited the $5,125,000 cash portion of the Real Property purchase price in escrow upon execution (*i.e.*, on January 18, 2019). However, as of the afternoon of January 28, 2019, this requirement has not been met by KK-PB. Nevertheless, the Debtor still expects to move forward with the Motion to Approve and its request that the Court approve the Settlement Agreement and Asset Purchase Agreement with KK-PB.

6. The Debtor has filed an *ex parte* motion to shorten the notice period as to the Motion to Approve [ECF No. 524], wherein Debtor is requesting that the Court schedule a hearing on the Motion to Approve on or before February 8, 2019.

7. The Court's approval of the Debtor's Settlement Agreement and the Asset Purchase Agreement with KK-PB would moot the need to hold the Auction and the Sale Hearing. Yet due

to the fact that: (a) the Auction and Sale Hearing are still scheduled for February 5, 2019; (b) the Bid Deadline is January 31, 2019 at 5:00 p.m., and (c) KK-PB has not yet met its obligation to fund the $5,125,000 deposit under the terms of its Asset Purchase Agreement, the Debtor believes it is prudent to reschedule (rather than cancel) the Auction, the Sale Hearing, the Bid Deadline, and to recalculate deadlines set forth in the Bid Procedures Order based upon such rescheduled dates.

**WHEREFORE** the Debtor requests that the Court: (a) reset the Bid Deadline to a date that is after the date scheduled to consider the Motion to Approve; (b) reschedule the Auction to a date approximately five days later, with the Sale Hearing to immediately follow; and (c) reset related deadlines so that, to the extent they are calculated in the Bid Procedures Order based on the date of the Auction, the Sale Hearing, or the Bid Deadline, such related deadlines track such rescheduled and reset dates.

**ATTORNEY CERTIFICATION**

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on January 28, 2019, via CM/ECF to all parties registered to receive such notice via electronic filing.

        Respectfully Submitted,

        SHRAIBERG, LANDAU & PAGE, P.A.
        Attorneys for the Debtor
        2385 NW Executive Center Drive, #300
        Boca Raton, Florida 33431
        Telephone: 561-443-0800
        Facsimile: 561-998-0047
        Email: ependergraft@slp.law

        By: /s/ Eric Pendergraft
            Eric Pendergraft
            Florida Bar No. 91927