UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

160 Royal Palm, LLC,                    Case No.  18-19441-EPK

       Debtor.                    Chapter 11

_____/

**DEBTOR'S *EX PARTE* MOTION FOR APPROVAL OF**
**AMENDMENTS TO SETTLEMENTS WITH THE TOWN OF PALM BEACH**

     Debtor in Possession, 160 Royal Palm, LLC (the "**Debtor**"), by and through its undersigned counsel, requests approval of amendments to the two Conditional Settlement Agreements between: (a) the Debtor and (b) the Town of Palm Beach and the Town of Palm Beach Code Enforcement Board (together, the "**Town**") which the Court approved on November 6, 2018. Copies of the Amended Conditional Settlement Agreements are attached hereto as **Exhibits A** and **B**.  In support, the Debtor respectfully states as follows:

     1.      On August 2, 2018 the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 1101 *et seq.*

     2.      The Debtor is managing its assets as a debtor in possession pursuant to §§ 1107(a) of 1108 of the Code.  No trustee, examiner, or statutory committee has been appointed in the case.

     3.      The Debtor is a Florida limited liability company---currently managed by its former receiver Cary Glickstein---which owns prime real property consisting of a partially-constructed hotel/condominium located at 160 Royal Palm Way, Palm Beach, Florida (the "**Real Property**" or the "Project").

4.     On October 3, 2018, the Debtor filed its *Motion for Approval of Settlements with the Town of Palm Beach* [ECF No. 97] (the "**9019 Motion**") wherein the Debtor sought approval of two related Conditional Settlement Agreements with the Town.

5.     The material terms of such Conditional Settlement Agreements are summarized in the 9019 Motion.  Broadly, the Conditional Settlement Agreements provide for: (a) the payment, on or before December 31, 2018, by the Qualified Buyer[1] of the Real Property, of $250,000 to the Town to resolve certain assessments and fines relating to the Real Property; (b) abatement of the Violation Assessment and Code Enforcement Fine through April 30, 2019; (c) extension of the Development Approval through April 30, 2019; and an April 30, 2019 deadline for the Qualified Buyer to deliver to the Town, and receive approval of: (i) a Third Amendment consistent with the Development Approval; (ii) a Construction Management Agreement consistent with the Development Approval; (iii) an application for a building permit revision for construction of the Hotel consistent with the Development Approval; and (iv), if applicable, an application for modification to special exemption for construction for construction and operation of the Hotel (together, the "**Deliveries**")

6.     After notice and a hearing, the Court approved the Conditional Settlement Agreements on November 6, 2018. ECF No. 204.

7.     Subsequently, and due to the fact that the evidentiary hearing pertaining to certain contested matters bearing directly upon any sale of the Real Property was rescheduled past December 2018 to commence on January 8, 2019, the Debtor and the Town entered into the Amended Conditional Settlement Agreements attached hereto as **Exhibits A** and **B**.

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the 9019 Motion.

8.    The Amended Conditional Settlement Agreements merely extend the dates and deadlines discussed above in Paragraph 5.  Otherwise, the Amended Conditional Settlement Agreements in no way modify the terms of the settlements already heard and approved by the Court.  Specifically, the Amended Conditional Settlement Agreements, as to the Town of Palm Beach Code Enforcement Board:

    a.    In Section 2, provide for the abatement of the Code Enforcement Fine through May 31, 2019, rather than April 30, 2019; and

    b.    In Section 3, provide that the $50,000 Settlement Amount payment be made on or before February 28, 2019 rather than December 31, 2018, *see* Exhibit B, and

as to the Town of Palm Beach:

    a.    In Section 2, provide for the abatement of the Violation Assessment through May 31, 2019, rather than April 30, 2019;

    b.    In Section 3, provide that the $200,000 Settlement Amount payment be made on or before February 28, 2019, rather than December 31, 2018;

    c.    In Section 4, provide that the Development Approval is extended through May 31, 2019, rather than April 30, 2019; and

    d.    In Section 4, provide that the Qualified Buyer has through May 31, 2019 (rather than April 30, 2019) to submit and receive approval of the Deliveries. *See* Exhibit A.

9.    Because the Court already approved, after notice and a hearing, the Conditional Settlement Agreements, because the Settlement Amount payment deadlines have expired under the original and because the Amended Conditional Settlement Agreements merely extend certain deadlines and dates (some of which have already expired) for the benefit of the Debtor's estate,

cause exists for the Court to grant this Motion and approve the Amended Conditional Settlement

Agreements without further notice or hearing.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order, in the form

uploaded via CM/ECF and attached hereto as **Exhibit C**, approving the terms of the Amended

Conditional Settlement Agreements.

Respectfully Submitted,

SHRAIBERG, LANDAU & PAGE, P.A.
Attorneys for the Debtor
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
Email: ependergraft@slp.law

By:  */s/ Eric Pendergraft*
        Eric Pendergraft
        Florida Bar No. 91927

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court

for the Southern District of Florida, and I am in compliance with the additional qualifications to

practice in this Court as set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on

February 5, 2019 via CM/ECF notice of electronic filing to all parties registered to receive

electronic noticing in this case and by First Class U.S. Mail to the parties on the attached Matrix.

*/s/ Eric Pendergraft*

# EXHIBIT A

## AMENDED CONDITIONAL SETTLEMENT AGREEMENT

This Amended Conditional Settlement Agreement ("Settlement Agreement") is entered into as of January 8, 2019 between the Town of Palm Beach, a Florida municipal corporation, 360 South County Road, Palm Beach, Florida 33480 ("Town") and 160 Royal Palm, LLC, a Florida limited liability company, 160 Royal Palm Way, Palm Beach, Florida 33480 ("Owner") (Town and Owner are hereafter collectively referred to as the "Parties").

WHEREAS, on July 30, 2007, Town and Royal 160, LLC ("Former Owner"), the prior Owner of the Land, as hereinafter defined, entered into a Declaration of Use Agreement, recorded in the Official Public Records Book 21987, Page 499, of the Public Records of Palm Beach County, Florida (the "Agreement"), and a Heart of Palm Beach Construction Management Agreement, recorded in the Official Records Book 21987, Page 510, of the Public Records of Palm Beach County, Florida (the "CMA"), concerning the conditional use of the land described in Exhibit A to the Agreement (the "Land") as a hotel and accessory uses consistent with and subject to the conditions for the 'Approval,' including, among other conditions, a liquidated amount of $2,000 per violation per day remedy (the "Violation Assessment"), as specifically set forth in the Agreement;

WHEREAS, the Land is described in **Exhibit A**, attached hereto, it is located within the municipal limits of Town and title to the Land is held by Owner;

WHEREAS, Town and Owner entered into an Amendment to Declaration of Use Agreement made on December 28, 2012 and recorded in the Official Public Records Book 25694, Page 633, of the Public Records of Palm Beach County, Florida (the 'Amendment'), modifying the Agreement for the conditional use of the Land as a hotel and accessory uses and for operation on the Land of the Palm House Hotel ('Hotel') consistent with and subject to the conditions for the 'Approval' including, among other conditions, a February 14, 2013 deadline for the completion of construction of the Hotel (the "Completion Deadline"), as more specifically set forth in the Amendment;

WHEREAS, Owner commenced a civil action in December 2012 in the Fifteenth Judicial Circuit of Palm Beach County, Florida, styled *160 Royal Palm, LLC v. Town of Palm Beach*, Case No.: 502012CA023613XXXXMB (the "Litigation"), seeking a declaratory judgment concerning the Completion Deadline, which action remains pending but currently stayed based on the Bankruptcy Action, as hereinafter defined;

WHEREAS, effective February 15, 2013, Town commenced assessment of the Violation Assessment based on Owner's failure to complete construction of the Hotel by the Completion Deadline, despite Owner's contention that the Completion Deadline had been extended for two years, as alleged in the Litigation;

WHEREAS, Town and Owner entered into a Second Amendment to Declaration of Use Agreement made on August 13, 2013 and recorded in the Official Public Records Book 26251, Page 78, of the Public Records of Palm Beach County, Florida (the 'Amendment')(hereinafter the

"Second Amendment" for clarity), modifying the Agreement for the conditional use of the Land as a hotel and accessory uses and for Owner's operation on the Land of the Palm House Hotel ('Hotel') consistent with and subject to the conditions for the 'Approval,' including, among other conditions, the Completion Deadline, as specifically set forth in the Second Amendment;

WHEREAS, in 2014, the Town of Palm Beach Police Department, Code Enforcement Office initiated a code enforcement action, Case # CE-14-1212, 160 Royal Palm Way, 160 Royal Palm LLC, against the Land for unauthorized construction of the Hotel by Owner.  Owner failed to satisfy or correct the code enforcement violation resulting in the entry of an Order Assessing Fine and Order Imposing Lien by the Town of Palm Beach Code Enforcement Board of the Town of Palm Beach ("Town Code Enforcement") in the amount of $250 a day, commencing January 10, 2015 (the "Code Enforcement Fine"), which is recorded in Official Records Book 27315, page 1368 of the Public Records of Palm Beach County, Florida (the "Code Enforcement Lien") to enforce compliance with the code enforcement order (the "Code Enforcement Order") requiring the removal of all unpermitted work done beyond the scope of Owner's approved variances and building permits and passing all inspections;

WHEREAS, in 2014 construction of the Hotel was terminated and abandoned without completion or compliance with the Code Enforcement Order and the building permit for construction of the Hotel expired;

WHEREAS, on or about December 15, 2014 a civil action was commenced in the Fifteenth Judicial Circuit of Palm Beach County, Florida, styled as *Ryan Black v. Gerry Matthews*, et al, Case No.: 502014CA014846XXXXMB AG (the "Receivership Action") by Ryan Black, as a member and former managing member of Palm House, LLC, a Delaware limited liability company and the sole member of Owner, seeking appointment of a receiver for Owner;

WHEREAS, on or about July 20, 2015 the court in the Receivership Action entered an Amended Agreed Order on Plaintiff's Motion to Appoint Receiver (the "Receivership Order") whereby Cary Glickstein (the "Receiver") was appointed as Receiver for the real and personal property of Owner, including the Land and the partially constructed Hotel, and directed by the Receivership Order to pursue completion of the Hotel, upon securing construction financing, as approved by Town;

WHEREAS, in November 2015, Receiver applied for and on January 13, 2016, the Town Council granted the Receiver approval of Site Plan # 1-2016 with Special Exception for construction of the Hotel (the "Development Approval"), imposing conditions of approval in order to regulate the use, mitigate any adverse impacts of the use, and insure that said use shall not be adverse to the public interest, including, in part, correction of the unauthorized  construction underlying the Code Enforcement Lien, which approval was to be further memorialized in a Third Amendment to Declaration of Use Agreement (the "Third Amendment"), which has not been executed nor has the work commenced, as authorized by the Development Approval, by application for a building permit revision;

WHEREAS, in November 2016, the Receiver sought and on December 14, 2016, the Town Council granted the Receiver's request for a conditional, temporary abatement of the Violation Assessment accruing since February 15, 2013, which abatement remains conditionally and temporarily in effect;

WHEREAS, on or about November 17, 2016, the Receiver applied for and the Town Code Enforcement Board granted the Receiver's request for a conditional, temporary abatement of the Code Enforcement Fine accruing since January 10, 2015, which abatement remains conditionally and temporarily in effect. Among the conditions imposed for the continued abatement of the Code Enforcement Fine was payment to the Town of the Code Enforcement Fine amount accruing before the abatement date, which amount was paid in full;

WHEREAS, because the work authorized by the Development Approval could not be commenced within 12 months from the date of Town Council approval, in December 2016, Receiver applied for and in January 2017 the Town Council granted the Receiver's request to extend the Development Approval for one year through January 13, 2018;

WHEREAS, because the work authorized by the Development Approval could not be commenced within 12 months from the date of Town Council approval, in or about December 2017, Receiver applied for and in January 2018 the Town Council granted the Receiver's second request to extend the Development Approval for one year through January 9, 2019;

WHEREAS, on July 3, 2018, an order was entered by the Court in the Receivership Action expanding the Receiver's powers and making the Receiver the sole and exclusive manager of Owner, among other powers;

WHEREAS, on August 2, 2018, Owner, by and through the Receiver as the sole and exclusive manager of Owner ("Manager"), filed a petition for Chapter 11 bankruptcy relief in the United States Bankruptcy Court, Southern District of Florida, West Palm Beach, styled *In re: 160 Royal Palm, LLC*, Case No.: 18-19441-EPK (the "Bankruptcy Action");

WHEREAS, Manager believes the sale of the Land and the Hotel (collectively, the "Property" or "Project") to a qualified buyer is in the best interests of Owner's creditors, Town and interested parties and represents a final opportunity for the Manager to accomplish what the Receiver could not by completion of the Hotel as approved by Town;

WHEREAS, Owner, under the direction of Manager and subject to court approval in the Bankruptcy Action, intends to sell the property to a qualified buyer who will complete construction of the Hotel as approved by Town consistent with the Development Approval, a revised CMA and building permit revision, as described below;

WHEREAS, the Violation Assessment, Code Enforcement Fine, Code Enforcement Order, Code Enforcement Lien and impending expiration of the Development Approval in January 2019 separately and collectively create uncertainty in any prospective buyer's evaluation of the Land and the Hotel for acquisition purposes and that uncertainty materially and adversely affects the marketability of the Property and viability of the Project;

3

WHEREAS, the Town's interests are furthered by the sale of the Property to a qualified buyer who will complete the Project in accordance with the Development Approval; and

WHEREAS, further to the above objectives, the Parties desire to conditionally compromise and settle all claims, demands, rights, and causes of action with respect to the Violation Assessment and impending expiration of the Development Approval and Owner is simultaneously seeking by a separate amended conditional settlement agreement with Town Code Enforcement (the "Amended CEB Settlement Agreement") to settle all claims, demands, rights, and causes of action with respect to the Code Enforcement Order, Code Enforcement Fine and Code Enforcement Lien.

**NOW THEREFORE**, in consideration of the mutual promises, premises and covenants set out in this Settlement Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby expressly acknowledged, and upon the terms and subject to the conditions contained herein, the Parties expressly agree and covenant as follows:

**Section 1: Incorporation of Recitals**

The Parties expressly incorporate the recitals of this Settlement Agreement as a part hereof.

**Section 2.  Continued Abatement of Violation Assessment.**

Town agrees to reinstate, if necessary, and conditionally abate accrual of the Violation Assessment for an abatement period through May 31, 2019.  Upon timely payment of the Settlement Amount, as defined in Section 3 below, by a "Qualified Buyer," as defined in Section 7 below, the foregoing abatements shall continue and remain in force and effect conditioned on completion of construction of the Hotel in accordance with the requirements for extension of the Development Approval in Section 4 below.

**Section 3: Settlement Amount; Payment**

Town agrees to accept payment of $200,000 (the "Settlement Amount") from a Qualified Buyer, as hereinafter defined, in full and final settlement of the Violation Assessment accruing through May 31, 2019 provided such payment is delivered to Town on or before the earliest of (1) thirty days from the closing on the sale of the Property or (2) ~~January 31~~ February 28, 2019. Payment shall be made in a single payment payable to Town of Palm Beach and delivered to Town at 360 South County Road, Palm Beach, Florida 33480.  Timely payment of the Settlement Amount shall be an express condition precedent to the abatement of the Violation Assessment through the abatement period set forth in Section 2.

**Section 4: Extension of Development Approval**

The Development Approval shall continue in force and effect pending and subject to timely performance of this Settlement Agreement. Upon timely payment of the Settlement Amount, Town agrees to extend the Development Approval through May 31, 2019, provided on or before May 31, 2019 the Qualified Buyer: (i) makes application for and upon Town approval thereafter executes and delivers the Third Amendment consistent with the Development Approval; (ii) makes application for and upon Town approval thereafter executes and delivers a revised CMA consistent

4

with the Development Approval; (iii) makes application for a building permit revision for construction of the Hotel consistent with the Development Approval; and (iv), if required by Town, concurrent with the Qualified Buyer's application for Third Amendment and revised CMA, and solely to approve the change in ownership of the Land from Owner to the Qualified Buyer, makes application for and receives Town approval for a modification to special exception for construction and operation of the Hotel, consistent with the Development Approval, or as otherwise requested by the Qualified Buyer and approved by the Town.

   **Section 5: <u>Satisfaction and Discharge of Violation Assessment</u>**

   Upon timely completion of the Hotel, as provided in the Third Amendment, the revised CMA and building permit revision, the Violation Assessment shall be deemed fully satisfied and discharged.  Nothing contained herein shall prevent Town and the Qualified Buyer from agreeing to an alternative protocol for the timing of the satisfaction and discharge of the Violation Assessment.

   **Section 6.  <u>Dismissal of Litigation</u>**

   On or before closing on the sale of the Property to a Qualified Buyer following entry of a court order approving this Settlement Agreement in the Bankruptcy Action and the execution and delivery of this Settlement Agreement by the Parties, the Litigation shall be dismissed with prejudice.

   **Section 7:  <u>Qualified Buyer</u>**

   For purposes of this Settlement Agreement, a Qualified Buyer ("Qualified Buyer") shall be the purchaser of the Property pursuant to a fully performed contract and sale approved by court order in the Bankruptcy Action, excluding Owner, Former Owner, Palm House, LLC, any current or former manager or member of Owner, Former Owner or Palm House, LLC, and any other party to the Receivership Action or any other pending civil action in which Owner is a party, other than Town.  While this Settlement Agreement is expressly intended for the benefit of a Qualified Buyer, nothing in this Agreement shall prevent Town, in Town's discretion, from extending the benefits conferred under this Settlement Agreement to a buyer who is not a Qualified Buyer hereunder.

   **Section 8:  <u>Conditional Settlement</u>**

   This Settlement Agreement shall be of no force or effect unless it and the Amended CEB Settlement Agreement are executed and delivered by the respective Parties and approved by a court order duly entered in the Bankruptcy Action.  In the event (1) payment of the Settlement Amount is not timely paid to Town; (2) a Third Amendment to Declaration of Use Agreement is not timely executed by and delivered to Town by the Qualified Buyer or (3) construction of the Hotel is not timely completed by the Qualified Buyer in accordance with the Third Amendment, revised CMA and building permit revision, then the Development Approval shall expire.  Unless otherwise extended by Town, the Violation Assessment abatement shall terminate and the assessment and fine shall be reinstated as if the abatement had never been granted, less payments received by Town, if any.  If the Bankruptcy Action is dismissed before the sale of the Property or

if Owner is otherwise prevented or unable to sell the Property to a Qualified Buyer, Owner reserves all of its rights, claims and defenses as asserted in the Litigation and/or that are or as may be available to Owner in the Bankruptcy Action with regard to the Property, the Violation Assessment, the Code Enforcement Fine and/or the Code Enforcement Lien.

### Section 9: **No Admission of Liability or Fault**

This Agreement is a compromise of a disputed claim and the execution of this Settlement Agreement is not, and should not be construed to be, as an admission of liability or fault on the part of any party, their respective successors, assigns, subsidiaries, affiliates, agents, managers, members, partners, and employees, and by executing this Settlement Agreement the Parties expressly deny any liability or fault.

### Section 10: **Governing Law**

This Settlement Agreement shall be interpreted, construed and enforced pursuant to and in accordance with the laws of the State of Florida.

### Section 11: **Attorneys' Fees and Costs**

In the event of litigation to enforce the terms of this Settlement Agreement, the prevailing party shall be entitled to recover its reasonable attorney's fees and costs from the non-performing party.  Except as specifically provided in this Settlement Agreement, the Parties shall bear their own respective attorneys' fees and costs incurred in connection with the Litigation and the negotiation and performance of this Settlement Agreement.

### Section 12:  **Time is of the Essence**

Time is of the essence for all dates and time periods expressed herein.

### Section 13:  **Choice of Law and Forum Selection**

The Parties agree that this Settlement Agreement is made and entered into in the State of Florida, and shall in all respects be interpreted, enforced and governed under the laws of the State of Florida without applying conflict of laws principles, and shall be subject to the exclusive jurisdiction of the courts of Florida. The sole and exclusive venue for any litigation arising out of, or relating to this Settlement Agreement shall be in Palm Beach, Florida, to the exclusion of any and all other venues.

### Section 14:  **Interpretation  of Settlement Agreement**

The Parties have been represented by counsel, and have reviewed this Settlement Agreement through their respective attorneys or have had the opportunity to do so. None of the Parties (nor any attorney for any of the Parties) shall be deemed to be the drafter of this Settlement Agreement. Any rule of construction under Florida law requiring that ambiguities be resolved against the drafting party shall not be employed in the interpretation of this Settlement Agreement. The Parties further agree that all parts of this Settlement Agreement shall in all cases be

construed as a whole according to its fair meaning.

**Section 15:  Successors and Assigns**

This Settlement Agreement shall apply to the Parties, as well as to each of their predecessors, successors and assigns.

**Section 16:    Declaration of Use Agreement, the Amendment and the Second Amendment**

The Declaration of Use Agreement, the Amendment to Declaration of Use Agreement and the Second Amendment to Declaration of Use Agreement remain in full force and effect, subjection to further modification by a Third Amendment to Declaration of Use Agreement between Town and a Qualified Buyer, as generally described herein.

**Section 17:  Authority to Execute Settlement Agreement**

Each of the Parties, and those persons executing this Settlement Agreement on behalf of the Parties, warrants to the other that each has full power, authority and capacity to execute this Settlement Agreement.  In addition, the Parties warrant and represent that they are the owner of the claims asserted against the other and have not transferred or assigned any claim, in whole or in part.

**Section 18: Town Cooperation**

In connection with Owner's sale of the Property to a Qualified Buyer as authorized and approved in the Bankruptcy Action, Town agrees to cooperate with the settlement, title or closing agent, Owner and the Qualified Buyer, at no expense to Town, and use its best reasonable efforts to timely review and comply with written requests for information, acknowledgements and confirmations further to Owner's conveyance of title, confirmation of Qualified Buyer status, and verification of the recitals set forth in this Settlement Agreement as of the Closing Date.

**Section 19:  Headings**

All sections, titles or captions contained in this Settlement Agreement are for convenience only and shall not be deemed to be a part of this Settlement Agreement, and shall not affect the meaning or interpretation of this Settlement Agreement.

**Section 20:  Amendment to Conditional Settlement Agreement; Merger**

Upon execution by the Parties, this Amended Conditional Settlement Agreement shall amend and replace the Conditional Settlement Agreement executed by the Parties on October 9, 2018. There have been no written or oral representations made, or relied upon, by the Parties as inducement for the execution of this Settlement Agreement that are not expressly stated herein. The terms of this Settlement Agreement are contractual, not mere recitals, and may

7

be enforced by a court of competent jurisdiction.  No changes in or additions to this Settlement Agreement shall be valid, enforceable or recognized, unless made in a writing and signed by all of the Parties.

### Section 21: Execution in Counterparts

This Settlement Agreement may be executed in counterparts, each of which shall constitute an original, and all of which shall constitute one and the same instrument. Additionally, the different counterparts of this Settlement Agreement may be executed separately by each signatory, and all such separately executed counterparts, when taken together, shall  be treated as and constitute one and the same instrument. Any signature delivered by electronic or facsimile transmission shall be treated in all manner and respect as an original document.

IN WITNESS WHEREOF the Parties have hereunto set their hands and seals the day and year first above written.

SIGNATURES ON FOLLOWING PAGE

8

Signed, sealed and delivered
in the presence of:

TOWN OF PALM BEACH,

By: _____
Gail Coniglio

By: _____
Kirk Blouin
Town Manager

APPROVED AS TO LEGAL FORM AND
SUFFICIENCY

_____
John C. Randolph
Town Attorney

160 ROYAL PALM, LLC, a Florida limited
liability company

By: _____
Cary Glickstein, as Manager for 160 Royal
Palm, LLC, and not individually

9

**EXHBIT A**

**Legal Description for the Land:**

Being Lots 31, 32 and 33, Block F, Royal Park Addition, a subdivision in the Town of Palm Beach, Palm Beach, Florida, as recorded in Plat Book 4, Page 1, Public Records of Palm Beach County, Florida

# EXHIBIT B

## AMENDED CONDITIONAL SETTLEMENT AGREEMENT

This Amended Conditional Settlement Agreement ("Settlement Agreement") is entered into as of January 17, 2019, between the Town of Palm Beach Code Enforcement Board ("Town Code Enforcement") of the Town of Palm Beach ("Town"), a Florida municipal corporation, 360 South County Road, Palm Beach, Florida 33480 and 160 Royal Palm, LLC, a Florida limited liability company, 160 Royal Palm Way, Palm Beach, Florida 33480 ("Owner") (Town Code Enforcement and Owner are hereafter collectively referred to as the "Parties").

WHEREAS, on July 30, 2007, Town and Royal 160, LLC ("Former Owner"), the prior Owner of the Land, as hereinafter defined, entered into a Declaration of Use Agreement, recorded in the Official Public Records Book 21987, Page 499, of the Public Records of Palm Beach County, Florida (the "Agreement"), and a Heart of Palm Beach Construction Management Agreement, recorded in the Official Records Book 21987, Page 510, of the Public Records of Palm Beach County, Florida (the "CMA"), concerning the conditional use of the land described in Exhibit A to the Agreement (the "Land") as a hotel and accessory uses consistent with and subject to the conditions for the 'Approval,' including, among other conditions, a liquidated amount of $2,000 per violation per day remedy (the "Violation Assessment"), as specifically set forth in the Agreement;

WHEREAS, the Land is described in **Exhibit A**, attached hereto, it is located within the municipal limits of Town and title to the Land is held by Owner;

WHEREAS, Town and Owner entered into an Amendment to Declaration of Use Agreement made on December 28, 2012 and recorded in the Official Public Records Book 25694, Page 633, of the Public Records of Palm Beach County, Florida (the 'Amendment'), modifying the Agreement for the conditional use of the Land as a hotel and accessory uses and for operation on the Land of the Palm House Hotel ('Hotel') consistent with and subject to the conditions for the 'Approval' including, among other conditions, a February 14, 2013 deadline for the completion of construction of the Hotel (the "Completion Deadline"), as more specifically set forth in the Amendment;

WHEREAS, Owner commenced a civil action in December 2012 in the Fifteenth Judicial Circuit of Palm Beach County, Florida, styled *160 Royal Palm, LLC v. Town of Palm Beach*, Case No.: 502012CA023613XXXXMB (the "Litigation"), seeking a declaratory judgment concerning the Completion Deadline, which action remains pending but currently stayed based on the Bankruptcy Action, as hereinafter defined;

WHEREAS, effective February 15, 2013, Town commenced assessment of the Violation Assessment based on Owner's failure to complete construction of the Hotel by the Completion Deadline, despite Owner's contention that the Completion Deadline had been extended for two years, as alleged in the Litigation;

WHEREAS, Town and Owner entered into a Second Amendment to Declaration of Use Agreement made on August 13, 2013 and recorded in the Official Public Records Book 26251,

1

Page 78, of the Public Records of Palm Beach County, Florida (the 'Amendment')(hereinafter the "Second Amendment" for clarity), modifying the Agreement for the conditional use of the Land as a hotel and accessory uses and for Owner's operation on the Land of the Palm House Hotel ('Hotel') consistent with and subject to the conditions for the 'Approval,' including, among other conditions, the Completion Deadline, as specifically set forth in the Second Amendment;

WHEREAS, in 2014, the Town of Palm Beach Police Department, Code Enforcement Office initiated a code enforcement action, Case # CE-14-1212, 160 Royal Palm Way, 160 Royal Palm LLC, against the Land for unauthorized construction of the Hotel by Owner. Owner failed to satisfy or correct the code enforcement violation resulting in the entry of an Order Assessing Fine and Order Imposing Lien by Town Code Enforcement in the amount of $250 a day, commencing January 10, 2015 (the "Code Enforcement Fine"), which is recorded in Official Records Book 27315, page 1368 of the Public Records of Palm Beach County, Florida (the "Code Enforcement Lien") to enforce compliance with the code enforcement order (the "Code Enforcement Order") requiring the removal of all unpermitted work done beyond the scope of Owner's approved variances and building permits and passing all inspections;

WHEREAS, in 2014 construction of the Hotel was terminated and abandoned without completion or compliance with the Code Enforcement Order and the building permit for construction of the Hotel expired;

WHEREAS, on or about December 15, 2014 a civil action was commenced in the Fifteenth Judicial Circuit of Palm Beach County, Florida, styled as *Ryan Black v. Gerry Matthews*, et al, Case No.: 502014CA014846XXXXMB AG (the "Receivership Action") by Ryan Black, as a member and former managing member of Palm House, LLC, a Delaware limited liability company and the sole member of Owner, seeking appointment of a receiver for Owner;

WHEREAS, on or about July 20, 2015 the court in the Receivership Action entered an Amended Agreed Order on Plaintiff's Motion to Appoint Receiver (the "Receivership Order") whereby Cary Glickstein (the "Receiver") was appointed as Receiver for the real and personal property of Owner, including the Land and the partially constructed Hotel, and directed by the Receivership Order to pursue completion of the Hotel, upon securing construction financing, as approved by Town;

WHEREAS, in November 2015, Receiver applied for and on January 13, 2016, the Town Council granted the Receiver approval of Site Plan # 1-2016 with Special Exception for construction of the Hotel (the "Development Approval"), imposing conditions of approval in order to regulate the use, mitigate any adverse impacts of the use, and insure that said use shall not be adverse to the public interest, including, in part, correction of the unauthorized construction underlying the Code Enforcement Lien, which approval was to be further memorialized in a Third Amendment to Declaration of Use Agreement (the "Third Amendment"), which has not been executed nor has the work commenced, as authorized by the Development Approval, by application for a building permit revision;

2

WHEREAS, in November 2016, the Receiver sought and on December 14, 2016, the Town Council granted the Receiver's request for a conditional, temporary abatement of the Violation Assessment accruing since February 15, 2013, which abatement remains conditionally and temporarily in effect;

WHEREAS, on or about November 17, 2016, the Receiver applied for and the Town Code Enforcement Board granted the Receiver's request for a conditional, temporary abatement of the Code Enforcement Fine accruing since January 10, 2015, which abatement remains conditionally and temporarily in effect. Among the conditions imposed for the continued abatement of the Code Enforcement Fine was payment to the Town of the Code Enforcement Fine amount accruing before the abatement date, which amount was paid in full;

WHEREAS, because the work authorized by the Development Approval could not be commenced within 12 months from the date of Town Council approval, in December 2016, Receiver applied for and in January 2017 the Town Council granted the Receiver's request to extend the Development Approval for one year through January 13, 2018;

WHEREAS, because the work authorized by the Development Approval could not be commenced within 12 months from the date of Town Council approval, in or about December 2017, Receiver applied for and in January 2018 the Town Council granted the Receiver's second request to extend the Development Approval for one year through January 9, 2019;

WHEREAS, on July 3, 2018, an order was entered by the Court in the Receivership Action expanding the Receiver's powers and making the Receiver the sole and exclusive manager of Owner, among other powers;

WHEREAS, on August 2, 2018, Owner, by and through the Receiver as the sole and exclusive manager of Owner ("Manager"), filed a petition for Chapter 11 bankruptcy relief in the United States Bankruptcy Court, Southern District of Florida, West Palm Beach, styled *In re: 160 Royal Palm, LLC*, Case No.: 18-19441-EPK (the "Bankruptcy Action");

WHEREAS, Manager believes the sale of the Land and the Hotel (collectively, the "Property" or "Project") to a qualified buyer is in the best interests of Owner's creditors, Town, Town Code Enforcement and interested parties and represents a final opportunity for the Manager to accomplish what the Receiver could not by completion of the Hotel as approved by Town;

WHEREAS, Owner, under the direction of Manager and subject to court approval in the Bankruptcy Action, intends to sell the property to a qualified buyer who will comply with the Code Enforcement Order, complete construction of the Hotel as approved by Town consistent with the Development Approval;

WHEREAS, the Code Enforcement Order, Code Enforcement Fine, Code Enforcement Lien, Violation Assessment and impending expiration of the Development Approval in January 2019 separately and collectively create uncertainty in any prospective buyer's evaluation of the Land and the Hotel for acquisition purposes and that uncertainty materially and adversely affects the marketability of the Property and viability of the Project;

WHEREAS, Town Code Enforcement's and Town's interests are furthered by the sale of the Property to a qualified buyer who will comply with the Code Enforcement Order and complete the Project in accordance with the Development Approval;

WHEREAS, Owner and Town are entering into a separate Amended Conditional Settlement Agreement ("Town Settlement Agreement") to conditionally compromise and settle all claims, demands, rights and causes of action with respect to the Violation Assessment and the impending expiration of the Development Approval; and

WHEREAS, further to the above objectives, the Parties desire to conditionally compromise and settle all claims, demands, rights, and causes of action with respect to the Code Enforcement Order, Code Enforcement Fine and Code Enforcement Lien.

**NOW THEREFORE**, in consideration of the mutual promises, premises and covenants set out in this Settlement Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby expressly acknowledged, and upon the terms and subject to the conditions contained herein, the Parties expressly agree and covenant as follows:

### Section 1: Incorporation of Recitals

The Parties expressly incorporate the recitals of this Settlement Agreement as a part hereof.

### Section 2.  Continued Abatement of Code Enforcement Fine.

Town Code Enforcement agrees to reinstate, if necessary, and conditionally abate accrual of the Code Enforcement Fine for an abatement period through May 31, 2019. Upon timely payment of the Settlement Amount, as defined in as defined in the Section 3 below, by a "Qualified Buyer," as defined in Section 5 below, the foregoing abatement shall continue and remain in force and effect conditioned on completion of construction of the Hotel in accordance with the Developer Approval and building permit revision, as may be modified by agreement of Town and the Qualified Buyer.

### Section 3: Settlement Amount; Payment

Town Code Enforcement agrees to accept payment of $50,000.00 (the "Settlement Amount") to Town from a Qualified Buyer, as hereinafter defined, in full and final settlement of the Code Enforcement Fine accruing through May 31, 2019 provided such payment is delivered to Town on or before the earliest of (1) thirty days from the closing on the sale of the Property or (2) February 28, 2019. Payment shall be made in a single payment payable to Town of Palm Beach and delivered to Town at 360 South County Road, Palm Beach, Florida 33480. Timely payment of the Settlement Amount shall be an express condition precedent to the abatement of the Code Enforcement Fine through the abatement period set forth in Section 2.

### Section 4: Satisfaction and Discharge of Code Enforcement Lien

Upon the first to occur of: (i) Town Code Enforcement inspection and verification of compliance with the Code Enforcement Order to the reasonable satisfaction of Town Code

4

Enforcement, or (ii) Qualified Buyer's timely completion of the Hotel, as provided in the Third Amendment, a revised CMA and building permit revision, Town Code Enforcement shall prepare, execute and record a recordable satisfaction of the Code Enforcement Lien.

### Section 5:  Qualified Buyer

For purposes of this Settlement Agreement, a Qualified Buyer ("Qualified Buyer") shall be the purchaser of the Property pursuant to a fully performed contract and sale approved by court order in the Bankruptcy Action, excluding Owner, Former Owner, Palm House, LLC, any current or former manager or member of Owner, Former Owner or Palm House, LLC, and any other party to the Receivership Action or any other pending civil action in which Owner is a party, other than Town. While this Settlement Agreement is expressly intended for the benefit of a Qualified Buyer, nothing in this Agreement shall prevent Town Code Enforcement, in Town Code Enforcement's discretion, from extending the benefits conferred under this Settlement Agreement to a buyer who is not a Qualified Buyer hereunder.

### Section 6:  Conditional Settlement

This Settlement Agreement shall be of no force or effect unless it and the Amended Conditional Settlement Agreement between Owner and Town are both executed and delivered by the respective Parties and approved by a court order duly entered in the Bankruptcy Action. In the event (1) payment of the Settlement Amount is not timely paid to Town Code Enforcement; (2) a Third Amendment to Declaration of Use Agreement is not timely executed by and delivered to Town by the Qualified Buyer or (3) construction of the Hotel is not timely completed by the Qualified Buyer in accordance with the Third Amendment to Declaration of Use Agreement and building permit revision, then the Development Approval shall expire. Unless otherwise extended by Town, the Code Enforcement Fine abatement shall terminate and the assessment and fine shall be reinstated, respectively, as if the abatements had never been granted, less payments received by Town Code Enforcement, and the Code Enforcement Lien shall remain in force and effect until satisfied in accordance with the Code Enforcement Lien. If the Bankruptcy Action is dismissed before the sale of the Property or if Owner is otherwise prevented or unable to sell the Property to a Qualified Buyer, Owner reserves all of its rights, claims and defenses as asserted in the Litigation and/or that are or as may be available to Owner in the Bankruptcy Action with regard to the Property, the Violation Assessment, the Code Enforcement Fine and/or the Code Enforcement Lien.

### Section 7: No Admission of Liability or Fault

This Agreement is a compromise of a disputed claim and the execution of this Settlement Agreement is not, and should not be construed to be, as an admission of liability or fault on the part of any party, their respective successors, assigns, subsidiaries, affiliates, agents, managers, members, partners, and employees, and by executing this Settlement Agreement the Parties expressly deny any liability or fault.

### Section 8: Governing Law

This Settlement Agreement shall be interpreted, construed and enforced pursuant to and in accordance with the laws of the State of Florida.

### Section 9: <u>Attorneys' Fees and Costs</u>

In the event of litigation to enforce the terms of this Settlement Agreement, the prevailing party shall be entitled to recover its reasonable attorney's fees and costs from the non-performing party. Except as specifically provided in this Settlement Agreement, the Parties shall bear their own respective attorneys' fees and costs incurred in connection with the Litigation and the negotiation and performance of this Settlement Agreement.

### Section 10: <u>Time is of the Essence</u>

Time is of the essence for all dates and time periods expressed herein.

### Section 11: <u>Choice of Law and Forum Selection</u>

The Parties agree that this Settlement Agreement is made and entered into in the State of Florida, and shall in all respects be interpreted, enforced and governed under the laws of the State of Florida without applying conflict of laws principles, and shall be subject to the exclusive jurisdiction of the courts of Florida. The sole and exclusive venue for any litigation arising out of, or relating to this Settlement Agreement shall be in Palm Beach, Florida, to the exclusion of any and all other venues.

### Section 12: <u>Interpretation of Settlement Agreement</u>

The Parties have been represented by counsel, and have reviewed this Settlement Agreement through their respective attorneys or have had the opportunity to do so. None of the Parties (nor any attorney for any of the Parties) shall be deemed to be the drafter of this Settlement Agreement. Any rule of construction under Florida law requiring that ambiguities be resolved against the drafting party shall not be employed in the interpretation of this Settlement Agreement. The Parties further agree that all parts of this Settlement Agreement shall in all cases be construed as a whole according to its fair meaning.

### Section 13: <u>Successors and Assigns</u>

This Settlement Agreement shall apply to the Parties, as well as to each of their predecessors, successors and assigns.

### Section 14:    <u>Declaration of Use Agreement, the Amendment and the Second Amendment</u>

The Declaration of Use Agreement, the Amendment to Declaration of Use Agreement and the Second Amendment to Declaration of Use Agreement remain in full force and effect, subjection to further modification by a Third Amendment to Declaration of Use Agreement between Town and a Qualified Buyer, as generally described herein.

**Section 15: <u>Authority to Execute Settlement Agreement</u>**

Each of the Parties, and those persons executing this Settlement Agreement on behalf of the Parties, warrants to the other that each has full power, authority and capacity to execute this Settlement Agreement. In addition, the Parties warrant and represent that they are the owner of the claims asserted against the other and have not transferred or assigned any claim, in whole or in part.

**Section 16: <u>Town Code Enforcement Cooperation</u>**

In connection with Owner's sale of the Property to a Qualified Buyer as authorized and approved in the Bankruptcy Action, Town Code Enforcement agrees to cooperate with the settlement, title or closing agent, Owner and the Qualified Buyer, at no expense to Town Code Enforcement, and use its best reasonable efforts to timely review and comply with written requests for information, acknowledgements and confirmations further to Owner's conveyance of title, confirmation of Qualified Buyer status, and verification of the recitals set forth in this Settlement Agreement as of the Closing Date.

**Section 17: <u>Headings</u>**

All sections, titles or captions contained in this Settlement Agreement are for convenience only and shall not be deemed to be a part of this Settlement Agreement, and shall not affect the meaning or interpretation of this Settlement Agreement.

**Section 18: <u>Amendment to Conditional Settlement Agreement; Merger</u>**

Upon execution by the Parties, this Amended Conditional Settlement Agreement shall amend and replace the Conditional Settlement Agreement executed by the Parties on October 18, 2018 and approved by Town Code Enforcement in that certain Order of Temporary Fine Suspension in Case# CE 14-1212, dated October 18, 2018. There have been no written or oral representations made, or relied upon, by the Parties as inducement for the execution of this Settlement Agreement that are not expressly stated herein. The terms of this Settlement Agreement are contractual, not mere recitals, and may be enforced by a court of competent jurisdiction. No changes in or additions to this Settlement Agreement shall be valid, enforceable or recognized, unless made in a writing and signed by all of the Parties.

**Section 19: <u>Execution in Counterparts</u>**

This Settlement Agreement may be executed in counterparts, each of which shall constitute an original, and all of which shall constitute one and the same instrument. Additionally, the different counterparts of this Settlement Agreement may be executed separately by each signatory, and all such separately executed counterparts, when taken together, shall be treated as and constitute one and the same instrument. Any signature delivered by electronic or facsimile transmission shall be treated in all manner and respect as an original document.

7

IN WITNESS WHEREOF the Parties have hereunto set their hands and seals the day and year first above written.

Signed, sealed and delivered
in the presence of:

TOWN OF PALM BEACH CODE
ENFORCEMENT BOARD OF THE
TOWN OF PALM BEACH

By: _____
Matthew Natale
Code Enforcement Board Chair

By: _____
Kirk Blouin
Town Manager

APPROVED AS TO LEGAL FORM AND
SUFFICIENCY

_____
John C. Randolph
Town Attorney

160 ROYAL PALM, LLC, a Florida limited
liability company

By: _____
Cary Glickstein, as Manager for 160 Royal
Palm, LLC, and not individually

8

**EXHBIT A**

**Legal Description for the Land:**

Being Lots 31, 32 and 33, Block F, Royal Park Addition, a subdivision in the Town of Palm Beach, Palm Beach, Florida, as recorded in Plat Book 4, Page 1, Public Records of Palm Beach County, Florida

9

# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

160 Royal Palm, LLC,                                    Case No. 18-19441-EPK

      Debtor.                                          Chapter 11
_____/

## ORDER APPROVING AMENDMENTS TO SETTLEMENTS
## WITH THE TOWN OF PALM BEACH

THIS MATTER came before the Court upon the *Debtor's Ex Parte Motion for Approval of Amendments with the Town of Palm Beach* [ECF No. ___] (the "Motion") filed by 160 Royal Palm, LLC (the "Debtor"), wherein the Debtor requests approval of two Amended Conditional Settlement Agreements (the "Agreements") between the Debtor and (a) the Town of Palm Beach, and (b) the Town of Palm Beach Code Enforcement Board (together, the "Town").  Copies of the Agreements are attached to the Motion as Exhibits A and B.

Having considered the Motion, the Agreements, and being otherwise fully advised in the premises, it is **ORDERED AND ADJUDGED** that:

{2081/000/00364553}

1.      The Motion [ECF No. ____] is GRANTED.

2.      The terms of the Agreements are approved.

3.      All terms of the Agreements are incorporated herein by reference and the parties are authorized and directed to comply in full with said terms.

4.      The Court shall retain jurisdiction to interpret and enforce this Order and the Agreements.

###

Submitted by:

Eric Pendergraft
**SHRAIBERG, LANDAU & PAGE, P.A.**
Attorney for the Debtor
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Tel.: 561-443-0800
Facsimile: 561-998-0047
Email:  ependergraft@slp.law

*Eric Pendergraft is directed to serve copies of this Order upon all interested parties and to file a certificate of service with the Court.*