UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re

160 Royal Palm, LLC,                                          Case No. 18-19441-EPK

　　　　Debtor.                                                     Chapter 11
_____/

**SECURED CREDITOR KK-PB FINANCIAL, LLC'S RESPONSE IN SUPPORT OF DEBTOR'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT, AND RELATED ASSET PURCHASE AGREEMENT, WITH KK-PB FINANCIAL, LLC AND GLENN F. STRAUB**

　　　　Secured Creditor, KK-PB Financial, LLC ("**KK-PB**") submits its response in support of Debtor 160 Royal Palm, LLC's (the "**Debtor**") Motion for Approval of Settlement Agreement, and Related Asset Purchase Agreement, with KK-PB Financial, LLC and Glenn F. Straub [ECF No. 523], and states:

　　　　1.　　As this Court is aware, from the outset of this chapter 11 proceeding, the Debtor and KK-PB have been locked in a dispute regarding the Debtor's principal asset: the real property located at 160 Royal Palm Way, Palm Beach, Florida 33480 (the "**Real Property**").

　　　　2.　　Specifically, the issues raised by each of the parties by way of multiple motions and responses (together, the "**Contested Matters**")[1] were heavily litigated through multiple hearings, a myriad of discovery, and evidentiary hearings. On January 18, 2019, the parties entered into the Settlement Agreement and Asset Purchase Agreement, subject to the Court's approval. If approved, the Settlement Agreement and APA will resolve the Contested Matters, the Debtor's objection to KK-PB's claim [ECF No. 178], and the dispute between the Debtor and KK-PB.

　　　　3.　　KK-PB supports the Debtor's Settlement Motion [ECF No. 523] and maintains that the Settlement will increase the recovery for the benefit of the estate and its creditors, and will

---

[1] The Contested Matters include the issues raised in (i) the Debtor's *Motion to Limit Credit Bids with Respect to Sale of Substantially All of Its Assets* [ECF No. 103] (the "**Motion to Limit Credit Bids**"), as supplemented by ECF No. 163; (ii) KK-PB's *Motion to Estimate Claim for Purposes of Credit Bidding Pursuant to 11 U.S.C. §§ 502(c) and 363(k)* [ECF No. 133] (the "**Motion to Estimate**"), further clarified at ECF No. 164; and (iii) KK-PB's *Motion to (1) Modify and Terminate Automatic Stay; or (II) Dismiss Chapter 11 Proceeding* [ECF No. 69] (the "**Stay Relief Motion**").

SALAZAR
— LAW —

avoid the cost, expense, delay, and uncertainty of litigation or other dispute resolution procedures. In furtherance of the Settlement Motion [ECF No. 523], KK-PB maintains that the Settlement Agreement and APA, require the issuance of an Order authorizing and approving the terms set forth below:

> a. **Settlement Payment:** KK-PB shall pay Debtor $5,125,000 (the "**Settlement Payment**"). The Settlement Payment shall be utilized by the Debtor to pay, among other things and if applicable, the Break-Up Fee, broker compensation, the $200,000 Payment, the $50,000 Payment, and allowed creditor claims, including the allowed claims of the EB-5 Investors and the Other EB-5 Creditors.
>
> b. **Debtor to Pay Broker and Town**: Debtor shall be responsible for paying the broker retained by Debtor [ECF Nos. 19 and 66], and Debtor shall be responsible for paying the $200,000 Payment to the Town of Palm Beach and $50,000 Payment to the Town of Palm Beach Code Enforcement Board simultaneously with its receipt of the Settlement Payment, in full satisfaction of their respective claims against the Debtor's Estate.
>
> c. **Transfer of Property to KK-PB:** In consideration of the Settlement Payment, and a credit of $5,135,862, Debtor shall convey to KK-PB or its designee the Real Property, and all tangible and intangible personal property and equipment located on the Real Property or off-site which shall include, but not be limited to, all marble, molding and elevator materials, equipment and supplies fabricated or supplied by third party vendors, suppliers and subcontractors of the Debtor, and labor, under original and/or amended contracts, agreements or understandings between Debtor and the third party vendors, suppliers and subcontractors whether or not a valid construction lien or proof of claim was filed. If there are any obligations due the third party vendors, suppliers and/or subcontractors, said obligations shall be assumed by the Debtor using funds derived from the $5,125,000 settlement payment made by KK-PB to the Debtor under the Settlement Agreement. Such conveyances shall be free and clear of all liens, claims, interests, and encumbrances pursuant to 11 U.S.C. § 363(f), and the third party vendors, suppliers and subcontractors of the Debtor that are in possession of personal property, material, supplies or equipment are directed to immediately release them unto KK-PB or its designee.
>
> d. **Taxes:** KK-PB shall be responsible for the payment of all real property/*ad valorem* taxes relating to the Real Property for tax years 2018 and 2019, including the Real Estate Tax Claim.

    e. **Bar Order/Injunction/Third Party Releases:** KK-PB and Mr. Straub's entry into the Settlement Agreement and APA is expressly conditioned upon the Court's entry of an order barring/enjoining/releasing all claims and litigation by the EB-5 Investors, the Other EB-5 Creditors, and any other creditors or potential creditors against KK-PB, Mr. Straub, Galle, Mr. Spano, New Haven, Mr. Laudano, and related parties and professionals, with respect to any and all actions and transactions arising from or relating to Debtor, the Real Property, the investments made by the EB-5 Investors and Other EB-5 Creditors in Palm House Hotel, LLLP, and any and all other matters that were directly or indirectly, or tangentially, related to the Real Property, Debtor, or Debtor's estate.

  4. KK-PB submits that the requested Bar Order described in the Debtor's Settlement Motion [ECF No. 523] and in paragraph 3(e) above is fair and equitable. No party has asserted claims against Mr. Straub, Galle, or Mr. Spano that would be barred by the bar order. As to New Haven and Mr. Laudano, these parties have assisted in facilitating the Settlement Agreement by causing the senior secured New Haven Claim to be assigned to KK-PB, thereby permitting KK-PB to waive the New Haven Claim as part of the Settlement Agreement. As to KK-PB and its principal, Mr. Straub, such parties are paying the Debtor the Settlement Payment, permitting creditors, including the EB-5 Investors and Other EB-5 Creditors, to obtain a distribution that was otherwise uncertain from the disposition of the Real Property. Therefore, the Court should issue the required Bar Order described in Section 8 of the Settlement Agreement in conjunction with approval of the Settlement Agreement.

  5. KK-PB further submits that as part of the Settlement Agreement and the related APA, the parties seek this Court's authorization and approval for the Debtor to convey the Real Property (along with certain related personal property and rights as set forth herein and in the Settlement Agreement and APA) to KK-PB or its designee, free and clear of all liens, claims, encumbrances, and interests, and with specific findings that KK-PB is purchasing the Real Property in good faith, in a non-collusive manner, without successor liability, effective immediately upon this Court's entry of an order authorizing and approving the Settlement and the proposed transaction as to the Real Property. Having negotiated the Settlement Agreement and APA, at arms-length, and in the heat of vigorous litigation, KK-PB believes that the Real Property is being purchased in good faith and in a non-collusive manner, such that Order authorizing and approving

the APA should include protections to which good faith purchasers are entitled under 11 U.S.C. §§ 363(m) and (n).

6. For the reasons set forth above and in the Debtor's Settlement Motion [ECF No 523], KK-PB believes that the Settlement Agreement and the Asset Purchase Agreement are in the best interest of the estate and its creditors and should be approved.

**WHEREFORE**, Secured Creditor, KK-PB Financial, LLC, respectfully requests that this Court enter an Order (i) approving the Settlement Agreement, including the required findings set forth herein and in the Settlement Agreement; (ii) barring the specific claims against KK-PB, Mr. Straub, Galle, New Haven, Mr. Laudano, and Mr. Spano, as well as their related parties and professionals, as set forth in Section 8 of the Settlement Agreement; (iii) approving the Asset Purchase Agreement, including the required findings under the APA, and authorizing the conveyance of the Real Property and personal property specified therein to KK-PB or its designee pursuant to the terms of the APA; (iv) retaining jurisdiction over the terms of the Settlement Agreement, the APA, and the parties thereto to interpret and enforce the Settlement Agreement and the APA and the Orders related thereto; and (v) granting such other relief as the Court deems just and proper.

Dated: February 6, 2019

Respectfully submitted,

**SALAZAR LAW**
*Counsel for Secured Creditor, KK-PB Financial, LLC*
2000 Ponce de Leon Boulevard, Penthouse Suite
Coral Gables, Florida  33134
Telephone: (305) 374-4848
Facsimile:   (305) 397-1021
Email:  Luis@Salazar.Law
Email: Aguilar@Salazar.Law

By:    */s/ Luis Salazar*
       Luis Salazar
       Florida Bar No. 147788
       Celi S. Aguilar
       Florida Bar No. 117589

4



## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this day, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all parties identified on the Service List attached to the original hereof via transmission of Notices of Electronic Filing generated by CM/ECF and/or electronic mail transmission as indicated thereon.

By: /s/ Luis Salazar
Luis Salazar

## SERVICE LIST

**Electronic Mail Notice List (Via CM/ECF)**

- **David W Baddley**  baddleyd@sec.gov
- **Heidi A Feinman**  Heidi.A.Feinman@usdoj.gov
- **Steven C Jones**  steven.jones@wilsonelser.com, anna.nowakowska@wilsonelser.com;vivian.fusco@wilsonelser.com;EService.Miami@wilsonelser.com
- **Philip J Landau**  plandau@slp.law, msmith@slp.law;blee@slp.law;pdorsey@slp.law;dwoodall@slp.law;ematteo@slp.law;ependergraft@slp.law;cdraper@slp.law
- **Bernice C. Lee**  blee@slp.law, dwoodall@slp.law;ematteo@slp.law;cdraper@slp.law
- **Peter J Malecki**  pmalecki@riccalawyers.com, bricca@riccalawyers.com;lkendrick@riccalawyers.com
- **Edward A Marod**  emarod@gunster.com, dpeterson@gunster.com
- **Orfelia M Mayor**  omayor@ombankruptcy.com, legalservices@pbctax.com;carmen@ombankruptcy.com;cmbk@ombankruptcy.com;omayor@ecf.inforuptcy.com
- **Office of the US Trustee**  USTPRegion21.MM.ECF@usdoj.gov
- **Eric S Pendergraft**  ependergraft@slp.law, dwoodall@slp.law;ematteo@slp.law;bshraibergecfmail@gmail.com;cdraper@slp.law
- **Cristopher S Rapp**  rapp@alumni.princeton.edu, IRGeservice@kelleykronenberg.com
- **Luis Salazar**  Luis@Salazar.Law, Ceide@Salazar.Law;Aguilar@Salazar.Law;Cabrera@Salazar.Law;Lee-Sin@Salazar.Law;Osorio@Salazar.Law
- **Jeffrey I. Snyder**  jsnyder@bilzin.com, eservice@bilzin.com;lflores@bilzin.com
- **Allen R Tomlinson**  atomlinson@jonesfoster.com, mbest@jonesfoster.com
- **Harry Winderman**  harry4334@hotmail.com, lynoramae@gmail.com,lm@whcfla.com,filings@whcfla.com

SALAZAR
— LAW —