UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

160 Royal Palm, LLC,	Case No. 18-19441-EPK

    Debtor.	Chapter 11
_____/

**NOTICE OF FILING PROPOSED ORDER APPROVING SETTLEMENT AND SALE**

In connection with the *Debtor's Motion for Approval of Settlement Agreement, and Related Asset Purchase Agreement, with KK-PB Financial, LLC and Glenn F. Straub* [ECF No. 523] (the "Motion"), and in order to apprise the Court prior to the 1:30 p.m. hearing on the same, 160 Royal Palm, LLC (the "Debtor") hereby gives notice of the attached proposed order granting the Motion. Such proposed order is the product of revisions by the Debtor, KK-PB Financial, LLC, and Glenn F. Straub (the "Parties"). The Parties[1] have agreed to all the language set forth in the proposed order except for the precise language of Paragraph 5, which the Parties are still working out.

        **SHRAIBERG, LANDAU & PAGE, P.A.**
        Attorneys for Debtor
        2385 NW Executive Center Drive, #300
        Boca Raton, Florida 33431
        Telephone: 561-443-0800
        Facsimile: 561-998-0047

        By: */s/ Eric Pendergraft*
            Eric Pendergraft
            Florida Bar No. 91927
            ependergraft@slp.law

---

[1] The attached proposed order reflects the agreement between the Parties, not any agreement by the Securities and Exchange Commission, the United States Trustee, or objecting creditors.

{1930/000/00314568}    1

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on February 8, 2019, via CM/ECF to all parties registered to receive such notice via electronic filing.

                                                */s/ Eric Pendergraft*
                                                  Eric Pendergraft

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re                                              Case No.: 18-19441-BKC-EPK

160 ROYAL PALM, LLC,                               Chapter 11

         Debtor.                        /

**ORDER GRANTING DEBTOR 160 ROYAL PALM, LLC'S (I) MOTION FOR ENTRY OF ORDER AUTHORIZING AND APPROVING SETTLEMENT AGREEMENT WITH KK-PB FINANCIAL, LLC AND GLENN F. STRAUB; AND (II) REQUEST FOR ENTRY OF BAR ORDER**

**THIS MATTER** came before the Court for hearing on February 8, 2019 upon the *Debtor's Motion for Approval of Settlement Agreement, and Related Asset Purchase Agreement, with KK-PB Financial, LLC and Glenn F. Straub* [ECF No. 523] (the "**Motion**") filed by 160 Royal Palm, LLC (the "**Debtor**").

Having reviewed: (a) the Motion and the Settlement Agreement which is attached to the Motion as Exhibit A, and which was executed on January 18, 2019 by and between the Debtor, KK-PB Financial, LLC ("**KK-PB**"), and Glenn F. Straub ("**Straub**"); and (b) the

{2234/000/00432308}

related Asset Purchase Agreement which is attached to the Motion as Exhibit B and which was executed on January 18, 2019 by and between the Debtor and KK-PB, and for the reasons stated on the record, the Court makes the following findings:

    A.    **Jurisdiction, Venue, and Statutory Predicates.** The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Court has authority to issue an order granting the relief sought in the Motion, pursuant to Sections 105 and 363(b), (k), and (m) of the Bankruptcy Code and Rules 6004, 9014, and 9019 of the Federal Rules of Bankruptcy Procedure.

    B.    The findings of fact and conclusions of law set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are hereby adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are hereby adopted as such. Any findings of fact or conclusions of law stated on the record by the Court at the evidentiary hearing conducted on January 8 and 11, 2019 are hereby incorporated, to the extent they are not inconsistent herewith.

    C.    **Notice and Opportunity to be Heard.** The Court finds that sufficient and adequate notice of the Motion seeking approval of the Settlement Agreement and Asset Purchase Agreement, and requesting issuance of a bar order and the hearing thereon has been properly provided by the Debtor to all creditors and parties in interest in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, and no other or further notice is necessary.

D.  **Good Faith Compromise.** The Court has been apprised of the extensive discussions and negotiations that preceded the Settlement Agreement and finds that the Settlement Agreement is a result of arm's-length negotiations among the Debtor, KK-PB and Straub (collectively, the "**Parties**")[1] and represents a good faith compromise to resolve the factual issues raised in (i) KK-PB's Motion to (I) Modify and Terminate Automatic Stay; or (II) Dismiss Chapter 11 Proceeding [EFC 69]; (ii) KK-PB's Motion to Estimate Claim for Purposes of Credit Bidding Pursuant to 11 U.S.C. §§ 502(c) and 363 (k) [ECF No. 133]; and (iii) the Debtor's Motion to Limit Credit Bids with Respect to Sale of Substantially All of Its Assets [ECF No. 103]. The Court further finds that the Parties have entered into the Settlement Agreement and the proposed settlement and releases contemplated therein in good faith and that there is no evidence that the Settlement Agreement is the result of collusion among the Parties or that there has been any intent to prejudice any person or entity that will be subject to this Order. And therefore, the Court finds that KK-PB and Straub are good faith purchasers of the Assets described in the Asset Purchase Agreement under Section 363(m) of the Bankruptcy Code, and that KK-PB and Straub or their assigns are entitled to all of the protections afforded under Section 363(m).  Moreover, KK-PB is neither a successor nor a mere continuation of the Debtor, there is no continuity of enterprise between the Debtor and KK-PB, and the transaction contemplated by the Asset Purchase Agreement does not amount to, or otherwise constitute a consolidation, merger or de facto merger of KK-PB and the Debtor.  The transactions contemplated hereunder are not avoidable pursuant to Section 363(n) of the Bankruptcy Code.

---

[1] Unless otherwise stated, all capitalized terms shall have the meaning ascribed to them in the Motion.

E. **No Fraud or Other Improper or Unlawful Acts.** The Court has considered the legal and factual bases as to the issues raised in (i) KK-PB's Motion to (I) Modify and Terminate Automatic Stay; or (II) Dismiss Chapter 11 Proceeding [EFC 69]; (ii) KK-PB's Motion to Estimate Claim for Purposes of Credit Bidding Pursuant to 11 U.S.C. §§ 502(c) and 363 (k) [ECF No. 133]; and (iii) the Debtor's Motion to Limit Credit Bids with Respect to Sale of Substantially All of Its Assets [ECF No. 103]. The Court has considered the Motion and the Settlement Agreement and has been advised of the material and integral terms of the Settlement Agreement including, among other things, a finding of no activities sounding in fraud or any other improper or unlawful acts as to KK-PB, Straub, The Galle Law Group, P.A, Craig T. Galle, or Sal V. Spano as to the matters described in the Settlement Agreement. The Court has determined that the Parties have entered into the Settlement in good faith and the Court has been presented with no evidence and makes no findings of fraud, wire fraud, bank fraud, illegal monetary transactions, collusion, aiding or abetting, conspiracy, or any other improper or unlawful acts of any kind on the part of KK-PB, Straub, The Galle Law Group, P.A, Craig T. Galle, or Sal V. Spano with, involving, arising from, or relating to the Debtor, Robert V. Matthews, Maria "Mia" Matthews, Joseph Walsh, Leslie Evans, Leslie Robert Evans & Associates, P.A., New Haven Contracting South, Inc., Nicholas J. Laudano, NJL Development Group Inc., or Palm House, LLC.

F. **Fair and Reasonable Settlement.** The Court has determined that the Settlement is fair and reasonable and finds that the Settlement Agreement meets the standard for approval of settlements set forth by the Eleventh Circuit Court of Appeals in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F. 2d 1544 (11th Cir. 1990) and the

Settlement is otherwise within the range of reasonableness required for approval under Rule 9019 of the Federal Rules of Bankruptcy Procedure.

G. **Bar Order is Integral Term of Settlement and is Fair and Equitable.** The Court has determined that the Settlement Agreement is expressly conditioned upon the entry of an Order barring commencement or proceeding with any litigation against KK-PB, Straub, The Galle Law Group, P.A., Craig T. Galle, Sal V. Spano, and related parties and professionals, with respect to any and all transactions arising from or relating to Debtor 160 Royal Palm, LLC and the real property located at 160 Royal Palm Way in Palm Beach, Florida, the investments made by the EB5 Investors in Palm House Hotel, LLLP, and any and all other matters that were directly, indirectly or tangentially related to the Property, the Debtor and/or the Estate, and therefore, subject to any modifications herein, is a material and integral term of the Settlement Agreement. The Court finds that the Parties' request for issuance of a Bar Order is appropriate to achieve the finality and repose that is contemplated as a required term of the proposed Settlement Agreement and is fair and equitable, and the Settlement Agreement meets the standard for issuance of a Bar Order set forth by the Eleventh Circuit Court of Appeals in *Munford, Inc. v. Munford, Inc.*, 97 F. 3d 449 (11th Cir. 1996).

**NOW THEREFORE IT IS ORDERED AND ADJUDGED** that:

1. The Motion is **GRANTED** as set forth herein.

2. This Order shall constitute the Settlement Order and the Bar Order required by and described in the Settlement Agreement, and the Sale Order required by and described in the Asset Purchase Agreement.

3. The Settlement Agreement, the Asset Purchase Agreement, and the terms and conditions of the same, and the transaction contemplated under the Asset Purchase Agreement are AUTHORIZED and APPROVED in all respects in accordance with Sections 105 and 363(b), (f), (k), and (m) of the Bankruptcy Code, Rules 6004, 9014, and 9019 of the Federal Rules of Bankruptcy Procedure.

4. The Parties are AUTHORIZED to take any and all action necessary or appropriate to execute and deliver, perform under, consummate, and implement the Settlement Agreement and the Asset Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to perform under and consummate the transaction contemplated under the Asset Purchase Agreement, including any other ancillary documents, or as may be reasonably necessary or appropriate to the performance of the obligations as contemplated by the Settlement Agreement, the Asset Purchase Agreement, and such other ancillary documents.

5. Debtor's conveyance to KK-PB or its designee of the Real Property, and all tangible and intangible personal property and equipment located on the Real Property or off-site shall include, but not be limited to, all marble, molding and elevator materials, equipment and supplies, if any, fabricated or supplied by third party vendors, suppliers and subcontractors of the Debtor, and labor, under original and/or amended contracts, agreements or understandings between Debtor and the third party vendors, suppliers and subcontractors whether or not a valid construction lien or proof of claim was filed. If there are any obligations due the third-party vendors, suppliers and/or subcontractors, the Debtor's conveyance of the Real Property to KK-PB or its designee shall be free and clear of said obligations. Such conveyances shall be free and clear of all liens, claims, interests, and

encumbrances pursuant to 11 U.S.C. § 363(f), and the third-party vendors, suppliers and subcontractors of the Debtor that are in possession of personal property, material, supplies or equipment are directed to immediately release them unto KK-PB or its designee. The Buyer is not assuming or acquiring any of the Excluded Assets (as defined in the Asset Purchase Agreement).  The Assets are being sold on an as-is, where-is basis, without representations or warranties, except as expressly set forth in section 13.1 of the Asset Purchase Agreement.

6. The Parties' request for the issuance of a Bar Order set forth in the Motion and required under the terms of the Settlement Agreement is **APPROVED** and therefore, the EB-5 Investors and any other creditor or potential creditors are permanently **BARRED** and **ENJOINED** from commencing, proceeding with, or prosecuting any litigation against KK-PB, Straub, The Galle Law Group, P.A., Craig T. Galle, and Sal V. Spano, with respect to any and all transactions arising from or relating to Debtor 160 Royal Palm, LLC and the real property located at 160 Royal Palm Way in Palm Beach, Florida, the investments made by the EB-5 Investors in Palm House Hotel, LLLP, and any and all other matters that were directly, indirectly or tangentially related to the 160 Royal Palm Way property, the Debtor and/or the Estate. The terms, conditions, and provisions of the Settlement Agreement are incorporated in this Order by reference as if fully set forth herein. Except with respect to the Court's findings regarding no successor liability and its findings under Section 363(m), nothing in this Order shall (i) enjoin, impair or delay the Securities and Exchange Commission or any other governmental entity from commencing or continuing any claims, causes of action, proceedings or investigations against any person or entity, including the KK-PB Released Parties, New Haven Contracting South, Inc. and Nicholas J. Laudano or

(ii) release or discharge any person or entity, including the KK-PB Released Parties, New Haven and Laudano, from any claims, rights, powers or interests held or assertable by the Securities and Exchange Commission or any other governmental entity.

7.     As to the sale of the Assets contemplated in the Asset Purchase Agreement, this Order is effective immediately notwithstanding Federal Rule of Bankruptcy Procedure 6004(h), and the Parties to the Asset Purchase Agreement may immediately effectuate and consummate the transaction set forth in the Asset Purchase Agreement.

8.     The Court retains jurisdiction to hear and determine all matters arising from or relating to the interpretation, implementation, or enforcement of the Settlement Agreement and this Order.

# # #

**Submitted by:**
Luis Salazar, Esq.
Celi S. Aguilar, Esq.
**SALAZAR LAW**
2000 Ponce de Leon Boulevard, Penthouse
Coral Gables, Florida 33134
Telephone: (305) 374-4848
Email: Luis@Salazar.Law
Email: Aguilar@Salazar.Law

**Copies to:**
Luis Salazar, Esq.
Celi S. Aguilar, Esq.

*(Attorney Salazar shall serve a copy of this Order upon all interested parties upon receipt and file a certificate of service.)*