UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

160 Royal Palm, LLC,                                    Case No. 18-19441-EPK

    Debtor.                                              Chapter 11
_____/

**DEBTOR'S MOTION TO STRIKE KK-PB'S OBJECTION TO PRIVATE SALE**

160 Royal Palm, LLC (the "Debtor"), by and through its undersigned counsel, hereby requests that the Court strike the *Objection to Private Sale of Real Property to LR U.S. Holdings, LLC Free and Clear of Liens, Claims and Encumbrances* [ECF No. 629] (the "Objection") filed by KK-PB Financial, LLC ("KK-PB"). In support, the Debtor states as follows:

**Pertinent Facts**

1.    The Debtor is a Florida limited liability company that filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on August 2, 2018 (the "Petition Date"). Pursuant to §§ 1107 and 1108 of the Code, the Debtor is a debtor in possession and possesses all of the powers, functions and duties of a trustee.

2.    The Debtor's principal asset is a partially completed hotel-condominium project known as the Palm House Hotel (the "Hotel" or "Property"), which is located at 160 Royal Palm Way, Palm Beach, FL 33480.

3.    On February 26, 2019, the Court entered its *Order Estimating the Claim of KK-PB Financial, LLC and Denying Ability to Credit Bid* [ECF No. 603] (the "Estimation Order") wherein the Court determined that "KK-PB has neither a lien nor an allowed claim . . . ." Estimation Order, Page 14.

4.    After a hearing on February 28, 2019, the Court, on March 1, 2019, entered its

{2234/000/00425148}

*Order: (I) Granting Expedited Motion Seeking Approval of Procedures for Amended Sale Process and (II) Scheduling Final Hearing to Consider Approval of Sale of Assets Free and Clear of Liens, Claims and Encumbrances* [ECF No. 619] (the "Sale Procedure Order"), wherein the Court, among other things, scheduled a March 8, 2019 hearing to consider the free-and-clear sale (the "Sale") of the Property during which the Court will "consider all timely and properly-filed objections, under 11 U.S.C. § 363, to the sale of the [Property] [.]" Sale Procedure Order, ¶8.

### KK-PB Has No Standing to Object to the Sale

5. "Standing in bankruptcy cases is narrower than Article III standing. To have standing to object to a bankruptcy court's order, a person must have a pecuniary interest in the outcome of the bankruptcy proceedings." *In re Adams*, 424 B.R. 424, 435 (Bankr. N.D. Ill. 2010) (internal citations and quotation marks omitted).

6. Because the Court has determined that it has neither a lien nor a claim, KK-PB has no pecuniary interest in the outcome of the Sale, and therefore, KK-PB has no standing to object to the Sale.

7. Accordingly, the Court should strike the Objection based on KK-PB's lack of standing.

### KK-PB's Objection Is Not a Proper Objection Under Section 363

8. KK-PB raises three grounds in its Objection: (a) vague substantive and procedural defectiveness; (b) an objection to the Debtor's request that, as part of the Sale, KK-PB shall have no lien or claim as to the Sale proceeds; and (c) an assertion that the Sale proposes a settlement with the Town of Palm Beach and Town of Palm Beach Code Enforcement Board outside the boundaries of a chapter 11 plan or Rule 9019 settlement.

9. KK-PB completely fails to point out how each of these grounds renders the Sale objectionable under Section 363, and therefore, none of the three bases raised by KK-PB in the Objection is a proper objection under 11 U.S.C. § 363.[1]

10. Accordingly, the Court should strike the Objection based on KK-PB's failure to assert a proper objection under 11 U.S.C. § 363.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order striking the Objection [ECF No. 629].

[signature on following page]

---

[1] Substantively, each of these grounds fails. First, KK-PB fails to explain why the Sale is either procedurally or substantively defective. Second, KK-PB has no lien or claim, and therefore, is not entitled to a lien on the Sale proceeds under 11 U.S.C. § 363(f). Third, the Debtor's settlements with the Town of Palm Beach and the Town of Palm Beach Code Enforcement Board *have* been the subject of proper motions and orders under Federal Rule of Bankruptcy Procedure 9019. ECF Nos. 97, 112, 204, 536, and 543.

**ATTORNEY CERTIFICATION**

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on March 5, 2019, via CM/ECF to all parties registered to receive such notice via electronic filing.

> Respectfully Submitted,
>
> SHRAIBERG, LANDAU, & PAGE, P.A.
> Attorneys for the Debtor
> 2385 NW Executive Center Drive, #300
> Boca Raton, Florida 33431
> Telephone: 561-443-0800
> Facsimile: 561-998-0047
> Email: ependergraft@slp.law
>
> By: /s/ Eric Pendergraft
>      Eric Pendergraft
>      Fla. Bar No. 91927