**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

IN RE:  160 Royal Palm, LLC,                    Chapter 11 Case
                                                Case No. 18-19441-EPK

Debtor.

_____      /

<u>**OPPOSITION TO DEBTOR'S MOTION TO STRIKE KK-PB FINANCIAL'S
OBJECTION TO PRIVATE SALE**</u>

KK-PB Financial, LLC ("KK-PB Financial"), by and through its undersigned counsel,
files its opposition ("Opposition") to the Debtor's *Motion to Strike KK-PB's Objection to Private
Sale* [ECF No. 630] ("Motion to Strike").  In support of this Opposition, KK-PB Financial
respectfully states as follows:

<u>**BACKGROUND**</u>

1.      On February 26, 2019, the Court entered its *Order Estimating the Claim of KK-
PB Financial, LLC and Denying Ability to Credit Bid* [ECF No. 603] (the "Estimation Order").

2.      On February 26, 2019, the Debtor filed its *Expedited Motion to Approve (I)
Private Sale of Real Property to LR U.S. Hotels Holdings, LLC and (II) Authorize Debtor's
Advance of $250,000 to the Town of Palm Beach on Behalf of Debtor's Assets* [ECF No. 604]
(the "Sale Motion").

3.      On March 1, 2019, the Court entered its order *Order: (I) Granting Expedited
Motion Seeking Approval of Procedures for Amended Sale Process and (II) Scheduling Final
Hearing to Consider Approval of Sale of Assets Free and Clear of Liens, Claims and
Encumbrances* [ECF No. 619] (the "Sale Procedures Order").

4.      The Sale Procedures Order set a deadline of March 5, 2019 at 4:00 p.m. to file

any objections to the sale of the Debtor's real property to LR U.S. Hotels Holdings, LLC. *See* Sale Procedures Order ¶ 9. The Sale Procedures Order also provided that the Court would "consider all timely and properly-filed objections, under 11 U.S.C. § 363, to the sale of the Assets . . . ." *See id.* ¶ 8.

5.    KK-PB Financial complied with the Court's deadline by filing its *Objection to Private Sale of Real Property to LR U.S. Hotels Holdings, LLC Free and Clear of Liens, Claims and Encumbrances* [ECF No. 629] (the "Objection").

6.    Additionally, KK-PB Financial filed a *Supplement to Objection to Private Sale of Real Property to LR U.S. Hotels Holdings, LLC Free and Clear of Liens, Claims and Encumbrances* [ECF No. 631].

## ARGUMENT

7.    The Debtor filed its Motion to Strike within two hours of KK-PB Financial making its timely filed Objection requesting that the Court strike KK-PB Financial's Objection for two reasons: (A) KK-PB Financial lacks standing to object to the Sale as a result of the Estimation Order, and (B) the Objection should be stricken because it is an insufficient objection to a sale under 11 U.S.C. §363(k).  *See* Motion to Strike ¶¶ 5-10.  As explained in further detail below, both of the Debtor's arguments are without merit, and the Motion should be denied.

**I.    KK-PB Financial Has Standing to Prosecute the Objection**

8.    <u>First</u>, KK-PB Financial has standing to object to the sale as a creditor of the Debtor's estate. Section 1109(b) of title 11 of the United States Code (the "Bankruptcy Code") provides:

> A ***party in interest, including*** the debtor, the trustee, a creditors' committee, an equity security holders' committee, ***a creditor***, an equity security holder, or any indenture trustee, may raise and may appear and ***be heard on any issue in a case*** under this chapter.

11 U.S.C. § 1109(b) (emphasis added).  The list of parties in interest in section 1109(b) is non-exclusive.  *Kaiser Aero. & Elecs. Corp. v. Teledyne Indus. (In re Piper Aircraft Corp.)*, 244 F.3d 1289, 1303 n.11 (11th Cir. 2001).

9.      Collier on Bankruptcy provides that a party in interest satisfies standing requirements "if the outcome of the proceeding may affect the ultimate disposition of that party's stake in the [ ] case."  7 Collier on Bankruptcy P 1109.04[4] (16th ed. 2017); *In re James Wilson Assocs.*, 965 F.2d 160, 169 (7th Cir. 1992) (recognizing section 1109(b) to mean "that anyone who has a legally protected interest that could be affected by a bankruptcy proceeding is entitled to assert that interest with respect to any issue to which it pertains, thus making explicit what is implicit in an *in rem* proceeding--that everyone with a claim to the *res* has a right to be heard before the *res* is disposed of since that disposition will extinguish all such claims.").

10.      A creditor, an enumerated party with standing to object under section 1109(b), is defined as an entity with a claim against the debtor.  *See* 11 U.S.C. §101(10).  A "claim" is defined as "a **right to payment, whether** or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, **disputed**, undisputed, legal, equitable, secured, or unsecured."  *See* 11 U.S.C. §101(5)(A) (emphasis added).

11.      Indeed, a creditor whose claim has been estimated at $0 is still permitted to object in the bankruptcy case.  *See In re Innovasystems, Inc.*, No. 11-36228-ABA, 2014 Bankr. LEXIS 5103, at *28 (Bankr. D.N.J. Dec. 18, 2014) ("Though estimating Proveris's claim at $0 prevents it from voting on the plan, it does not prevent it from objecting to the plan, to the extent it has standing under that term's usual meaning and under the Code.").

12.      Here, the Court's Estimation Order plainly states: "the claim of KK-PB Financial, LLC, . . . is **estimated as an unsecured claim** in the amount of $0.00 for all purposes in this

chapter 11 case." *See* Estimation Order at p. 15 (emphasis added).  The Court not only did not disallow KK-PB Financial's claim, but the Court explicitly stated that KK-PB Financial has an ***unsecured claim***.  Accordingly, and despite the Debtor's unsupported assertion to the contrary, KK-PB Financial still has a claim against the Debtor and is therefore a creditor entitled to object under section 1109(b) of the Bankruptcy Code.

## II.    The Objection is Proper under Section 363(k) of the Bankruptcy Code

13.    <u>Second</u>, the Objection is appropriate under Section 363(k) of the Bankruptcy Code.  KK-PB Financial's Objection is necessary due to the Debtor's insistence on including the result of the Estimation Order in paragraph 22[1] of the Sale Motion.   Including the Court's ruling from the Estimation Order as an additional finding or decretal paragraph in the Sale Order improperly bootstraps such decision into the Sale Order—which necessarily and improperly requires KK-PB Financial to seek reconsideration and/or appeal of any such order.

14.    To be sure, the Estimation Order is not a final order as it is still subject to reconsideration and/or appeal.  Including the language of paragraph 22 in any sale order would mislead any parties in interest to believe KK-PB Financial's claim has been estimated as $0.00 and unsecured on a final basis.  KK-PB Financial will pursue reconsideration and/or appeal of the Estimation Order.

15.    In short, the Estimation Order's ruling on KK-PB Financial's claim stands on its own.  It is unnecessary and duplicative for the Debtor to include the ruling from the Estimation

---

[1]    Paragraph 22 of the Sale Motion provides that claims of creditors of the Debtor secured by the Assets (as defined in the Sale Motion) shall, by operation of law, attach to the proceeds of the sale of the Assets in the order of their priority. Further, this section provides:

> **For avoidance of doubt, such attachment shall not apply to Claim No. 70-3 filed by KKPB, nor shall such attachment apply to the note or mortgage underlying such claim, due to the fact that the Court estimated this claim at $0 for all purposes in this bankruptcy case, and determined that KKPB no longer has a lien on the Debtor's real property.**

Sale Motion ¶ 22 (emphasis in original).

Order into a potential sale order to be entered by this Court.  In fact, doing so potentially creates finality issues for the sale itself, as it would create another order that must be subject to KK-PB Financial's right to seek reconsideration and/or appeal.

## CONCLUSION

In sum, KK-PB Financial respectfully submits the Motion to Strike should be denied for the foregoing reasons, and the Court should consider the Objection and permit KK-PB Financial to be heard at the hearing on the Sale Motion in accordance with the Court's Sales Procedures Order.

Dated:  March 6, 2019
Miami, Florida

WHITE & CASE LLP

By: */s/ James N. Robinson*
James N. Robinson
Florida Bar No. 608858
John K. Cunningham
Florida Bar No. 542490
Fan B. He
Florida Bar No. 0095597
Southeast Financial Center, Suite 4900
200 South Biscayne Boulevard
Miami, Florida  33131-2352
Telephone: (305) 371-2700
Facsimile:  (305) 358-5744

*Counsel for KK-PB Financial, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was served by CM/EMF on the parties of record herein.

By: */s/ James N. Robinson*
James N. Robinson