UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

160 Royal Palm, LLC,                                  Case No. 18-19441-EPK

    Debtor.                                           Chapter 11
_____/

**NOTICE OF FILING AFFIDAVITS OF ERIC PENDERGRAFT AND CARY GLICKSTEIN IN SUPPORT OF PROPOSED PRIVATE SALE**

Debtor, 160 Royal Palm, LLC hereby gives notice of the attached:

1. Affidavit by Eric Pendergraft in Support of Proposed Private Sale of Assets to LOR U.S. Hotels Holdings, LLC; and

2. Affidavit by Cary Glickstein in Support of Proposed Private Sale of Real Property to LR U.S. Hotels Holdings, LLC.

The Affidavits are filed in connection with the *Expedited Motion to Approve (I) Private Sale of Real Property to LR U.S. Hotels Holdings, LLC and (II) Authorize Debtor's Advance of $250,000 to the Town of Palm Beach on Behalf of Buyer of Debtor's Assets* **[DE: 604]** and *Order: (I) Granting Expedited Motion Seeking Approval of Procedures for Amended Sale Process and (II) Scheduling Final Hearing to Consider Approval of Sale of Assets Free and Clear of Liens, Claims and Encumbrances* **[DE: 619]**.

**ATTORNEY CERTIFICATION**

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on March 7, 2019, via CM/ECF to all parties registered to receive such notice via electronic filing.

                                              SHRAIBERG, LANDAU & PAGE, P.A.
                                              Attorneys for Debtor
                                              2385 NW Executive Center Drive, #300
                                              Boca Raton, Florida 33431
                                              Telephone: 561-443-0800
                                              Facsimile: 561-998-0047

                                        By:   */s/ Bernice C. Lee*
                                                    Bernice C. Lee
                                                    Florida Bar No. 0073535
                                                    blee@slp.law
                                                    Eric Pendergraft
                                                    Florida Bar No. 91927
                                                    ependergraft@slp.law

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

160 Royal Palm, LLC,                           Case No. 18-19441-EPK

    Debtor.                                      Chapter 11

_____/

### AFFIDAVIT BY ERIC PENDERGRAFT IN SUPPORT OF PROPOSED PRIVATE SALE OF ASSETS TO LR U.S. HOTELS HOLDINGS, LLC

STATE OF FLORIDA       )
                                     ) SS:
PALM BEACH COUNTY  )

I, Eric Pendergraft, swear under penalty of perjury that the following is true and correct:

      1.     My name is Eric Pendergraft. I am over 21 years of age and fully competent to make this declaration. Unless otherwise stated, I have personal knowledge of the facts set forth in this affidavit.

      2.     I am a partner at Shraiberg, Landau & Page, P.A., counsel to 160 Royal Palm, LLC (the "Debtor").

      3.     On February 26, 2019, the Debtor filed the *Expedited Motion to Approve (I) Private Sale of Real Property to LR U.S. Hotels, LLC and (II) Authorize Debtor's Advance of $250,000 of the Town of Palm Beach on Behalf of Buyer of Debtor's Assets* (the "Sale Motion") [ECF No. 604].

      4.     On March 1, 2019, the Court entered an *Order: (I) Granting Expedited Motion Seeking Approval of Procedures for Amended Sale Process and (II) Scheduling Final Hearing to Consider Approval of Sale of Assets Free and Clear of Liens, Claims and Encumbrances* (the "Procedures Order") [ECF No. 619].

      5.     Pursuant to the Procedures Order: i) the auction scheduled for March 8, 2019 was cancelled, ii) the asset purchase agreement ("APA") executed by LR was approved, subject to only a competing bid by RREF in an amount that is no less than $40,600,000 by 4:30 p.m. on March 4, 2019, iii) a hearing was scheduled for March 8, 2019 at 10:00 a.m. to determine whether RREF or LR has submitted the highest and best offer to purchase the Assets, consider all timely and properly-filed objections under 11 U.S.C. § 363, to the sale of the Assets, and consider final approval of the sale of the Assets free and clear of all liens, clams, and encumbrances, and iv) any objections to the sale of the Assets must have been in writing and

filed with the Court no later than 4:00 p.m. on March 5, 2019, and any objection not so filed would be deemed waived.

6.  On February 26 and 27, 2019, I caused the Sale Motion to be served on all parties in interest, including the United States Trustee, all creditors, all parties who have appeared in the above-captioned bankruptcy case, and all parties who assert or who may assert a lien, interest, claim, or encumbrance in or on the assets that the Debtor is requesting to sell in the Sale Motion. Such parties include the individuals referenced the above-captioned bankruptcy case as the EB-5 Investors listed in the Notice of Appearance filed by Edward A. Marod, Esq. in this case at ECF No. 31, who, to the extent they are still represented by counsel, were serve through counsel, and to the extent they are not represented by counsel, were served by mail via Fed Ex International. Such parties also include every holder of an actual or potential lien, claim, interest or encumbrance on or in the sale assets that the Debtor was able to identify, and such parties, listed on Page 12 of the Sale Motion, were served via First Class U.S. Mail. Additionally, every party or creditor in the above-captioned case was served through CM/ECF and/or U.S. Mail on February 26 and/or February 27, 2019.

7.  A certificate of service regarding the Sale Motion is contained in the Sale Motion beginning on page 12 of the Sale Motion.

8.  On March 1, 2019, I caused the Procedures Order to be served on the same persons and through the same methods listed above in Paragraph 6 of this Affidavit, with *additional* service, as directed in the order at ECF No. 625, upon the unrepresented EB-5 Investors via: (a) email to effie.liu@huameiim.com; and (b) mail to Effie Liu.

9.  A certificate of service certifying that the above-mentioned parties were served was filed on March 1, 2019 [ECF No. 620].

10. All parties in interest, including the U.S. Trustee, all creditors, and all actual or potential holders of liens, claims, interests, and encumbrances in or on the assets subject to sale in the APA have received thirty days' worth of notice of a March 8, 2019 sale of the Assets by virtue of my service of a previous Court order rescheduling the public sale of the Assets to March 8, 2019 as set forth in the certificate of service I filed in the above-captioned case at ECF No. 540.

11. The Debtor, through its title agent, Marcia Langley, obtained an updated title search on February 27, 2019. All parties listed as having a possible claims, liens, interests, or encumbrances on the assets of the Debtor on such updated title search received thirty days' worth of notice of a March 8, 2019 sale of the Assets, as set forth in the certificate of service I filed in the above captioned case at ECF No. 540 on February 6, 2019. Such parties were served with the notices set forth above in Paragraphs 6 through 9 of this Affidavit.

By: _____
Eric Pendergraft

SWORN TO AND SUBSCRIBED before me this 7th day of March, 2019 by Eric Pendergraft, who is known to me, or who produced _____ as identification.

_____
NOTARY PUBLIC STATE OF FLORIDA,
PALM BEACH COUNTY

ELENA M. MATTEO
Notary Public - State of Florida
Commission # FF 913691
My Comm. Expires Aug 27, 2019
Bonded through National Notary Assn.

Print Name: Elena M. Matteo

Commission No. FF 913691

My Commission Expires: Aug. 27, 2019

# EXHIBIT 2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

160 Royal Palm, LLC,                    Case No. 18-19441-EPK

    Debtor.                              Chapter 11
_____/

## AFFIDAVIT BY CARY GLICKSTEIN IN SUPPORT OF PROPOSED PRIVATE SALE OF REAL PROPERTY TO LR U.S. HOTELS HOLDINGS, LLC

STATE OF FLORIDA    )
                                ) SS:
PALM BEACH COUNTY   )

    I, Cary Glickstein, swear under penalty of perjury that the following is true and correct:

    1.    My name is Cary Glickstein. I am over 21 years of age and fully competent to make this declaration. Unless otherwise stated, I have personal knowledge of the facts set forth in this affidavit.

    2.    I submit this Affidavit in support of the *Expedited Motion to Approve (I) Private Sale of Real Property to LR U.S. Hotels Holdings, LLC and (II) Authorize Debtor's Advance of $250,000 to the Town of Palm Beach on Behalf of Buyer of Debtor's Assets* (the "Sale Motion") [ECF No. 604].

    3.    Except as otherwise stated, all statements in this Affidavit are based on my personal knowledge of 160 Royal Palm, LLC's (the "Debtor") operations and finances gleaned during the course of my engagement with the Debtor as the receiver over the Property and as the manager of the Debtor, my discussions with the Debtor's professionals, my review of relevant documents, and my view based upon my experience. If called to testify, I would testify competently to each of the facts set forth in this Affidavit.

    4.    I became a member of the Florida Bar in 1985, after which I worked at a national law firm as a real estate and corporate transactional attorney. Subsequently, I served as general counsel and co-chief operating officer for a U.S. subsidiary of a Japanese multi-national organization with significant real estate assets throughout the United States. Subsequent to this position, I returned to Florida and started and operated, for over twenty years, a successful real estate development and construction company. I also served as the mayor of the City of Delray Beach for two terms, ending in 2018.

{2234/000/00437754}                1

5. The Debtor owns the real property consisting of a partially-constructed hotel/condominium located at 160 Royal Palm Way, Palm Beach, Florida (the "Property").

6. On or about July 16, 2015, I was appointed by the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "State Court") as receiver over the Property.

7. On or about July 3, 2018, the State Court, entered an order expanding my powers and role to include, among other things: i) being appointed as the sole and exclusive manager of the Debtor, ii) having the sole and exclusive power and authority to manage the business and financial affairs of the Debtor, and iii) being authorized to file a bankruptcy petition, and pursue bankruptcy relief and litigation, on behalf of the Debtor.

8. On August 2, 2018, 160 Royal Palm, LLC (the "Debtor") filed a voluntary petition under Chapter 11 of Title 11 of the United States Code thereby initiating the above-referenced bankruptcy case number 18-19441-EPK.

9. The Debtor hired Cushman & Wakefield U.S., Inc. (the "Broker") as the Debtor's exclusive real estate broker. The Order approving such employment was entered on September 10, 2018 [ECF No. 66].

10. The Property was marketed and shown extensively. Specifically, the property offering was broadcast through targeted emails to nearly 29,000 real estate investors in the Broker's national and international data base. Over 4,000 investors viewed the on-line offering. Nearly 300 investors executed confidentiality agreements. There were approximately 40 individual property tours with different investors, most of which I attended to gauge interest and ascertain qualifications. The foregoing efforts resulted in 2 bona fide investors - RREF and LR, who expressed considerable and continuing interest in the acquisition of the Property and who were considered qualified by the Broker and the Debtor.

11. In or around August 2018, the Debtor began discussions with RREF II Palm House LLC ("RREF") regarding the potential sale of the Property.

12. On or about September 27, 2018, the Debtor entered into a stalking horse asset purchase agreement (the "Stalking Horse APA") with RREF II Palm House LLC ("RREF") for the sale of the Property and other personal property for the purchase price of $32,000,000.

13. On October 1, 2018, the Debtor filed a motion seeking to approve certain bid procedures in connection with the Stalking Horse APA, and to schedule an auction [ECF No. 92]. On October 16, 2018, the Court entered an Order granting such motion, and scheduling the bid deadline for November 9, 2018 and an auction for November 16, 2018 [ECF No. 154]. The Court subsequently entered an amended Order granting such motion, and scheduling the bid deadline for December 7, 2018 and an auction for December 14, 2018 [ECF No. 273]. Upon the Debtor's motions, the Court entered various orders rescheduling: i) the bid deadline to January 21, 2019 and the auction to January 28, 2019 [ECF No. 389], ii) the bid deadline to January 31,

2019 and the auction to February 5, 2019 [ECF No. 520], and iii) the bid deadline to March 4, 2019 and the auction to March 8, 2019 [ECF No. 537].

14. In or around December 2018, LR U.S. Hotels Holdings, LLC (the "LR") and the Debtor began discussing a potential sale of the Property. On or about February 26, 2019, and after several weeks of negotiations, with input from parties who have been referred to in this case as the EB-5 Investors, LR executed an asset purchase agreement ("APA") for the sale of the Assets.[1] Under the APA, LR would purchase the Assets for a purchase price of $39,600,000, and assume the following obligations to be funded by LR at closing: i) settlement fees in the amount of $250,000 to the Town of Palm Beach (or if, and to the extent, such settlement fees are paid to the Town of Palm Beach by the Debtor before Closing, such settlement fees shall be reimbursed to the Debtor by LR at closing), ii) any unpaid ad valorem property taxes for 2018 and 2019, as provided in Section 12.1 of the APA, iii) real estate brokerage commissions approved by the Court related to the sale up to the amount of $450,000, and iv) any recording and transfer fees owed to any governmental entity associated with the sale of the Property (the "Assumed Obligations").

15. On February 26, 2019, the Debtor filed an *Expedited Motion to Approve (I) Private Sale of Real Property to LR U.S. Hotels Holdings, LLC and (II) Authorize Debtor's Advance of $250,000 to the Town of Palm Beach on Behalf of Buyer of Debtor's Assets* (the "Sale Motion") [ECF No. 604], which sought, among other things, approval of the private sale of the Assets to LR pursuant to the terms of the APA, subject to a competing bid by RREF, and cancellation of the auction.

16. On March 1, 2019, the Court entered an *Order: (I) Granting Expedited Motion Seeking Approval of Procedures for Amended Sale Process and (II) Scheduling Final Hearing to Consider Approval of Sale of Assets Free and Clear of Liens, Claims and Encumbrances* (the "Procedures Order") [ECF No. 619], which among other things: i) cancelled the auction scheduled for March 8, 2019, ii) approved the APA, subject to only a competing bid by RREF in an amount that is no less than $40,600,000 by 4:30 p.m. on March 4, 2019, and iii) provided that LR, and any wholly-owned affiliate of LR, is deemed to be a "Qualified Buyer" as such term is defined in the Amended Conditional Settlement Agreements entered into between the Debtor, the Town of Palm Beach and the Town of Palm Beach Code Enforcement Board (the "Town Settlements").

17. The Procedures Order further provided that: i) a hearing would be held on March 8, 2019 at 10:00 a.m. to determine whether RREF or LR has submitted the highest and best offer to purchase the Assets, consider all timely and properly-filed objections under 11 U.S.C. § 363, to the sale of the Assets, and consider final approval of the sale of the Assets free and clear of all liens, clams, and encumbrances, and ii) any objections to the sale of the Assets must be in writing and filed with the Court no later than 4:00 p.m. on March 5, 2019, and any objection not so filed shall be deemed waived.

---

1 Capitalized terms not defined herein shall have the definitions provided for in the Sale Motion.

18. RREF did not submit a competing bid by the March 4, 2019 deadline.

19. The proposed sale of the assets to LR set forth in the APA is the highest and best offer received by the Debtor. The purchase price set forth in the APA, plus the Assumed Obligations, exceeds by $8,000,000 the consideration proposed under the Stalking Horse APA.

20. LR submitted the highest cash offer for the Property.

21. KK-PB never engaged in any attempts to negotiate a cash bid with the Debtor that exceeded either the bids submitted by LR or RREF.

22. I received and reviewed the confirmation of funds submitted by Santander UK plc, on behalf of LR, evidencing that LR has sufficient funds to effectuate a quick closing.

23. I believe that there is a sound business justification for the sale of the Assets, and entry of an Order approving the sale of the Assets to LR on a final basis is in the best interest of the Debtor, its estate and its creditors.

24. The Debtor's business judgment to sell the Assets under 363(b) and 363(f) is based, in part, because: i) debtor has insufficient cash on hand to continue maintaining, securing, and insuring the property; ii) the debtor does not have sufficient resources to satisfy the non-monetary obligations remaining in the settlement with the town; and iii) no other alternative exists to monetize the Debtor's assets. Thus, it is the debtor's business judgment that the proposed sale is the only viable means to yield the maximum value of the Debtor's assets.

25. In making this determination, the Debtor considered, among other things: i) the nature and amount of the consideration provided, ii) the ability of LR to close on the proposed transaction and the timing of such closing, iii) the recovery the proposed sale under the APA would provide to creditors and the net benefit to the Debtor's estate, and iv) that LR would be deemed to be a "Qualified Buyer" under the Town Settlements.

26. To my knowledge and based on my observations and experience, I believe the above-described sale process provided a fair, reasonable, and appropriate opportunity to purchase the Assets.

27. To my knowledge and based on my observations and experience, I believe the proposed sale set forth in the APA to LR was the result of good faith negotiations.

28. The APA was negotiated, proposed and entered into by the Debtor and LR without collusion, in good faith, and from arm's length bargaining positions.

29. The Purchase Price for the Assets set forth in the APA was not controlled by any agreement among potential bidders, and neither the Debtor nor LR have engaged in collusion, fraud, or any conduct that would permit the APA to be avoided or costs and damages to be imposed under 11 U.S.C. § 363(n).

30. LR is not an "insider" of the Debtor, as that term is defined in 11 U.S.C. § 101(31).

31. Other than with respect to the transaction contemplated under the APA, I, in my individual capacity, as the receiver and manager of the Debtor, and in any other capacity, have no business, ownership or other relationship with LR.

32. Other than with respect to the transaction contemplated under the APA, the Debtor and the Debtor's professionals have no business, ownership or other relationship with LR.

33. To my knowledge and based on my observations and experience, the Debtor considers LR to be a good faith purchaser as such term is defined in 363(m).

**160 Royal Palm, LLC**

By: _____
Cary Glickstein, Manager

SWORN TO AND SUBSCRIBED before me this 7th day of March, 2019 by Cary Glickstein, who is known to me, or who produced _____ as identification.

_Elena M. Matteo_
NOTARY PUBLIC STATE OF FLORIDA,
PALM BEACH COUNTY

ELENA M. MATTEO
Notary Public - State of Florida
Commission # FF 913691
My Comm. Expires Aug 27, 2019
Bonded through National Notary Assn.

Print Name: Elena M. Matteo

Commission No. FF 913691

My Commission Expires: Aug. 27, 2019

{2234/000/00437754}    5