UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

160 Royal Palm, LLC,   Case No. 18-19441

    Debtor.   Chapter 11

_____/

**APPLICATION TO EMPLOY GREGG H. GLICKSTEIN AND THE LAW FIRM OF GREGG H. GLICKSTEIN, P.A. AS SPECIAL NEW HAVEN CLAIM LITIGATION COUNSEL TO THE DEBTOR PURSUANT TO SECTIONS 327(A) AND 328 OF THE BANKRUPTCY CODE**

    160 Royal Palm, LLC (the "Debtor"), pursuant to 11 U.S.C. §§ 327(a) and 328, requests entry of an order authorizing the employment of Gregg H. Glickstein ("Mr. Glickstein") and Gregg H. Glickstein, P.A. ("P.A.", and with Mr. Glickstein, the "Glickstein Firm") as the Debtor's special New Haven Claim litigation counsel. In support, the Debtor respectfully states as follows:

    1.    On August 2, 2018 the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 1101 *et seq.*

    2.    The Debtor is managing its assets as a debtor in possession pursuant to §§ 1107(a) of 1108 of the Code. No trustee, examiner, or statutory committee has been appointed in the case.

    3.    The Debtor is a Florida limited liability company----currently managed by its former receiver Cary Glickstein---which, until recently, owned prime real property consisting of a partially-constructed hotel/condominium located at 160 Royal Palm Way, Palm Beach, Florida (the "Real Property").

    4.    Prior to the filing of the Bankruptcy Case, the Real Property, and subsequently the Debtor, were subject to a state court receivership with Cary Glickstein serving as Receiver, and with the Glickstein Firm employed by the Receiver pursuant to an order of the state court. The

Receiver's prepetition state court work, aided by the Glickstein Firm, is recounted in detail at ECF No. 37.

5.  The Glickstein Firm is already employed by the Debtor, pursuant to 11 U.S.C. § 327(a), under an hourly-fee arrangement, as the Debtor's special counsel assisting the estate "in the transition from the state court receivership, to further the successful disposition of the Real Property, and to assist in the resolution and litigation of claims against the Debtor and the Real Property." ECF Nos. 81 and 137.

6.  Philip J. Landau and the law firm of Shraiberg, Landau & Page, P.A. (collectively, "SLP") are currently employed as the Debtor's general bankruptcy counsel, ECF Nos. 20 and 55, as well as the Debtor's special litigation counsel as to: (a) the adjudication of the validity, priority and extent of liens upon estate assets; (b) the investigation and prosecution of certain avoidance claims; and (c) other litigation claims. ECF Nos. 77 and 136.  As to its employment as special counsel, SLP is employed on a contingency fee basis, pursuant to 11 U.S.C. § 328, wherein SLP will receive 35% of any asset recovered or economic benefit received by the estate, which includes the reduction of secured debts, with such fee increasing to 40% in the event of any appeal, with the Debtor to remain responsible for payment of all of SLP's out-of-pocket costs and expenses (the "SLP Contingency Fee Arrangement").

7.  Recently, the Debtor obtained relief from the automatic stay to return to state court (the "State Court Litigation")[1], to prosecute a motion to set aside a final default judgment against the Debtor obtained by New Haven Contracting South, Inc. ("New Haven"), which forms the basis of the disputed fully-secured claim filed by New Haven in this bankruptcy case in the amount of

---

[1] The state court matter discussed herein is pending in Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No. 50-2015-CA-013244-XXXX-MB.

$3,387,855.55 [POC No. 72-1] (the "New Haven Claim").[2]  On May 3, 2019, SLP, on behalf of the Debtor, filed an Objection to the New Haven Claim (the "Claim Objection").  ECF No. 767.

8.  On July 23, 2019, SLP, on behalf of the Debtor initiated an adversary proceeding against New Haven and several affiliates (the "New Haven Adversary Proceeding") in which the Debtor seeks to avoid and recover at least $13,000,000 in fraudulent transfers pursuant to New Haven and its affiliates pursuant to 11 U.S.C. §§ 544(b) and 550 and applicable non-bankruptcy law.  If the Debtor is successful in such adversary proceeding, then pursuant to 11 U.S.C. § 502(d), the New Haven Claim would be disallowed unless the adversary proceeding judgment was satisfied.

9.  If the Debtor is successful in disallowing, reducing or rendering unsecured the New Haven Claim, whether via the New Haven Adversary Proceeding or the New Haven Claim Objection, SLP would be entitled to seek a contingency fee under the SLP Contingency Fee Arrangement.  Likewise, to the extent the Debtor recovers on a judgment rendered in the New Haven Adversary Proceeding, SLP would be entitled to seek a contingency fee under the SLP Contingency Fee Arrangement.

10.  Due to its pre-bankruptcy experience and familiarity with the Debtor, the Glickstein Firm has been instrumental in advising the Debtor and SLP regarding the basis of the objection to the New Haven Claim, the efforts to set aside New Haven's final default judgment in the State Court, and with regard to the New Haven Adversary Proceeding.  On July 18, 2019, the Glickstein Firm, on behalf of the Debtor, filed a motion to reopen the State Court Litigation in order to prosecute the long-pending motion to set aside the New Haven final default judgment.

---

[2] The New Haven Claim has been transferred to KK-PB Financial, LLC. ECF No. 671.

{2234/000/00474614}    3

11. Given its expertise and experience, the Debtor believes that it is in the best interest of the estate for the Glickstein Firm to be the Debtor's primary counsel responsible for handling the State Court Litigation.

12. Further, rather than continuing to have the Glickstein Firm perform such work under its hourly-fee arrangement, the Debtor believes it would be in the best interest of the estate to instead compensate both SLP and the Glickstein Firm, on a going-forward basis, under the SLP Contingency Fee Arrangement as to the New Haven Claim. On the New Haven Claim only, SLP and the Glickstein Firm would equally split any gross contingency fee awarded on account of any recovery or secured claim avoidance or reduction, whether it occur in or on account of the State Court Litigation, the New Haven Claim Objection or the New Haven Adversary Proceeding.

13. Pursuant to 11 U.S.C. § 328, the Debtor seeks to employ the Glickstein Firm on a going-forward contingency fee basis, to investigate and prosecute any and all state court actions relating to the Debtor's efforts to disallow, reduce, or render unsecured the New Haven Claim, with the Glickstein Firm to be compensated, from the gross award proceeds, 50% of whatever contingency fee is otherwise awardable to SLP under the SLP Contingency Fee Arrangement with regard to disallowance or reduction of the New Haven Claim and/or recoveries in the New Haven Adversary Proceeding, the New Haven Claim Objection or the State Court Litigation. The Debtor's bankruptcy estate will also be responsible for the payment of all out-of-pocket costs and expenses incurred in connection with the Glickstein Firm's efforts relating to the foregoing.[3]

---

[3] For avoidance of any doubt, SLP would still be entitled to receive the remaining 50% of any contingency fee awarded on account of the State Court litigation, the New Haven Claim Objection or the New Haven Adversary Proceeding.

14. As set forth in the affidavit sworn to by Mr. Glickstein (the "Glickstein Affidavit"), to the best of Mr. Glickstein's knowledge, both Mr. Glickstein and P.A. are disinterested, and neither Mr. Glickstein nor P.A. represent any interest adverse to the Debtor or its estate. With that said, the Glickstein Firm previously represented Cary Glickstein, pre-petition, in his capacity as state court Receiver over the Real Property and as the Manager of the Debtor. However, Cary Glickstein in his role as Receiver/pre-petition Manager is not an adverse party to the Debtor, and such prior representation does not detract from the Glickstein Firm's status as a disinterested person. Moreover, the Court has authorized the Glickstein Firm to seek recovery of its pre-petition fees and expenses incurred in such representation. A copy of the Glickstein Affidavit is attached hereto as **Exhibit A**.

15. Finally, Cary Glickstein and Gregg Glickstein are brothers, but such familial relationship does not disqualify the Glickstein Firm from continuing to represent the Debtor in this case.

WHEREFORE, the Debtor respectfully requests an order i) authorizing, pursuant to 11 U.S.C. §§ 327(a) and 328 the Debtor's employment of Gregg H. Glickstein and the law firm of Gregg H. Glickstein, P.A. as the Debtor's special New Haven Claim litigation counsel under the arrangement set forth above.

Respectfully Submitted,

160 Royal Palm, LLC

By: _____
Cary Glickstein, Manager

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing on July 29, 2019.

        Respectfully Submitted,

        SHRAIBERG, LANDAU & PAGE, P.A.
        Counsel for the Debtor
        2385 NW Executive Center Drive, #300
        Boca Raton, Florida 33431
        Telephone: 561-443-0800
        Facsimile: 561-998-0047
        plandau@slp.law
        ependergraft@slp.law

 By:  /s/ Philip J. Landau
        Philip J. Landau
        Florida Bar No. 504017
        Eric Pendergraft
        Florida Bar No. 91927

# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

160 Royal Palm, LLC,                                Case No. 18-19441

Debtor.                                             Chapter 11
_____/

### AFFIDAVIT OF GREGG H. GLICKSTEIN

Gregg H. Glickstein, being duly sworn, says:

1. I am a licensed Florida attorney and am the owner of Gregg H. Glickstein, P.A. ("P.A.", and with myself, the "Firm"). I am licensed to practice law in the State of Florida. My office is located in Boca Raton, Florida.

2. I am familiar with the *Application to Gregg H. Glickstein and the Law Firm of Gregg H. Glickstein, P.A. as Special New Haven Claim Litigation Counsel to the Debtor Pursuant to Sections 327(a) and 328 of the Bankruptcy Code* (the "Application") filed by 160 Royal Palm,

{2234/000/00474529}                          8

LLC (the "Debtor") and make this affidavit in support of such Application. I have an abundance of experience in the type of professional work the Debtor seeks to employ the Firm to perform.

3. The Firm has agreed to accept employment on the terms and conditions set forth in the Application.

4. Neither I nor the Firm represent or hold any interest adverse to the Debtor or to the Debtor's estate with respect to the matters on which the Firm is to be employed, and the Firm is disinterested as such term is defined in Section 101(14) of the Bankruptcy Code. With that said, the Firm previously represented Cary Glickstein in his capacity of state court Receiver of over the Debtor's real property, and later, as the Receiver over the Debtor and the Debtor's Manager. However, Cary Glickstein in his role as Receiver/pre-petition Manager is not an adverse party to the Debtor, and such prior representation does not detract from the Firm's status as a disinterested person.

5. Moreover, and otherwise, a search of the Firm's conflict check system reveals that the Firm does not presently represent any other persons with interests that are adverse to the Debtor or the Debtor's estate.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Gregg H. Glickstein

SWORN TO AND SUBSCRIBED before me this 26th day of July 2019 by, who is known to me, or who produced _____ as identification.

_____
NOTARY PUBLIC
STATE OF FLORIDA AT LARGE

JAMIE ZAKARIN
Notary Public - State of Florida
Commission # GG 273805
My Comm. Expires Dec 5, 2022
Bonded through National Notary Assn.

Print Name:_____
Commission No. _____
My Commission Expires:_____

{2234/000/00474529}                              9