

**ORDERED in the Southern District of Florida on August 5, 2019.**

Erik P. Kimball, Judge
United States Bankruptcy Court

_____

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

| | |
|---|---|
| **In re:** | **Case No. 18-19441-EPK** |
| **160 ROYAL PALM, LLC,** | **Chapter 11** |
| Debtor. | |
| _____/ | |

### ORDER REGARDING
### MOTION TO ESTABLISH REASONABLENESS OF
### FEES AND TO ENFORCE CHARGING LIEN

On July 3, 2019, the law firm Salazar Law filed a motion asking this Court (i) to determine the reasonableness of that firm's fees and costs in representing certain parties in connection with this bankruptcy case, (ii) to determine that Salazar Law has a valid attorney's charging lien and/or equitable lien on any distributions to be made in this bankruptcy case to Mr. Glenn Straub, KK-PB Financial LLC ("KK"), or any other entity owned or controlled by Mr. Straub, and (iii) to require that the reasonable fees and costs of Salazar Law, plus interest and costs of collection, be paid from any such distribution (ECF No. 833; the "Charging Lien Motion").

The Court set the Charging Lien Motion for initial, preliminary hearing on July 25, 2019. ECF No. 834.

Prior to that hearing, "KK-PB Financial, LLC . . . on behalf of its principal, Mr. Glenn Straub, in his individual capacity" filed a response to the Charging Lien Motion. ECF No. 947. The response is electronically signed by James N. Robinson, Esq., of White & Case LLP, as "Counsel for KK-PB Financial, LLC on behalf of its principal, Mr. Glenn Straub, in his individual capacity." The response presents arguments on behalf of Mr. Straub personally.

Mr. Straub may, of course, appear in this court *pro se*, filing documents with his own signature, and he may appear through counsel representing him personally. But Mr. Straub may not appear through a corporate entity via that corporate entity's counsel. The response is not a document filed *pro se* by Mr. Straub, as it does not include his signature. Nor is the response a document filed by counsel for Mr. Straub, as the signature block indicates that counsel represents KK and not Mr. Straub, personally. The response is not properly filed with this Court.

In addition, the filing of the response violates Local Rule 9011-4(A)(1) and also violates Fed. R. Bankr. P. 9011. Local Rule 9011-4(A)(1) requires counsel to state "the name of the party who the attorney represents." Bankruptcy Rule 9011 requires that an "attorney of record" sign documents filed with this Court. An attorney of record is a lawyer who represents a client. The response presents the arguments of Mr. Straub. But the introductory paragraph of the response and the signature block indicate that counsel represents KK, not Mr. Straub. Counsel's signature on the response is a violation of the Bankruptcy Rules and the Local Rules of this Court.

The response filed at ECF number 947 is not properly before the Court and will be stricken. At a result, there is no written objection to the Charging Lien Motion.

The Court will set a deadline for written objections. If Mr. Straub wishes to file a response to the Charging Lien Motion, he must file one with his own signature or file one through counsel who

represents him, individually. If KK wishes to file a response to the Charging Lien Motion, it must file one in its own name through its counsel.

If no written objections are timely filed, the Court will grant the Charging Lien Motion without further hearing. If a timely written objection is filed, for the reasons stated below, the Court will abate further action on the Charging Lien Motion until such time as it is clear that KK may be entitled to a distribution in this case.

Although the Court has stricken the written objection filed at ECF number 947, it is proper for the Court to address the question of subject matter jurisdiction over the Charging Lien Motion.

In the Charging Lien Motion, Salazar Law asks this Court to liquidate its claim for legal fees and costs, determine that they are entitled to a charging lien and/or equitable lien, and require that any distribution in this chapter 11 case to KK, Mr. Straub, or any other of his entities, be directed to Salazar Law to the extent of Salazar Law's reasonable legal fees and costs. At present, KK is the only person or entity relevant to this dispute who could possibly receive any distribution from this case. Thus, the Court is asked to determine whether Salazar Law is entitled to a charging lien and/or equitable lien on any distribution that may become payable from this bankruptcy estate to KK.

If Salazar Law is successful in its request, the debtor would be required to make a distribution up to the approved amount to Salazar Law rather than to KK. This would necessarily affect the debtor's "rights, liabilities, options, or freedom of action" and would impact "upon the handling and administration of the bankruptcy estate," making the Charging Lien Motion a matter "related to" the debtor's bankruptcy case; the Court thus has subject matter jurisdiction over the Charging Lien Motion. *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 788 (11th Cir. 1990) ("An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.") (citation omitted). Other courts have determined that similar

requests for charging liens fall under "related to" jurisdiction. *E.g.*, *In re LaRosa*, 449 B.R. 258, 261-62 (Bankr. N.D. W. Va. 2011); *In re Ralph Lauren Womenswear*, 204 B.R. 363, 372-74 (Bankr. S.D.N.Y. 1997). The dispute before the Court may in fact be a "core" matter. *See Commonwealth Institutional Sec. v. Smith (In re Commonwealth Institutional Sec.)*, 344 B.R. 827, 828 (Bankr. W.D. Ky. 2006); *In re Ralph Lauren Womenswear*, 204 B.R. at 373-74. At a minimum, the Court has "related to" jurisdiction over the Charging Lien Motion. If the Court eventually holds a further hearing on the Charging Lien Motion, the Court will determine at that time whether the Charging Lien Motion presents a "core" or a "noncore" matter. *See British Am. Ins. Co. v. Fullerton (In re British Am. Ins. Co.)*, 600 B.R. 890 (Bankr. S.D. Fla. 2019) (general discussion of bankruptcy jurisdiction and determination of core matters).

At the initial, non-evidentiary hearing on the Charging Lien Motion, the Court continued the hearing for one week to August 1, 2019 to permit the parties to discuss scheduling concerns so that the Court could set the matter for evidentiary hearing. At the continued hearing on August 1, 2019, the Court informed the parties that it would set the matter for evidentiary hearing.

After the continued hearing, the Court further considered the Charging Lien Motion in light of the circumstances of this case.

As noted above, KK is the only relevant party who could possibly be entitled to a distribution from the estate. So far, KK has presented three claims in this case.

The largest claim presented by KK, allegedly secured by a mortgage on the debtor's primary asset, was disallowed by a prior order of this Court. ECF No. 603. That order is under appeal. ECF No. 644. While KK recently filed a motion to stay that order pending appeal, some 5 months after its entry, the order is not presently stayed. ECF No. 923. KK is not entitled to any distribution on account of its completely disallowed mortgage claim.

KK acquired a claim from New Haven Contracting South, Inc. ECF No. 671. The debtor recently obtained relief from the automatic stay to pursue a motion to set aside the state court

judgment on which that claim is based, on the grounds that Florida law prohibits the claim, among other things. ECF Nos. 809 and 828. In addition, the debtor objected to KK's claim acquired from New Haven. ECF No. 956. If the debtor is successful, KK will not be entitled to receive any distribution on account of that second claim.

Finally, KK recently obtained a smaller claim. ECF No. 974. That claim is in the amount of only $10,940.85, a tiny portion of the sum requested in the Charging Lien Motion, and it remains subject to objection.

At present, it is unclear whether KK will be entitled to any distribution in this case. Thus, the Court has determined that it is not an efficient use of judicial resources to schedule a multi-day evidentiary hearing on the Charging Lien Motion. Assuming a timely written objection is filed, the Court will abate any further action on the Charging Lien Motion until such time as it is clear that KK may be entitled to a distribution in this case. Any party in interest may file a request for status conference on the Charging Lien Motion. If a status conference is set, the Court will consider anew whether to set the matter for evidentiary hearing.

Nothing in this order is intended to prohibit Salazar Law or KK from filing a motion asking this Court to abstain from the dispute presented in the Charging Lien Motion.

For the foregoing reasons, the Court ORDERS and ADJUDGES as follows:

1. The *Response of KK-PB Financial, LLC on Behalf of Mr. Glenn Straub to Salazar Law's Motion to Establish Reasonableness of Fees* [ECF No. 947] is STRICKEN.

2. Any party in interest may file and serve a written objection to the Charging Lien Motion no later than 4:00 p.m. West Palm Beach time on August 13, 2019.

3. If no timely written objection is filed, the Court will grant the Charging Lien Motion without further hearing.

4.	If a timely written objection is filed, the Court will abate further consideration of the Charging Lien Motion until such time as it is clear that KK will be entitled to a distribution in this bankruptcy case.

5.	Any party in interest may file a request for status conference on the Charging Lien Motion.

### ###

Copy to:

Luis Salazar, Esq.

*Luis Salazar, Esq. is directed to serve a conformed copy of this order on all appropriate parties and file a certificate of service with the Court.*