UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

160 Royal Palm, LLC,                               Case No. 18-19441-EPK

    Debtor.                                       Chapter 11

_____/

**SUMMARY OF APPLICATION FOR CONTINGENCY COMPENSATION
OF SPECIAL NEW HAVEN CLAIM LITIGATION COUNSEL
GREGG H. GLICKSTEIN, ESQ. AND GREGG H. GLICKSTEIN, P.A.**

1. Name of Applicant: Gregg H. Glickstein, Esq. and Gregg H. Glickstein, P.A.

2. Role of Applicant: Special New Haven Claim Litigation Counsel for the Debtor

3. Name of Certifying Professional: Gregg H. Glickstein, Esq.

4. Date Case Filed: August 2, 2018

5. Date of Application for Employment: August 14, 2019 [ECF No. 1010]

6. Date of Order Approving Employment: August 29, 2019 [ECF No. 1138]

7. Date of this Application: August 30, 2019

8. Dates of Services Covered: N/A

FEES:

9. **Total Fee Requested for this Period: Contingency fee of $592,874.72, $677,571.11, or other amount, as applicable.[1]**

10. Balance Remaining in Fee Retainer Account, not yet Awarded     N/A

11. Fees Paid or Advanced for this Period, by other sources     $0.00

12. **NET AMOUNT OF FEE REQUESTED FOR THIS PERIOD**     **See # 9**

---

[1] Pursuant to the Court's Order at ECF No. 975, September 3, 2019 is the deadline for professionals employed in this case to file final fee applications, and this application is being filed out of an abundance of caution.

EXPENSES:

| | | |
|---|---|---|
| 13. | Total Expense Reimbursement Requested for this Period | $50.00 |
| 14. | Balance Remaining in Expense Retainer Account, not yet Received | N/A |
| 15. | Expenses Paid or Advanced for this Period, by other sources | $0.00 |
| 16. | NET AMOUNT OF EXPENSES REQUESTED FOR THIS PERIOD | $0.00 |
| 17. | Gross Award Requested for this Period | See # 9 + $50.00 |
| **18.** | **NET AWARD REQUESTED FOR THIS PERIOD** | **See # 9 + $50.00** |
| 19. | If Final Fee Application, amounts of Net Awards Requested in Interim Applications but not previously awarded. | N/A |
| 20. | If Final Fee Application, amounts of Net Awards Requested in Interim Applications previously awarded. | N/A |
| 21. | If Final Fee Application, Estimated Fees and Costs through confirmation of this case. | N/A |
| 22. | Last monthly operating report filed: | June 2019 [ECF No. 928] |
| 23. | If case is Chapter 11, current funds in the Chapter 11 estate: | $41,062.90[2] |
| **24.** | **Total Fees and Expense award requested:** | **See # 9 + $50.00** |

HISTORY OF FEES AND EXPENSES

1. Dates, sources and amounts of retainers received: N/A.

2. Prior Fee and Expense Awards:  N/A.

---

[2] Per July 2019 monthly operating report being prepared by Debtor.

{2234/000/00477687}    2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

160 Royal Palm, LLC,                                             Case No.  18-19441-EPK

    Debtor.                                                          Chapter 11
_____/

**APPLICATION FOR CONTINGENCY COMPENSATION OF SPECIAL
COUNSEL GREGG H. GLICKSTEIN, ESQ. AND GREGG H. GLICKSTEIN, P.A.**

    The undersigned general bankruptcy counsel for the Debtor hereby files this application as a courtesy to Gregg H. Glickstein, Esq. ("Mr. Glickstein") and Gregg H. Glickstein, P.A. (together, the "Applicant"), Special New Haven Claim Litigation Counsel to 160 Royal Palm, LLC (the "Debtor"). Through this application, the Applicant applies for compensation and reimbursement of expenses pursuant to a pre-approved contingency fee arrangement in this matter.  This Application is filed pursuant to 11 U.S.C. §§ 328 and 330 and meets all of the applicable requirements set forth in the Guidelines incorporated in Local Rule 2016-1(B)(1).  In support of this Application, the Applicant states as follows:

**Background Facts and Relief Requested**

    1.    The Debtor is an insolvent Florida limited liability company that, until recently, owned the real property consisting of a partially constructed hotel/condominium located at 160 Royal Palm Way, Palm Beach, Florida (the "Real Property").

    2.    On August 2, 2018, the Debtor filed a voluntary petition for relief under chapter 11 of the bankruptcy code (the "Bankruptcy Case").  Pursuant to Bankruptcy Code §§ 1107 and 1108, the Debtor is managing its affairs as debtor in possession and possesses all the powers, functions, and duties of a trustee.  As of the date hereof, no trustee, examiner, or statutory committee has been appointed in this chapter 11 case.

3. Philip J. Landau and the law firm of Shraiberg, Landau & Page, P.A. (collectively, "SLP") are currently employed as the Debtor's general bankruptcy counsel, ECF Nos. 20 and 55, as well as the Debtor's special litigation counsel as to: (a) the adjudication of the validity, priority and extent of liens upon estate assets; (b) the investigation and prosecution of certain avoidance claims; and (c) other litigation claims. ECF Nos. 77 and 136. As to its employment as special counsel, SLP is employed on a contingency fee basis, pursuant to 11 U.S.C. § 328, wherein SLP will receive 35% of any asset recovered or economic benefit received by the estate, which includes the reduction of secured debts, with such fee increasing to 40% in the event of any appeal, with the Debtor to remain responsible for payment of all of SLP's out-of-pocket costs and expenses (the "SLP Contingency Fee Arrangement").

4. As to the Debtor's efforts to disallow the secured claim originally filed by New Haven Contracting South, Inc. ("New Haven") asserted in the amount of $3,387,855.55 [POC No. 72-1], and any amendment thereto (the "New Haven Claim"),[3] the Debtor, SLP, and the Applicant agreed that the Applicant would be employed by the Debtor as special counsel—sharing responsibility with SLP—as to the investigation and prosecution of efforts to disallow, reduce, or render unsecured the New Haven Claim, with the Applicant primarily responsible for all necessary state court litigation and state court work regarding the same. *See* ECF No. 1010.

5. Pursuant to 11 U.S.C. § 328, the Debtor, SLP, and the Applicant agreed that SLP would reduce the contingency fee it would otherwise be entitled to as to the New Haven Claim down to 17.5% or 20%, as applicable, depending on the existence of any appeal, and that the Applicant would be compensated under this employment arrangement via a 17.5% or 20% contingency fee, as applicable and depending on the existence of any appeal, based on the benefit

---

[3] Such claim is currently held by transferee KK-PB Financial, LLC.

to the estate from any disallowance, reduction or rendering unsecured of the New Haven Claim. The parties further agreed that the estate would reimburse the Applicant for all out-of-pocket costs and expenses incurred in connection with the work to be performed relating to the New Haven Claim. *See* ECF No. 1010 at ¶13.

6. The Court pre-approved this arrangement pursuant to 11 U.S.C. § 328 on August 29, 2019. ECF No. 1138.

7. To date, the Applicant has incurred $50 of expenses (the "Expenses") in this matter in the form of a single $50 case reopening fee paid to the Clerk of Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida on or about August 1, 2019 in the case *New Haven Contracting South, Inc. v. 160 Royal Palm, LLC*, Case No. 50-2015-CA-013244.

8. To date, the New Haven Claim has not been reduced or otherwise disallowed. However, due to the September 3, 2019 deadline for fee applications set by the Court in its Order at ECF No. 975, this Application is being filed out of an abundance of caution to preserve the Applicant's right to the agreed-upon contingency fee and the reimbursement of the Expenses, including subsequent expenses, if and when the New Haven Claim is disallowed or reduced.

9. Accordingly, the Applicant requests that the Court award it:

   a. $592,874.72 (17.5%) in the event that the New Haven Claim is disallowed and no appeal is taken;

   b. $677,571.11 (20%) in the event that the New Haven Claim is disallowed and an appeal is taken; or

   c. any other amount based on the applicable percentage contingency fee and the benefit to the estate should the New Haven Claim not be fully disallowed.

10. Additionally, the Applicant requests that the Court award it $50 in reimbursable

Expenses and future reimbursable expenses.

**Argument**

11.    11 U.S.C. "§ 328 allows the court to pre-approve various types of employment arrangements including contingency agreements." *In re Olympia Holding Corp.*, 176 B.R. 962, 965 (Bankr. M.D. Fla. 1994).  The reasonableness standard set forth in 11 U.S.C. § 330 does not apply to fees sought by an applicant following a bankruptcy court's pre-approval of a contingency fee employment arrangement under section 328. *See In re Olympia Holding Corp.*, 176 B.R. at 965.  Rather, a bankruptcy court's approval of the final contingency fee earned under a section 328 employment arrangement is "*pro forma*," and may only be altered if proven 'to have been improvident in light of developments not capable of being anticipated at the time' of the pre-approval." *In re Smart World Technologies, LLC*, 552 F.3d 228, 234-35 (2nd Cir. 2009) (quoting section 328(a) and discussing that the 'not capable of being anticipated' standard requires more than showing a subsequent development was not anticipated, but that it was "*incapable of anticipation*.").

12.    If the New Haven Claim is disallowed or reduced, these will not be developments that were incapable of anticipation when the Court approved the Applicant's employment as the Debtor's Special New Haven Claim Litigation Counsel on a pre-approved contingency fee basis pursuant to 11 U.S.C. § 328(a).  Moreover, there have been **no** developments that were not capable of anticipation that would render the requested award improvident.

**WHEREFORE**, the Applicant requests: (a) an award of $592,874.72 (17.5%) in the event that the New Haven Claim [POC 72-1], including any amendments thereto, is disallowed and no appeal is taken; (b) an award of $677,571.11 (20%) in the event that the New Haven Claim is disallowed and an appeal is taken; **or** (c) an award of any other amount based on the applicable percentage contingency fee and the benefit to the estate should the New Haven Claim not be fully disallowed; **and** in addition to the foregoing, (d) an award of $50 for reimbursable expenses, and when incurred, other reimbursable expenses; and (e) that the Court grant the Applicant such other and further relief as is just and proper.

Respectfully Submitted,

**SHRAIBERG, LANDAU & PAGE, P.A.**
Attorneys for the Debtor
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
plandau@slp.law
ependergraft@slp.law

By: /s/ Eric Pendergraft
    Philip J. Landau
    Florida Bar No. 504017
    Eric Pendergraft
    Florida Bar No. 91927

**GREGG H. GLICKSTEIN, P.A.**
Special Counsel for the Debtor
54 SW Boca Raton Boulevard
Boca Raton, Florida 33432
Telephone: 561-953-6662
Facsimile: 561-361-9770
Email: ghgpa@bellsouth.net

By: /s/Gregg H. Glickstein
    Gregg H. Glickstein
    Fla. Bar No. 444250

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 30, 2019, I electronically filed the foregoing document with all exhibits with the Clerk of the Court using CM/ECF, and that the foregoing document and its exhibits are being served by CM/ECF to all parties registered to receive electronic notices in this case.

**ATTORNEY CERTIFICATION**

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

By: /s/ Eric Pendergraft

## **CERTIFICATION**

1. I have been designated by Gregg H. Glickstein, P.A. (the "Applicant") as the professional with responsibility in this case for compliance with the "Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases" (the "Guidelines"). I have read the foregoing application (the "Application"). To the best of my knowledge, information and belief formed after reasonable inquiry, the Application complies with the mandatory Guidelines.

3. To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines, except as specifically noted and described in the Application. Except to the extent that fees or disbursements are prohibited by the Guidelines, the fees and disbursements sought are billed at rates and in accordance with practices customarily employment by the Applicant and generally accepted by the Applicant's clients.

4. As applicable, the trustee (if any), the examiner (if any), the chair of each official committee (if any), the Debtor, the U.S. Trustee, and the respective counsel for the foregoing, have all been provided, simultaneously with the filing of the Application with the Court, with a complete copy of the Application, together with all exhibits.

5. To the extent the Application requests reimbursement for services and expenses, I certify that: (a) in providing a reimbursable service, the Applicant does not make a profit on that service; (b) in charging for a particular service, the Applicant does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay (except to the extent that any such amortization is included within the permitted allowable amounts set forth herein for photocopies and facsimile transmission); and (c) in seeking reimbursement for a service which the Applicant justifiably purchased or contracted for from a third party (such as messenger service, over-night courier, computerized research, and title and lien searches), the Applicant requests reimbursement only for the amount billed to the Applicant by the third-party vendor and paid by the Applicant to such vendor.

I HEREBY CERTIFY that the foregoing is true and correct

By: /s/Gregg H. Glickstein