UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

160 Royal Palm, LLC,   Case No. 18-19441-EPK

    Debtor.   Chapter 11

_____/

**SUMMARY OF APPLICATION FOR CONTINGENCY COMPENSATION
OF SPECIAL LITIGATION COUNSEL PHILIP J. LANDAU, ESQ AND
THE LAW FIRM OF SHRAIBERG, LANDAU & PAGE, P.A.**

1. Name of Applicant: Philip J. Landau, Esq. and the Law Firm of Shraiberg, Landau & Page, P.A.

2. Role of Applicant: Special litigation counsel

3. Name of Certifying Professional: Philip J. Landau, Esq.

4. Date Case Filed: August 2, 2018

5. Date of Application for Employment: September 18, 2018 [ECF No. 77]

6. Date of Order Approving Employment: October 11, 2018 [ECF No. 136]

7. Date of this Application: August 30, 2019

8. Dates of Services Covered: N/A

FEES:

**9. Total Fee Requested for this Period: Contingency fee of $15,873,937.89, plus all subsequently earned contingency fees.** [1]

10. Balance Remaining in Fee Retainer Account, not yet Awarded   N/A

11. Fees Paid or Advanced for this Period, by other sources   $0.00

---

[1] Pursuant to the Court's Order at ECF No. 975, September 3, 2019 is the deadline for professionals employed in this case to file final fee applications, and, as to subsequently earned contingency fees, this application is being filed out of an abundance of caution even though the Applicant is still performing ongoing contingency fee work on behalf of the estate.

{2234/000/00477690}

| | | |
|---|---|---:|
| **12.** | **NET AMOUNT OF FEE REQUESTED FOR THIS PERIOD** | **See # 9** |

EXPENSES:

| | | |
|---|---|---:|
| 13. | Total Expense Reimbursement Requested for this Period | See note.[2] |
| 14. | Balance Remaining in Expense Retainer Account, not yet Received | N/A |
| 15. | Expenses Paid or Advanced for this Period, by other sources | $0.00 |
| 16. | NET AMOUNT OF EXPENSES REQUESTED FOR THIS PERIOD | $0.00 |
| 17. | Gross Award Requested for this Period | See # 9 |
| **18.** | **NET AWARD REQUESTED FOR THIS PERIOD** | **See # 9** |
| 19. | If Final Fee Application, amounts of Net Awards Requested in Interim Applications but <u>not previously awarded</u>. | N/A |
| 20. | If Final Fee Application, amounts of Net Awards Requested in Interim Applications <u>previously awarded.</u> | N/A |
| 21. | If Final Fee Application, Estimated Fees and Costs through confirmation of this case | N/A |
| 22. | Last monthly operating report filed: | June 2019 [ECF No. 928] |
| 23. | If case is Chapter 11, current funds in the Chapter 11 estate: | $41,062.90[3] |
| **22.** | **Total Fees and Expense award requested:** | **See # 9** |

HISTORY OF FEES AND EXPENSES

1. Dates, sources and amounts of retainers received: N/A.

2. Prior Fee and Expense Awards: N/A.

---

[2] The Applicant has tracked costs and reimbursable expenses as part of its general counsel work performed on behalf of the Debtor, and will seek an award for the same as part of that separate application for general counsel hourly-fee compensation.

[3] Per July 2019 monthly operating report being prepared by Debtor.

{2234/000/00477690}    2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

160 Royal Palm, LLC,                                              Case No.  18-19441-EPK

    Debtor.                                                            Chapter 11
_____/

**APPLICATION FOR APPLICATION FOR CONTINGENCY COMPENSATION
OF SPECIAL LITIGATION COUNSEL PHILIP J. LANDAU, ESQ AND
<u>THE LAW FIRM OF SHRAIBERG, LANDAU & PAGE, P.A.</u>**

    Philip J. Landau, Esq. and the law firm of Shraiberg, Landau & Page, P.A. (together, the "Applicant"), special litigation counsel for debtor in possession 160 Royal Palm, LLC (the "Debtor') hereby applies for compensation pursuant to a pre-approved contingency fee arrangement in this case.  This Application is filed pursuant to 11 U.S.C. §§ 328 and 330 and meets all of the applicable requirements set forth in the Guidelines incorporated in Local Rule 2016-1(B)(1).  In support of this Application, the Applicant states as follows:

<u>**Background Facts and Relief Requested**</u>

    1.    On August 2, 2018, the Debtor filed a voluntary petition for relief under chapter 11 of the bankruptcy code (the "Bankruptcy Case").  Pursuant to Bankruptcy Code §§ 1107 and 1108, the Debtor is managing its affairs as debtor in possession and possesses all the powers, functions, and duties of a trustee.  As of the date hereof, no trustee, examiner, or statutory committee has been appointed in this chapter 11 case.

    2.    The Debtor is an insolvent Florida limited liability company that, until recently, owned the real property consisting of a partially constructed hotel/condominium located at 160 Royal Palm Way, Palm Beach, Florida (the "Real Property").  Other than the Real Property, the other assets existing on the petition date included $319,759.46 in cash. *See* ECF No. 107.

{2234/000/00477690}                                                      3

3. Since the inception of this bankruptcy case, the Applicant has been employed as the Debtor's general bankruptcy counsel. ECF Nos. 20 and 55.[4] Based on a frank assessment of the Debtor's then-existing encumbered and unencumbered assets, the nature of the work required to confer benefits upon the estate via avoidance actions, rendering claims unsecured, and other litigation, and the risks associated with the same, the Debtor and the Applicant agreed that the Debtor should, in addition to general bankruptcy counsel work, separately employ the Applicant as the Debtor's special litigation counsel as to: (a) the adjudication of the validity, priority and extent of liens upon estate assets; (b) the investigation and prosecution of certain avoidance claims; and (c) other litigation claims (collectively, the "Litigation Claims").

4. Accordingly, the Debtor filed its *Application for Employment of Philip J. Landau, Esq. and the Law Firm of Shraiberg, Landau & Page, P.A. as Special Litigation Counsel to the Debtor Pursuant to Sections 327(a) and 328 of the Bankruptcy Code* [ECF No. 77] (the "Employment Application"), wherein the Debtor sought to employ the Applicant on a contingency fee basis, pursuant to 11 U.S.C. § 328, wherein SLP will receive, as to Litigation Claims work, 35% of any asset recovered or economic benefit received by the estate, which includes the reduction of secured debts, with such fee increasing to 40% in the event of any appeal, with the Debtor to remain responsible for payment of all of SLP's out-of-pocket costs and expenses (the "SLP Contingency Fee Arrangement").

5. Following a hearing on October 10, 2019, the Court entered an order [ECF No. 136] approving, pursuant to 11 U.S.C. § 328, the Employment Application, and pre-approving the SLP Contingency Fee Arrangement.

---

[4] The Applicant will file a separate application for compensation for such services which will include all reimbursable fees and costs.

6.	At the time the Employment Application was approved, the Debtor and KK-PB Financial, LLC were anticipating litigation concerning the Debtor's effort to avoid and attack the validity of KK-PB's then-secured claim [POC No. 70] (the "KK-PB Mortgage Claim"). *See* ECF Nos. 103, 107 at §2.3, and 133.  Such matter is a Litigation Claim.

7.	Additionally, before the Employment Application was approved, the Debtor filed a motion to approve public-sale bid procedures for the Real Property, thereby anticipating an auction of the Real Property with minimum bids *no less than* $32,500,000, which was $500,000 greater than the stalking horse offer obtained by the Debtor. ECF No. 92.

8.	Following months of intensive litigation and five days of trial in January and February of 2019, with success far from guaranteed,[5] the Court estimated the KK-PB Mortgage Claim—which had by then been amended to state a $39,684,844.73 claim secured by a mortgage on the Real Property—at $0 for all purposes in this bankruptcy case pursuant to 11 U.S.C. § 502(c), determined that the claim was not secured by a lien, because KK-PB's note and mortgage constituted avoidable fraudulent transfers under sections 726.105 and 726.106 of the Florida Statutes, and disallowed such claim. Estimation Order, ECF No. 603.

9.	KK-PB has appealed the Estimation Order to the United States District Court for the Southern District of Florida, where the parties have fully briefed the matter and are awaiting a ruling.  On August 19, 2019, the Bankruptcy Court entered an order denying KK-PB's motion for a stay of the Estimation Order pending appeal. ECF No. 1056.

10.	Following the entry of the Estimation Order, the Debtor entered into a new sale contract with LR U.S. Hotels Holdings LLC ("LR") to sell the Real Property for $39,600,000 in

---

[5] Because it accepted such work on a contingency fee basis, the Applicant has essentially financed, with the possibility of *no* payment, the Debtor's litigation regarding the KK-PB Mortgage Claim.

{2234/000/00477690}	5

cash *plus* the assumption of the following estate liabilities: (a) $250,000 in settlement funds due by the Debtor to the Town of Palm Beach,[6] (b) unpaid *ad valorem* taxes for 2018 and 2019,[7] and (c) the brokerage commission due to the Debtor's real estate broker.[8] ECF No. 604.

11.  Following a contested hearing, on March 12, 2019, the Court entered an order approving the Debtor's sale of the Real Property to LR, for the consideration listed above, free and clear of the disallowed KK-PB Mortgage Claim, thereby liquidating the Debtor's primary asset for the benefit of the Debtor's allowed creditors. ECF No. 651.

12.  Accordingly, the Applicant seeks a contingency fee award of $15,873,937.89, which is 40% of the $39,684,844.73 benefit received by the estate due to the Applicant's successful Litigation Claim work to have the secured KK-PB Mortgage Claim estimated at $0 for all purposes and disallowed.

13.  Separately, the Applicant has begun work on other Litigation Claim matters, *see* ECF No. 956 and Adv. P. Nos. 19-01206-EPK; 19-01215-EPK, 19-01238-EPK, 19-01341-EPK, and further anticipates beginning subsequent work on other Litigation Claim matters. Due to the September 3, 2019 deadline for fee applications set by the Court in its Order at ECF No. 975, the Applicant requests, separately from the $15,873,937.89 award, that the Court either (a) award the Applicant the applicable contingency fee for such other matters; or (b) preserve the Applicant's right to such awards if and when benefits are conferred on the estate as a result.

---

[6] *See* ECF Nos 97, 204, 536, and 543.

[7] *See* POC No. 88-1 in the secured amount of $170,342.38 for 2018 taxes, and notice of withdrawal of claim as paid in full at ECF No. 795.

[8] *See* application and order employing broker at ECF Nos. 19 and 66; *see* Post-Closing Agreement at Paragraph 3(a), ECF Page 42 of 158, and attached Closing Statement at ECF Page 84 of 158, both filed in Eleventh Circuit Case No. 19-11402 on May 23, 2019, demonstrating LR's payment of broker's commission in amount of $450,000 in May 2019.

**Argument**

14.     11 U.S.C. "§ 328 allows the court to pre-approve various types of employment arrangements including contingency agreements." *In re Olympia Holding Corp.*, 176 B.R. 962, 965 (Bankr. M.D. Fla. 1994). The reasonableness standard set forth in 11 U.S.C. § 330 does not apply to fees sought by an applicant following a bankruptcy court's pre-approval of a contingency fee employment arrangement under section 328. *See In re Olympia Holding Corp.*, 176 B.R. at 965. Rather, a bankruptcy court's approval of the final contingency fee earned under a section 328 employment arrangement is "*pro forma*," and may only be altered if proven 'to have been improvident in light of developments not capable of being anticipated at the time' of the pre-approval." *In re Smart World Technologies, LLC*, 552 F.3d 228, 234-35 (2nd Cir. 2009) (quoting section 328(a) and discussing that the 'not capable of being anticipated' standard requires more than showing a subsequent development was not anticipated, but that it was "*incapable of anticipation*.").

15.     The Court's estimation of the KK-PB Mortgage Claim at $0 for all purposes and the Court's disallowance of such claim due to fraudulent transfer liability in that Litigation Claim matter were not developments that were incapable of anticipation when the Court approved the Applicant's employment as the Debtor's special litigation counsel on a pre-approved contingency fee basis pursuant to 11 U.S.C. § 328(a). Moreover, any result of the Applicant's ongoing efforts in other Litigation Claims matters would not be developments incapable of anticipation. As to the KK-PB Mortgage Claim and other Litigation Claims matters, there have been *no* developments that were not capable of anticipation that would render the requested awards improvident.

**WHEREFORE**, the Applicant requests: (a) an award of $15,873,937.89; (b) either an award of any other amount based on the applicable percentage contingency fee and the benefit to the estate conferred should the Applicant prevail as to ongoing or subsequent Litigation Claims matters, or, an order preserving the Applicant's right to such awards if and when benefits are conferred on the estate as a result; and (c) an order granting the Applicant such other and further relief as is just and proper.

        Respectfully Submitted,

        **SHRAIBERG, LANDAU & PAGE, P.A.**
        Attorneys for the Debtor
        2385 NW Executive Center Drive, #300
        Boca Raton, Florida 33431
        Telephone: 561-443-0800
        Facsimile: 561-998-0047
        plandau@slp.law
        ependergraft@slp.law

        By: /s/ Philip J. Landau
            Philip J. Landau
            Florida Bar No. 504017
            Eric Pendergraft
            Florida Bar No. 91927

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 30, 2019, I electronically filed the foregoing document with all exhibits with the Clerk of the Court using CM/ECF, and that the foregoing document and its exhibits are being served by CM/ECF to all parties registered to receive electronic notices in this case.

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

By: /s/ Philip J. Landau

## **CERTIFICATION**

1.  I have been designated by Shraiberg, Landau & Page, P.A. (the "Applicant") as the professional with responsibility in this case for compliance with the "Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases" (the "Guidelines"). I have read the foregoing application (the "Application"). To the best of my knowledge, information and belief formed after reasonable inquiry, the Application complies with the mandatory Guidelines.

3.  To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines, except as specifically noted and described in the Application. Except to the extent that fees or disbursements are prohibited by the Guidelines, the fees and disbursements sought are billed at rates and in accordance with practices customarily employment by the Applicant and generally accepted by the Applicant's clients.

4.  As applicable, the trustee (if any), the examiner (if any), the chair of each official committee (if any), the Debtor, the U.S. Trustee, and the respective counsel for the foregoing, have all been provided, simultaneously with the filing of the Application with the Court, with a complete copy of the Application, together with all exhibits.

5.  To the extent the Application requests reimbursement for services and expenses, I certify that: (a) in providing a reimbursable service, the Applicant does not make a profit on that service; (b) in charging for a particular service, the Applicant does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay (except to the extent that any such amortization is included within the permitted allowable amounts set forth herein for photocopies and facsimile transmission); and (c) in seeking reimbursement for a service which the Applicant justifiably purchased or contracted for from a third party (such as messenger service, over-night courier, computerized research, and title and lien searches), the Applicant requests reimbursement only for the amount billed to the Applicant by the third-party vendor and paid by the Applicant to such vendor.

I HEREBY CERTIFY that the foregoing is true and correct

By: /s/ Philip J. Landau