**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

In re 160 Royal Palm, LLC,

      Debtor.

Chapter 11 Case
Case No. 18-19441-EPK

**KK-PB FINANCIAL, LLC'S OBJECTION TO
APPLICATION FOR CONTINGENCY FEE COMPENSATION
OF SPECIAL LITIGATION COUNSEL PHILIP J. LANDAU, ESQ.
AND THE LAW FIRM OF SHRAIBERG, LANDAU & PAGE, P.A.**

KK-PB Financial, LLC ("KK-PB"), by and through its undersigned counsel, files this objection (the "Objection") to the *Application for Contingency Fee Compensation of Special Litigation Counsel Philip J. Landau, Esq. and the Law Firm of Shraiberg, Landau & Page, P.A.* [ECF No. 1150] (the "Contingency Fee Application") of Philip J. Landau, Esq. and the law firm of Shraiberg, Landau & Page, P.A. (together with Mr. Landau, "SLP") in the above-captioned chapter 11 case (the "Chapter 11 Case") of 160 Royal Palm, LLC (the "Debtor"), and in support thereof states as follows:

## BACKGROUND

1.      **Applications to Employ Counsel.** On September 4, 2018, the Court approved the Debtor's retention of SLP as Debtor's general bankruptcy counsel under section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"). [ECF Nos. 20, 55].

2.      On October 11, 2018, the Court approved the Debtor's application, [ECF No. 77], to also retain SLP as "Special Litigation Counsel" to prosecute certain "Litigation Claims" on a contingency fee basis under section 327(a) of the Bankruptcy Code (the "Retention Order"), [ECF No. 136]. The Retention Order provides for a 35% (increased to 40% for an appeal) contingency fee in certain circumstances. Retention Order ¶ 3.

3.      **The Estimation Proceeding and Subsequent Appeal.** In October 2018, this Court approved formal bid procedures for a public auction of the Debtor's property (the "Auction"). The

Debtor filed a motion to limit KK-PB's credit bid under section 363(k) of the Bankruptcy Code in connection with the Auction [ECF No. 103] (the "Credit Bid Motion").    In response, KK-PB filed its own motion under sections 363(k) and 502(c) of the Bankruptcy Code, requesting an estimation of KK-PB's secured Claim No. 70-3 (the "Mortgage Claim") for the limited purpose of determining the amount of its credit bid in connection with the Auction [ECF No. 133] (the "Estimation Motion"). Id. at 1.

4.      On February 26, 2019, following an evidentiary hearing on the Credit Bid Motion and the Estimation Order (the "Estimation Proceeding"), this Court entered an order estimating KK-PB's Mortgage Claim at "$0 for all purposes" (the "Estimation Order").  [ECF No. 603].  KK-PB timely appealed the Estimation Order (the "Estimation Appeal"), which appeal has been fully briefed and is pending before the United States District Court for the Southern District of Florida.

5.      **Applications for Compensation.**  SLP has filed two fee applications.  In the first application, SLP seeks a final award totaling $731,804.47 for fees and expenses incurred as general bankruptcy counsel.  [ECF No. 1189].[1]

6.      In the Contingency Fee Application, SLP seeks a contingency-fee award of $15,873,937.89 (the "Contingency Fee"), plus all future contingency fees, which equals 40% of the asserted $39,684,844.73 Mortgage Claim based on the Estimation Order estimating the Mortgage Claim at $0 for all purposes.  See Contingency Fee Application ¶ 12.  Additionally, SLP is seeking, among other adversary proceedings, to disallow the secured claim of New Haven Contracting South, Inc. for which SLP and its co-counsel would claim another contingency fee exceeding $1 million.

---

[1]      KK-PB has objected to such application by separate objection.

## OBJECTION

### I.    SLP Is Not Disinterested and Its Retention and Fee Request under Section 327(a) Is Defective.

7.    SLP's Retention Order—which provides the basis for the Contingency Fee Application—was entered under section 327(a) of the Bankruptcy Code. [ECF No. 136]. That section requires that an attorney representing the Debtor must be a "disinterested person." 11 U.S.C. § 327(a).

8.    But, SLP is not a "disinterested person" because it admits it is a prepetition creditor of the Debtor. See ECF No. 820, at 24 of 82 (requesting payment of $6,212.50 for services rendered prepetition on August 1, 2018). And the plain language of the Bankruptcy Code is clear that a "disinterested person . . . is not a creditor," even for a small amount. 11 U.S.C. § 101(14)(A); see also Electro-Wire Prods. v. Sirote & Permutt, P.C. (In re Prince), 40 F.3d 356, 361 (11th Cir. 1994) ("Sirote cannot possibly qualify as a 'disinterested person' under the facts of this case. Sirote was a creditor of the Debtor, albeit for a relatively small amount . . . ."). "It is well-established that when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." West v. Smith (In re Cecil), 2012 U.S. Dist. LEXIS 108701, at *13 (M.D. Fla. Aug. 2, 2012) (internal citation omitted). "[A] bankruptcy court that approves the retention of a prepetition creditor of the estate necessarily abuses its discretion." Staiano v. Pillowtex, Inc. (In re Pillowtex, Inc.), 304 F.3d 246, 254 (3d Cir. 2002).

9.    Finding a section 327(a) professional is not a disinterested person at the time of his retention is grounds for vacature. E.g., In re McGinty, 119 B.R. 289, 290 (Bankr. M.D. Fla. 1990) (Paskay, J.) (vacating retention of debtor's section 327(a) counsel). Also, under section 328(c) of the Bankruptcy Code, "the court may deny allowance of compensation for services and reimbursement of expenses" of a section 327(a) professional "if, at any time during such . . . employment under section 327 . . . such professional person is not a ***disinterested person***." 11 U.S.C. § 328(c) (emphasis added); see also In re Creative Desperation, Inc., 415 B.R. 882, 898 (Bankr. S.D. Fla. 2009)

("Disallowance of fees is appropriate when an attorney is found not to be disinterested.").

## II.    The Contingency Application Is Premature Because the Estimation Appeal Has Not Been Adjudicated or Dismissed.

10.    As SLP acknowledges, its request for the Contingency Fee is premature and "is being filed out of an abundance of caution."  Contingency Fee Application 1 n.1.  To the extent that the Contingency Fee is even applicable to the Estimation Order—it is not, as set forth below—then SLP has not yet earned its Contingency Fee because the Estimation Order remains subject to the pending Estimation Appeal.  The Estimation Appeal may result in the reversal of the Estimation Order and reinstatement of the Mortgage Claim, eliminating the proposed basis for any Contingency Fee.  Arabia v. Siedlecki, 789 So. 2d 380, 384 (Fla. Dist. Ct. App. 2001) ("Until [plaintiff] actually recovered something from the [defendant], the contingency contemplated in the fee agreement did not occur.").  The Contingency Fee is only "payable upon" when the benefit is "actually recovered."  Retention Order ¶ 3.  Indeed, SLP acknowledges this when it noted that it has begun other contingency fee matters and proposed as a resolution that the Court "preserve the [SLP's] right to such awards if and when benefits are conferred on the estate as a result."  Contingency Fee Application ¶ 13.  Accordingly, the Court should take SLP up on its offer and defer ruling on the Contingency Fee Application pending final resolution of the Estimation Appeal and any subsequent appeals.

## III.    SLP Has Not Earned the Contingency Fee Under the Terms of the Retention Order.

11.    The Court's Retention Order is clear that a contingency fee can only be awarded if SLP recovers an asset or provides an "economic benefit . . . on account of any '***Litigation Claims.***'" Retention Order ¶ 2 (emphasis added).[2]  A "Litigation Claim" is expressly defined as "litigation clams [sic] the Debtor determines are appropriate" that are actually "***prosecute[d]***" by SLP and includes

---

[2]    The "[f]or avoidance of doubt" clause regarding "any alleged secured debt that is reduced or avoided" in paragraph 3 does not expand the "Litigation Claim" requirement in paragraph 2 of the Retention Order ¶ 3.

"adjudicating the validity, priority and/or extent of liens and mortgages upon assets of the Debtor." Id. (emphasis added). Yet, SLP never **prosecuted** its claim objection to the Mortgage Claim or initiated an adversary proceeding to avoid the Mortgage Claim, and the Court never adjudicated the claim objection.  [See ECF No. 103 ("[Debtor] intends to initiate an adversary proceeding . . . against KK-PB."); ECF No. 1056 (stating "the Court ha[s never] ruled on any separate objection to claim 70-3")].  SLP only sought to limit KK-PB's credit bid right.  A "Litigation Claim" does not include limiting a credit bid or defending an Estimation Motion.[3]

12.    Moreover, "Litigation Claim" does not include estimation.  The Estimation Order explicitly did not adjudicate avoidance of the Mortgage Claim:

> **The Court is not now ruling on a fraudulent transfer claim brought by the Debtor against KK-PB by way of complaint**.  The Court is ruling on a motion to estimate KK-PB's claim and the Debtor has objected to estimation of that claim, in part, on the ground that KK-PB's note and/or the mortgage securing it are subject to avoidance.  It is not necessary here for the Court to determine conclusively that there is an absolute right to success on the part of the estate or on the part of KK-PB for that matter.

See Estimation Order 11 (emphasis added).

13.    Finally, SLP has not earned the Contingency Fee because the Debtor has not "reduced" or "avoided" the Mortgage Claim under the Retention Order, but only estimated it under section 502(c) of the Bankruptcy Code.  "[T]he estimation of claims in bankruptcy does not establish a binding legal determination of the ultimate validity of a claim nor a binding determination of any issues."  In re Bicoastal Corp., 122 B.R. 771, 774-75 (Bankr. M.D. Fla. 1990); see also In re RNI Wind Down Corp., 369 B.R. 174, 191 (Bankr. D. Del. 2007) ("The purpose of section 502(c)  . . . is not a

---

[3]    Clearly, SLP itself never contemplated that its Contingency Fee would be triggered by an estimation of KK-PB's Mortgage Claim since the application to retain SLP was filed on September 18, 2019—three weeks **prior** to the Estimation Motion (which was filed and prosecuted by KK-PB, not the Debtor).

mechanism for reducing the amount of a debtor's liability."). Any finding or ruling from the Estimation Proceeding is not an "ultimate disposition of" the Mortgage Claim "due to the fundamental difference between the adjudication of a claim and its temporary allowance for plan purposes." In re Ralph Lauren Womenswear, 197 B.R. 771, 775 (Bankr. S.D.N.Y. 1996).

14.     Accordingly, SLP has not earned the Contingency Fee under the Retention Order.

**IV.    Alternatively, the Contingency Fee Is Improvident and Should be Reduced.**

**A. *The Contingency Fee Should Be Reduced Because It Violates Ethical Rules.***

15.     The Court may reduce the Contingency Fee if the Contingency Fee proves "to have been improvident in light of developments not capable of being anticipated at the time" the Retention Order was entered. See 11 U.S.C. § 328(a). An improvident fee includes a fee which violates applicable professional rules of conduct. Such a violation could justify the Court's exercise of its inherent power to limit attorneys' fees to a reasonable amount. See Cappel v. Adams, 434 F.2d 1278, 1280 (5th Cir. 1970) (binding precedent) ("[C]ourts have refused to enforce contingent fee arrangements when the amount of the fee seemed excessive. Indeed, Canon 13 . . . recognized the right of an attorney to contract for a contingent fee, . . . 'subject to the supervision of a court, as to its reasonableness.'"); see also Wade v. Clemmons, 377 N.Y.S.2d 415, 419 (Sup. Ct. 1975) ("Contingent fees may be disallowed as between attorney and client in spite of contingent fee retainer agreements, where the amount becomes large enough to be out of all proportion to the value of the professional services rendered.").

16.     The Florida Rules of Professional Conduct ("FRPC") state "[a] lawyer must not . . . charge[] or collect a[] . . . clearly excessive fee." FRPC 4-1.5(a). "A fee . . . is clearly excessive when: . . . after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee . . . exceeds a reasonable fee . . . for services provided to such a degree as to constitute clear overreaching or an unconscionable demand by the attorney." FRPC 4-1.5(a)(1). Factors to be considered include the time and labor required, novelty, complexity, the fee or rate

customarily charged in the locality for similar work, time limitations, experience, and whether the fee is fixed or contingent.  FRPC 4-1.5(b)-(c).

17.     Here, in this *less than $40 million* liquidating, single asset real estate case, the Contingency Fee of *almost $16 million* is unconscionable and clearly excessive.  To earn the Contingency Fee of $15,873,937.89 on an hourly basis, using an approximate blended rate of $420 per hour based on SLP's hourly fee applications, see [ECF Nos. 820, 1189], SLP would have to bill nearly *38,000 hours* to earn the Contingency Fee on an hourly basis.  Tellingly, SLP did not provide its time entries in the Contingency Fee Application.  Indeed, SLP's Contingency Fee request represents 40% of LR U.S. Hotels Holdings, LLC's proposed cash consideration of $39.6 million for the sale of the Debtor's property.

18.     Further, Dechert LLP ("Dechert") also agreed to a partial contingency fee (described as a success fee) due to the Debtor's inability to pay its invoices as they came due.  See [ECF No. 742 ¶ 12].  Unlike SLP's demand for what is essentially a 35%/40% cut of the Debtor's assets, Dechert— who was retained to "spearhead[] the defense" of the Estimation Appeal—limited its contingency fee to a 10% bonus calculated based on its actual hourly fees billed.  See [ECF No. 742 ¶¶ 8, 12].

19.     As a result of the Contingency Fee, SLP—an estate professional—now asserts that it has become the *second*-largest creditor of the Debtor, just behind the SEC, [POC 71-2], and is set to receive by far the *largest* distribution from the Debtor's estate, [ECF No. 1272, at 3-4].  Yet, no additional monies, assets or property has been recovered by the Debtor's estate as a result of the Estimation Order.  At most, there has only been an alleged reallocation of distributable value to the Debtor's other creditors away from KK-PB.  Accordingly, the Contingency Fee is improvident under section 328(a) of the Bankruptcy Code because it is excessive in violation of the FRPC and must be reduced.

**B.  The Contingency Fee Should Be Reduced By Any Amounts Paid to Dechert.**

20.     As discussed above, SLP seeks an increased 40% Contingency Fee because of its work relating to the Estimation Appeal.  The 40% Contingency Fee is improvident under section 328(a) of the Bankruptcy Code because SLP has subsequently shifted the lion's share of its "special litigation counsel" responsibilities in the Estimation Appeal to Dechert, which is seeking payment for its fees (including bonus) and expenses directly from the Debtor.  [ECF No. 1190].  Thus, SLP is requesting that the Debtor pay twice for work which SLP agreed to undertake a year ago.  This was unforeseen by the Court when it entered the Retention Order.

21.     To avoid any duplication of payment by the Debtor for work relating to the Estimation Appeal, the Court should reduce SLP's Contingency Fee by the amount of fees and expenses awarded to Dechert.  See Arabia v. Siedlecki, 789 So. 2d 380, 384 (Fla. Dist. Ct. App. 2001) (agreeing that "where the fee agreement calls for the law firm to represent the client in the entire suit, the law firm should absorb the cost of any additional legal services incurred in obtaining the final disposition" including "incurring appellate representation to carry on an appeal").

## RESERVATION OF RIGHTS

22.     This Objection is submitted without prejudice to, and with a full express reservation of, KK-PB's rights relating to this Objection, including modifying and raising additional arguments.

## CONCLUSION

23.    For the foregoing reasons, the Contingency Fee Application should be denied.

Dated: September 20, 2019                    WHITE & CASE LLP
Miami, Florida

                                By:  */s/ John K. Cunningham*
                                     John K. Cunningham
                                     Florida Bar No. 542490
                                     James N. Robinson
                                     Florida Bar No. 608858
                                     Fan B. He
                                     Florida Bar No. 0095597
                                     Southeast Financial Center, Suite 4900
                                     200 South Biscayne Boulevard
                                     Miami, Florida  33131-2352
                                     Telephone:  (305) 371-2700
                                     Facsimile:  (305) 358-5744

                                     *Counsel for KK-PB Financial, LLC*

## **ATTORNEY CERTIFICATION**

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).


By:  */s/ John K. Cunningham*
       John K. Cunningham

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this day, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I further certify that the foregoing document is being served this day on all parties via transmission of Notices of Electronic Filing generated by CM/ECF.


By: */s/ John K. Cunningham*
     John K. Cunningham