# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

In re 160 Royal Palm, LLC,

  Debtor.

Chapter 11 Case
Case No. 18-19441-EPK

## AMENDED KK-PB FINANCIAL, LLC'S OBJECTION TO FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF SHRAIBERG, LANDAU & PAGE, P.A. AS GENERAL BANKRUPTCY COUNSEL FOR DEBTOR 160 ROYAL PALM, LLC

  KK-PB Financial, LLC ("KK-PB"), by and through its undersigned counsel, files this amended objection (the "Objection")[1] to the *Final Application for Compensation and Reimbursement of Expenses of Shraiberg, Landau & Page, P.A. as General Bankruptcy Counsel for Debtor 160 Royal Palm, LLC* [ECF No. 1189] (the "Final Fee Application") in the above-captioned chapter 11 case of 160 Royal Palm, LLC (the "Debtor"), and in support thereof states as follows:

### BACKGROUND

  1. On September 4, 2018, the Court approved the Debtor's retention of Shraiberg, Landau & Page, P.A. ("SLP") as Debtor's general bankruptcy counsel [ECF Nos. 20, 55] (the "327(a) Retention Order") pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code").

  2. On September 5, 2019, SLP filed the Final Fee Application seeking a final award totaling $731,804.47 for fees and expenses incurred as general bankruptcy counsel. [ECF No. 1189].

---

[1]  The amended Objection amends and supersedes *KK-PB Financial, LLC's Objection to Final Application for Compensation and Reimbursement of Expenses of Shraiberg, Landau & Page, P.A. as General Bankruptcy Counsel for Debtor 160 Royal Palm, LLC* [ECF No. 1286] to provide certain clarifications and to be consistent with revisions made in other amended objections to final fee applications. A blackline version reflecting the amendments is attached hereto as Exhibit A.

SLP has also filed a separate contingency fee application as special counsel of the Debtor.[2] [ECF No. 1150].

## OBJECTION

1. SLP's 327(a) Retention Order—which provides the basis for the Final Fee Application—was entered under section 327(a) of the Bankruptcy Code. [ECF Nos. 20, 55]. That section requires that an attorney representing the Debtor must be a "disinterested person." 11 U.S.C. § 327(a).

3. But, SLP is not a "disinterested person" as required by section 327(a) of the Bankruptcy Code because it admits it is a prepetition creditor of the Debtor. See *First Interim Application for Compensation and Reimbursement of Expenses of Shraiberg, Landau & Page, P.A. As General Bankruptcy Counsel for Debtor 160 Royal Palm, LLC* [ECF No. 820, at 24 of 82 (requesting payment of $6,212.50 for services rendered prepetition on August 1, 2018)]. And the plain language of the Bankruptcy Code is clear that a "disinterested person . . . is not a creditor[.]" 11 U.S.C. § 101(14)(A). Under section 328(c) of the Bankruptcy Code, "the court may deny allowance of compensation for services and reimbursement of expenses" of a section 327(a) professional "if, at any time during such . . . employment under section 327 . . . such professional person is not a disinterested person." 11 U.S.C. § 328(c).

4. If SLP waives its prepetition fee request of $6,212.50 against the Debtor or, alternatively, the Court disallows the prepetition fee request, this Objection would be resolved.

## RESERVATION OF RIGHTS

5. This Objection is submitted without prejudice to, and with a full express reservation of, KK-PB's rights relating to this Objection, including modifying and raising additional arguments.

---

[2] KK-PB has objected to such application by separate objection.

## **CONCLUSION**

6.      For the foregoing reasons, the request for prepetition fees in the Final Fee Application should be denied.

Dated: October 7, 2019  
Miami, Florida

WHITE & CASE LLP

By: */s/ John K. Cunningham*
John K. Cunningham
Florida Bar No. 542490
James N. Robinson
Florida Bar No. 608858
Fan B. He
Florida Bar No. 0095597
Southeast Financial Center, Suite 4900
200 South Biscayne Boulevard
Miami, Florida 33131-2352
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

*Counsel for KK-PB Financial, LLC*

3

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

                          By: */s/ John K. Cunningham*
                                  John K. Cunningham

AMERICAS 101208652

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this day, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I further certify that the foregoing document is being served this day on all parties via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ John K. Cunningham*
     *John K. Cunningham*

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| In re 160 Royal Palm, LLC,<br><br>　　　Debtor. | Chapter 11 Case<br>Case No. 18-19441-EPK |

### AMENDED KK-PB FINANCIAL, LLC'S OBJECTION TO FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF SHRAIBERG, LANDAU & PAGE, P.A. AS GENERAL BANKRUPTCY COUNSEL FOR DEBTOR 160 ROYAL PALM, LLC

KK-PB Financial, LLC ("KK-PB"), by and through its undersigned counsel, files this amended objection (the "Objection")[1] to the *Final Application for Compensation and Reimbursement of Expenses of Shraiberg, Landau & Page, P.A. as General Bankruptcy Counsel for Debtor 160 Royal Palm, LLC* [ECF No. 1189] (the "Final Fee Application") in the above-captioned chapter 11 case of 160 Royal Palm, LLC (the "Debtor"), and in support thereof states as follows:

### BACKGROUND

1.　On September 4, 2018, the Court approved the Debtor's retention of Shraiberg, Landau & Page, P.A. ("SLP") as Debtor's general bankruptcy counsel [ECF Nos. 20, 55] (the "327(a) Retention Order") pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code").

2.　On September 5, 2019, SLP filed the Final Fee Application seeking a final award totaling $731,804.47 for fees and expenses incurred as general bankruptcy counsel. [ECF No. 1189].

---

[1]　The amended Objection amends and supersedes *KK-PB Financial, LLC's Objection to Final Application for Compensation and Reimbursement of Expenses of Shraiberg, Landau & Page, P.A. as General Bankruptcy Counsel for Debtor 160 Royal Palm, LLC* [ECF No. 1286] to provide certain clarifications and to be consistent with revisions made in other amended objections to final fee applications. A blackline version reflecting the amendments is attached hereto as Exhibit A.

~~[1]　Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Final Fee Application.~~

AMERICAS ~~98757854~~101208652　　　　　　　　　1

SLP has also filed a separate contingency fee application as special counsel of the Debtor.[2] [ECF No. 1150].

## OBJECTION

1. SLP's 327(a) Retention Order—which provides the basis for the Final Fee Application—was entered under section 327(a) of the Bankruptcy Code. [ECF Nos. 20, 55]. That section requires that an attorney representing the Debtor must be a "disinterested person." 11 U.S.C. § 327(a).

3. But, SLP is not a "disinterested person" as required by section 327(a) of the Bankruptcy Code because it admits it is a prepetition creditor of the Debtor. See *First Interim Application for Compensation and Reimbursement of Expenses of Shraiberg, Landau & Page, P.A. As General Bankruptcy Counsel for Debtor 160 Royal Palm, LLC* [ECF No. 820, at 24 of 82 (requesting payment of $6,212.50 for services rendered prepetition on August 1, 2018)]. And the plain language of the Bankruptcy Code is clear that a "disinterested person . . . is not a creditor~~," even for a small amount.~~[.]" 11 U.S.C. § 101(14)(A)~~; see also Electro-Wire Prods. v. Sirote & Permutt, P.C. (In re Prince), 40 F.3d 356, 361 (11th Cir. 1994) ("Sirote cannot possibly qualify as a 'disinterested person' under the facts of this case. Sirote was a creditor of the Debtor, albeit for a relatively small amount . . . ."). "It is well-established that when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." West v. Smith (In re Cecil), 2012 U.S. Dist. LEXIS 108701, at *13 (M.D. Fla. Aug. 2, 2012) (internal citation omitted). "[A] bankruptcy court that approves the retention of a prepetition creditor of the estate necessarily abuses its discretion." Staiano v. Pillowtex, Inc. (In re Pillowtex, Inc.), 304 F.3d 246, 254 (3d Cir. 2002).~~

~~4.~~. Under ~~Finding a~~ section ~~327(a) professional is not a disinterested person at the time of~~

---

[2] KK-PB has objected to such application by separate objection.

~~his retention is grounds for vacature. E.g., In re McGinty, 119 B.R. 289, 290 (Bankr. M.D. Fla. 1990) (Paskay, J.) (vacating retention of debtor's section 327(a) counsel). Also, under section~~ 328(c) of the Bankruptcy Code, "the court may deny allowance of compensation for services and reimbursement of expenses" of a section 327(a) professional "if, at any time during such . . . employment under section 327 . . . such professional person is not a disinterested person." 11 U.S.C. § 328(c)~~ (emphasis added); see also In re Creative Desperation, Inc., 415 B.R. 882, 898 (Bankr. S.D. Fla. 2009) ("Disallowance of fees is appropriate when an attorney is found not to be disinterested.");~~.

4.     If SLP waives its prepetition fee request of $6,212.50 against the Debtor or, alternatively, the Court disallows the prepetition fee request, this Objection would be resolved.

## RESERVATION OF RIGHTS

5.     This Objection is submitted without prejudice to, and with a full express reservation of, KK-PB's rights relating to this Objection, including modifying and raising additional arguments.

3

AMERICAS 101208652

## CONCLUSION

~~6. Accordingly, KK-PB respectfully requests that the Court grant the relief requested herein and such further relief as it deems just and appropriate under the circumstances.~~

6.     For the foregoing reasons, the request for prepetition fees in the Final Fee Application should be denied.

Dated: ~~September 20~~October 7, 2019    WHITE & CASE LLP
Miami, Florida

    By: */s/ John K. Cunningham*
        John K. Cunningham
        Florida Bar No. 542490
        James N. Robinson
        Florida Bar No. 608858
        Fan B. He
        Florida Bar No. 0095597
        Southeast Financial Center, Suite 4900
        200 South Biscayne Boulevard
        Miami, Florida  33131-2352
        Telephone: (305) 371-2700
        Facsimile:  (305) 358-5744

        *Counsel for KK-PB Financial, LLC*

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

By: */s/ John K. Cunningham*
John K. Cunningham

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this day, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I further certify that the foregoing document is being served this day on all parties via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ John K. Cunningham*
     *John K. Cunningham*

| Summary report: Litéra® Change-Pro TDC 10.1.0.700 Document comparison done on 10/7/2019 7:03:58 PM ||
|---|---|
| **Style name:** 2 W&C Standard Set ||
| **Intelligent Table Comparison:** Active ||
| **Original DMS:** iw://AMERICAS_DMS/AMERICAS/101120281/4 ||
| **Modified DMS:** iw://AMERICAS_DMS/AMERICAS/101208652/4 ||
| **Changes:** ||
| Add | 26 |
| Delete | 17 |
| Move From | 1 |
| Move To | 1 |
| Table Insert | 4 |
| Table Delete | 2 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 51 |