IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re 160 Royal Palm, LLC,

Debtor.

Chapter 11 Case
Case No. 18-19441-EPK

**AMENDED KK-PB FINANCIAL, LLC'S OBJECTION TO
FINAL APPLICATION FOR NON-CONTINGENCY COMPENSATION OF SPECIAL
COUNSEL GREGG H. GLICKSTEIN, ESQ. AND GREGG H. GLICKSTEIN, P.A.**

KK-PB Financial, LLC ("KK-PB"), by and through its undersigned counsel, files this amended objection[1] (the "Objection") to the *Final Application for Non-Contingency Compensation of Special Counsel Gregg H. Glickstein, Esq. and Gregg H. Glickstein, P.A.* [ECF No. 1148] (the "Application") of Gregg H. Glickstein, Esq. ("Mr. Glickstein") and Gregg H. Glickstein, P.A. (the "Glickstein Firm," and together with Mr. Glickstein, "Glickstein") in the above-captioned chapter 11 case of 160 Royal Palm, LLC (the "Debtor"), and in support thereof states as follows:

## BACKGROUND

1. On September 21, 2018, the Debtor applied to retain Glickstein as special counsel. [ECF Nos. 80, 81].

2. On October 11, 2018, this Court approved the Debtor's employment of Glickstein [ECF No. 137] (the "327(a) Retention Order") pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code").

---

[1] The amended Objection amends and supersedes *KK-PB Financial, LLC's Objection to Final Application for Non-Contingency Compensation of Special Counsel Gregg H. Glickstein, Esq. and Gregg H. Glickstein, P.A.* [ECF No. 1284] to provide certain clarifications, to be consistent with revisions made in other amended objections to final fee applications and to address a subsequent pleading by the Debtor. A blackline version reflecting the amendments is attached hereto as Exhibit A.

3. On August 14, 2019, the Debtor requested that the 327(a) Retention Order be amended to approve the Debtor's employment of Glickstein pursuant to section 327(e) of the Bankruptcy Code in a footnote. [ECF No. 1010, at ¶ 5 n.2; id. at p. 5]. The Court denied this request without prejudice to the Debtor seeking to amend the 327(a) Retention Order. [ECF No. 1138 ¶ 3].

4. On August 30, 2019, Glickstein filed the Application as its final fee application. [ECF No. 1148].

5. On September 26, 2019, the Debtor filed the *Motion to Deem Gregg H. Glickstein and the Law Firm of Gregg H. Glickstein, P.A. to be Employed as Special Counsel Under Section 327(e)* [ECF No. 1300] (the "327(e) Amendment Motion").

## OBJECTION

6. The Application of Glickstein seeks compensation in connection with services rendered and reimbursement of expenses incurred by Glickstein under the Court's 327(a) Retention Order. Subsequent to the filing of the Application and KK-PB's initial objection thereto (now hereby amended), the Debtor filed its 327(e) Amendment Motion, which seeks to amend the 327(a) Retention Order to provide that Glickstein's retention is authorized under section 327(e), and not section 327(a), of the Bankruptcy Code.

7. The basis for KK-PB's Objection to the Application is section 327(a)'s requirement that the professional person (Glickstein) must be a "disinterested person" as defined in section 101(14) of the Bankruptcy Code. Here, Glickstein is the brother of the Debtor's manager and, as a relative of an insider, Glickstein is not a "disinterested person." 11 U.S.C. §§ 101(14), 101(9)(A)(iv), 101(31)(B)(vi), 101(45). Additionally, Glickstein is a prepetition creditor of the Debtor and thus is not a "disinterested person." 11 U.S.C. § 101(14). Glickstein is seeking prepetition fees and costs from July 2, 2018 to August 2, 2018 of approximately $9,000. See *First Interim Application for Compensation of Special Counsel for Debtor 160 Royal Palm, LLC* [ECF No. 822, at 12-14]. Section 328(c) of the

Bankruptcy Code provides, in pertinent part: "the court may deny allowance of compensation for services and reimbursement of expenses of a professional person employed under section 327 . . . if, at any time during such professional person's employment under section 327 . . . , such professional person is not a disinterested person." 11 U.S.C § 328(c).

8. However, KK-PB acknowledges the Court has previously authorized the Debtor to retain Glickstein as "special counsel" under section 327(e), as opposed to section 327(a), of the Bankruptcy Code, overruling KK-PB's objection thereto. See *Order Approving, in Part, Amended Application to Employ Gregg H. Glickstein and the Law Firm of Gregg H. Glickstein, P.A.* [ECF No. 1138]. Section 327(e) of the Bankruptcy Code does not contain the "disinterested person" requirement of section 327(a). Thus, if the Court similarly grants Glickstein's pending 327(e) Amendment Motion and amends its 327(a) Retention Order, KK-PB acknowledges this Objection to the Application (based upon Glickstein's retention under section 327(a)) would be rendered moot.

## CONCLUSION

9. For the foregoing reasons, the Application of Glickstein in connection with the Court's 327(a) Retention Order should be denied.

| | |
|---|---|
| Dated: October 7, 2019<br>Miami, Florida | WHITE & CASE LLP |
| | By: */s/ John K. Cunningham*<br>John K. Cunningham<br>Florida Bar No. 542490<br>James N. Robinson<br>Florida Bar No. 608858<br>Fan B. He<br>Florida Bar No. 0095597<br>Southeast Financial Center, Suite 4900<br>200 South Biscayne Boulevard<br>Miami, Florida 33131-2352<br>Telephone: (305) 371-2700<br>Facsimile: (305) 358-5744<br><br>*Counsel for KK-PB Financial, LLC* |

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

By: */s/ John K. Cunningham*
John K. Cunningham

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this day, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I further certify that the foregoing document is being served this day on all parties via transmission of Notices of Electronic Filing generated by CM/ECF.

                By:  */s/ John K. Cunningham*
                      *John K. Cunningham*

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| In re 160 Royal Palm, LLC,<br><br>Debtor. | Chapter 11 Case<br>Case No. 18-19441-EPK |

### AMENDED KK-PB FINANCIAL, LLC'S OBJECTION TO FINAL APPLICATION FOR NON-CONTINGENCY COMPENSATION OF SPECIAL COUNSEL GREGG H. GLICKSTEIN, ESQ. AND GREGG H. GLICKSTEIN, P.A.

KK-PB Financial, LLC ("KK-PB"), by and through its undersigned counsel, files this amended objection[1] (the "Objection") to the *Final Application for Non-Contingency Compensation of Special Counsel Gregg H. Glickstein, Esq. and Gregg H. Glickstein, P.A.* [ECF No. 1148] (the "Application") of Gregg H. Glickstein, Esq. ("Mr. Glickstein") and Gregg H. Glickstein, P.A. (the "Glickstein Firm," and together with Mr. Glickstein, "Glickstein") in the above-captioned chapter 11 case of 160 Royal Palm, LLC (the "Debtor"), and in support thereof states as follows:

### BACKGROUND

1.      On September 21, 2018, the Debtor applied to retain Glickstein as special counsel. [ECF Nos. 80, 81].

---

[1]      The amended Objection amends and supersedes *KK-PB Financial, LLC's Objection to Final Application for Non-Contingency Compensation of Special Counsel Gregg H. Glickstein, Esq. and Gregg H. Glickstein, P.A.* [ECF No. 1284] to provide certain clarifications, to be consistent with revisions made in other amended objections to final fee applications and to address a subsequent pleading by the Debtor. A blackline version reflecting the amendments is attached hereto as Exhibit A.

[1]      ~~Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.~~

AMERICAS ~~98757854~~101208666

2.      On October 11, 2018, this Court approved the Debtor's employment of Glickstein [ECF No. 137] (the "327(a) Retention Order") pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code").

3.      On August 14, 2019, the Debtor requested that the 327(a) Retention Order be amended to approve the Debtor's employment of Glickstein pursuant to section 327(e) of the Bankruptcy Code in a footnote. [ECF No. 1010, at ¶ 5 n.2; id. at p. 5]. The Court denied this request without prejudice to the Debtor seeking to amend the 327(a) Retention Order. [ECF No. 1138 ¶ 3].

4.      On August 30, 2019, Glickstein filed the Application, ~~Glickstein's~~ as its final fee application. [ECF No. 1148].

5.      On September 26, 2019, the Debtor filed the *Motion to Deem Gregg H. Glickstein and the Law Firm of Gregg H. Glickstein, P.A. to be Employed as Special Counsel Under Section 327(e)* [ECF No. 1300] (the "327(e) Amendment Motion").

**OBJECTION**

6.      The Application of Glickstein seeks compensation in connection with services rendered and reimbursement of expenses incurred by Glickstein under the Court's 327(a) Retention Order. Subsequent to the filing of the Application and KK-PB's initial objection thereto (now hereby amended), the Debtor filed its 327(e) Amendment Motion, which seeks to amend the 327(a) Retention Order to provide that Glickstein's retention is authorized under section 327(e), and not section 327(a), of the Bankruptcy Code.

~~5.      Under section 328(c) of the Bankruptcy Code, "the court may deny allowance of compensation for services and reimbursement of expenses of a professional person employed under~~

~~section 327 . . . if, at any time during such professional person's employment under section 327 . . . such professional person *is not a disinterested person*." 11 U.S.C. § 328(c) (emphasis added).~~

~~6. The "disinterested" requirement cannot be waived. E.g., In re Amdura Corp., 121 B.R. 862, 866 (Bankr. D. Colo. 1990). "Disallowance of fees is appropriate when an attorney is found not to be disinterested." In re Creative Desperation, Inc., 415 B.R. 882, 898 (Bankr. S.D. Fla. 2009). Disgorgement is also appropriate due to a lack of disinterestedness. Quarles & Brady, LLP v. Maxfield (In re Jennings), No. 6:05-cv-248-Orl-19DAB, 2005 U.S. Dist. LEXIS 49503, at *44 (M.D. Fla. Sep. 7, 2005) (affirming disgorgement of fees under section 328(c) due to a lack of disinterestedness); Walton v. HLJ Enters. (In re HLJ Enters.), No. 10-30055, 2011 Bankr. LEXIS 3035, at *10 (Bankr. S.D. Ga. June 28, 2011) (ordering disgorgement because professional "is not a disinterested person as required by 11 U.S.C. § 327(a)"). Indeed, the Eleventh Circuit "agree[d]" that "in exercising the discretion granted by the statute we think the [bankruptcy] court should lean strongly toward denial of fees, and if the past benefit to the wrongdoer fiduciary can be quantified, to require disgorgement of compensation previously paid that fiduciary even before the conflict arose." Electro-Wire Prods. v. Sirote & Permutt, P.C. (In re Prince), 40 F.3d 356, 360 (11th Cir. 1994). Sections 327(a) and 328(c) of the Bankruptcy Code, as well as Federal Rule of Bankruptcy Procedure 2014, create an ongoing duty for professionals to the estate to remain disinterested. Forizs & Dogali, P.A. v. Siegel, No. 8:12-cv-253-T-23, 2012 U.S. Dist. LEXIS 136052, at *8-9 (M.D. Fla. Sep. 24, 2012) ("This requirement and duty to remain a disinterested person is ongoing. A professional retained by the estate must remain disinterested throughout his or her entire tenure with the estate." (quoting In re Sauer, 191 B.R. 402, 407 (Bankr. D. Neb. 1995))).~~

7. ~~Here, as the Court already ruled at the August 22 hearing, Mr. Glickstein and by imputation "the Glickstein Firm [are] not disinterested." Aug. 22, 2019 Hr'g Tr. 15:7-8. Section~~The

AMERICAS 101208666

~~3~~

basis for KK-PB's Objection to the Application is section 327(a)'s requirement that the professional person (Glickstein) must be a "disinterested person" as defined in section 101(14) of the Bankruptcy Code defines. Here, Glickstein is the brother of the Debtor's manager and, as a relative of an insider, Glickstein is not a "disinterested person," and expressly excludes any "insider." 11 U.S.C. §§ 101(14), 101(9)(A). Section(iv), 101(31)(B)(vi) of the Bankruptcy Code further defines "insider" to include, "if the debtor is a corporation," a "***relative of a general partner, director, officer, or person in control of the debtor***, 101(45). Additionally, Glickstein is a prepetition creditor of the Debtor and thus is not a "disinterested person." 11 U.S.C. § 101(31)(B)(vi) (emphasis added). A "corporation" is defined to include an "unincorporated company or association." 11 U.S.C. § 101(9)(A)(iv). A "relative" is defined to include an "individual related by affinity or consanguinity within the third degree as determined by the common law." 11 U.S.C. § 101(45). Gregg Glickstein is a relative—indeed, the brother—of Cary Glickstein, the Debtor's principal and control person. Cary Glickstein is clearly "a person in control" of the Debtor as its sole manager. 11 U.S.C. § 101(31)(B)(vi). Accordingly, as this Court already ruled, Gregg Glickstein is an "insider" of the Debtor, and therefore, not a "disinterested person."

8. 14). Glickstein is seeking Additionally, Glickstein is not disinterested because it is a ***prepetition creditor*** of the Debtor. In its first interim fee app, Glickstein sought payment of prepetition fees and costs from July 2, 2018 through August 1, 2018, i.e., ***before*** the Debtor'sto August 2, 2018 petition date in the amount of approximately $9,000. See *First Interim Application for Compensation of Special Counsel for Debtor 160 Royal Palm, LLC* [ECF No. 822, at 12-14; ECF No. 970]. The Bankruptcy Code is clear that a "]. Section 328(c) of the Bankruptcy Code provides, in pertinent part: "the court may deny allowance of compensation for services and reimbursement of expenses of a professional person employed under section 327 . . . if, at any time during such

professional person's employment under section 327 . . . , such professional person is not a disinterested person." 11 U.S.C. § 328(c).

8. However, KK-PB acknowledges the Court has previously authorized the Debtor to retain Glickstein as "special counsel" under section 327(e), as opposed to section 327(a), of the Bankruptcy Code, overruling KK-PB's objection thereto. See *Order Approving, in Part, Amended Application to Employ Gregg H. Glickstein and the Law Firm of Gregg H. Glickstein, P.A.* [ECF No. 1138]. Section 327(e) of the Bankruptcy Code does not contain the "disinterested person" requirement of section 327(a). Thus, if the Court similarly grants Glickstein's pending 327(e) Amendment Motion and amends its 327(a) Retention Order, KK-PB acknowledges this Objection to the Application (based upon Glickstein's retention under section 327(a)) would be rendered moot.

**RESERVATION OF RIGHTS**

~~10. This Objection is submitted without prejudice to, and with a full express reservation of, KK-PB's rights relating to this Objection, including modifying and raising additional arguments.~~

## CONCLUSION

~~11. Accordingly, KK-PB respectfully requests that the Court grant the relief requested herein and such further relief as it deems just and appropriate under the circumstances.~~

<u>9. For the foregoing reasons, the Application of Glickstein in connection with the Court's 327(a) Retention Order should be denied.</u>

Dated: ~~September 20~~<u>October 7</u>, 2019       WHITE & CASE LLP
Miami, Florida

By: */s/ John K. Cunningham*
John K. Cunningham
Florida Bar No. 542490
James N. Robinson
Florida Bar No. 608858
Fan B. He
Florida Bar No. 0095597
Southeast Financial Center, Suite 4900
200 South Biscayne Boulevard
Miami, Florida 33131-2352
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

*Counsel for KK-PB Financial, LLC*

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

By: */s/ John K. Cunningham*
John K. Cunningham

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this day, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I further certify that the foregoing document is being served this day on all parties via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ John K. Cunningham*
*John K. Cunningham*

|  | |
|---|---|
| **Summary report:** <br> **Litéra® Change-Pro TDC 10.1.0.700 Document comparison done on 10/7/2019 7:06:31 PM** ||
| **Style name:** 2 W&C Standard Set ||
| **Intelligent Table Comparison:** Active ||
| **Original DMS:** iw://AMERICAS_DMS/AMERICAS/101115982/4 ||
| **Modified DMS:** iw://AMERICAS_DMS/AMERICAS/101208666/4 ||
| **Changes:** ||
| Add | 32 |
| Delete | 34 |
| Move From | 4 |
| Move To | 4 |
| Table Insert | 3 |
| Table Delete | 2 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 79 |