**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re 160 Royal Palm, LLC,

        Debtor.

Chapter 11 Case
Case No. 18-19441-EPK

**AMENDED KK-PB FINANCIAL, LLC'S OBJECTION TO**
**FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF**
**EXPENSES OF DECHERT, LLP AS SPECIAL BANKRUPTCY APPELLATE**
**COUNSEL FOR THE DEBTOR, 160 ROYAL PALM, LLC**

KK-PB Financial, LLC ("KK-PB"), by and through its undersigned counsel, files this

amended objection[1] (the "Objection") to the *Final Application for Compensation and Reimbursement of*

*Expenses of Dechert, LLP as Special Bankruptcy Appellate Counsel for the Debtor, 160 Royal Palm, LLC* [ECF

No. 1190] (the "Final Fee Application") in the above-captioned chapter 11 case of 160 Royal Palm,

LLC (the "Debtor"), and in support thereof states as follows:

**OBJECTION**

1.      Dechert, LLP ("Dechert") does not appear to request approval and payment of any

success fee in the Final Fee Application at this time.  However, as noted by the Debtor when it

originally sought to retain counsel, "the Debtor has agreed to pay Dechert a success fee [(the "Success

Fee")] in the amount of ten percent of the total amount Dechert bills on this matter." [ECF No. 742

¶ 12].

2.      To the extent that the Final Fee Application may be construed as requesting approval

and payment of such Success Fee now, it has not yet been earned.

---

[1]      The amended Objection amends and supersedes *KK-PB Financial, LLC's Objection to Final
Application for Compensation and Reimbursement of Expenses of Dechert, LLP as Special Bankruptcy Appellate
Counsel for the Debtor, 160 Royal Palm, LLC* [ECF No. 1282] to provide certain clarifications and to be
consistent with revisions made in other amended objections to final fee applications.  A blackline
version reflecting the amendments is attached hereto as Exhibit A.

3.      Only after the Success Fee has been earned—which requires the Debtor to prevail in either or both the appeal of the sale orders and the appeal of the estimation order (the "Estimation Appeal")—would it be proper to determine the reasonableness of any such Success Fee under the Bankruptcy Code.

4.      Additionally, Philip J. Landau, Esq. and the law firm of Shraiberg, Landau & Page, P.A. ("SLP") were previously retained by the Debtor as "special litigation counsel" to pursue certain litigation claims, [ECF No. 136], which SLP contends to include the Estimation Appeal, [ECF No. 1150].  Nonetheless, this Court later approved the Debtor's retention of Dechert which, as the Debtor represented, is to "spearhead[] the defense" of the Estimation Appeal.  See [ECF No. 742 ¶ 8].  Thus, the Debtor is being asked to pay twice for work which SLP itself had agreed to undertake in October last year.

5.      To avoid any duplication of payment by the Debtor and Dechert for work relating to the Estimation Appeal, to the extent that the Court awards any fees and expenses to Dechert under this Final Fee Application on account of the Estimation Appeal, the Court should reduce any award to SLP on account of their contingency fee asserted in ECF No. 1150.  See *Amended KK-PB Financial, LLC'S Objection to Application for Contingency Fee Compensation of Special Litigation Counsel Philip J. Landau, Esq. and the Law Firm of Shraiberg, Landau & Page, P.A.* [ECF No. 1326 at 5-6].

## **RESERVATION OF RIGHTS**

6.      This Objection is submitted without prejudice to, and with a full express reservation of, KK-PB's rights relating to this Objection, including modifying and raising additional arguments.

## **CONCLUSION**

7.      For the foregoing reasons, (i) the Success Fee portion of the Final Fee Application of Dechert should be deferred at this time as premature and (ii) that any amounts awarded to Dechert under the Final Fee Application on account of the Estimation Appeal should correspondingly reduce any amounts awarded to SLP on account of their contingency fee asserted in ECF No. 1150.

Dated: October 7, 2019                    WHITE & CASE LLP
Miami, Florida

                                    By:  */s/ John K. Cunningham*_____
                                        John K. Cunningham
                                        Florida Bar No. 542490
                                        James N. Robinson
                                        Florida Bar No. 608858
                                        Fan B. He
                                        Florida Bar No. 0095597
                                        Southeast Financial Center, Suite 4900
                                        200 South Biscayne Boulevard
                                        Miami, Florida  33131-2352
                                        Telephone: (305) 371-2700
                                        Facsimile:  (305) 358-5744

                                        *Counsel for KK-PB Financial, LLC*

## **ATTORNEY CERTIFICATION**

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).


By: */s/ John K. Cunningham*           
        John K. Cunningham

**<u>CERTIFICATE OF SERVICE</u>**

**I HEREBY CERTIFY** that on this day, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I further certify that the foregoing document is being served this day on all parties via transmission of Notices of Electronic Filing generated by CM/ECF.


By: */s/ John K. Cunningham* _____
      *John K. Cunningham*

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re 160 Royal Palm, LLC,

    Debtor.

Chapter 11 Case
Case No. 18-19441-EPK

AMENDED KK-PB FINANCIAL, LLC'S OBJECTION TO
FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF
EXPENSES OF DECHERT, LLP AS SPECIAL BANKRUPTCY APPELLATE
COUNSEL FOR THE DEBTOR, 160 ROYAL PALM, LLC

> **Formatted:** No underline

KK-PB Financial, LLC ("KK-PB"), by and through its undersigned counsel, files this amended objection[1] (the "Objection") to the *Final Application for Compensation and Reimbursement of Expenses of Dechert, LLP as Special Bankruptcy Appellate Counsel for the Debtor, 160 Royal Palm, LLC* [ECF No. 1190] (the "Final Fee Application")[2] in the above-captioned chapter 11 case of 160 Royal Palm, LLC (the "Debtor"), and in support thereof states as follows:

**OBJECTION**

1.      Dechert, LLP ("Dechert") does not appear to request approval and payment of any success fee in the Final Fee Application at this time. However, as noted by the Debtor when it originally sought to retain counsel, "the Debtor has agreed to pay Dechert a success fee [(the "Success Fee")] in the amount of ten percent of the total amount Dechert bills on this matter." [ECF No. 742 ¶ 12].

---

[1]      The amended Objection amends and supersedes *KK-PB Financial, LLC's Objection to Final Application for Compensation and Reimbursement of Expenses of Dechert, LLP as Special Bankruptcy Appellate Counsel for the Debtor, 160 Royal Palm, LLC* [ECF No. 1282] to provide certain clarifications and to be consistent with revisions made in other amended objections to final fee applications. A blackline version reflecting the amendments is attached hereto as Exhibit A.

[2]      Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

2.      To the extent that the Final Fee Application may be construed as requesting approval and payment of such Success Fee now, it has not yet been earned.

3.      Only after the Success Fee has been earned—which requires the Debtor to prevail in either or both the appeal of the sale orders and the appeal of the estimation order (the "Appeals Estimation Appeal")—would it be proper to determine the reasonableness of any such fee Success Fee under the Bankruptcy Code. See Arabia v. Siedlecki, 789 So. 2d 380, 384 (Fla. Dist. Ct. App. 2001) ("Until [plaintiff] actually recovered something from the [defendant], the contingency contemplated in the fee agreement did not occur.").

Formatted: Font: Not Bold, Not Italic

4.      Additionally, Philip J. Landau, Esq. and the law firm of Shraiberg, Landau & Page, P.A. ("SLP") were previously retained by the Debtor as "special litigation counsel" to pursue certain litigation claims, [ECF No. 136], which SLP contends to include the Estimation Appeal, [ECF No. 1150]. Nonetheless, this Court later approved the Debtor's retention of Dechert which, as the Debtor represented, is to "spearhead[] the defense" of the Estimation Appeal. See [ECF No. 742 ¶ 8]. Thus, the Debtor is being asked to pay twice for work which SLP itself had agreed to undertake in October last year.

5.      To avoid any duplication of payment by the Debtor and Dechert for work relating to the Estimation Appeal, to the extent that the Court awards any fees and expenses to Dechert under this Final Fee Application on account of the Estimation Appeal, the Court should reduce any award to SLP on account of their contingency fee asserted in ECF No. 1150. See Arabia v. Siedlecki, 789 So. 2d 380, 384 (Fla. Dist. Ct. App. 2001) (agreeing that "where the fee agreement calls for the law firm to represent the client in the entire suit, the law firm should absorb the cost of any additional legal services incurred in obtaining the final disposition" including "incurring appellate representation to carry on an appeal"). See Amended KK-PB Financial, LLC'S Objection to Application for Contingency Fee

*Compensation of Special Litigation Counsel Philip J. Landau, Esq. and the Law Firm of Shraiberg, Landau &*

*Page, P.A.* [ECF No. 1326 at 5-6].

## RESERVATION OF RIGHTS

6.      This Objection is submitted without prejudice to, and with a full express reservation

of, KK-PB's rights relating to this Objection, including modifying and raising additional arguments.

3

**CONCLUSION**

7.      For  the  foregoing  reasons,  ~~to~~(i)  the  ~~extent~~ Success Fee portion of  the  Final  Fee

Application ~~requests the payment of a Success Fee which has not yet been earned, the Final Fee~~

~~Application~~of Dechert  should  be  deferred  ~~until after such~~at this  time  as  ~~such Success Fee has been~~

~~earned~~premature  and  ~~further,~~(ii)  that  any  amounts  awarded  to  Dechert  under  the  Final  Fee

Application  on  account  of  the  Estimation  Appeal  should  correspondingly  reduce  any  amounts

awarded to SLP on account of their contingency fee asserted in ECF No. 1150.

Dated: ~~September 20~~October 7, 2019        WHITE  &  CASE  LLP
Miami, Florida

                                            By:  */s/ John K. Cunningham*
                                                 John K. Cunningham
                                                 Florida Bar No. 542490
                                                 James N. Robinson
                                                 Florida Bar No. 608858
                                                 Fan B. He
                                                 Florida Bar No. 0095597
                                                 Southeast Financial Center, Suite 4900
                                                 200 South Biscayne Boulevard
                                                 Miami, Florida  33131-2352
                                                 Telephone: (305) 371-2700
                                                 Facsimile:  (305) 358-5744

                                                 *Counsel for KK-PB Financial, LLC*

4

**ATTORNEY CERTIFICATION**

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).


By:  */s/ John K. Cunningham*
       John K. Cunningham

5

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this day, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I further certify that the foregoing document is being served this day on all parties via transmission of Notices of Electronic Filing generated by CM/ECF.


By:  /s/ John K. Cunningham
     John K. Cunningham

6