[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11402
_____

D.C. Docket No. 9:19-cv-80351-RLR

In re: 160 ROYAL PALM, LLC,

                                        Debtor.

_____

KK-PB FINANCIAL, LLC,

                                        Plaintiff - Appellant,

versus

160 ROYAL PALM, LLC,

                                        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 25, 2019)

Before ROSENBAUM, TJOFLAT, and HULL, Circuit Judges.

PER CURIAM:

This appeal concerns an ongoing bankruptcy proceeding in which Appellee-Debtor 160 Royal Palm, LLC (the "Debtor") filed under Chapter 11 to reorganize its debt. The Debtor's primary asset is a hotel property located in Palm Beach County, Florida (the "Property"). Initially, in order to satisfy its creditors, the Debtor sought to sell the Property at a public auction. The bankruptcy court approved this sale procedure. When various delays and other issues arose, including litigation with purported creditor Appellant KK-PB Financial, LLC ("KK-PB"), the Debtor sought for the bankruptcy court to instead approve a sale of the Property to third-party LR U.S. Hotels Holdings, LLC ("LR"). The bankruptcy court approved the revised sale procedure to LR.

During a subsequent, lengthy evidentiary hearing at which the bankruptcy court considered final approval of the sale to LR, KK-PB proposed a last-minute offer to purchase the Property. The Debtor declined the offer for various stated reasons and advised the bankruptcy court that it wished to proceed with the sale of the Property to LR. After hearing from the Debtor, KK-PB, LR, and others, the bankruptcy court announced its detailed findings of fact and conclusions of law and subsequently memorialized his ruling in a written order. The bankruptcy judge concluded that there was sound business justification for the sale of the assets to LR,

the price was fair and reasonable, and LR and the Debtor proceeded in good faith with the contemplated sale.  He further determined that the purchase price offered by LR and accepted by the Debtor constituted the "highest and best offer" received by the Debtor for the property.  Finally, the bankruptcy judge found that the Debtor had provide "adequate and reasonable notice of the sale to all interested parties."  KK-PB appealed the bankruptcy court's determination to the district court, and the district court affirmed the bankruptcy court's approval of the sale to LR.  KK-PB then filed its notice of appeal with this Court.

We have carefully reviewed the record and considered the arguments made by the parties during the recent oral argument of this matter.  First, we conclude that this appeal is not moot for the reasons the Court expressed during oral argument.  We also find that KK-PB arguably has standing on appeal, so we will assume standing for purposes of this opinion.  Finally, we find that the bankruptcy court did not abuse its discretion when it approved the sale to LR.  We therefore affirm that decision as well as the district court's decision to affirm the bankruptcy court's orders.  We base our affirmance on the well-reasoned determinations of the bankruptcy court as set forth in its rulings.[1]

**AFFIRMED.**

---

[1] In addition, the Debtor's Motion to Dismiss KK-PB's appeal and KK-PB's Motion for Leave to File Limited Sur-Reply in relation to the Motion to Dismiss are both **DENIED** as moot.

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

November 25, 2019

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 19-11402-X
Case Style: KK-PB Financial, LLC v. 160 Royal Palm, LLC
District Court Docket No: 9:19-cv-80351-RLR
Secondary Case Number: 18-19441-bkc-EPK

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against appellant.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Stephanie Tisa at (305) 579-4432.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs