UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

160 Royal Palm, LLC,                                             Case No. 18-19441-EPK

      Debtor.                                                       Chapter 11
_____/

## INITIAL 43 EB5 CLAIMANTS' OBJECTIONS TO FEE APPLICATIONS
### [ECF 1150 and 1508]

      Claimants Ali Adampeyra, Ran Chen, Yan Chen, Xiang Chunhua, Qiong Deng, Li Dongsheng, Shahriar Ebrahimian, Halil Erseven, Tang Cheok Fai, Ying Fei, Junqiang Feng, Zhiling Gan, Chengyu Gu, Shu Jiang, Yajun Kang, Cuilian Li, Lan Li, Min Li, Zhaohui Li, Hao Lou, Reza Siamak Nia, Hongru Pan, Sanaz Salehin, Sara Salehin, Mohammadreza Sedaghat, Sha Shi, Xiang Shu, Ying Tan, Yulong Tang, Shuangyun Wang, Xiaonan Wang, Yuanbo Wang, Rujing Wei, Tao Xiong, Kuang Yaoping, Chunning Ye, Mohammad Zargar, Lili Zhang, Wenhao Zhang, Juewei Zhou, Bei Zhu, Dongsheng Zhu, and Qiongfang Zhu (the "Initial 43 EB-5 Claimants")[1] by and through their undersigned attorney hereby objects to the applications filed at ECF 1150 and 1508 and says:

      1.      The fee application made at ECF 1150 is based upon the result obtained in ECF 603. ECF 603 was the final order resulting from prosecution of an administrative motion to limit credit bids at an auction free and clear of the Debtor's property and the defense of 2 motions filed by a secured creditor. The order itself states that it was a trial of *Debtor's Motion to Limit Credit Bids with Respect to Sale of Substantially All of Its Assets* [ECF No. 103] filed by 160 Royal Palm, LLC (the "Debtor"); *Secured Creditor KK-PB Financial, LLC's Motion to Estimate Claim for Purposes of Credit Bidding Pursuant to 11 U.S.C. §§ 502(c) and 363(k)* [ECF No. 133] filed by KK-PB Financial, LLC ("KK-PB"); and *Secured Creditor KK-PB Financial, LLC's Motion to (I) Modify and Terminate Automatic Stay; or (II) Dismiss Chapter 11 Proceeding* [ECF No. 69] filed by KK-PB. While the result of the proceeding was serendipitously advantageous to the estate and

---

[1] The Initial 43 EB-5 Claimants hold claims 03-1, 05-1, 06-1, 07-1, 08-1, 11-1, 12-1, 13-1, 17-1, 18-1, 20-1, 21-1, 22-1, 23-1, 24-1, 25-1, 26-1, 27-1, 28-1, 29-1, 30-1, 31-1, 32-1, 33-1, 34-1, 35-1, 36-1, 37-1, 40-1, 42-1, 43-1, 44-1, 45-1, 46-1, 47-1, 49-1, 50-1, 51-1, 52-1, 55-1, 61-1, 64-1, and 65-1 in this case.

all of the creditors beyond the wildest dreams of the participants, it was not, as required by the order authorizing employment an engagement "to prosecute litigation clams . . . adjudicating the validity, priority and/or extent of liens and mortgages upon the assets of the Debtor." Therefore, the Initial 43 EB-5 Claimants object to that fee being calculated under 11 USC§328 as opposed to 11 USC §330.

2. In order to authorize the payment of a fixed or contingent fee in advance of the performance of the work by a professional, the Court must consider all relevant facts, including the reasonableness of the fee being approved. *In re Airspect Air, Inc.*, 385 F.3d 915, 922 (6th Cir. 2014). Here, neither the application for employment under 328, ECF 77, nor the order approving it, ECF 136, mentions the word "reasonable." Hence, there was no determination that, in this case, a 35% fee would be reasonable. Thus, the fee was not "preapproved" as required by 11 USC §328 and the fee should be evaluated under 11 USC §330.

3. Further, even if the agreement were properly approved in the first place and applics to this situation, the Initial EB-5 Creditors are of the view that the attempt by counsel for the Debtor to settle the claim ultimately decided so favorably to the estate and its creditors for next to nothing, and the fact that the EB-5 creditors through counsel had to litigate that issue to force the matter to go forward, and then had to participate in that litigation from the beginning to the end in a not insubstantial way constitutes an unforeseen or unexpected circumstance that renders the approval of the contingent fee agreement, in retrospect, improvident, thus requiring consideration of the fee application under 11 USC §330 instead of §328. See, e.g., In re Hall, 520 B.R. 116 (D. Kansas, 2014) (court refused to approve engagement of debtor's counsel to be paid a percentage of all assets of estate). In this case, the Initial 43 EB-5 Creditors would be surprised if the Court had anticipated that in entering ECF 136 that it was essentially awarding the applicant 40% of the value of all of the assets of the estate.

4. As for the fee application at ECF 1508, it appears to the Initial 43 EB-5 Claimants that the entry is duplicative of the work that the applicant at ECF 1150 seeks to be compensated for in the amount of 5% of the overall value of the property of the Debtor. In other words, the claim at ECF 1508 should be considered the Debtor's choice to engage someone other than the claimants in ECF 1150 to handle the appeal and to compensate them at their reasonable hourly rates instead of paying claimants in ECF 1150 an additional 5%.

/s/    *Edward A. Marod*
Edward A. Marod
Florida Bar No. 238961

WPB_ACTIVE 9606138.1                                    2

**GUNSTER, YOAKLEY & STEWART, P.A.**
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone: (561) 650-0660
Facsimile:  (561) 671-2519
E-mail: emarod@gunster.com
*Counsel for the Initial 43 EB-5 Creditors*

### ATTORNEY CERTIFICATION AND CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).  **I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on February 6, 2020, via CM/ECF to all parties registered to receive such notice via electronic filing Notice

/s/     *Edward A. Marod*

ACTIVE 11680996.1

WPB_ACTIVE 9606138.1                                                3