UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                                                          Case No. 18-19441-EPK

160 ROYAL PALM, LLC,                                                              Chapter 11
      Debtor.
_____/

### OTHER PALM HOUSE INVESTORS' LIMITED OBJECTION TO APPLICATION FOR CONTINGENCY FEE COMPENSATION OF SPECIAL LITIGATION COUNSEL PHILIP J. LANDAU, ESQ. AND LAW FIRM OF SHRAIBERG, LANDAU & PAGE, P.A.

The Other Palm House Investors[1] object to the *Application for Contingency Compensation of Special Litigation Counsel Philip J. Landau, Esq and the Law Firm of Shraiberg, Landau & Page, P.A.* (ECF No. 1150) (the "Contingency Fee Application"), and in support state as follows:

1. The Other Palm House Investors appreciate and applaud the efforts of the Debtor's attorneys in this case and file this limited objection only to the allowance of the increased 5% contingency fee to Special Litigation Counsel and the fees and costs of Special Appellate Counsel.

2. It could not have been anticipated when the Court entered its Order[2] authorizing the Debtor to employ the law firm of Shraiberg, Landau & Page, P.A. ("SLP") to prosecute litigation

---

[1] The Other Palm House Investors are Wang Jue, Wang Jian, Sun Mengyang, Gao Yi, Chen Jun, Zhang Shikun, Cheng Li, Tan Jing, Li Xiang, Liu Danqing, Man Mingyue, Wang Jing, and Liu Chenglin.

[2] On October 11, 2018, the Court entered an *Order Approving Application for Employment of Philip J. Landau Esq. and the Law Firm of Shraiberg, Landau & Page, P.A. as Special Litigation Counsel to the Debtor Pursuant to Sections 327(a) and 328 of the Bankruptcy Code (ECF No. 136).* The movants did not receive notice of the underlying application or the hearing (*see* ECF Nos. 77, 78, and 82) and were not represented at the hearing; their counsel appeared in the afternoon of the hearing following its conclusion (ECF No. 136). "[W]hether a court 'pre-approves' a fee arrangement under § 328 should be judged by the totality of the circumstances, looking at both the application and the bankruptcy court's order." *In re Airspect Air, Inc.*, 385 F.3d 915, 922 (6th Cir. 2004). "Factors in the determination may include whether the debtor's motion for appointment specifically requested fee pre-approval, whether the court's order assessed the reasonableness of the fee, and whether either the order of the motion expressly invoked § 328." *Id.* (determining there was no preapproval where neither the application nor order referenced Section 328 and neither discussed the reasonableness of the fee). Here, the October 11, 2018 Order did not make a determination of the reasonableness of the contingency arrangement, and it is not clear whether the fee arrangement for SLP was "pre-approved" by the Court. If the Court were to determine that the contingency fee arrangement was not pre-approved, then SLP's fee request would be subject to review under Section 330.

claims on a contingency basis that the Debtor would engage separate Special Appellate Counsel with respect to appeals of the same litigation.

3.     The terms of compensation approved by the Court permit SLP to receive a 35% contingency fee, increasing to 40% in the event of appeal, "of any asset recovered or economic benefit received by the estate on account of any Litigation Claims, payable upon the approval of any settlement in which a recovery is obtained or actually pursuing such Litigation Claims" (and specifically providing "[f]or the avoidance of doubt [that SLP shall receive a contingency fee] of any alleged secured debt that is reduced or avoided for the benefit of the estate."). ECF No. 136.[3] The contingency arrangement thus anticipated that SLP would handle the entirety of each litigation matter through appeal.[4] Accordingly, the Debtor's decision[5] to employ G. Eric Brunstad, Jr. and Dechert LLP as Special Appellate Counsel was a development that was not capable of being anticipated when the Court approved the contingency arrangement for SLP.

---

[3] The movants assume that

[4]     An attorney must be clear and precise in explaining the terms of a fee agreement. To the extent the contract is unclear, the agreement should be construed against the attorney. *See Jaye v. Royal Saxon, Inc.*, 687 So.2d 978, 982 (Fla. 4th DCA), r*ev. denied, Small & Small, P.A., v. Jaye*, 699 So.2d 1375 (Fla.1997); *May v. Sessums & Mason, P.A.*, 700 So.2d 22, 25 (Fla. 2d DCA 1997), *rev. denied*, 705 So.2d 571 (Fla.1998). Here the fee agreement was based upon Soff's representation of Arabia in the entire dispute, and his fee was to be based upon the recovery in all proceedings. Indeed, if "court proceedings" encompassed only the trial proceedings, then what was gained in those proceedings was only a $1,500,000 judgment. Lavalle Brown cannot claim that it is entitled to what was finally recovered after appeal on the one hand, but on the other hand reject its responsibility to perform the legal work necessary to complete those court proceedings which led to the larger recovery.

Other jurisdictions have followed the rule that where the fee agreement calls for the law firm to represent the client in the entire suit, the law firm should absorb the cost of any additional legal services incurred in obtaining the final disposition. See, e.g., A. Stanley Proner, P.C. v. Julien & Schlesinger, P.C., 134 A.D.2d 182, 520 N.Y.S.2d 771, 773 (1987); Sweeney v. Athens Reg'l Med. Ctr., 917 F.2d 1560 (llth Cir.1990). We agree with this rule to the extent that such additional fees and costs are both reasonable and necessary. Certainly, incurring appellate representation to carry on an appeal in this case fits those criteria.

*Arabia v. Siedlecki*, 789 So. 2d 380, 383–84 (Fla. 4th DCA 2001).

[5] On April 16, 2019, the Debtor filed its *Application to Employ G. Eric Brunstad, Jr. and Dechert LLP as Special Appellate Counsel, Nunc Pro Tunc to March 12, 2019* (ECF No. 742).

4. Section 328(a) of the Bankruptcy Code expressly permits the Court to depart from the terms and conditions of compensation it previously approved "if such terms and conditions prove to have been improvident in light of developments *not capable of being anticipated* at the time of the fixing of such terms and conditions." 11 U.S.C. § 328(a) (emphasis added); *see In re Coho Energy Inc.*, 395 F.3d 198 (5th Cir. 2004) (affirming bankruptcy court's decision to reduce preapproved fee sought by law firm after firm was discharged for cause and replaced by other attorneys).

5. Upon review of the Contingency Fee Application—seeking $15.8 million (40% of the $39.6 million secured claim that the Court reduced to $0)—and Special Appellate Counsel's fee application and supplement (ECF No. 1508 and 1536)—seeking $1.1 million for the appellate work performed—the terms and conditions of SLP's contingency arrangement considering the unanticipated retention of Special Appellate Counsel has proven to be improvident.

6. It is not reasonable, and could not have been anticipated or intended at the time the Court approved the terms and conditions of SLP's contingency arrangement, that the Debtor would have to bear the expense of an additional 5% contingency to SLP—$1.9 million—*plus* the fees and costs of additional appellate counsel—$1.1 million—in the event of an appeal. These funds can instead be made available for distribution to the defrauded EB-5 creditors and other unsecured creditors.

7. Accordingly, the movants request that the Court exercise its authority under Section 328(a) and modify the terms of compensation to SLP, as it is permitted to do under these circumstances, to reduce the contingency fee to 35% (and permit the Debtor to pay the allowed award of Special Appellate Counsel) or alternatively provide that the allowed award of Special Appellate Counsel be paid out of SLP's 40% contingency fee.

**WHEREFORE**, the Other Palm House Investors seek the entry of an Order sustaining this limited objection to the Contingency Fee Application and modifying the terms of compensation to SLP as provided above, and for such other relief as is just and proper.

**Dated**:   February 6, 2020                    **ANDERSON KILL P.C.**
*Counsel for Other Palm House Investors*
1717 Pennsylvania Avenue, Suite 200
Washington, DC 20006
Tel: (202) 416-6559
Fax: (202) 416-6555
rcornish@andersonkill.com

By: /s/ *Robert V. Cornish, Jr.*
       Robert V. Cornish, Jr.
       Admitted Pro Hac Vice

**Nelson Mullins Broad and Cassel**
*Co-Counsel for Other Palm House Investors*
100 S.E. 3rd Avenue, Suite 2700
Ft. Lauderdale, FL  33394
Phone: 954.764.7060
michael.lessne@nelsonmullins.com

By: */s/  Michael D. Lessne*
       Michael D. Lessne
       Florida Bar No. 73881

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion has been filed with the Court and furnished via transmission of Notices of Electronic Filing on all counsel of record or pro se parties identified on the CM/ECF service list maintained by the Court in this case on this 6th day of February, 2020.

By: */s/  Michael D. Lessne*
       Michael D. Lessne
       Florida Bar No. 73881

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Joaquin J Alemany    joaquin.alemany@hklaw.com, jose.casal@hklaw.com
- David W Baddley    baddleyd@sec.gov
- Eyal Berger    eyal.berger@akerman.com, jeanette.martinez@akerman.com

- Robbie T Boone    robbie.boone@whitecase.com, robbie.t.boone@gmail.com
- Robert V. Cornish    rcornish@andersonkill.com
- John K Cunningham    jcunningham@whitecase.com, avenes@whitecase.com
- Robert W Davis    robert.davis@hklaw.com, pauline.nye@hklaw.com
- Gregory Elder    gelderlaw@gmail.com
- Heidi A Feinman    Heidi.A.Feinman@usdoj.gov
- Jonathan S. Feldman    jfeldman@pbyalaw.com, eservicemia@pbyalaw.com
- Fan B He    fhe@whitecase.com, gregory.warren@whitecase.com;stephen.ludovici@whitecase.com
- John B. Hutton III    huttonj@gtlaw.com, mialitdock@gtlaw.com;miaecfbky@gtlaw.com
- Steven C Jones    steven.jones@wilsonelser.com, anna.nowakowska@wilsonelser.com;vivian.fusco@wilsonelser.com;EService.Miami@wilsonelser.com;alan.fiedel@wilsonelser.com
- Philip J Landau    plandau@slp.law, msmith@slp.law;pdorsey@slp.law;dwoodall@slp.law;dlocascio@slp.law;ependergraft@slp.law;pmouton@slp.law
- Bernice C. Lee    blee@slp.law, dwoodall@slp.law;dlocascio@slp.law;pmouton@slp.law;bernice.c.lee@gmail.com
- Brett D Lieberman    brett@elrolaw.com, eservice@elrolaw.com
- Peter J Malecki    pmalecki@riccalawyers.com, bricca@riccalawyers.com;lkendrick@riccalawyers.com
- Edward A Marod    emarod@gunster.com, dpeterson@gunster.com
- Orfelia M Mayor    omayor@ombankruptcy.com, legalservices@pbctax.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Eric S Pendergraft    ependergraft@slp.law, dwoodall@slp.law;dlocascio@slp.law;bshraibergecfmail@gmail.com;pmouton@slp.law
- Cristopher S Rapp    csr@derreverelaw.com, eservice@derreverelaw.com
- James N Robinson    jrobinson@whitecase.com, sgoodrich@whitecase.com;avenes@whitecase.com
- Luis Salazar    Luis@Salazar.Law, Ceide@salazar.law;Lee-Sin@Salazar.Law
- Joshua D Silver    jsilver@tabassoloff.com, jcepero@tabassoloff.com
- Max J Smith    msmith@slp.law, dwoodall@slp.law;dlocascio@slp.law;pmouton@slp.law
- Jeffrey I. Snyder    jsnyder@bilzin.com, eservice@bilzin.com;lflores@bilzin.com
- Joel L Tabas    jtabas@tabassoloff.com, jcepero@tabassoloff.com;kborrego@tabassoloff.com
- Allen R Tomlinson    atomlinson@jonesfoster.com, mbest@jonesfoster.com
- Richard Webber    rwebberfls@ecf.epiqsystems.com, rwebber@zkslawfirm.com;F001@ecfcbis.com;rschohl@zkslawfirm.com
- Richard B Webber    rwebber@zkslawfirm.com, jconcannon@zkslawfirm.com;service@zkslawfirm.com
- Harry Winderman    harry4334@hotmail.com, lynoramae@gmail.com,lm@whcfla.com,filings@whcfla.com
- Larry A Zink    zinklaw3711@yahoo.com