# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303



FILED BY _____ AP _____ D.C.

**Feb 6, 2020**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 06, 2020

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 19-14527-CC
Case Style: KK-PB Financial, LLC v. 160 Royal Palm, LLC
District Court Docket No: 9:19-cv-80342-RLR
Secondary Case Number: 18-bkc-19441-EPK

The enclosed copy of this Court's Order of Dismissal is issued as the mandate of this court. See 11th Cir. R. 41-4. Counsel and pro se parties are advised that pursuant to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order. No additional time shall be allowed for mailing."

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Carol R. Lewis, CC
Phone #: (404) 335-6179

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

No. 19-14527-CC

In re: 160 ROYAL PALM, LLC,

Debtor.

KK-PB FINANCIAL, LLC,

Plaintiff-Appellant,

versus

160 ROYAL PALM, LLC,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Florida

BEFORE: ED CARNES, Chief Judge, MARTIN and JILL PRYOR, Circuit Judges.

BY THE COURT:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. The district court ordinarily hears appeals from bankruptcy court orders, and we hear appeals from final decisions of the district court in those appeals. *See* 28 U.S.C. § 158(a), (d)(1). Under § 158(d)(2), however, we can hear direct appeals from bankruptcy court orders, but only if two criteria have been met: (1) the bankruptcy court or the district court certifies that the order involves a question of law for which there is no controlling decision from this Court or involves a matter of public

importance, that the order involves a question of law requiring resolution of conflicting decisions, or that an immediate appeal would materially advance the case or proceeding; and (2) we authorize the direct appeal from the order. 28 U.S.C. § 158(d)(2)(A); *Wortley v. Bakst*, 844 F.3d 1313, 1317 (11th Cir. 2017) (reiterating the requirements for this Court to have jurisdiction to review a direct appeal under § 158(d)(2)). Because we had not authorized a direct appeal at the time this appeal was filed, we lack jurisdiction over this appeal. Upon the granting of a petition for permission to appeal under 28 U.S.C. § 158(d)(2), a new appeal is automatically opened. *See* Fed. R. App. P. 5(d)(2)-(3) (explaining that, after such a petition is granted and the appellant takes the required action, "[a] notice of appeal need not be filed," and the clerk of this Court "must enter the appeal on the docket").

All pending motions are DENIED as moot. No motion for reconsideration may be filed unless it complies with the timing and other requirements of 11th Cir. R. 27-2 and all other applicable rules.