UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

160 Royal Palm, LLC,                                         Case No.  18-19441-EPK

      Debtor.                                                    Chapter 11

_____/

## NOTICE OF FILING EXECUTED LIQUIDATING TRUST AGREEMENT

      160 Royal Palm, LLC, by and through its undersigned counsel, hereby files the attached

executed Liquidating Trustee Agreement.

                       Respectfully Submitted,

                       **SHRAIBERG, LANDAU & PAGE, P.A.**
                       *Attorneys for 160 Royal Palm*
                       2385 NW Executive Center Drive, Suite 300
                       Boca Raton, Florida 33431
                       Telephone: 561-443-0800
                       Facsimile: 561-998-0047
                       Email:  ependergraft@slp.law

                     By:  */s/ Eric Pendergraft*_____
                            Eric Pendergraft, Esq.
                            Florida Bar No. 91927

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing to those parties registered to receive electronic noticing in this case on February 13, 2020.

By: */s/  Eric Pendergraft*

## LIQUIDATING TRUST AGREEMENT

THIS LIQUIDATING TRUST AGREEMENT ("**Agreement**"), dated as of this 13th day of February, 2020, is by and among 160 Royal Palm, LLC, as a debtor and debtor-in-possession (the "**Debtor**") and Cary Glickstein, individually, the liquidating trustee (the "**Liquidating Trustee**") appointed under and pursuant to the *Debtor's Third Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* (the "**Plan**") dated, as may be amended by the *Order Confirming Debtors' Third Amended Plan of Liquidation and Establishing Deadline to File Claims for Rejection Damages* [ECF No. 1564] dated February 11, 2020, (collectively the Plan and Confirmation Order shall hereinafter be referred to as the "**Plan**.").

### WITNESSETH:

**WHEREAS**, the Debtor filed a voluntary relief under chapter 11 of title 11, United States Code (the "**Bankruptcy Code**") in a bankruptcy case (Case No. 18-19441-EPK) (the "**Bankruptcy Case**") in the United States Bankruptcy Court for the Southern District of Florida (the "**Bankruptcy Court**"), and the Debtor's Plan has been confirmed;

**WHEREAS**, the Bankruptcy Court has approved the Plan under Chapter 11 of the Bankruptcy Code to provide for the creation of a liquidating trust, as described herein, and the transfer of assets as described herein;

**WHEREAS**, the Plan provides for the creation of a grantor trust for the benefit of the Liquidating Trust Beneficiaries (as defined herein) under and pursuant to the terms of the Plan;

**WHEREAS**, this Agreement is executed by the parties hereto in order to establish a liquidating trust, which trust is to be known as the "160 Royal Palm Liquidating Trust" (the "**Liquidating Trust**"), in accordance with Treasury Regulation Section 301.7701-4(d), whose primary purpose is to provide a mechanism for the liquidation of the assets of the Estate,[1]

---

[1] Capitalized terms not defined herein shall have the definitions provided for in the Plan or Confirmation Order.

and to distribute the proceeds of the liquidation, net of all claims, expenses, charges, liabilities, and obligations of the Liquidating Trust, to the Liquidating Trust Beneficiaries in accordance with the terms of the Plan, and not to continue or engage in the conduct of any trade or business, except to the extent necessary to accomplish the liquidation of assets of the Estate (as defined herein);

WHEREAS, the corpus of the Liquidating Trust and all income earned thereon remaining after the satisfaction of all trust expenses and liabilities shall be used solely for the purpose of discharging the legal obligations of the Debtor;

WHEREAS, the parties to this Agreement desire that the Liquidating Trust created pursuant to this Agreement qualify as a liquidating trust in accordance with Treasury Regulation Section 301.7701-4(d) and that on qualification, the Liquidating Trust shall be taxed as a "grantor trust" under and in accordance with the relevant provisions of the Internal Revenue Code of 1986, as amended (the "**Internal Revenue Code**" or "**I.R.C.**") and the Treasury Regulations pertaining thereto, except as otherwise provided for United States federal income tax purposes in the event that (i) any portion of this Liquidating Trust is treated as a "qualified settlement fund" pursuant to Section 1.468B-1 of the Treasury Regulations, or (ii) the Liquidating Trustee timely elects to treat any Liquidating Trust Assets allocable to the Disputed Claims/Equity Interests Fund as a "disputed ownership fund" pursuant to Section 1.468B-9(c)(2)(ii) of the Treasury Regulations.

NOW, THEREFORE, in consideration of the premises and other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and subject to the terms and conditions of this Agreement and the Plan, the Debtor and the Liquidating Trustee have executed this Agreement for the sole benefit of the Liquidating Trust Beneficiaries and no other party as follows:

## ARTICLE I GRANT, ACCEPTANCE, NAME, AND DEFINITIONS

**1.1** **Grant.** (i) Other than money already distributed to holders of Allowed Claims directly by the Debtor or, in the Debtor's discretion, money that soon will be distributed directly by the Debtor pursuant to the Plan, the Debtor hereby grants, assigns, transfers, conveys, delivers, delegates and sets over the Assets (as defined herein) to the Liquidating Trustee to be held in trust for the benefit of the Liquidating Trust Beneficiaries and subject to the terms and provisions set out below and in the Plan. Additionally, the Estate irrevocably grants, assigns, transfers, conveys, delivers, delegates and sets over to the Liquidating Trustee all of the authority, rights, powers and duties previously vested in the Debtor under the Bankruptcy Code or applicable nonbankruptcy law, including, without limitation, the power to bring, defend or settle all claims, charges and litigation to which the Estate is or hereafter may become subject. To the extent that any law, regulation or contractual provision prohibits the transfer of ownership of any of the Assets from the Estate to the Liquidating Trust or the Liquidating Trustee, or if for any reason the Estate shall retain or receive at any point any property which is included in, or intended under the Plan and this Agreement to be included in, the definition of Assets, then the Estate shall and is hereby deemed to hold such property (and any proceeds or products thereof) in trust for the Liquidating Trust Beneficiaries of the Liquidating Trust and shall promptly notify the Liquidating Trustee of the existence of such property and shall promptly take such actions with respect to such property as the Liquidating Trustee shall direct in writing. It is intended that the Assets transferred pursuant to this Section 1.1 shall provide the Liquidating Trust Beneficiaries with distributions on account of their Allowed Claims pursuant to and in accordance with the Plan.

(ii)  This transfer will be treated for federal income tax purposes as a deemed transfer by the Debtor to the Beneficiaries followed by a deemed transfer by the Beneficiaries to the Trust, in accordance with Revenue Procedure 94-45, 1994-2 C.B. 684. The taxation of the deemed

{2234/000/00490922}                                     3

transfers from the Debtor to the Beneficiaries will be treated as if the Debtor distributed the Assets

to the Beneficiaries in liquidation of their interests in the Debtor under IRC §§731 and 736.

(iii)   The Liquidating Trustee hereby accepts the Assets and the Liquidating Trust

created hereunder, subject to the terms and provisions set out below and, in the Plan, on behalf of

and for the benefit of the Liquidating Trust Beneficiaries.

1.2     **Name.**    The trust created pursuant to the terms hereof shall be known as the

"160 Royal Palm Liquidating Trust" and shall be referred to herein as the "Liquidating Trust."

1.3     **Certain Terms Defined.**   For all purposes of this Agreement, the capitalized terms

used herein shall have the following meanings:

(i)   "Agreement" shall mean this Liquidating Trust Agreement as originally executed

and as it may from time to time be amended pursuant to the terms hereof;

(ii)   "Assets" or "Liquidating Trust Assets" means all Assets of the Estate, which

Liquidating Trust Assets are proposed to be transferred to and vested in the Liquidating Trust

under and in accordance with the terms of the Plan on the Effective Date.  Liquidating Trust Assets

shall include all property and belongings of the Debtor not previously sold to Purchaser, including

all property as may have been created by virtue of the Bankruptcy Code, and expressly includes

all Post Confirmation Debtor Assets, all other unencumbered property of the Debtor, all property

of the Committees in this Chapter 11 Case, as well as all other Causes of Action, all Litigation

Claims, and the rights to prosecute, enforce and settle same;

(iii)   "Alternate" shall have the meaning set forth in Section 12.2 of this Agreement;

(iv)   "Disputed Claims Fund" as  soon  as  practicable  following  the  entry  of  the

Confirmation Order, the Liquidating Trustee shall establish the Disputed Claims Fund. The

Liquidating Trustee shall be responsible for making the Distributions to the  Holders of Allowed

Claims pursuant to the terms of the Plan, provided that the  Disputed Claims Fund, if applicable,

is maintained and includes sufficient funds to pay and reserve for accruing interest on Disputed Claims, and potential fees, costs, penalties or other charges against the Estate that could be incurred in connection with the allowance of a Disputed Claim to the extent permitted in such contract by and between the Debtor and Holder of the Disputed Claim. Claims estimated by the Bankruptcy Court at $0 for all purposes in the Bankruptcy Case are disallowed in their entirety, are not Disputed Claims, and are not entitled to any distributions under the Plan.

(v) "Distribution Record Date" means a date selected by the Liquidating Trustee preceding each distribution date (other than the initial distribution date), as the record date for determining the holders of Allowed Claims entitled to participate in the distribution on such distribution date;

(vi) "Effective Date" shall be described in the Confirmation Order and shall be the date upon which the last of the conditions precedent to the occurrence of the Effective Date set forth in Section 9.1 of the Plan occurs.

(vii) "Estate" means the bankruptcy estate of the Debtor;

(viii) "Liquidating Trust" shall have the meaning set forth in Section 1.2 hereof;

(ix) "Liquidating Trust Beneficiaries" or "Beneficiaries" means the Holders of Allowed Claims who have not received complete payment as provided for under the Plan as of the Effective Date and Holders of any Disputed Claims provided for in the Disputed Claims Fund. Holders of Claims that have been estimated by the Bankruptcy Court at $0 for all purposes in the Bankruptcy Case are not Liquidating Trust Beneficiaries.

(x) "Liquidating Trustee" shall mean, subject to Bankruptcy Court approval, Cary Glickstein, individually, the Liquidating Trustee named to administer this Liquidating Trust, and all successor Liquidating Trustees;

(xi) "Liquidating Trust Protected Party" shall mean Cary Glickstein, the Liquidating

Trustee, and professionals employed by the Debtor, the Liquidating Trustee, or the Liquidating Trust;

(xii) "Material Action" shall mean any action proposed to be taken, or proposed not to be taken, by the Liquidating Trustee under the authority vested in him under this Agreement to the extent such action or inaction could or would have a material effect on the Liquidating Trust, the Liquidating Trust Assets or the Liquidating Trust Beneficiaries. The Material Actions shall include, without limitation, (a) the retention or dismissal of professionals by the Liquidating Trustee, on behalf of the Liquidating Trust, or modification of the terms of any such retention, (b) any decision regarding abandonment of any Asset with a value the Liquidating Trustee determines, in his sole discretion, has a value in excess of $100,000, (c) the prosecution of any Litigation Claims (including the appeal of any adverse judgment entered in connection therewith), (d) the settlement of any Litigation Claims (including whether the Liquidating Trustee should seek Bankruptcy Court approval of any such settlement pursuant to Bankruptcy Rule 9019), (e) the sale of any Litigation Claims, and (f) any transaction in excess of $100,000 that is not specifically set forth in the Plan. For the avoidance of doubt, any act in compliance with the terms of the Plan, and entry into any transaction less than $100,000 shall not be a material action.

(xiii) "Post Confirmation Debtor Assets" shall means all Assets belonging to the Debtor and Property of the Estate as of the Confirmation, including, without limitation, all Causes of Action and Litigation Claims.

(xiv) "Sale Proceeds Reserve" as soon as practicable following the entry of the Confirmation Order, the Liquidating Trustee shall establish the Sale Proceeds Reserve and in the amount of $1,000,000 from the proceeds received from the sale of certain of its Assets as approved by the Sale Approval Order, which amount shall be reserved for the payment of allowed

professional fees and expenses, and any other allowed Post-Confirmation Administrative Claims, that arise after the Confirmation Hearing, which amounts shall be provided for, and any remaining amounts will be disbursed as needed for the foregoing claims, fees and expenses, pursuant to the terms of the Plan and Confirmation Order.

To the extent there exist as of the Effective Date any Disputed Claim, if applicable, the Liquidating Trustee shall cause Cash to be reserved from any distribution in an amount equal to the amount or *pro rata* portion of such distribution to which such Disputed Claim would be entitled if allowed in the amount asserted by the Holder of such Disputed Claim, inclusive of potential fees, costs, penalties or other charges against the Estate that could be incurred in connection with the allowance of a Disputed Claim to the extent permitted in such contract by and between the Debtor and Holder of the Disputed Claim. If a Disputed Claim is thereafter allowed, in part or in full, then the Liquidating Trustee shall, from Cash theretofore deposited into the Disputed Claims Fund distribute to the Holder of any such Claim an amount equal to such Holder's payment or *pro rata* share, based on such Allowed Claim and the terms of the Plan, of all distributions previously made to Holders of Allowed Claim in the Class of Claim at issue. The Liquidating Trustee shall hold the balance, if any, of the Cash reserved for such Disputed Claim, including in the event the Disputed Claim is disallowed in its entirety. Notwithstanding any other provisions of the Plan, to the extent an Claim Holder is entitled to a partial distribution on account of its interest, the Claim Holder will receive an undisputed distribution, regardless of the outcome of a pending objection to its Claim, the Liquidating Trustee, as applicable, may make a partial distribution of such undisputed portion of such Claim prior to entry of a Final Order on the Claim.

**1.4 Other Definitions.** All capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to them in the Plan.

## ARTICLE II NATURE OF TRANSFER

**2.1 Purpose of Liquidating Trust.** The Liquidating Trust is created solely to

implement the terms of the Plan. The primary purposes of the Liquidating Trust are to collect and liquidate the Assets, pursue those claims and causes of actions transferred to, and vested in, the Liquidating Trust as Assets and distribute to the Liquidating Trust Beneficiaries all proceeds from the liquidation of the Assets pursuant to the terms of the Plan. Under no circumstances shall the Liquidating Trustee have any power to engage in any trade or business or any other activity except as specifically provided herein or in the Plan or otherwise reasonably necessary and advisable for the orderly liquidation and distribution of the Assets.

      **2.2**    **Representative of the Estate.**  If and to the extent the conveyance or assignment of any of the Litigation Claims to the Liquidating Trust would preclude or impair the prosecution thereof by the Liquidating Trustee under the Bankruptcy Code or otherwise, then the Liquidating Trust is intended to and shall be deemed to be a "representative of the Estate" approved to retain and enforce such Litigation Claims pursuant to 11 U.S.C. §§ 1123(b)(3)(A) and (3)(B).

      **2.3**    **Grantor Trust.**  The Liquidating Trust created by this Agreement is intended: (i) as a trust governed and construed in all respects as a liquidating trust pursuant to Treasury Regulation Section 301.7701-4(d) and as a grantor trust in favor of the Liquidating Trust Beneficiaries pursuant to the relevant provisions of the Code and the Treasury Regulations pertaining thereto; and (ii) to comply with the requirements of a liquidating trust as set forth in Revenue Procedure 94-45, 1994-2 C.B. 684, except as otherwise provided for United States federal income tax purposes in the event that (A) any portion of this Liquidating Trust is treated as a "qualified settlement fund" pursuant to Section 1.468B-1 of the Treasury Regulations, or (B) the Liquidating Trustee timely elects to treat any Liquidating Trust Assets allocable to the Disputed Claims Fund as a "disputed ownership fund" pursuant to Section 1.468B-9(c)(2)(ii) of the Treasury Regulations. Subject to the immediately preceding sentence, the Liquidating Trustee is hereby authorized and

directed: (i) to take any and all actions necessary to maintain the Liquidating Trust as a liquidating trust for federal income tax purposes in accordance with Treasury Regulation Section 301.7701-4(d) and Revenue Procedure 94-45 and as a "grantor trust" under and in accordance with the relevant provisions of the Code and Treasury Regulations pertaining thereto unless otherwise required; and (ii) to take any and all actions permitted or required to be taken by the Liquidating Trustee pursuant to this Agreement and the Plan.

    **2.4**    **Liabilities of the Debtor.**  The Liquidating Trustee, solely for and on behalf of the Liquidating Trust, shall utilize all or such part of the Assets as may be necessary to, and shall, pay any and all Allowed Claims in the Debtor and all Disputed Claims in the Debtor in accordance with and pursuant to the terms of the Plan.

    **2.5**    **Court Approval Not Required.**  The Liquidating Trustee shall, subject to the terms of this Trust Agreement or the Plan, be empowered to exercise all rights and powers granted to the Liquidating Trustee in this Agreement without need of further Bankruptcy Court approval.

## ARTICLE III BENEFICIARIES

    **3.1**    **Rights of Beneficiaries.**  Each Liquidating Trust Beneficiary shall be entitled to participate in the rights and benefits due to a Liquidating Trust Beneficiary hereunder. The interest of each Beneficiary in the Liquidating Trust is hereby declared and shall be in all respects personal property of such Beneficiaries and upon the death of an individual Beneficiary, his or her interest shall pass to his or her legal representative and such death shall not terminate the Liquidating Trust or otherwise affect the validity of this Agreement. Each Beneficiary shall have the rights with respect to the Assets as are provided by this Agreement and the Plan. No widower, widow, heir, or devisee of any person who may be a Beneficiary shall have any right of power, homestead, inheritance, or partition, or any other right, statutory or otherwise, in any property whatsoever forming a part of the Assets, but the whole title to all the Assets shall be vested in the Liquidating

Trustee and the sole interest of the Beneficiaries shall be the rights and benefits given to such persons under this Agreement.

3.2    **Transfer of Interests of Beneficiaries.** No interest of a Beneficiary may be transferred either by the Beneficiary or by a duly authorized agent or attorney, or by the properly appointed legal representatives of the Beneficiary except as otherwise provided for by the Plan and in accordance with Bankruptcy Rule 3001. In the event of any such transfer, the transferee shall take and hold such interest subject to the terms and provisions of this Trust Agreement and shall give prompt written notice of such transfer to the Liquidating Trustee. The Liquidating Trustee shall not be liable to any transferee of an interest of a Beneficiary for any distributions provided for hereunder unless such transfer is valid under the terms of the Plan and in accordance with Bankruptcy Rule 3001 and until the Liquidating Trustee receives written notice of such transfer together with appropriate assignment and transfer documents signed by the applicable Beneficiary.

3.3    **Beneficiary Information.** The Liquidating Trustee may rely upon information relating to each Beneficiary as it appears in the books and records of the Liquidating Trust upon the Distribution Record Date. As of the close of business on the date the Confirmation Order is entered there shall be no further changes in the record Holders of Equity Interests. The Liquidating Trustee shall have no obligation to recognize any transfer of any such Interests occurring after the close of business on the Distribution Record Date, and shall instead be entitled to recognize and deal for all purposes with only those Holders of record as of the close of business on the Distribution Record Date.

3.4    **Certification of Interests.**   The Liquidating Trustee shall not be required to issue certificates or other instruments representing or evidencing the interests of the Beneficiaries in the Liquidating Trust, but nothing contained herein shall prohibit him from doing so.

**ARTICLE IV DURATION OF ASSETS**

      **4.1**   **Duration.**  The Liquidating Trust shall remain in existence and continue in full force and effect until all of the following shall have occurred: (a) the entirety of the Assets have been reduced to cash or the Liquidating Trustee has determined that it is impractical or not in the best interest of the Beneficiaries of the Liquidating Trust to do so; (b) all costs, expenses and obligations incurred in administering the Liquidating Trust have been paid and discharged; (c) the Assets have been distributed to the Beneficiaries in accordance with the Plan; and (d) a final report has been filed and a final decree closing the Bankruptcy Case has been entered; provided, however, subject to the immediately succeeding sentence, the Liquidating Trust shall not remain in existence more than five years from the date of this Agreement. If warranted by the facts and circumstances provided for in the Plan, and subject to the approval of the Bankruptcy Court of a motion of the Liquidating Trustee seeking an extension of the term of the Liquidating Trust as necessary to the purpose of the Liquidating Trust, then the term of the Liquidating Trust may be extended for a finite term based on the particular circumstances. The Bankruptcy Court must approve each extension within six months of the beginning of the extended term with notice thereof to all Liquidating Trust Beneficiaries. Notwithstanding the foregoing, the Liquidating Trust shall in no event remain in existence for more than twenty-one years from the date of this Agreement.

## ARTICLE V ADMINISTRATION OF LIQUIDATING TRUST ESTATE

      **5.1**   **Right and Powers.**  The Liquidating Trustee shall have all rights and powers of a trustee under section 1106 and 704 of the Bankruptcy Code and, in accordance with section 1123(b) of the Bankruptcy Code, and as set forth in the Plan, and shall be designated and serve as the sole representative of the Debtor's Estate.  Subject to the terms of the Plan and this Agreement, the Liquidating Trustee may, at such times and in such manner as he may deem appropriate, transfer, assign, or  otherwise dispose of all or any part of the Assets.

**5.2**    <u>**Payment of Interest to Beneficiaries**</u>.    The Liquidating Trustee shall hold the Assets without provision for or the payment of interest to any Beneficiary except to the extent provided for under the Plan.

**5.3**    <u>**Payment of Claims, Expenses, and Liabilities and the Reserve Amounts**</u>. The Liquidating Trustee shall pay from the Assets all claims, expenses, charges, liabilities, and obligations of the Liquidating Trust, whether civil or otherwise, and all liabilities and obligations which the Liquidating Trustee, on behalf of the Liquidating Trust, has specifically assumed and agreed to pay pursuant to the terms of this Agreement, including any post-confirmation claims arising from the administration of the Liquidating Trust, together with such transferee liabilities which the Liquidating Trust may be obligated to pay as transferee of the Assets, including among the foregoing, and without limiting the generality of the foregoing, interest, taxes, assessments, and public charges of every kind and nature and the costs, charges, and expenses connected with or growing out of the execution or administration of this Liquidating Trust and such other payments and disbursements as are provided in this Agreement or which may be determined to be a proper charge against the Assets by the Liquidating Trustee or by any court of competent jurisdiction. In addition, the Liquidating Trustee may, pursuant to the terms of the Plan, make provision or reserve out of the Assets to meet present or future claims, expenses and liabilities of the Liquidating Trust, whether fixed or contingent, known or unknown.

**5.4**    <u>**Federal Income Tax Information**</u>.    By the annual tax return filing due date including extension, if applicable, the Liquidating Trustee shall mail to each Beneficiary of record during such year, a statement showing information sufficient for each Beneficiary to determine its share of income, gain, loss, deductions and credits for federal income tax purposes in accordance with §§1.671-4(a) and 1.671-4(b)(3) of the United States Treasury Regulations. The Liquidating

Trustee shall not be required to report such tax information to any Beneficiary unless such Beneficiary provides to the Liquidating Trustee a complete form W-9 or acceptable substitute signed under penalty of perjury. In determining each Beneficiary's share of income, gain, loss, deductions and credits, the Liquidating Trustee shall not allocate such items to any Beneficiary who is the Holder of an Equity Interest, which has no value until such time, if at all, as a value of the Equity Interest arises. For this purpose, an Equity Interest shall have no value for any taxable year in which the Beneficiary who is the holder of the Equity Interest would receive no distribution from the Liquidating Trust if the Liquidating Trust terminated and distributed all of its assets on the last day of the taxable year.

     **5.5**    **Required Filing.**  The Liquidating Trustee shall prepare and file with appropriate state and federal agencies and authorities, all such documents, forms, reports and returns (including, but not limited to, state and federal income tax returns and Forms 1099) as the Liquidating Trustee shall, with the advice and assistance of his post-confirmation professionals, including but not limited to legal counsel and accountants, deem necessary, required or appropriate in connection with the creation, existence, operation or termination of the Trust. The Liquidating Trustee shall file returns for the Liquidating Trust as a grantor trust pursuant to Treas. Reg. §§ 1.671-4(a) and 1.671-4(b)(3)(ii).

     **5.6**    **Tax Attributes and Tax Characteristics of the Trust.**  The Beneficiaries of the Liquidating Trust shall be treated as its grantors and deemed owners. The Liquidating Trustee shall file or cause to be filed tax returns for the Liquidating Trust as a grantor trust pursuant to Treas. Reg. § 1.671-4(a), or (b), as appropriate. Accordingly, the taxable income or loss of the Liquidating Trust, including taxable income attributable to any reserves, if any, will be allocated to the Beneficiaries on an annual basis, pro rata or as otherwise in accordance with their respective entitlement to receive distributions from the Liquidating Trust if the Liquidating Trust terminated

and distributed all its assets on the last day of the taxable year (taking into account all prior and concurrent distributions from the Liquidating Trust during such taxable year), subject to the terms herein, and the Beneficiaries shall be responsible to report and pay the taxes due on their proportionate share of the Liquidating Trust taxable income, whether or not any amounts are actually distributed by the Liquidating Trustee to the Beneficiaries. The value of the Assets transferred into the Liquidating Trust shall be the fair market value of such Assets at the time of such transfer, as reasonably determined by the Liquidating Trustee, in consultation with the Trustee and such advisors as the Liquidating Trustee deems appropriate, within a reasonable period of time after the Effective Date. Such valuation shall be binding on all parties including, but not limited to, the Debtor, the Debtor's Estate, the Trustee, the Liquidating Trustee, and all Beneficiaries, and these valuations will be used by such parties for all federal income tax purposes.

       5.7    **Revenue Ruling Requests.**    The Liquidating Trustee on behalf of Beneficiaries may, but shall not be required to, file a ruling request (in accordance with the procedures set forth in Revenue Procedure 94-45, 1994-2 C.B. 684) with the Internal Revenue Service to have the Liquidating Trust classified as a liquidating trust as described in Treas. Reg. §301.7701-4(d).

       5.8    **Necessary Documents.**    On the Effective Date, the Liquidating Trustee shall execute and deliver all documents reasonably required by the Liquidating Trustee including the endorsement of any instruments, all business records of the Debtor, and authorizations to permit the Liquidating Trustee to access all bank records, tax returns, and other files and records of the Debtor, including files held by the Liquidating Trustee's professionals, the Debtor's Estate or the Liquidating Trustee as necessary for the administration of the Liquidating Trust. The Liquidating Trustee's professionals shall provide the Liquidating Trustee any and all documents or information reasonably requested by Liquidating Trustee for the administration of the Liquidating Trust.

**5.9**     <u>**Privileges Transferred to Liquidating Trustee**</u>.  The Liquidating Trustee, as set forth in the Plan, shall control all applicable legal privileges of the Debtor and its Estate, including control over all work product and attorney-client privilege for matters arising from or relating to transactions or activity occurring, in whole or in part, prior to the Effective Date.

**5.10**     <u>**Disposition of Interests and Litigation Claims**</u>.  Subject to the terms of this section, the Liquidating Trustee shall have the authority to initiate, prosecute, settle, resolve, dismiss, object to, reconcile or otherwise dispose of any Interest, Administrative Expense Claim, or Litigation Claims (collectively, the "**Claims/Litigation Claims Resolution**"), subject to notice to  the Beneficiaries or to such lesser list of parties ordered by the Bankruptcy Court.  All settlements  shall be guided by the principles of the settlement standards set forth by Bankruptcy Rule 9019 and the legal standards for settlement set forth in the Eleventh Circuit for such settlements, including *In Re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990), *cert den.*, 498 U.S. 959, 1126 L.Ed. 398, 111 S.Ct. 389 (1990), or such other prevailing, binding law.

**5.11**     <u>**Standing**</u>.  Subject to Sections 5.10 and 5.13 of this Agreement and Section 5.1 of the Plan, the Liquidating Trustee shall have the sole standing and authority to file objections to Administrative Expense Claims, Interests, or prosecute, settle, liquidate, dispose of, and/or abandon Litigation Claims, and to defend against any and all counterclaims asserted in connection therewith.

**5.12**     <u>**Qualified Settlement Fund; Disputed Ownership Fund**</u>.  Notwithstanding anything in this Agreement to the contrary, in the event that (i) any portion of the Liquidating Trust is  treated as a "qualified settlement fund" pursuant to Treas. Reg. § 1.468B-1, or (ii) the Liquidating  Trustee timely elects to treat any portion of the Liquidating Trust subject to Disputed Claim or  Disputed Equity Interests as a "disputed ownership fund" pursuant to Treas. Reg. § 1.468B- 9(c)(2)(ii), any federal income tax consequences shall be determined under IRC § 468B and the  Treasury

Regulations thereunder.

## ARTICLE VI DISTRIBUTIONS TO BENEFICIARIES

**6.1**    **Distribution of the Liquidating Trust Assets.**    The Liquidating Trustee shall make an initial distribution (the "**Initial Distribution**") as soon as practicable after the Effective Date. The Liquidating Trustee shall, in his sole discretion, make further Distributions to the Liquidating Trust Beneficiaries of all Cash on hand in accordance with the terms of the Liquidating Trust Agreement and the priorities set forth in this Plan (including any Cash received from the Debtor on the Effective Date) except such amounts (i) as are retained by the Liquidating Trust on account of Disputed Claims/Equity Interests, (ii) as are reasonably necessary to meet contingent liabilities and to maintain the value of the Liquidating Trust Assets during liquidation, (iii) as are necessary to pay reasonably incurred and anticipated fees and expenses (including any taxes imposed on the Liquidating Trust or in respect of the Liquidating Trust Assets) of the Liquidating Trust and the Liquidating Trustee, and (iv) as are necessary to satisfy other liabilities incurred and anticipated by the Liquidating Trust or imposed on the Liquidating Trust in accordance with this Plan or the applicable Liquidating Trust Agreement.

**6.2**    **Assets Retained on Account of Disputed Claims/Equity Interests.**    After    the Effective Date, the Liquidating Trust Assets shall include sufficient funds to pay in full any Disputed Claims, and such funds will constitute the Disputed Claims Fund, which will be held for the benefit of the Holder of the Disputed Claims. When the claims are resolved, the Allowed Claim, if any, shall be paid from the Disputed Claims Fund pursuant to the terms of the Plan.

**6.3**    **No Distributions Pending Allowance.**    Notwithstanding any other provision in the Plan, if any portion of a Claim is disputed, no payment or distribution provided under the Plan shall be made on account of such Claim unless and until such Disputed Claim becomes an Allowed Claim.

**6.4    Distributions After Allowance.**    To the extent that a Disputed Claim ultimately becomes an Allowed Claim, distributions shall be made to the Allowed Claim Holder in accordance with the provisions of the Plan. Upon allowance, an Allowed Claim Holder shall receive any Distributions that would have been made up to the date of allowance to such Allowed Claim Holder under the Plan had the Disputed Claim been allowed on the Effective Date plus any actual earnings on such distribution from the date that such distribution would have been made had the Disputed Claim been allowed on the Effective Date through the date of allowance.

**6.5    Tax Identification Numbers.**    The Liquidating Trustee may require any Beneficiary with an Allowed Claim entitled to a Distribution under the Plan to furnish its, his or her employer or taxpayer identification number (the "**TIN**") assigned by the Internal Revenue Service. Any Distribution under the Plan may be conditioned on the receipt of such TIN. If any such Holder of an Allowed Claim entitled to a Distribution hereunder fails to provide a requested TIN within forty-five (45) days after the request thereof, then such failure shall be deemed to be a waiver of such Holder's interest in any future Distributions, including the right to receive any future Distributions.

**ARTICLE VII**
**POWERS OF AND LIMITATIONS ON THE LIQUIDATING TRUSTEE**

**7.1    Limitations on Liquidating Trustee.**    The Liquidating Trustee shall not do any act or undertake any activity unless he determines, in good faith, that such act or activity is desirable, necessary, or appropriate for the management, conservation, and protection of the Liquidating Trust Assets and is in compliance with this Trust Agreement and the Plan. The investment powers of the Liquidating Trustee are limited to the powers to invest temporarily cash portions of the Estate in demand and time deposits in banks or savings institutions, temporary investment such as short-term certificates of deposit, investments in United States Treasuries, or money market funds. The Liquidating Trustee shall be restricted to the holding, liquidation, and collection of Liquidating

{2234/000/00490922}                                    17

Trust Assets and the payment and distribution thereof for the purposes set forth in the Plan, and to the conservation and protection of the Liquidating Trust and the Liquidating Trust Assets, and administration thereof in accordance with the provisions of this Trust Agreement and the Plan.

**7.2** **Specific Powers of Liquidating Trustee.**  Subject to the provisions of the preceding paragraph, the Plan and this Agreement, the Liquidating Trustee shall have the following specific powers in addition to any powers granted by 11 U.S.C. §§ 1106 and 704 or  conferred upon him by any other provision of this Agreement or the Plan; provided, however, that enumeration of the following powers shall not be considered in any way to limit or control the power of the Liquidating Trustee to act as specifically authorized by any other provisions of this Agreement or the Plan, and to act in such manner as the Liquidating Trustee may deem necessary or appropriate to discharge all obligations of or assumed by the Liquidating Trustee or provided herein or in the Plan and to conserve and protect the Liquidating Trust and the Liquidating Trust Assets or to confer on the Beneficiaries the benefits intended to be conferred upon them by this Agreement or the Plan, at all times subject to the terms of this Agreement and the Plan:

(a)    To determine when or on what terms Assets should be sold, liquidated or otherwise disposed of;

(b)    To collect and receive any and all money and other Assets of whatsoever kind or nature due to or owing or belonging to the Liquidating Trust;

(c)    Pending sale or other disposition or distribution, to retain all or any Assets regardless of whether or not such Assets are, or may become, unproductive or a wasting asset. The Liquidating Trustee shall not be under any duty to reinvest such part of the Liquidating Trust as may be in Cash, or as may be converted into Cash; nor shall the Liquidating Trustee be chargeable with interest thereon except to the extent that interest may be paid to the Liquidating Trust on such Cash amounts;

(d)    To retain and set aside such funds out of the Assets as the Liquidating Trustee shall deem necessary or expedient to pay, or provide for the payment of (i) Allowed Claims pursuant to the Plan; and (ii) any Reserve amounts;

(e)    Subject to section 5.10 of this Trust Agreement, to do and perform any acts or things necessary or appropriate for the management, conservation and protection of the Liquidating Trust, including acts or things necessary or appropriate to maintain

Liquidating Trust Assets pending sale or other disposition thereof or distribution thereof to the Beneficiaries, and in connection therewith to employ such agents, including post-confirmation professionals as provided for in this Agreement or the Plan, and to confer upon them such authority as the Liquidating Trustee may deem expedient, and to pay fees and expenses therefor;

(f)    To cause any investment of the Liquidating Trust to be registered and held in the name of the Liquidating Trustee or in the names of a nominee or nominees, or in the names of a nominee or nominees of another entity, without increase or decrease of liability with respect thereto;

(g)    Subject to the terms of this Agreement, to prepare, file, assert, commence and prosecute, or continue to prosecute in the case of existing actions, any and all Litigation Claims, as the Liquidating Trustee may determine to be of value and benefit to the Liquidating Trust and the Beneficiaries;

(h)    Subject to the terms of this Agreement, to institute or defend actions or declaratory judgments, to substitute the Liquidating Trustee for the Debtor or the Debtor's Estate as the real party in interest in pending litigation, and to take such other action, in the name of the Liquidating Trust if required, as the Liquidating Trustee may deem necessary or desirable to enforce any instruments, contracts, agreements, or causes of action relating to or forming a part of the Liquidating Trust;

(i)    Subject to the terms of this Agreement, to cancel, terminate, or amend any instruments, contracts or agreements relating to or forming a part of the Liquidating Trust to the full extent permitted by such instruments, contracts or agreements and to execute new instruments, contracts, or agreements;

(j)    To perform any act authorized, permitted, or required under any instrument, contract, agreement, or cause of action relating to or forming a part of the Liquidating Trust whether in the nature of an approval, consent, demand, or notice thereunder or otherwise;

(k)    Subject to the terms of this Agreement, to deal in and with all accounts receivable, promissory notes and contracts which form a part of the Liquidating Trust Assets with full authority to compromise, settle and otherwise deal in and with such Liquidating Trust Assets as the Liquidating Trustee shall deem appropriate, in his sole discretion and without further order of the Bankruptcy Court;

(l)    To take all actions for and on behalf of the Debtor and the Debtor's Estate, including but not limited to, the preparation, execution and filing of documents, as the Liquidating Trustee shall deem necessary, desirable or appropriate in order to complete, conclude and finalize any filing, reporting or other obligations which the Debtor, the Debtor's Estate, the Liquidating Trustee, or the Liquidating Trust may have to any state or federal governmental authority, including the Liquidating Trustee's required completion and filing of all of the Debtor's final or otherwise required federal, state, and local tax returns, which shall be done by the Liquidating Trustee;

(m)   Subject to the terms of this Agreement, to enter into such consulting or employment arrangements or otherwise retain such accountants, agents, attorneys, consultants or independent contractors as the Liquidating Trustee shall deem necessary, desirable and appropriate to enable the Liquidating Trustee to accomplish the purposes enumerated in this Agreement and the Plan;

(n)   To make the distributions provided for in this Agreement or the Plan;

(o)   Subject to the terms of this Agreement, to have control and management of the Liquidating Trust;

(p)   To make the election described in Treas. Reg. § 1.468B-9(c)(2)(ii) to treat any portion of the Liquidating Trust subject to Disputed Claims as a "disputed ownership fund" for federal income tax purposes;

(q)   To establish one or more "qualified settlement funds" within the meaning of IRC § 468B and the Treasury Regulations thereunder for any interests for which a "qualified settlement fund" is required or permitted by law;

(r)   To request any appropriate tax determination, including, without limitation, a determination pursuant to Section 505 of the Bankruptcy Code;

(s)   To destroy any records of the Debtor as authorized by the Bankruptcy Court (including, without limitation, the client files) and to request authority to destroy any records of the Debtor not previously authorized by the Bankruptcy Court; and

(t)   To take any action reasonably necessary to effectuate the wind down and dissolution of the Debtor in all respects without further corporate action under applicable law, regulation, order or rule required.

**7.3   Preservation, Prosecution, and Defense of Causes of Action.**   Subject to the terms of this Agreement, the Liquidating Trustee shall have the right to pursue any and all Litigation Claims of the Debtor or the Debtor's Estate, whether or not such causes of action had been commenced as of the Effective Date, and shall be substituted as a real party in interest in any actions commenced by or against the Debtor or the Debtor's Estate.  Also subject the terms of this Trust Agreement, the Liquidating Trustee shall be authorized at any point in any litigation (a) without Bankruptcy Court approval, to enter such settlements as the Liquidating Trustee deems to be in the best interest of the Beneficiaries, or (b) to abandon, dismiss, and/or decide not to prosecute any such litigation if the Liquidating Trustee deems such action to be in the best interest

of the Beneficiaries provided, however, that any such proposed settlement or other action described in subparts "(a)" and "(b)" of this section that (i) exceeds $1,000,000 with respect to Liquidating Trust Assets; (ii) involves a Liquidating Trust Asset that has an alleged claim amount exceeding $1,000,000; or (iii) involves a professional claim shall be subject to approval by the Bankruptcy Court, upon notice and opportunity for hearing in accordance with Bankruptcy Rule 9019.

     **7.4**   **Indemnification of Liquidating Trustee.**  The Liquidating Trust shall indemnify and hold harmless the Liquidating Trustee, his respective employees and respective actuaries, agents, attorneys, consultants, designees, directors, employees, financial advisors, investment bankers, managers, members, officers, professionals, partners, and shareholders (collectively, all of the above are the "**Liquidating Trust Protected Parties**") from and against and in respect of all liabilities, losses, damages, claims, costs, and expenses, which such Liquidating Trust Protected Parties may incur or to which such Liquidating Trust Protected Parties may become subject to in connection with any action, suit, proceeding, demand, claim, or investigation brought by or threatened against such Liquidating Trust Protected Parties arising out of or due to their acts or omissions or any consequences of such acts or omissions, with respect to the implementation or administration of the Liquidating Trust, the Plan, or the discharge of their duties hereunder or otherwise related to the Liquidating Trust or the Liquidating Trustee ("**Related Matters**") provided, however, that no such indemnification will be provided to any such Liquidating Trust Protected Party for actions or omissions finally and judicially determined to have arisen solely and directly from such Liquidating Trust Protected Party's willful misconduct, gross negligence, or actual fraud. In the sole discretion of the Liquidating Trustee, the Liquidating Trustee may authorize available Cash of the Assets, including but not limited to the Cash in the Sale Proceeds Reserve, to be advanced to satisfy any documented out-of- pocket costs and expenses (including attorneys' fees and other costs of defense) incurred by any  Liquidating  Trust  Protected  Party

who is threatened to be named or made a defendant or a respondent, or is served with formal or informal discovery, in connection with any proceeding, claim, investigation, or demand, concerning the administration, business, and affairs of the Liquidating Trust; provided, however, that all such payments are subject to disgorgement in the event the expenses relate solely to an underlying claim against the Liquidating Trust Protected Party which has been finally and judicially determined to have resulted solely and directly from the Liquidating Trust Protected Party's own willful misconduct, gross negligence, or actual fraud. In the event that, at any time whether before or after termination of this Trust Agreement, as a result of or in connection with this Trust Agreement, any Liquidating Trust Protected Party is required to produce any of its personnel (including former employees) for examination, deposition or other written, recorded or oral presentation, or any Liquidating Trust Protected Party is required to produce or otherwise review, compile, submit, duplicate, search for, organize or report on any material within such Liquidating Trust Protected Party's possession or control pursuant to a subpoena or other legal (including administrative) process, the Liquidating Trust Protected Party shall be reimbursed by the Liquidating Trust for its out of pocket expenses, including the fees and expenses of its counsel, and will be compensated by the Liquidating Trust for the time expended by its personnel based on such personnel's then current standard hourly rate. Any claim of the Liquidating Trustee and the other parties entitled to be indemnified, held harmless, or reimbursed shall be satisfied solely from the Liquidating Trust Assets, including but not limited to the Sale Proceeds Reserve, or any applicable insurance coverage.

   **7.5** **Liability of Liquidating Trust Protected Parties.** No Liquidating Trust Protected Party shall have any liability to any party for any Related Matters, unless it shall be proven that such liability arose solely and directly from the gross negligence, willful misconduct or actual fraud of such Liquidating Trust Protected Party. None of the Liquidating Trust Protected

Parties shall be deemed to make any representations or warranties as to the value or condition of the Trust Assets or any part thereof, or as to the validity, execution, enforceability, legality, or sufficiency of this Agreement or the Plan, and none of the Liquidating Trust Protected Parties shall incur any liability or responsibility to any party in respect of such matters.

### ARTICLE VIII CONCERNING THE LIQUIDATING TRUSTEE

**8.1    Generally**.  The Liquidating Trustee accepts and undertakes to discharge the trust created by this Agreement upon the terms and conditions hereof and of the Plan. In performing his duties hereunder, the Liquidating Trustee may rely on information reasonably believed by him to be accurate and reliable.

**8.2    Reliance by Liquidating Trustee.**  Except as otherwise provided in Sections 7.1 or 8.1: (i) the Liquidating Trustee may rely and shall be protected in acting upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document believed by him to be genuine and to have been signed or presented by the proper party or parties; a n d  (ii) the Liquidating Trustee may consult with and retain legal counsel and other  professionals to be selected by him, and the Liquidating Trustee shall not be liable for any actions  taken or suffered by him in accordance with the advice of such counsel, and may also consult with  former counsel, former accountants, and former consultants or advisors of the Debtor or present  and former officers, directors and consultants of the Debtor. The fees of such legal counsel and other professionals for the Liquidating Trustee shall be paid from the Assets in accordance with  the Plan.

**8.3    Counsel and Advisors for Liquidating Trustee.**  (a) The Professionals currently employed by the Debtor are deemed to be employed by the Liquidating Trust, without further order of the Bankruptcy Court. The Liquidating Trustee shall not be liable for any actions taken or suffered by him in accordance with the advice of such Professionals, and may also consult with

and retain current and former accountants, consultants or other professionals of the Debtor, the Debtor's Estate, present and former officers and directors of the Debtor, the Debtor's Estate and each of their respective affiliates or subsidiaries. The actual fees and expenses of post-confirmation professionals retained by the Liquidating Trustee shall be paid from the Trust Assets and in accordance with the Plan and the Confirmation Order.

Post-confirmation professionals retained by the Liquidating Trustee need not be "disinterested" as that term is defined in the Bankruptcy Code and may include, without limitation, the Liquidating Trustee's firm (should the Liquidating Trustee be a part of a professional services firm (the "**LT Firm**")) and its affiliates, as well as counsel, employees, interim management, financial advisors, independent contractors or agents of the Trustee or the LT Firm. The Liquidating Trustee is hereby expressly authorized to utilize the services of the LT Firm, its affiliates and personnel as post-confirmation professionals (rather than utilizing other similarly situated or available personnel or professional services firms) notwithstanding that (a) the Liquidating Trustee may benefit (directly or indirectly) from the compensation paid to the LT Firm, and (b) other persons or entities may be available to provide the same or similar work at similar or more competitive prices. In no event shall the Liquidating Trustee, the LT Firm or their affiliates be subject to a claim of a conflict of interest or breach of fiduciary duty or any other claim arising as a result of the appointment of any such person in accordance with this provision.

**8.4    Liquidating Trust's Funds** .  No provision of this Agreement or the Plan shall require the Liquidating Trustee to expend or risk his own funds or otherwise incur any financial liability in the performance of any of his duties as Liquidating Trustee hereunder, under the Plan, or in the exercise of any of its rights or powers, if the Liquidating Trustee shall have reasonable grounds for believing that repayment of funds or adequate indemnity or security satisfactory to him against such risk or liability is not reasonably assured to him. For the

avoidance of doubt, the Liquidating Trustee shall not be required to rely on the security, reimbursement or indemnity of the LT Firm, its affiliates or their respective insurers in determining whether the assurances described in the preceding sentence are available.

## ARTICLE IX PERSONS DEALING WITH THE LIQUIDATING TRUSTEE

**9.1   Liquidating Trustee Not Personally Liable.**  Persons dealing with the Liquidating Trustee shall look only to the Assets to satisfy any liability incurred by the Liquidating Trustee to such person in carrying out the terms of this Liquidating Trust or the Plan.  Neither the Liquidating Trust nor the Liquidating Trustee shall have any personal or individual obligation to satisfy any such liability unless it is proven that the Liquidating Trustee breached his fiduciary duty, was grossly negligent, acted with willful misconduct or fraud in ascertaining the pertinent facts or in performing any of the rights, powers or duties herein or in the Plan.

**9.2   Authority of Liquidating Trustee.**  Any person dealing with the Liquidating Trustee shall be fully protected in relying upon the Liquidating Trustee's certificate signed by the Liquidating Trustee that such Liquidating Trustee has authority to take any action under this Agreement.

## ARTICLE X COMPENSATION

**10.1   Compensation of Liquidating Trustee.**  The Liquidating Trustee shall be entitled to compensation in connection with fulfilling his duties hereunder at customary hourly rate, plus reasonable out of pocket expenses, to be paid monthly from the Liquidating Trust Assets. The Liquidating Trustee shall not receive or be entitled to receive any other compensation on account of the performance of his duties hereunder.

**10.2   Payment of Costs/Expenses.**  All costs and expenses incurred by the Liquidating Trust shall be the obligation of the Liquidating Trust and be payable from the Liquidating Trust Assets of the Liquidating Trust in accordance with this Trust Agreement and the Plan.

Compensation of the Liquidating Trustee shall be paid from the Trust Assets pursuant to the terms of this Trust Agreement. Notwithstanding anything herein to the contrary, the Liquidating Trustee shall be authorized pursuant to this Trust Agreement to pay the fees and expenses incurred after the Effective Date by the Liquidating Trustee and his post-confirmation professionals from Trust Assets without further order of the Bankruptcy Court. The Liquidating Trustee shall be authorized pursuant to the terms of the Plan, the Liquidating Trust, and any other order of a court of competent jurisdiction to pay the compensation due to the Liquidating Trustee.

**ARTICLE XI**
**LIQUIDATING TRUSTEE AND SUCCESSOR LIQUIDATING TRUSTEE**

**11.1  Resignation and Removal.** The Liquidating Trustee may (i) resign and be discharged from the Liquidating Trust hereby created only by filing an appropriate motion in the Bankruptcy Court setting forth the reason therefor and the entry of an order by the Bankruptcy Court granting such motion; or (ii) be removed, upon proper motion, notice and a hearing, including a motion of the Office of the United States Trustee or by the Bankruptcy Court on its own order to show cause, for cause, including, but not limited to, under Section 324 of the Bankruptcy Code, for the violation of any material provision of the Plan (including, without limitation, by reason of providing intentionally false or misleading reports), or in the event the Liquidating Trustee becomes incapable of acting as the Liquidating Trustee as a result of physical or mental disability and such physical or mental disability continues for a period in excess of 30 days (except in the case of death, in which instance, the procedures for replacement will begin immediately), and the Bankruptcy Court entering an order authorizing such removal. In the event of a resignation or removal, the Liquidating Trustee, unless he is incapable of doing so, shall continue to perform his or her duties hereunder until such a time as a successor is approved by a Final Order of the Bankruptcy Court as provided below.

**11.2  Appointment of Successor.** Should the Liquidating Trustee resign or be removed,

or die or become incapable of action, a vacancy shall be deemed to exist. In the event of such a vacancy, the Liquidating Trust Beneficiaries shall have 90 days to select a successor Liquidating Trustee by the filing of a motion with the Bankruptcy Court in connection therewith. If the Liquidating Trust Beneficiaries do not so select a successor Liquidating Trustee, then the Office of the United States Trustee may file a motion with the Bankruptcy Court seeking an order directing the United States Trustee to select such successor. Notwithstanding Section 10.1 hereof, the compensation, if any, of the successor Liquidating Trustee shall be (i) stated in the instrument evidencing such successor Liquidating Trustee's appointment and (ii) included in the motion filed with the Bankruptcy Court.

**11.3** <u>Acceptance of Appointment by Successor Liquidating Trustee</u>.    Each successor Liquidating Trustee appointed hereunder shall execute an instrument accepting such appointment. Thereupon such successor Liquidating Trustee shall, without any further act, become vested with all the Estate's properties, rights, powers, trusts, and duties as were held by his or her predecessor in the Liquidating Trust hereunder, with like effect as if originally named in such instrument; but the retiring Liquidating Trustee shall nevertheless, when requested in writing by the successor Liquidating Trustee, execute and deliver any instrument or instruments conveying and transferring to such successor Liquidating Trustee upon the Liquidating Trust herein expressed, all the Estate's properties, rights, powers, and trusts of such retiring Liquidating Trustee, and shall duly assign, transfer, and deliver to such successor Liquidating Trustee all property and money held by him or her hereunder, including the Assets.  Notwithstanding the appointment of a successor Liquidating Trustee, the retiring Liquidating Trustee shall, without limitation, continue to be entitled to the indemnity provided herein for acts and omissions through the effective date of his resignation.

**ARTICLE XII**
**<u>CONCERNING THE BENEFICIARIES</u>**

**12.1 <u>Limitation on Suits by Beneficiaries</u>.** No Beneficiary shall have any right by virtue

of any provision of this Agreement to institute any action or proceeding at law or in equity against any party upon or under or with respect to the Assets.

**12.2 <u>Expenses in Connection with Litigation</u>.**  In connection with any lawsuit or action by or against the Liquidating Trustee regarding any rights, actions, or omissions under this Trust Agreement or the Plan, the Liquidating Trustee may request any court to require, and any court may in its discretion require, that a party to such action other than the Liquidating Trustee pay all costs and fees associated with such action.

<u>**ARTICLE XIII AMENDMENTS**</u>

**13.1 <u>Amendments</u>.**  The Liquidating Trustee may make and execute such declarations amending this Agreement for the purpose of adding any provisions to or changing in any manner or eliminating any of the provisions of this Agreement or amendments hereto; <u>provided</u>, <u>however</u>, that no such amendment shall permit the Liquidating Trustee to act in any manner which is inconsistent with the Plan or engage in any activity prohibited by this Agreement or affect the Beneficiaries' rights to receive their share of any Distributions under this Agreement or the Plan.

**13.2 <u>Notice and Effect of Amendment</u>.**  Promptly after the execution by the Liquidating Trustee of any declaration of amendment permitted by and pursuant to this Agreement, the Liquidating Trustee shall give notice of the substance of such amendment to (a) all Beneficiaries who request such amendment in writing, and (b) the Office of the United States Trustee. Upon the execution of any such declaration of amendment by the Liquidating Trustee, this Agreement shall be deemed to be modified and amended in accordance therewith and the respective rights, limitations of rights, obligations, duties and immunities of the Liquidating Trustee and the Beneficiaries under this Agreement shall thereafter be determined, exercised and enforced hereunder subject in all respects to such modification and amendment, and all the terms and

conditions of this Agreement for any and all purposes.

## ARTICLE XIV MISCELLANEOUS PROVISIONS

**14.1    Further Assurances.**  The Debtor and the Liquidating Trustee shall promptly execute and deliver such further instruments and do such further acts as may be necessary or proper to more effectively transfer to the Liquidating Trustee any portion of the Assets intended to be conveyed pursuant to the Plan and this Agreement to otherwise carry out the intentions of this Agreement and the Plan.

**14.2    Invalid Acts.** Any act or omission by the Liquidating Trustee in violation or derogation of any term of this Agreement or otherwise of the Plan shall be *void ab initio*.

**14.3    Retention of Jurisdiction.**  The Bankruptcy Court shall retain jurisdiction over this Agreement and the Liquidating Trust established hereby as set forth in the Plan, including, without limitation, the enforcement, modification and interpretation of its provisions, for the purpose of determining all amendments, applications, claims or disputes with respect to this Agreement, the substitution of the Liquidating Trustee, and all applications, claims and disputes related thereto.

**14.4    Filing Documents.**  This Agreement shall be filed or recorded in such office or offices as the Liquidating Trustee may determine to be necessary or desirable.  A copy of this Agreement and all amendments thereof shall be maintained in the office of the Liquidating Trustee and shall  be available during regular business hours for inspection by any Beneficiary or his, her, or its duly  authorized representative. The Liquidating Trustee shall file or record any amendment of this  Agreement in the same places where the original Agreement is filed or recorded.  The Liquidating  Trustee shall file or record any instrument which relates to any change in the office of the  Liquidating Trustee in the same places where the original Agreement is filed or recorded and shall  maintain a copy of any such instrument in his, her or its office.

**14.5    Intention of Parties to Establish Trust.**  This Agreement is not intended to create,

and shall not be interpreted as creating, an association, partnership, or joint venture of any kind.

      **14.6**   **Laws as to Construction.**  This Agreement shall be governed and construed in accordance with the laws of the State of Florida, without giving effect to the principles of conflicts of law.

      **14.7**   **Severability.**  In the event any provision of this Agreement or the application thereof to any person or circumstance shall be finally determined by a court of competent jurisdiction to  be invalid or unenforceable to any extent, the remainder of this Agreement, or the application of such provision to persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and each provision of this Agreement shall be valid  and enforced to the fullest extent permitted by law.

      **14.8**   **No Assignment.**  Except as otherwise provided herein, the obligations, duties, or rights of the Liquidating Trustee under this Agreement shall not be assignable, voluntarily, involuntarily, or by operation of law, and any such attempted assignment shall be void *ab initio*.

      **14.9**   **Calendar Year.**  The Trust will utilize the calendar year for tax and financial accounting purposes.

      **14.10**  **Inconsistency with Plan.**  To the extent of any inconsistency: (i) the provisions of this Agreement shall control over the provisions of the Disclosure Statement; (ii)  the provisions of the Plan shall control over the contents of this Agreement, and  the Disclosure Statement; and (iii) the provisions of the Confirmation Order shall control over the  contents of the Plan.

      **14.11**  **Effectiveness.**  This Agreement shall become effective on the Effective Date.

      **14.12**  **Notices.**  Any notice or other communication hereunder shall be deemed to have been sufficiently given, for all purposes, if given by being deposited, postage prepaid, in a post office or letter box addressed to the Beneficiary at his, her or its address as shown on the records of the Liquidating Trustee (in the case of notices to a Beneficiary) and addressed to the Liquidating

Trustee, at the address set forth below (in the case of a notice to the Liquidating Trustee), except that notice of change of address shall be effective only upon receipt thereof. Any notice given by mail in accordance with this paragraph shall be deemed to be effective three days following its deposit in the mail.

14.13  **Confidentiality.**   The Liquidating Trustee and any respective successor (each a "**Covered Person**") shall, during the period that they serve in such capacity under this Agreement and following either the termination of this Agreement or such individual's removal, incapacity, or resignation hereunder, hold strictly confidential and not use for personal gain any material, nonpublic information of or pertaining to any entity to which any of the assets of the Liquidating Trust relates or of which it has become aware in its capacity (the "**Information**"), except to the extent disclosure is required by applicable law, order, regulation or legal process. In the event that any Covered Person is requested or required (by oral questions, interrogatories, requests for information or documents, subpoena, civil investigation, demand or similar legal process) to disclose any Information, such Covered Person will furnish only that portion of the Information, which the Covered Person, advised by counsel, is legally required and exercise all reasonable efforts to obtain reliable assurance that confidential treatment will be accorded the Information.

14.14  **Counterparts.** This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which shall together constitute  one and the same instrument.

**IN WITNESS WHEREOF**, the parties have caused this Agreement to be signed and acknowledged as of the date set forth in the opening paragraph hereof.

| MANAGER of 160 Royal Palm, LLC | LIQUIDATING TRUSTEE |
|---|---|
| Cary Glickstein | Cary Glickstein |
| *[signature]* | *[signature]* |
| Cary Glickstein | Cary Glickstein |
| 2-13-20 | 2-13-20 |
| Date | Date |